IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern [...]

APR 0 5 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| FRANCISCO SANCHEZ | § |
| | § |
| v. | § |
| | § |
| AMERICAN HOME PRODUCTS | § |
| CORPORATION; | § |
| ADVOCARE INTERNATIONAL, LLC | § |
| BAYER CORPORATION; | § |
| BLOCK DRUG COMPANY, INC.; | § |
| BRISTOL MYERS SQUIBB COMPANY; | § |
| CHATTEM, INC. | § |
| GLAXOSMITHKLINE, PLC; | § |
| NOVARTIS CONSUMER HEALTH, INC; | § |
| NOVARTIS PHARMACEUTICALS | § |
| CORPORATION; | § |
| SMITHKLINE BEECHAM CONSUMER | § |
| HEALTHCARE, L.P.; | § |
| SMITHKLINE BEECHAM CORPORATION; | § |
| WHITEHALL-ROBINS HEALTHCARE; and | § |
| CIRCLE K STORES, INC. d/b/a CIRCLE K | § |
| (sued individually and as successor-in-interest to | § |
| COASTAL MART, INC. and | § |
| MAVERICK MARKET, INC.) | § |

Civil Action No. **B-02- 066**

## NOTICE OF REMOVAL OF
## NOVARTIS CONSUMER HEALTH, INC.

TO: The United States District Court for the Southern District of Texas, Brownsville Division.

NOW COMES Novartis Consumer Health, Inc., Defendant in the above-styled cause (hereinafter "Removing Defendant") and files this Notice of Removal of this cause to the United States District Court for the Southern District of Texas, Brownsville Division, and would respectfully show the Court as follows:

### I. NATURE OF CASE

1. On February 20, 2002, Plaintiff Francisco Sanchez commenced an action against Removing Defendant and others in the 197th Judicial District of Cameron County, Texas, Cause

No. 2002-02-733-C. The Plaintiff claims to have suffered personal injuries after ingesting phenylpropanolamine (hereinafter "PPA"). Copies of all process, pleadings, and orders filed in the state court are attached hereto.

2. The above-described action is one in which this Court has original subject matter jurisdiction under the provisions of 28 U.S.C. §1332 and is one which may be removed to this Court by Removing Defendant pursuant to the provisions of 28 U.S.C. §1441(b). Specifically, this Court has subject matter jurisdiction over this case because there is the requisite diversity of citizenship between plaintiff and each of the properly joined defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs.

3. In the United States District Court for the Western District of Washington there is a multidistrict litigation ("MDL") proceeding established by the Judicial Panel on Multidistrict Litigation ("the Panel") for the efficient handling of PPA cases from all over the country. *In re: Phenylpropanolamine (PPA) Products Liability Litigation,* MDL No. 1407. The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, was designated as the transferee judge by the Panel for hundreds of PPA cases that have been filed around the country.

4. Removing Defendant intends to notify the Panel, pursuant to 28 U.S.C. §1407, that this action is a "tag-along" case that should be transferred to the PPA MDL proceeding. Under the governing federal case law, the purpose of 28 U.S.C. §1407 is to avoid inconsistency. *In re Ivy,* 901 F.2d 7, 9 (2d Cir. 1990). Because the issues presented by this removal have arisen (and are likely to arise) in other PPA cases, this Court should defer ruling on a motion to remand (should one be filed) to insure uniformity and efficiency. Indeed, courts throughout the country have followed "[t]he *general rule* . . . to defer ruling on pending motions to remand in MDL

2

litigation until after [the Panel] has transferred the case." *Jackson v. Johnson & Johnson, Inc.,* No. 01-2113-DA, slip op. At 11 (W.D. Tenn. Apr. 3, 2001) (emphasis added). Deferral would be consistent with prior decisions of federal courts around the country in other PPA actions.[1]

## II.    JURISDICTIONAL BASIS FOR REMOVAL

5.   This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. §1332 because: (1) there is complete diversity of citizenship between the named plaintiff and each of the properly joined defendants; and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs.

### A. Diversity of Citizenship

6.   Plaintiff Francisco Sanchez is a resident of the State of Texas residing in Brownsville, Cameron County, Texas. *See* Plaintiffs' Original Petition at ¶ 2. Upon information and belief, Sanchez is, and at the time of the filing of this action, was a citizen of the State of Texas.

7.   Defendant American Home Products Corporation is, and at the time of filing of this action, was a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey.

8.   Defendant Bayer Corporation is, and at the time of filing of this action, was a corporation existing under the laws of the State of Indiana, having its principal place of business in the State of Pennsylvania.

9.   Defendant Block Drug Company, Inc. is, and at the time of filing of this action, was a corporation existing under the laws of the State of New Jersey, having its principal place of business in the State of New Jersey.

---

[1] *Accord, Bobby Gray v. Bayer Corporation, et al,* No. 01-1761 (W.D. La. October 16, 2001); *James Bowman v. Bayer Corporation, et al,* No. 01-1802-A (W.D. La. October 16, 2001; *Henry Monk v. Bayer Corporation, et al,* No. 01-1760-A (W.D. La.); *Tamika McFee v. Bayer Corporation, et al,* No. 01-1820-M (W.D. La.); *Drayton v. Novartis Consumer Health, Inc., et al,* No. 5:01-CV-265 (S.D. Miss. Oct. 4, 2001).

Doc ID BARNT-24101
4952-0026

10. Defendant Bristol Myers Squibb Company is, and at the time of filing of this action, was a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New York.

11. Defendant Chattem, Inc. is, and at the time of filing of this action, was a corporation existing under the laws of the State of Tennessee, having its principal place of business in the State of Tennessee.

12. Defendant GlaxoSmithKline PLC is, and at the time of filing of this action, was a foreign corporation, having its principal place of business in the United States in the State of Pennsylvania.

13. Defendant Novartis Consumer Health, Inc. is, and at the time of filing of this action, was a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey.

14. Defendant Novartis Pharmaceuticals Corporation is, and at the time of filing of this action, was a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey.

15. Defendant Smithkline Beecham Consumer Healthcare, L.P. is, and at the time of filing of this action, was a limited partnership existing under the laws of the State of Delaware, having its principal place of business in the State of Pennsylvania.

16. Defendant Smithkline Beecham Corporation is, and at the time of filing of this action, was a corporation existing under the laws of the State of Pennsylvania, having its principal place of business in the State of Pennsylvania.

17. Defendant Whitehall-Robins Healthcare, know known as Wyeth Consumer

4

Healthcare, is an unincorporated division of Wyeth (formerly known as American Home Products), having its principal place of business in the State of New Jersey.

18. The citizenship of the remaining defendants is irrelevant because they have been fraudulently joined. Defendant Advocare International, LLC (hereinafter referred to as "Advocare") is, and at the time of filing of this action, was a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of Texas.

19. Defendant Circle K Stores, Inc. d/b/a Circle K (hereinafter "Circle K") is, and at the time of filing of this action, was a corporation existing under the laws of the State of Texas, having its principal place of business in the State of Texas.

20. For the reasons set forth in the next section, Advocare and Circle K were fraudulently joined. Because there is complete diversity between the named plaintiff and each of the properly joined defendants, the requisite diversity of citizenship is satisfied.

**B. Advocare and Circle K Were Fraudulently Joined As Defendants in an Attempt To Defeat Federal Diversity Jurisdiction**

21. Complete diversity of citizenship exists in this case because the non-diverse defendants, Advocare and Circle K have been fraudulently joined. See *Borden v. General Dynamics Corp.,* 60 F.3d 213, 217-18 (5th Cir. 1995). The citizenship of the fraudulently joined Defendants is irrelevant to the determination of whether diversity exists. *Adams v. Warner-Lambert Co.,* No. 01-1980 (N.D. Tex. Nov. 27, 2001). When the citizenship of the fraudulently joined parties is disregarded, there is complete diversity of citizenship between the Plaintiff and the remaining Defendants. Plaintiff cannot evade federal jurisdiction and the efficiencies of the PPA MDL proceeding through the ploy of naming a non-diverse manufacturer and retailer.

22. The doctrine of fraudulent joinder prevents plaintiffs from defeating federal diversity

5

jurisdiction simply by naming non-diverse defendants. Under this doctrine, in determining whether there is complete diversity, a court must disregard the citizenship of those defendants where "there is not reasonable basis for predicting that plaintiffs might establish liability . . . against the in-state defendants." *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 393 (5th Cir. 2000) (citations omitted). *Accord, Crowe v. Coleman,* 113 F.3d 1536, 1540-42 (11th Cir. 1997) (same).

23. Advocare and Circle K have been fraudulently joined because the Plaintiff has no possibility of recovering against either of them for any of the claims made in the petition. Specifically, the petition, including the allegations of negligence, does not allege facts constituting a cause of action against Advocare and Circle K. Under the alleged facts, Advocare and Circle K owed no duty or liability to the Plaintiffs for a defective product. With respect to Advocare, an alleged manufacturer of a PPA product, Plaintiff has not specifically alleged that he ingested a PPA product manufactured by Advocare. As to Circle K, an alleged retailer of PPA products, Plaintiff has not specifically alleged that he purchased and ingested a PPA-containing product from Circle K. In fact, Plaintiff's pleading wholly fails to establish a connection between Advocare and Circle K and the alleged injuries sustained by Plaintiff. A failure to allege a connection between Plaintiff and the non-diverse defendants is a sufficient independent reason to deny remand. *Salisbury v. Purdue Pharma, L.P.,* 166 F.Supp.2d 546, 550 (E.D. Ky. 2001); *Adams v. Warner-Lambert Co.,* No. 01-1980 (N.D. Tex. Nov. 27, 2001); *In re Rezulin Prods. Liab. Litig.,* Pretrial Order No. 59, slip op. at 2 (S.D.N.Y. Feb. 21, 2002). Judge Rothstein has also addressed the issue of fraudulent joinder of non-diverse defendants in PPA cases and has denied remand on that basis.[2] Accordingly, there is no reasonable basis to predict

---

[2] See, e.g., *Johnson v. Bayer Corporation* No. C01-2014R (W.D. Washington February 26, 2002).

Doc ID BARNT-24101
4952-0026

that Plaintiff might establish liability against Advocare or Circle K, and the citizenship of these Defendants should not be considered.

### III. PROCEDURAL REQUIREMENTS FOR REMOVAL

24. Upon filing of this notice of the removal of the cause, written notice of the filing is being given by Removing Defendant to the Plaintiff and his counsel as is required by law. A copy of the notice with proof of service of same is attached hereto. A copy of this notice is also being filed with the Clerk of the court of which this cause was originally filed.

25. This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b), in that it is filed within thirty (30) days after March 6, 2002, which is the date Bristol Myers Squibb Company was served with Plaintiff's petition. Bristol Myers Squibb Company was the first Defendant to be served in this action.

26. All properly joined Defendants have consented to this removal, and their written consents are attached as Exhibits 1 - 7 respectively. The consent of the fraudulently joined non-diverse Defendants (Advocare and Circle K) are not required for removal. *Walker v. Nabors Offshore Drilling Co.*, 91 F.Supp.2d 907, 909 (E.D. La. 2000); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (stating that it is "nonsensical" to require consent from improperly joined parties).

27. It is apparent from the face of Plaintiff's petition that the damages sought by Plaintiff exceed $75,000, exclusive of interest and costs. Plaintiff claims to have suffered "several and debilitating injuries" as a result of ingesting PPA-containing products. Petition at ¶ 2. He sues for loss of earnings and loss of earning capacity, past and future hospital and medical expenses, past and future physical pain and suffering, past and future mental anguish, past and future physical impairment, and past and future physical disfigurement. Plaintiff's

Doc ID BARNT-24101
4952-0026

petition also seeks damages for loss of consortium on behalf of his family, although he is the

only named plaintiff. Finally, Plaintiff seeks exemplary damages. *Id.* at ¶ 74. Given these

allegations, which Defendant denies in their entirety, it is apparent from the Plaintiff's petition

that the amount in controversy requirement is met. 28 U.S.C §1332(a); See also *Gebbia v. Wal-*

*Mart Stores, Inc.,* 233 F.3d 880 (5th Cir. 2000).

WHEREFORE Novartis Consumer Health, Inc. prays that the above-styled action

now pending against it in the 197th District Court of Cameron County, Texas, be removed

therefrom to this Honorable Court.

Respectfully submitted,

Mitchell C. Chaney w/ permission
McCostaur

Mitchell C. Chaney
State Bar No. 04107500
Federal I.D. No. 1918
Teri L. Danish
State Bar No. 05375320
Federal I.D. No. 12862
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
Brownsville, TX 78520
P.O. Box 2155
Brownsville, TX 78522
956-542-7441
956-541-2170 – Fax

Jeff D. Otto
State Bar No. 15345500
Tasha L. Barnes
State Bar No. 00796163
COE. COUSINS & IRONS, L.L.P.
701 Brazos, Suite 1500
Austin, TX 78701
512-708-8200
512-708-8777 – Fax

8

Michael D. Robbins
State Bar No. 16984700
Andrew R. Harvin
State Bar No. 09187900
DOYLE RESTREPO HARVIN &
ROBBINS LLP
600 Travis, Suite 4700
Houston, TX 77002
713- 228-5100
713-228-6138 – Fax

***ATTORNEYS FOR NOVARTIS CONSUMER
HEALTH, INC.***

Randolph S. Sherman
Lori B. Leskin
Danielle E. Finck
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022

*Of Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been delivered to the following counsel of record by facsimile, certified mail, return receipt requested, or by regular mail on this 5th day of April, 2002.

### *By Regular Mail*

Brynley James    *Fax 210-270-7205*
Fulbright & Jaworski, L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205-3792

Brian P. Johnson    *Fax 713-222-2226*
Frank Doyle
Hanen, Johnson
& Spalding, LLP
910 Travis, Ste. 1700
Houston, TX 77002

J. Mark Jones *Fax 803-255-9037*
David E. Dukes
James F. Rogers
Kennan Building, Third Floor
1330 Lady Street
Columbia, SC 29201

Margaret Brenner *Fax 713-650-0027*
Hays, McConn, Rice & Pickering
400 Two Allen Center
1200 Smith Center
Houston, TX 77002

9

Alan Vickery    *Fax 469-227-8004*
Sedgwick, Detert, Moran & Arnold
1717 Main Street, Suite 5400
Dallas, TX 75201

Tony Canales    *Fax 361-884-7023*
Canales & Simonson
2601 Morgan Avenue
P.O. Box 5624
Corpus Christi, TX 78465-5624

Ken Ferguson    *Fax 512-474-1129*
Michael Klatt
Kelly Kimbrough
Clark, Thomas & Winters
P.O. Box 1148
Austin, TX 78767

Ana Lisa Garza    *Fax 986-487-8300*
Ramirez & Garza, L.L.P.
509 N. San Antonio Street
Rio Grande City, TX 78582

Keith R. Taunton    *Fax 713-993-2308, 2309*
Tucker, Taunton, Snyder & Slade
Eight Greenway Plaza, Suite 1200
Houston, TX 77046

Danielle Finck    *Fax 212-836-8689*
Lori Leskin
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3298

Crisanta Guerra Lozano    *Fax 956-542-0016*
Roerig, Oliviera & Fisher
555 W. Price Rd., Suite 9
Brownsville, TX 78520

Brent Kugler    *Fax 214-468-8803*
Daniel Sheehan & Associates, LLP
Chase Tower, 2200 Ross Avenue, Suite 3060
Dallas, Texas 75201

James Williams
Miller & Martin
Suite 1000 Volunteer Bldg.
832 Georgia Avenue
Chattanooga, TN 37402-2289

Kenneth C. Baker    *Fax 281-481-1063*
The Baker Law Firm
12600 Featherwood, Suite 225
Houston, TX 77034

***By Certified Mail,***
***Return Receipt Requested***

Nelda Talamantes    *Fax 214-357-7252*
Ron C. Eddins
David C. Greenstone
C. Andrew Waters
Peter A. Kraus
Waters & Kraus, L.L.P.
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

Doc ID BARNT-24101
4952-0026

Frank Costilla
Law Offices of Frank Costilla
5 E. Elizabeth Street
Brownsville, TX 78523

_____
Teri L. Danish *by permission*
*mcrsvtovn*

11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANCISCO SANCHEZ | § | |
| | § | |
| v. | § | |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION; | § | |
| ADVOCARE INTERNATIONAL, LLC | § | |
| BAYER CORPORATION; | § | |
| BLOCK DRUG COMPANY, INC.; | § | |
| BRISTOL MYERS SQUIBB COMPANY; | § | |
| CHATTEM, INC. | § | |
| GLAXOSMITHKLINE, PLC; | § | Civil Action No. **B-02- 066** |
| NOVARTIS CONSUMER HEALTH, INC; | § | |
| NOVARTIS PHARMACEUTICALS | § | |
| CORPORATION; | § | |
| SMITHKLINE BEECHAM CONSUMER | § | |
| HEALTHCARE, L.P.; | § | |
| SMITHKLINE BEECHAM CORPORATION; | § | |
| WHITEHALL-ROBINS HEALTHCARE; and | § | |
| CIRCLE K STORES, INC. d/b/a CIRCLE K | § | |
| (sued individually and as successor-in-interest to | § | |
| COASTAL MART, INC. and | § | |
| MAVERICK MARKET, INC.) | § | |

## DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S
## CONSENT TO REMOVAL

Novartis Pharmaceuticals Corporation, named defendant in the state action below,

consents to the removal of this case pursuant to the foregoing Notice of Removal by Defendant,

Novartis Consumer Health, Inc.

DATED: April 5, 2002



EXHIBIT
1

Respectfully submitted,

*Mitchell Chaney* M permission m crontrell

Mitchell C. Chaney
State Bar No. 04107500
Federal I.D. No. 1918
Teri L. Danish
State Bar No. 05375320
Federal I.D. No. 12862
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
Brownsville, TX 78520
P.O. Box 2155
Brownsville, TX 78522
956-542-7441
956-541-2170 – Fax

Jeff D. Otto
State Bar No. 15345500
Tasha L. Barnes
State Bar No. 00796163
COE. COUSINS & IRONS, L.L.P.
701 Brazos, Suite 1500
Austin, TX 78701
512-708-8200
512-708-8777 – Fax

Michael D. Robbins
State Bar No. 16984700
Andrew R. Harvin
State Bar No. 09187900
DOYLE RESTREPO HARVIN &
ROBBINS LLP
600 Travis, Suite 4700
Houston, TX 77002
713- 228-5100
713-228-6138 – Fax

***ATTORNEYS FOR NOVARTIS CONSUMER
HEALTH, INC.***

Randolph S. Sherman
Lori B. Leskin
Danielle E. Finck
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022

*Of Counsel*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANCISCO SANCHEZ                                §
                                                 §
v.                                               §
                                                 §
AMERICAN HOME PRODUCTS                           §
CORPORATION;                                     §
ADVOCARE INTERNATIONAL, LLC                      §
BAYER CORPORATION;                               §
BLOCK DRUG COMPANY, INC.;                        §
BRISTOL MYERS SQUIBB COMPANY;                    §
CHATTEM, INC.                                    §          **B-02- 066**
GLAXOSMITHKLINE, PLC;                            §     Civil Action No. _____
NOVARTIS CONSUMER HEALTH, INC;                   §
NOVARTIS PHARMACEUTICALS                         §
CORPORATION;                                     §
SMITHKLINE BEECHAM CONSUMER                      §
HEALTHCARE, L.P. ;                               §
SMITHKLINE BEECHAM CORPORATION;                  §
WHITEHALL-ROBINS HEALTHCARE; and                 §
CIRCLE K STORES, INC. d/b/a CIRCLE K             §
(sued individually and as successor-in-interest to §
COASTAL MART, INC. and                           §
MAVERICK MARKET, INC.)                           §


## DEFENDANT CHATTEM, INC.'S CONSENT TO REMOVAL


Chattem, Inc., named defendant in the state action below, consents to the removal of this

case pursuant to the foregoing Notice of Removal by Defendant, Novartis Consumer Health, Inc.

DATED: ____4/5/02____



Respectfully submitted,

HAYS, MCCONN, RICE & PICKERING
400 Two Allen Center
1200 Smith Street
Houston, TX 77002
(713) 654-1111
(713) 650-0027 (Fax)


By:  _Margaret Brenner_
     Margaret T. Brenner
     State Bar No. 02958050


**COUNSEL FOR CHATTEM, INC.**

Respectfully submitted,

HAYS, MCCONN, RICE & PICKERING
400 Two Allen Center
1200 Smith Street
Houston, TX 77002
(713) 654-1111
(713) 650-0027 (Fax)

By: _____
Margaret T. Brenner
State Bar No. 02958050

**COUNSEL FOR CHATTEM, INC.**

MTB/547837.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANCISCO SANCHEZ                                §
                                                 §
v.                                               §
                                                 §
AMERICAN HOME PRODUCTS                           §
CORPORATION;                                     §
ADVOCARE INTERNATIONAL, LLC                      §
BAYER CORPORATION;                               §
BLOCK DRUG COMPANY, INC.;                        §
BRISTOL MYERS SQUIBB COMPANY;                    §
CHATTEM, INC.                                    §
GLAXOSMITHKLINE, PLC;                            §    Civil Action No. **B-02- 066**
NOVARTIS CONSUMER HEALTH, INC;                   §
NOVARTIS PHARMACEUTICALS                         §
CORPORATION;                                     §
SMITHKLINE BEECHAM CONSUMER                      §
HEALTHCARE, L.P.;                                §
SMITHKLINE BEECHAM CORPORATION;                  §
WHITEHALL-ROBINS HEALTHCARE; and                 §
CIRCLE K STORES, INC. d/b/a CIRCLE K             §
(sued individually and as successor-in-interest to §
COASTAL MART, INC. and                           §
MAVERICK MARKET, INC.)                           §

## DEFENDANTS BLOCK DRUG COMPANY, INC., SMITHKLINE BEECHAM COPORATION, AND SMITHKLINE BEECHAM CONSUMER HEALTHCARE, L.P.'S CONSENT TO REMOVAL

Block Drug Company, Inc., Smithkline Beecham Corporation, and Smithkline Beecham

Consumer Healthcare, L.P., named defendants in the state action below, consent to the removal

of this case pursuant to the foregoing Notice of Removal by Defendant, Novartis Consumer

Health, Inc.

DATED: ___4/5/02___



EXHIBIT
**3**

Doc ID BARNT-24142
4952-0026

Respectfully submitted,

HANEN, ALEXANDER, JOHNSON
& SPALDING
910 Travis Street, Suite 170
Bank One Center
Houston, TX 77002
(713) 222-2323
(713) 222-2226 (Fax)


By: _____
Brian P. Johnson
State Bar No. 10685700
Frank A. Doyle
State Bar No. 06091300


**COUNSEL FOR BLOCK DRUG CO.,
INC., SMITHKLINE BEECHAM
CORPORATION, AND SMITHKLINE
BEECHAM CONSUMER
HEALTHCARE, L.P.**

Respectfully submitted,

HANEN, ALEXANDER, JOHNSON
& SPALDING
910 Travis Street, Suite 170
Bank One Center
Houston, TX 77002
(713) 222-2323
(713) 222-2226 (Fax)

By: _____

Brian P. Johnson
State Bar No. 10685700
Frank A. Doyle
State Bar No. 06091300

**COUNSEL FOR BLOCK DRUG CO.,
INC., SMITHKLINE BEECHAM
CORPORATION, AND SMITHKLINE
BEECHAM CONSUMER
HEALTHCARE, L.P.**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANCISCO SANCHEZ                                    §
                                                     §
v.                                                   §
                                                     §
AMERICAN HOME PRODUCTS                               §
CORPORATION;                                         §
ADVOCARE INTERNATIONAL, LLC                          §
BAYER CORPORATION;                                   §
BLOCK DRUG COMPANY, INC.;                            §
BRISTOL MYERS SQUIBB COMPANY;                        §
CHATTEM, INC.                                        §          **B-02- U66**
GLAXOSMITHKLINE, PLC;                                §     Civil Action No. _____
NOVARTIS CONSUMER HEALTH, INC;                       §
NOVARTIS PHARMACEUTICALS                             §
CORPORATION;                                         §
SMITHKLINE BEECHAM CONSUMER                          §
HEALTHCARE, L.P. ;                                   §
SMITHKLINE BEECHAM CORPORATION;                      §
WHITEHALL-ROBINS HEALTHCARE; and                     §
CIRCLE K STORES, INC. d/b/a CIRCLE K                 §
(sued individually and as successor-in-interest to  §
COASTAL MART, INC. and                               §
MAVERICK MARKET, INC.)                               §

## DEFENDANT BAYER CORPORATION'S CONSENT TO REMOVAL

Bayer Corporation, named defendant in the state action below, consents to the removal of

this case pursuant to the foregoing Notice of Removal by Defendant, Novartis Consumer Health,

Inc.

DATED: _____4|5|02_____



EXHIBIT
4

Respectfully submitted,

FULBRIGHT & JAWORSKI, L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205
(210) 224-5575
(210) 270-7205 (Fax)


By: _____
    Brynley James
    State Bar No. 10554200

Terry O. Tottenham
State Bar No. 20147500
Lana K. Varney
State Bar No. 20499500
FULBRIGHT & JAWORSKI, L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX 78701

John R. Gilbert
State Bar No. 07898500
Randy E. Moore
State Bar No. 14363450
GILBERT & MOORE, P.L.L.C.
222 North Velasco Street
P.O. Box 1819
Angleton, TX 77516-1819


**COUNSEL FOR BAYER CORPORATION**

Respectfully submitted,

FULBRIGHT & JAWORSKI, L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205
(210) 224-5575
(210) 270-7205 (Fax)

By: _____
Brinley James
State Bar No. 10554200
Joseph A. Bourbois
State Bar No. 00790432

Terry O. Tottenham
State Bar No. 20147500
Lana K. Varney
State Bar No. 20499500
FULBRIGHT & JAWORSKI, L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX 78701

**COUNSEL FOR BAYER CORPORATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANCISCO SANCHEZ                              §
                                               §
v.                                             §
                                               §
AMERICAN HOME PRODUCTS                          §
CORPORATION;                                    §
ADVOCARE INTERNATIONAL, LLC                     §
BAYER CORPORATION;                             §
BLOCK DRUG COMPANY, INC.;                       §
BRISTOL MYERS SQUIBB COMPANY;                   §          **B-02- 066**
CHATTEM, INC.                                   §
GLAXOSMITHKLINE, PLC;                           §    Civil Action No. _____
NOVARTIS CONSUMER HEALTH, INC;                  §
NOVARTIS PHARMACEUTICALS                        §
CORPORATION;                                    §
SMITHKLINE BEECHAM CONSUMER                     §
HEALTHCARE, L.P. ;                              §
SMITHKLINE BEECHAM CORPORATION;                 §
WHITEHALL-ROBINS HEALTHCARE; and                §
CIRCLE K STORES, INC. d/b/a CIRCLE K            §
(sued individually and as successor-in-interest to §
COASTAL MART, INC. and                          §
MAVERICK MARKET, INC.)                          §

**CONSENT TO REMOVAL OF DEFENDANT WYETH (FORMERLY KNOWN AS
AMERICAN HOME PRODUCTS CORPORATION), INCLUDING ITS
UNINCORPORATED DIVISION WYETH CONSUMER HEALTHCARE (FORMERLY
KNOWN AS WHITEHALL-ROBINS HEALTHCARE)**

Defendant Wyeth (formerly known as American Home Products Corporation), including

its unincorporared division Wyeth Consumer Healthcare (formerly known as Whitehall-Robins

Healthcare), named defendants in the state action below, consent to the removal of this case

pursuant to the foregoing Notice of Removal by Defendant, Novartis Consumer Health, Inc.

DATED: _____4|5|02_____



**EXHIBIT
5**

Doc ID BARNT-24142
4952-0026

Respectfully submitted,

CLARK, THOMAS & WINTERS
P.O. Box 1148
Austin, TX 78767
512-472-8800
512-474-1129 (Fax)


By: _____
Ken Ferguson
State Bar No. 06918100
Michael Klatt
State Bar No. 11554200
Kelly Kimbrough
State Bar No. 00794984

J. Mark Jones
David E. Dukes
James F. Rogers
Nelson, Mullins, Riley
and Scarborough, LLP
Kennan Building, Third Floor
1330 Lady Street
Columbia, SC 29201


**COUNSEL FOR AMERICAN HOME
PRODUCTS CORPORATION and
WHITEHALL-ROBINS HEALTHCARE**

Doc ID BARNT-24142
4952-0026

Respectfully submitted,

**CLARK, THOMAS & WINTERS**
**A Professional Corporation**
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800 (Telephone)
(512) 474-1129 (Facsimile)

By: _[signature]_ SBN 00794784
Kenneth J. Ferguson
State Bar No. 06918100
Michael R. Klatt
State Bar No. 11554200

And

**ROERIG, OLIVEIRA & FISHER**
Crisanta Guerra Lozano
State Bar No. 08574500
555 W. Price Road, Suite 9
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016 (fax)

And

**CANALES & SIMONSON**
J. A. (Tony) Canales
State Bar No. 03737000
2601 Morgan Avenue
P. O. Box 5624
Corpus Christi, TX 78465-5624
(361) 883-0601 (Telephone)
(361) 884-7023 (Telecopier)

W:95054

OF COUNSEL:

**NELSON MULLINS RILEY**
 **& SCARBOROUGH, L.L.P.**
David E. Dukes
J. Mark Jones
James F. Rogers
Keenan Building, Third Floor
1330 Lady Street
Post Office Box 11070 (29211)
Columbia, South Carolina 29201
(803) 799-2000 (Telephone)
(803) 256-7500 (Facsimile)

**ATTORNEYS FOR DEFENDANT WYETH**
**(formerly known as AMERICAN**
**HOME PRODUCTS CORPORATION),**
**INCLUDING ITS UNINCORPORATED**
**DIVISION WYETH CONSUMER**
**HEALTHCARE (formerly known as**
**WHITEHALL-ROBINS HEALTHCARE)**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANCISCO SANCHEZ                              §
                                               §
v.                                             §
                                               §
AMERICAN HOME PRODUCTS                         §
CORPORATION;                                   §
ADVOCARE INTERNATIONAL, LLC                    §
BAYER CORPORATION;                             §
BLOCK DRUG COMPANY, INC.;                      §
BRISTOL MYERS SQUIBB COMPANY;                  §
CHATTEM, INC.                                  §
GLAXOSMITHKLINE, PLC;                          §        Civil Action No. **B-02- 066**
NOVARTIS CONSUMER HEALTH, INC;                 §
NOVARTIS PHARMACEUTICALS                       §
CORPORATION;                                   §
SMITHKLINE BEECHAM CONSUMER                    §
HEALTHCARE, L.P. ;                             §
SMITHKLINE BEECHAM CORPORATION;                §
WHITEHALL-ROBINS HEALTHCARE; and               §
CIRCLE K STORES, INC. d/b/a CIRCLE K           §
(sued individually and as successor-in-interest to §
COASTAL MART, INC. and                         §
MAVERICK MARKET, INC.)                         §

## DEFENDANT BRISTOL MYERS SQUIBB COMPANY'S, CONSENT TO REMOVAL

Bristol Myers Squibb Company, named defendant in the state action below, consents to

the removal of this case pursuant to the foregoing Notice of Removal by Defendant, Novartis

Consumer Health, Inc.

DATED: _____4|5|02_____



EXHIBIT
6

Doc ID BARNT-24142
4952-0026

Respectfully submitted,

SEDGWICK, DETERT, MORAN
& ARNOLD
1717 Main Street, Suite 5400
Dallas, TX  75201
469-227-8200
469-227-8004 (Fax)

By: _____
Alan Vickery
State Bar No. 20571650

**COUNSEL FOR BRISTOL MYERS
SQUIBB COMPANY**

Respectfully submitted,

SEDGWICK, DETERT, MORAN
& ARNOLD
1717 Main Street, Suite 5400
Dallas, TX 75201
469-227-8200
469-227-8004 (Fax)

By: _____
     Alan Vickery
     State Bar No. 20571650

**COUNSEL FOR BRISTOL MYERS
SQUIBB COMPANY**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| FRANCISCO SANCHEZ | § |
| | § |
| v. | § |
| | § |
| AMERICAN HOME PRODUCTS | § |
| CORPORATION; | § |
| ADVOCARE INTERNATIONAL, LLC | § |
| BAYER CORPORATION; | § |
| BLOCK DRUG COMPANY, INC.; | § |
| BRISTOL MYERS SQUIBB COMPANY; | § |
| CHATTEM, INC. | § |
| GLAXOSMITHKLINE, PLC; | § |
| NOVARTIS CONSUMER HEALTH, INC; | § |
| NOVARTIS PHARMACEUTICALS | § |
| CORPORATION; | § |
| SMITHKLINE BEECHAM CONSUMER | § |
| HEALTHCARE, L.P.; | § |
| SMITHKLINE BEECHAM CORPORATION; | § |
| WHITEHALL-ROBINS HEALTHCARE; and | § |
| CIRCLE K STORES, INC. d/b/a CIRCLE K | § |
| (sued individually and as successor-in-interest to | § |
| COASTAL MART, INC. and | § |
| MAVERICK MARKET, INC.) | § |

Civil Action No. **B-02- 066**

## DEFENDANT GLAXOSMITHKLINE, PLC'S CONSENT TO REMOVAL, SUBJECT TO ITS SPECIAL APPEARANCE AND OBJECTIONS REGARDING DEFICIENT SERVICE

Pursuant to Defendant Novartis Consumer Health, Inc.'s Notice of Removall, Glaxosmithkline, PLC, named defendant in the state action, consents to the removal, subject to its special appearance and objections regarding deficient service that are on file in the state proceedings.

DATED: _____4|5|02_____



EXHIBIT

7

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

·APR 0 5 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FRANCISCO SANCHEZ | § | |
| | § | |
| v. | § | |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION; | § | |
| ADVOCARE INTERNATIONAL, LLC | § | |
| BAYER CORPORATION; | § | |
| BLOCK DRUG COMPANY, INC.; | § | |
| BRISTOL MYERS SQUIBB COMPANY; | § | |
| CHATTEM, INC. | § | **B-02- 066** |
| GLAXOSMITHKLINE, PLC; | § | CIVIL ACTION NO. _____ |
| NOVARTIS CONSUMER HEALTH, INC; | § | |
| NOVARTIS PHARMACEUTICALS | § | |
| CORPORATION; | § | |
| SMITHKLINE BEECHAM CONSUMER | § | |
| HEALTHCARE, L.P.; | § | |
| SMITHKLINE BEECHAM CORPORATION; | § | |
| WHITEHALL-ROBINS HEALTHCARE; and | § | |
| CIRCLE K STORES, INC. d/b/a CIRCLE K | § | |
| (sued individually and as successor-in-interest to | § | |
| COASTAL MART, INC. and | § | |
| MAVERICK MARKET, INC.) | § | |

**INDEX OF MATTERS BEING FILED**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

The following is an index of the items being filed herewith:

1.    Civil Cover Sheet;
2.    Filing Fee of $150.00;
3.    Notice of Filing Removal;
4.    Notice of Removal;
5.    Plaintiff's Original Petition; with Jury Demand;
6.    Defendant American Home Products Corporation's Original Answer
7.    Defendant Whitehall-Robins's Original Answer
8.    Defendant Novartis Pharmaceutical Corporation's Motion to Transfer Venue
      With Original Answer, Subject Thereto;
9.    Defendant Circle K Store's Original Answer, Cross Claim, Special Exceptions
      and Jury Demand

1

10.    Defendant Bayer Corporation's Original Answer
11.    Defendant Novartis Consumer Health, Inc.'s Motion to Transfer Venue With Original Answer, Subject Thereto
12.    Index of Matters Being Filed

Respectfully submitted,

Mitchell C. Chaney _m prmssr_ _mcootour_
State Bar No. 04107500
Federal I.D. No. 1918
Teri L. Danish
State Bar No. 05375320
Federal I.D. No. 12862
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
Brownsville, TX  78520
P.O. Box 2155
Brownsville, TX  78522
956-542-7441
956-541-2170 – Fax

Jeff D. Otto
State Bar No. 15345500
Tasha L. Barnes
State Bar No. 00796163
COE. COUSINS & IRONS, L.L.P.
701 Brazos, Suite 1500
Austin, TX  78701
512-708-8200
512-708-8777 – Fax

Michael D. Robbins
State Bar No. 16984700
Andrew R. Harvin
State Bar No. 09187900
DOYLE RESTREPO HARVIN &
ROBBINS LLP
600 Travis, Suite 4700
Houston, TX 77002
713- 228-5100
713-228-6138 – Fax

2

*ATTORNEYS FOR NOVARTIS CONSUMER HEALTH, INC.*

Randolph S. Sherman
Lori B. Leskin
Danielle E. Finck
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022

*Of Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been delivered to all counsel of record by facsimile, certified mail, return receipt requested, or by regular mail on this 5th day of April, 2002.

**By Regular Mail**

Brynley James   *Fax 210-270-7205*
Fulbright & Jaworski, L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205-3792

Brian P. Johnson   *Fax 713-222-2226*
Frank Doyle
Hanen, Johnson
& Spalding, LLP
910 Travis, Ste. 1700
Houston, TX 77002

J. Mark Jones *Fax 803-255-9037*
David E. Dukes
James F. Rogers
Kennan Building, Third Floor
1330 Lady Street
Columbia, SC 29201

Margaret Brenner *Fax 713-650-0027*
Hays, McConn, Rice & Pickering
400 Two Allen Center
1200 Smith Center
Houston, TX 77002

Alan Vickery   *Fax 469-227-8004*
Sedgwick, Detert, Moran & Arnold
1717 Main Street, Suite 5400
Dallas, TX 75201

Danielle Finck   *Fax 212-836-8689*
Lori Leskin
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3298

Tony Canales   *Fax 361-884-7023*
Canales & Simonson
2601 Morgan Avenue
P.O. Box 5624
Corpus Christi, TX 78465-5624

Crisanta Guerra Lozano   *Fax 956-542-0016*
Roerig, Oliviera & Fisher
555 W. Price Rd., Suite 9
Brownsville, TX 78520

3

Ken Ferguson   *Fax 512-474-1129*
Michael Klatt
Kelly Kimbrough
Clark, Thomas & Winters
P.O. Box 1148
Austin, TX  78767

Ana Lisa Garza   *Fax 986-487-8300*
Ramirez & Garza, L.L.P.
509 N. San Antonio Street
Rio Grande City, TX  78582

Keith R. Taunton   *Fax 713-993-2308, 2309*
Tucker, Taunton, Snyder & Slade
Eight Greenway Plaza, Suite 1200
Houston, TX  77046

Brent Kugler   *Fax 214-468-8803*
Daniel Sheehan & Associates, LLP
Chase Tower, 2200 Ross Avenue, Suite 3060
Dallas, Texas 75201

James Williams
Miller & Martin
Suite 1000 Volunteer Bldg.
832 Georgia Avenue
Chattanooga, TN  37402-2289

Kenneth C. Baker   *Fax 281-481-1063*
The Baker Law Firm
12600 Featherwood, Suite 225
Houston, TX  77034

*By Certified Mail,*
*Return Receipt Requested*

Nelda Talamantes   *Fax 214-357-7252*
Ron C. Eddins
David C. Greenstone
C. Andrew Waters
Peter A. Kraus
Waters & Kraus, L.L.P.
3219 McKinney Avenue, Suite 3000
Dallas, TX  75204

Frank Costilla
Law Offices of Frank Costilla
5 E. Elizabeth Street
Brownsville, TX  78523

MITCHELL C. CHANEY

Doc ID BARNT-24184
4952-0026

FILED _____ 11:00 _____ O'CLOCK ___#___ M
AURORA DE LA GARZA DIST. CLERK

APR 0 3 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CAUSE NO. 2002-02-000733-C

| | | |
|---|---|---|
| FRANCISCO SANCHEZ | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION; | § | |
| ADVOCARE INTERNATIONAL, LLC | § | |
| BAYER CORPORATION; | § | |
| BLOCK DRUG COMPANY, INC.; | § | |
| BRISTOL MYERS SQUIBB COMPANY; | § | |
| CHATTEM, INC. | § | |
| GLAXOSMITHKLINE, PLC; | § | CAMERON COUNTY, TEXAS |
| NOVARTIS CONSUMER HEALTH, INC; | § | |
| NOVARTIS PHARMACEUTICALS | § | |
| CORPORATION; | § | |
| SMITHKLINE BEECHAM CONSUMER | § | |
| HEALTHCARE, L.P.; | § | |
| SMITHKLINE BEECHAM CORPORATION; | § | |
| WHITEHALL-ROBINS HEALTHCARE; and | § | |
| CIRCLE K STORES, INC. d/b/a CIRCLE K | § | |
| (sued individually and as successor-in-interest to | § | |
| COASTAL MART, INC. and | § | |
| MAVERICK MARKET, INC.) | § | 197TH JUDICIAL DISTRICT |

## DEFENDANT NOVARTIS CONSUMER HEALTH, INC.'S MOTION TO TRANSFER VENUE WITH ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION, SUBJECT THERETO

Defendant Novartis Consumer Health, Inc. ("NCH"), by its counsel, hereby files its

Motion to Transfer Venue with Original Answer to Plaintiff's Original Petition, subject thereto

and states as follows:

### I.

### MOTION TO TRANSFER VENUE

Defendant NCH moves to transfer venue to Dallas County or another county of proper

venue for the reasons set forth herein. NCH specifically denies that Cameron County is a county

of proper venue.

1

Doc ID BARNT-23802
4952-0001

First, NCH is a corporation. Under the applicable venue law, a suit against a corporation, whether foreign or domestic, may properly be brought in either (1) the county of the corporation's "principal office" in Texas or (2) in the county where "all or a substantial part of the events or omissions giving rise to the claim occurred . . ." TEX. CIV. PRAC. & REM. CODE ANN. §15.002(a).

Plaintiff has failed to plead any specific facts in support of their conclusory allegation that venue is proper in Cameron County, Texas. Defendant specifically denies that Cameron County is, or was at the time Plaintiff's purported cause of action accrued, the county where it, or any defendant, has its principal office in Texas. Furthermore, Defendant specifically denies that all or a substantial part of the events or omissions giving rise to Plaintiff's purported claim occurred in Cameron County. To the extent it is necessary, Defendant specifically denies all other venue facts and allegations upon which Plaintiff claim venue in Cameron County.

For these reasons, NCH asserts that venue is improper in Cameron County, and NCH requests that venue be transferred to Dallas County, the principal office of Defendant American Home Products Corporation in the state of Texas, or to another county of proper venue.

## II.
## GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Novartis Consumer Health, Inc. denies each and every allegation made against it and demands strict proof of same by a preponderance of the evidence.

## III.
## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Petition, in whole or in part, fails to state a cause of action.

2

## SECOND AFFIRMATIVE DEFENSE

2. Discovery may show that plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations and/or statute of repose.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred, in whole or in part, by the doctrine(s) contained in Restatement (Second) of Torts § 402A, Comment k.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred, in whole or in part, by the doctrines contained in the Restatement (Third) of Torts, Product Liability.

## FIFTH AFFIRMATIVE DEFENSE

5. Discovery may show that plaintiff's claims are barred, in whole or in part, by plaintiff's misuse or abnormal use of an NCH product, or the failure to follow product instructions.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred, in whole or in part, because plaintiff, by electing to ingest an NCH product, assumed the risks apparent or disclosed on an NCH label, and plaintiff waived and/or are estopped from asserting any claim related to such risks.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred, in whole or in part, because NCH products are designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's losses, if any, are subject to an offset in the amount of any reimbursement received by plaintiff as a result of any insurance or other health benefits plan, or any amounts paid for by any insurance or other health benefits plan.

Doc ID BARNT-23802
4952-0001

### NINTH AFFIRMATIVE DEFENSE

9.  Plaintiff's claims are barred, in whole or in part, because the injuries, damages and losses alleged in the Petition, none being admitted, were caused in whole, in part or proximately by the fault or negligence of plaintiff or others, which by comparison was far greater than any conduct alleged as to NCH.  Accordingly, plaintiff's claims are barred or must be reduced under the doctrine of contributory or comparative fault.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Discovery may show that plaintiff's claims are barred by the "learned intermediary" or "informed intermediary" doctrine.

### TWELFTH AFFIRMATIVE DEFENSE

12. Any alleged negligent or culpable conduct of NCH, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.    Plaintiff's claims against NCH are barred because plaintiff's alleged injuries, if caused by PPA, are the result of plaintiff's own idiosyncratic or allergic reaction.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Discovery may show that plaintiff's damages, if any, are limited, in whole or in part, by plaintiff's failure to mitigate.

4

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred, in whole or in part, because defendant complied with all federal and state statutes as well as all administrative regulations.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred, in whole or in part, because Tavist-D® is comprehensively regulated by the United States Food and Drug Administration pursuant to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §§ 301 et seq., and regulations and orders promulgated thereunder. Accordingly, plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. NCH has no legal relationship or privity with plaintiff and owes no duty to plaintiff by which liability could be attributed to it.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims, including without limitation plaintiff's claims for punitive damages, are barred because the use of NCH products was generally recognized as safe and effective pursuant to conditions established by the Food and Drug Administration and applicable regulations, including packaging and labeling regulations.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claim for punitive damages is barred because such an award would violate defendant's due process, equal protection and other rights under the United States Constitution and applicable state constitutions.

## TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff has failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

5

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Plaintiff's claims are subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including without limitation the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third party that may be joined in this suit.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    If plaintiff settles with any other person or entity, NCH reserves the right to make a written election of credit for settlements under § 33.014 of the Texas Civil Practice and Remedies Code.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Plaintiff's claims are barred, in whole or in part, because NCH did not make or breach any alleged express or implied warranties, nor did NCH receive any notice of any alleged breach of warranty within a reasonable time after plaintiff discovered or should have discovered any such breach, as required by applicable law relating to express and implied warranty.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Plaintiff's claims are barred, in whole or in part, because plaintiff has not pled in detail the alleged warranty required by applicable law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    NCH asserts the defenses of expiration, limitation and exclusion to any applicable express or implied warranty, if any.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    NCH hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this list to assert such defenses.

6

WHEREFORE, NCH requests that judgment be entered in its favor, dismissing the Petition in its entirety and awarding NCH its costs and disbursements and such other relief to which it may be entitled.

7

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY,
L.L.P.
1201 E. Van Buren
Post Office Box 2155
Brownsville, TX 78522-2155
956-542-7441
956-541-2170 – Fax

By: _____
        Mitchell C. Chaney
        State Bar No. 04107500
        Teri L. Danish
        State Bar No. 05375320

Jeff D. Otto
Tasha L. Barnes
THOMPSON COE. COUSINS & IRONS,
L.L.P.
701 Brazos, Suite 1500
Austin, TX 78701
512-708-8200
512-708-8777 – Fax

Michael D. Robbins
Andrew R. Harvin
DOYLE RESTREPO HARVIN &
ROBBINS LLP
600 Travis, Suite 4700
Houston, TX 77002
713- 228-5100
713-228-6138 – Fax

        *Attorneys for Defendant Novartis
        Consumer Health, Inc.*

Randolph S. Sherman
Lori B. Leskin
Danielle E. Finck
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022

*Of Counsel*

8

Doc ID BARNT-23802
4952-0001

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been delivered to all counsel of record by facsimile, certified mail, return receipt requested, or by regular mail on this _____ day of April, 2002.

**By Regular Mail**

| | |
|---|---|
| Brynley James          *Fax 210-270-7205*<br>Fulbright & Jaworski, L.L.P.<br>300 Convent Street, Suite 2200<br>San Antonio, TX 78205-3792 | Brian P. Johnson          *Fax 713-222-2226*<br>Shashi H. Patel<br>Hanen Alexander, Johnson<br>& Spalding, LLP<br>910 Travis, Ste. 1700<br>Houston, TX 77002 |
| J. Mark Jones          *Fax 803-255-9037*<br>David E. Dukes<br>James F. Rogers<br>Kennan Building, Third Floor<br>1330 Lady Street<br>Columbia, SC 29201 | Margaret Brenner          *Fax 713-650-0027*<br>Hays, McConn, Rice & Pickering<br>400 Two Allen Center<br>1200 Smith Center<br>Houston, TX 77002 |
| Alan Vickery          *Fax 469-227-8004*<br>Sedgwick, Detert, Moran & Arnold<br>1717 Main Street, Suite 5400<br>Dallas, TX 75201 | Danielle Finck          *Fax 212-836-8689*<br>Lori Leskin<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, NY 10022-3298 |
| Tony Canales          *Fax 361-884-7023*<br>Canales & Simonson<br>2601 Morgan Avenue<br>P.O. Box 5624<br>Corpus Christi, TX 78465-5624 | Crisanta Guerra Lozano          *Fax 956-542-0016*<br>Roerig, Oliviera & Fisher<br>555 W. Price Rd., Suite 9<br>Brownsville, TX 78520 |
| Ken Ferguson          *Fax 512-474-1129*<br>Michael Klatt<br>Kelly Kimbrough<br>Clark, Thomas & Winters<br>P.O. Box 1148<br>Austin, TX 78767 | Brent Kugler          *Fax 214-468-8803*<br>Daniel Sheehan & Associates, LLP<br>Chase Tower, 2200 Ross Avenue, Suite 3060<br>Dallas, Texas 75201 |

9

Ana Lisa Garza          *Fax  986-487-8300*
Ramirez & Garza, L.L.P.
509 N. San Antonio Street
Rio Grande City, TX  78582

James Williams
Miller & Martin
Suite 1000 Volunteer Bldg.
832 Georgia Avenue
Chattanooga, TN  37402-2289

Keith R. Taunton    *Fax 713-993-2308, 2309*
Tucker, Taunton, Snyder & Slade
Eight Greenway Plaza, Suite 1200
Houston, TX  77046

Kenneth C. Baker          *Fax 281-481-1063*
The Baker Law Firm
12600 Featherwood, Suite 225
Houston, TX  77034

*By Certified Mail,*
*Return Receipt Requested*

Nelda Talamantes  *Fax  214-357-7252*
Ron C. Eddins
David C. Greenstone
C. Andrew Waters
Peter A. Kraus
Waters & Kraus, L.L.P.
3219 McKinney Avenue, Suite 3000
Dallas, TX  75204

Frank Costilla
Law Offices of Frank Costilla
5 E. Elizabeth Street
Brownsville, TX  78523

Mitchell C. Chaney

Doc ID BARNT-23802
4952-0001

*Copy of Complete file 18,709*

## CAUSE NO. 2002-02-733-C

| | | |
|---|---|---|
| FRANCISCO SANCHEZ | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION; | § | |
| ADVOCARE INTERNATIONAL, LLC | § | |
| BAYER CORPORATION; | § | FILED ___ O'CLOCK ___ M |
| BLOCK DRUG COMPANY, INC.; | § | AURORA DE LA GARZA DIST. CLERK |
| BRISTOL MYERS SQUIBB COMPANY; | § | MAR 2 5 2002 |
| CHATTEM, INC. | § | |
| GLAXOSMITHKLINE, PLC; | § | DISTRICT COURT OF CAMERON COUNTY, TEXAS |
| NOVARTIS CONSUMER HEALTH, INC; | § | CAMERON COUNTY, TEXAS |
| NOVARTIS PHARMACEUTICALS | § | |
| CORPORATION; | § | |
| SMITHKLINE BEECHAM CONSUMER | § | |
| HEALTHCARE, L.P.; | § | |
| SMITHKLINE BEECHAM CORPORATION; | § | |
| WHITEHALL-ROBINS HEALTHCARE; and | § | |
| CIRCLE K STORES, INC. d/b/a CIRCLE K | § | |
| (sued individually and as successor-in-interest to | § | |
| COASTAL MART, INC. and | § | |
| MAVERICK MARKET, INC.) | § | 197TH JUDICIAL DISTRICT |

## DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION, SUBJECT THERETO

Defendant Novartis Pharmaceuticals Corporation ("NPC"), by its counsel, hereby

hereby files its Motion to Transfer Venue with Original Answer to Plaintiff's Original Petition,

subject thereto and states as follows:

### I.
### MOTION TO TRANSFER VENUE

Defendant NPC moves to transfer venue to Dallas County or another county of proper

venue for the reasons set forth herein. NPC specifically denies that Cameron County is a county

of proper venue.

1

# THE BAKER LAW FIRM
12600 FEATHERWOOD
SUITE 225
HOUSTON, TEXAS 77034

(281) 481-0083
FACSIMILE (281) 481-1063

MARK D. VANCLEAVE

March 25, 2002

David C. Greenstone                          *Via Certified Mail*
Waters & Kraus, L.L.P.
3219 Mc Kinney Avenue, Suite 3000
Dallas, Texas 75204

    Re:    Cause No. 2002CVQ000303D1; Francisco Sanchez v. *American Home Products Corporation, et al*; In the 197th Judicial District of Cameron, Texas

Dear Counsel:

Enclosed in connection with the above referenced matter please find the following:

**Defendant Circle K Stores Inc.'s Original Answer, Cross Claim, Special Exceptions, and Jury Demand**

Please do not hesitate to contact me if you have any questions or comments.

Sincerely,

Mark D. VanCleave

MDV/srb
Enclosures

cc:
Ms. Aurora de la Garza
District Clerk
Cameron County
974 E. Harrison St.
Brownsville, Texas 78520
(w/o enclosures)

All known counsel of record                  *Via Facsimile*

FILED ___G. 91___ O'CLOCK ___A___ M
AURORA DE LA GARZA, DIST. CLERK

MAR 28 2002
DISTRICT COURT, CAMERON COUNTY TEXAS
BY_____ DEPUTY
Rosie Sotelo M.

**Cause No. 2002-02-733-C**

| | | |
|---|---|---|
| FRANCISCO SANCHEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION, ET AL | § | 197TH JUDICIAL DISTRICT |

<u>DEFENDANT CIRCLE K STORES INC.'S ORIGINAL ANSWER, CROSS CLAIM,
SPECIAL EXCEPTIONS, AND JURY DEMAND</u>

TO THE HONORABLE COURT:

Circle K Stores Inc. d/b/a Circle K ("Circle K"), Defendant, files the following Original

Answer, Cross Claim, and Special Exceptions:

### GENERAL DENIAL

### I.

Circle K generally denies each and every, all and singular, the allegations of Plaintiff

demanding strict proof thereof in accordance with law before a jury.

### AFFIRMATIVE DEFENSES

### II.

Plaintiff's claims are barred by the applicable statute of limitations and/or in the alternative,

by the equitable doctrine of laches.

## ORIGINAL ANSWER

## III.

Plaintiffs' injuries and/or damages, if any, resulted from the acts and/or omissions of third-parties over which Circle K had no control. Said acts and/or omissions constitute the sole cause of Plaintiffs' injuries and/or damages, if any or in the alternative, a proximate or producing cause.

## IV.

Any award of punitive damages herein against Defendant would be unconstitutional as a violation of Defendant's Fifth, Eighth, and Fourteenth Amendment Rights.

## V.

Defendant seeks the maximum credit and/or reduction for any settlement entered into by Plaintiff with any person or entity, whether a current Defendant or non-party, pursuant to Texas Civil Practice & Remedies Code §33.012(b)(1), and all other applicable sections of the Texas Civil Practice & Remedies Code §32.001, *et seq.*, §33.01, *et seq.*

## VI.

The conditions about which Plaintiff complains are due to causes other than their consumption of PPA products and/or their exposure to phenylpropanolamine.

## VII.

Plaintiffs' injuries, if any, were pre-existing and/or not the result of any contact with any products sold or distributed by Circle K.

## VIII.

If any judgment is entered against Circle K and other Defendants, then Circle K is entitled to have judgment over and against such other Defendants for all or part of any sums of money recovered against them by Plaintiff, herein, by way of contribution and/or indemnity from those other Defendants together with its costs, reasonable attorneys' fees, and reasonable damages incurred by

Circle K to enforce Circle K's right to indemnification, in accordance with the provisions of the laws of the State of Texas or the laws in any state where any alleged cause of action arose.

## IX.

Defendant incorporates herein all previous responses to Plaintiffs' pleadings and in addition generally denies any Cross-Action filed by any Co-Defendants, demanding strict proof thereof before a jury.

## CROSS CLAIM

## X.

Circle K denies that Plaintiff has been injured in the manner alleged; however, Circle K pleads that if Plaintiff recovers any damages herein, Circle K is entitled to contribution and indemnity from the following Defendants/Cross-Defendants:

American Home Products Corporation; Advocare International, L.L.C.; Bayer Corporation; Block Drug Company, Inc.; Bristol Myers Squibb Company; Chattem, Inc.; Glaxosmithkline, PLC; Novartis Consumer Health, Inc.; Novartis Pharmaceuticals Corporation; Smithkline Beecham Consumer Healthcare, L.P.; Smithkline Beecham Corporation d/b/a Glaxosmithkline; and Whitehall-Robins Healthcare.

American Home Products Corporation; Advocare International, L.L.C.; Bayer Corporation; Block Drug Company, Inc.; Bristol Myers Squibb Company; Chattem, Inc.; Glaxosmithkline, PLC; Novartis Consumer Health, Inc.; Novartis Pharmaceuticals Corporation; Smithkline Beecham Consumer Healthcare, L.P.; Smithkline Beecham Corporation d/b/a Glaxosmithkline; and Whitehall-Robins Healthcare manufactured, sold, and/or distributed the products that form the basis of Plaintiff's claims.

Circle K hereby asserts a cross claim for manufacturer's indemnity against American Home Products Corporation; Advocare International, L.L.C.; Bayer Corporation; Block Drug Company, Inc.; Bristol Myers Squibb Company; Chattem, Inc.; Glaxosmithkline, PLC; Novartis Consumer Health, Inc.; Novartis Pharmaceuticals Corporation; Smithkline Beecham Consumer Healthcare, L.P.; Smithkline Beecham Corporation d/b/a Glaxosmithkline; and Whitehall-Robins Healthcare, pursuant to Texas Civil Practice & Remedies Code § 82.002. Additionally, Circle K is specifically making a claim for court costs and other reasonable expenses, reasonable attorney's fees, and any reasonable damages incurred by Circle K to enforce its right to indemnification under §82.002.

Circle K hereby asserts a cross claim for contribution against American Home Products Corporation; Advocare International, L.L.C.; Bayer Corporation; Block Drug Company, Inc.; Bristol Myers Squibb Company; Chattem, Inc.; Glaxosmithkline, PLC; Novartis Consumer Health, Inc.; Novartis Pharmaceuticals Corporation; Smithkline Beecham Consumer Healthcare, L.P.; Smithkline Beecham Corporation d/b/a Glaxosmithkline; and Whitehall-Robins Healthcare, pursuant to Texas Business & Commerce Code § 17.555.

## SPECIAL EXCEPTIONS

### XI.

Pursuant to Texas Rule of Civil Procedure 47, Defendant specially excepts to Paragraphs 74 and 75 of Plaintiff's Original Petition because Plaintiff fails to specify the maximum amount of damages claimed. Circle K respectfully requests that the Court grant its special exceptions and require Plaintiff to amend his petition to specify the maximum amount of damages he alleges.

Pursuant to Texas Rule of Civil Procedure 47(a) Defendant objects and specially excepts to Paragraphs 15 and 21 of Plaintiff's Original Petition because those paragraphs allege only that each retailer Defendant "was involved in the sale and distribution of the subject PPA product(s)" and that

defendants were, at all relevant times, "marketers, advertisers, distributors, and sellers" of products which "contained Phenylpropanolamine (PPA) as an active ingredient." Plaintiffs' allegations are so vague and ambiguous that they fail to give this Defendant fair notice of the basic issues of the controversy. Specifically, the Plaintiff fails to identify the retailer, if any, which sold any particular product allegedly taken by Plaintiff. Furthermore, the above-noted paragraphs fail to allege the date the Plaintiff's illness/injury occurred as well as the date that the product was purchased and/or ingested by Plaintiff. Consequently, Plaintiff's Original Petition fails to give this Defendant fair notice of the basic factual issues of the controversy.

**JURY DEMAND**

**XII.**

Defendant hereby demands a jury trial.

WHEREFORE, Circle K prays that its special exceptions be granted; that Plaintiff take nothing by reason of this suit; that it recover from Cross-Defendants its costs, damages, and attorney's fees incurred in defending this suit as well as any money damages awarded to Plaintiff pursuant to Tex. Civ. Prac. & Rem. Code § 82.002 and Tex. Bus. & Com. Code § 17.555; that it recover against Cross-Defendant's for complete indemnity, or alternatively, contribution in proportion to the percentage of responsibility attributable to Cross-Defendants, together with attorney's fees, costs and interest; and that Circle K be dismissed with its costs and such other relief to which it is entitled in law or in equity.

Respectfully submitted,

**THE BAKER LAW FIRM**

By: _____

KENNETH C. BAKER
State Bar No. 01584480
MARK D. VANCLEAVE
State Bar No. 24008197
12600 Featherwood, Suite 225
Houston, Texas 77034
Telephone:    (281) 481-0083
Facsimile:    (281) 481-1063

**ATTORNEY FOR DEFENDANT,
CIRCLE K STORES INC.**

## CERTIFICATE OF SERVICE

A copy of the foregoing instrument was forwarded to the following counsel of record pursuant to Tex. R. Civ. P. 21a on this the 25 day of March, 2002.

David C. Greenstone
Waters & Kraus, L.L.P.
3219 McKinney Avenue, Suite 3000
Dallas, Texas 75204
ATTORNEY FOR PLAINTIFF

Terry O. Totteham
Lana K. Varney
Fulbright & Jaworski
300 Convent, Suite 2200
San Antonio, Texas 78205
ATTORNEY FOR DEFENDANT
BAYER CORPORATION

Nancy J. Locke
Fulbrught & Jaworski
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
ATTORNEY FOR DEFENDANT
BAYER CORPORATION

Robert M. Schick
Joel Baird
Vinson & Elkins, L.L.P.
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760
ATTORNEY FOR DEFENDANT AMERICAN
HOMEPRODUCTS CORPORATION AND
WHITEHALL-ROBBINS HEALTHCARE

David E. Dukes
J. Mark Jones
James F. Rogers
Nelson, Mullins, Riley
Kennan Building, Third Floor
1330 Lady Street
Columbia, SC 29201
ATTORNEY FOR DEFENDANT AMERICAN HOME PRODUCTS CORPORATION AND
WHITEHALL-ROBBINS HEALTHCARE

Margaret Brener
Hays, McConn, Rice & Pickering
400 Two Allen Center
1200 Smith Street
Houston, Texas 77002
ATTORNEY FOR DEFENDANT
CHATTEM, INC.

Alan N. Magenheim
Magenheim, Bateman &
1221 McKinney, Suite 3600
Houston, Texas 77010
ATTORNEY FOR DEFENDANT
WALMART STORES, INC. AND
BRYSTOL MYERS SQUIBB COUNSEL

Jack Brock
Mills, Shirley, Eckel
2228 Mechanic Street, Suite 400
Galveston, Texas 77553-1943
ATTORNEYS FOR DEFENDANT NOVARTIS
PHARMACEUTICALS CORPORATION AND
NOVARTIS CONSUMER HEALTH, INC.

Jeff D. Otto
Tasha L. Barnes
Thompson Coe Cousins & Irons, L.L.P.
701 Brazos, Suite 1500
Austin, Texas 78701
ATTORNEYS FOR DEFENDANT NOVARTIS
PHARMACEUTICALS CORPORATION AND
NOVARTIS CONSUMER HEALTH, INC.

Danielle Finck
Lori B. Leskin
Kaye, Scholer L.L.P.
425 Park Avenue
New York, New York 10022-3298
ATTORNEYS FOR DEFENDANT NOVARTIS
PHARMACEUTICALS CORPORATION AND
NOVARTIS CONSUMER HEALTH, INC.

Allen R. Vickery
Diana Warnecke
Sedgwick, Detert, Moran & Arnold
1717 Main Street, Suite 5400
Dallas, Texas 75201
ATTORNEYS FOR DEFENDANT
BRISTOL-MYERS SQUIBB COMPANY

Brian P. Johnson
Hanen, Alexander
910 Travis Street, Suite 170
Houston, Texas 77002
ATTORNEY FOR DEFENDANT
BLOCK DRUG COMPANY, INC., GLAXOSMITHKLINE,
P.L.C., AND SMITHKLINE BEECHAM CONSUMER
HEALTHCARE

Gregory Gannon
Hella V. Scheuerman
Lane, Gannon & Taliaferro
615 N. W. Loop 410, Suite 200
San Antonio, Texas 78216

Mike H. Bassett
Desiree M. Leverett
Grau & Bassett
3333 Lee Parkway, Suite 600
Dallas, Texas 75219
ATTORNEYS FOR DEFENDANT
WALMART STORES, INC.

Daniel Sheehan
Daniel Sheehan & Associates
2200 Ross Avenue, Suite 3060
Chase Tower
Dallas, Texas 75201
ADVOCARE INTERNATIONAL, L.L.C.

MARK D. VANCLEAVE

Cause No. 2002-02-733-C

| | | |
|---|---|---|
| **FRANCISCO SANCHEZ** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **VS.** | § | **CAMERON COUNTY, TEXAS** |
| | § | |
| | § | |
| **AMERICAN HOME PRODUCTS** | § | |
| **CORPORATION, ET AL** | § | **197TH JUDICIAL DISTRICT** |

## ORDER ON SPECIAL EXCEPTIONS

On _____, 2002, the Court considered Circle K Stores Inc.'s Special Exceptions to Plaintiff's Original Petition and is of the opinion that they should be granted; it is, therefore,

ORDERED that Plaintiff amend his Original Petition to specify the maximum amount of damages he alleges in this lawsuit within 30 days of the date of this order.

ORDERED that Plaintiff amend Paragraphs 15 and 21 of his Original Petition to give this Defendant fair notice of the allegations against it. Specifically, it is ordered that the Plaintiff amend his Original Petition to identify the date the Plaintiff's illness/injury occurred as well as the date that the product(s) at issue was purchased and/or ingested by Plaintiff. Furthermore, it is ordered that the Plaintiff amend said petition to identify the retailer(s), if any, which sold a particular product allegedly taken by Plaintiffs. Moreover, it is ordered that the Plaintiff specifically identify each PPA product ingested by Plaintiffs that was allegedly sold by Circle K and the store location of the purchase of each product identified. All of the above amendments are hereby ordered within 30 days of the date of this order.

_____
JUDGE PRESIDING

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

ATTORNEYS AT LAW

A REGISTERED LIMITED LIABILITY PARTNERSHIP

EDUARDO ROBERTO RODRIGUEZ
NORTON A. COLVIN, JR.
MITCHELL C. CHANEY
MARJORY C. BATSELL
JAIME A. SAENZ*
JOSEPH A. (TONY) RODRIGUEZ
ALISON D. KENNAMER

OF COUNSEL
BENJAMIN S. HARDY (1912-1993)
ORRIN W. JOHNSON
NEIL E. NORQUEST
CHRIS A. BRISACK
RAYMOND A. COWLEY*

1201 EAST VAN BUREN

P. O. BOX 2155

BROWNSVILLE, TEXAS 78522

TELEPHONE (956) 542-7441

TELECOPIER (956) 541-2170

www.rcclaw.com

LAURA J. URBIS
LECIA L. CHANEY
R PATRICK RODRIGUEZ
ROSAMARIA VILLAGÓMEZ-VELA
TERI L. DANISH

*BOARD CERTIFIED IN PERSONAL
INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

*BOARD CERTIFIED IN LABOR AND
EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

March 25, 2002

Writer's E-Mail Address
mc.chaney@rcclaw.com

Mrs. Aurora De La Garza                          *Via Hand Delivery*
CAMERON COUNTY DISTRICT CLERK
974 E. Harrison
Brownsville, Texas 78520

RE:    Cause No. 2002-02-733-C; *Francisco Sanchez, Plaintiff vs. American Home Products Corporation, et al*; In the 197th Judicial District Court of Cameron County, Texas - Our File: 18,709

Dear Mrs. De La Garza:

Enclosed please find the original and two copies of *Defendant Novartis Pharmaceuticals Corporation's Motion to Transfer Venue with Original Answer to Plaintiffs' Original Petition, Subject Thereto* for filing among the papers of the above referenced cause of action. Please stamp the date of filing on the copies and return them to me in the enclosed self-addressed, stamped envelope. Also enclosed is a check in the amount of $30.00 for jury fees.

By copy of this letter, I am forwarding a copy of the above documents to all counsel of record.

Should you have any questions and/or comments regarding this matter, please do not hesitate to contact me. Thank you for your professional courtesy.

Very truly yours,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

Mitchell C. Chaney

MCC/ss
Enclosures

Mrs. Aurora De La Garza
March 25, 2002
Page 2

**By Regular Mail**

Brynley James                *Fax 210-270-7205*
Fulbright & Jaworski, L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205-3792

Brian P. Johnson             *Fax 713-222-2226*
Shashi H. Patel
Hanen Alexander, Johnson
& Spalding, LLP
910 Travis, Ste. 1700
Houston, TX 77002

J. Mark Jones                *Fax 803-255-9037*
David E. Dukes
James F. Rogers
Kennan Building, Third Floor
1330 Lady Street
Columbia, SC 29201

Margaret Brenner             *Fax 713-650-0027*
Hays, McConn, Rice & Pickering
400 Two Allen Center
1200 Smith Center
Houston, TX 77002

Alan Vickery                 *Fax 469-227-8004*
Sedgwick, Detert, Moran & Arnold
1717 Main Street, Suite 5400
Dallas, TX 75201

Danielle Finck               *Fax 212-836-8689*
Lori Leskin
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3298

Tony Canales                 *Fax 361-884-7023*
Canales & Simonson
2601 Morgan Avenue
P.O. Box 5624
Corpus Christi, TX 78465-5624

Crisanta Guerra Lozano  *Fax - 542-0016*
Roerig, Oliveira & Fisher, L.L.P.
855 W. Price Road, Suite 9
Brownsville, TX 78520

Ken Ferguson                 *Fax 512-474-1129*
Michael Klatt
Kelly Kimbrough
Clark, Thomas & Winters
P.O. Box 1148
Austin, TX 78767

Brent Kugler                 *Fax 214-468-8803*
Daniel Sheehan & Associates, LLP
Chase Tower, 2200 Ross Avenue, Suite
3060
Dallas, TX 75201

James Williams
Miller & Martin
Suite 1000 Volunteer Bldg.
832 Georgia Avenue
Chattanooga, TN 37402-2289

Kenneth C. Baker             *Fax 281-481-1063*
The Baker Law Firm
12600 Featherwood, Suite 225
Houston, TX 77034

Keith R. Taunton   *Fax 713-993-2308*
Tucker, Taunton, Snyder & Slade
Eight Greenway Plaza, Suite 1200
Houston, TX 77046

Mrs. Aurora De La Garza
March 25, 2002
Page 3

Nelda Talamantes                          *Via Certified Mail - RRR*
Ron C. Eddins                             *No. 7001 0320 0005 3380 1753*
David C. Greenstone
C. Andrew Waters
Peter A. Kraus
Waters & Kraus, L.L.P.
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204
(w/Enclosure)

Frank Costilla                            *Via Certified Mail - RRR*
Law Offices of Frank Costilla            *No. 7001 0320 0005 3380 2743*
5 E. Elizabeth Street
Brownsville, TX 78523
(w/Enclosure)

CAUSE NO. 2002-02-733-C

| FRANCISCO SANCHEZ | § | IN THE DISTRICT COURT |
|---|---|---|
| v. | § | |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION; | § | |
| ADVOCARE INTERNATIONAL, LLC | § | |
| BAYER CORPORATION; | § | |
| BLOCK DRUG COMPANY, INC.; | § | |
| BRISTOL MYERS SQUIBB COMPANY; | § | |
| CHATTEM, INC. | § | |
| GLAXOSMITHKLINE, PLC; | § | CAMERON COUNTY, TEXAS |
| NOVARTIS CONSUMER HEALTH, INC; | § | |
| NOVARTIS PHARMACEUTICALS | § | |
| CORPORATION; | § | |
| SMITHKLINE BEECHAM CONSUMER | § | |
| HEALTHCARE, L.P.; | § | |
| SMITHKLINE BEECHAM CORPORATION; | § | |
| WHITEHALL-ROBINS HEALTHCARE; and | § | |
| CIRCLE K STORES, INC. d/b/a CIRCLE K | § | |
| (sued individually and as successor-in-interest to | § | |
| COASTAL MART, INC. and | § | |
| MAVERICK MARKET, INC.) | § | 197TH JUDICIAL DISTRICT |

**DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION, SUBJECT THERETO**

Defendant Novartis Pharmaceuticals Corporation ("NPC"), by its counsel, hereby hereby files its Motion to Transfer Venue with Original Answer to Plaintiff's Original Petition, subject thereto and states as follows:

**I.**
**MOTION TO TRANSFER VENUE**

Defendant NPC moves to transfer venue to Dallas County or another county of proper venue for the reasons set forth herein. NPC specifically denies that Cameron County is a county of proper venue.

1

ORIGINAL ANSWER

Doc ID BARNT-23771
4952-0001

First, NPC is a corporation. Under the applicable venue law, a suit against a corporation, whether foreign or domestic, may properly be brought in either (1) the county of the corporation's "principal office" in Texas or (2) in the county where "all or a substantial part of the events or omissions giving rise to the claim occurred . . ." TEX. CIV. PRAC. & REM. CODE ANN. §15.002(a).

Plaintiff has failed to plead any specific facts in support of their conclusory allegation that venue is proper in Cameron County, Texas. Defendant specifically denies that Cameron County is, or was at the time Plaintiff's purported cause of action accrued, the county where it, or any defendant, has its principal office in Texas. Furthermore, Defendant specifically denies that all or a substantial part of the events or omissions giving rise to Plaintiff's purported claim occurred in Cameron County. To the extent it is necessary, Defendant specifically denies all other venue facts and allegations upon which Plaintiff claims venue in Cameron County.

For these reasons, NPC asserts that venue is improper in Cameron County, and NPC requests that venue be transferred to Dallas County, the principal office of Defendant American Home Products Corporation in the state of Texas, or to another county of proper venue.

## II.
## GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Novartis Pharmaceuticals Corporation denies each and every allegation made against it and demands strict proof of same by a preponderance of the evidence.

## III.
## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Petition, in whole or in part, fails to state a cause of action.

2

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's claims are barred because at no relevant time did NPC manufacture, promote, market, advertise, distribute or sell the product(s) at issue.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's claims are barred because NPC is not subject to personal jurisdiction in this District.

## FOURTH AFFIRMATIVE DEFENSE

4.      Discovery may show that plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations and/or statute of repose.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine(s) contained in Restatement (Second) of Torts § 402A, Comment k.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's claims are barred, in whole or in part, by the doctrines contained in the Restatement (Third) of Torts, Product Liability.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Discovery may show that plaintiff's claims are barred, in whole or in part, by plaintiff's misuse or abnormal use of the medications in question, or the failure to follow product instructions.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff's claims are barred, in whole or in part, because plaintiff, by electing to ingest the medications in question, assumed the risks apparent or disclosed on the applicable labels, and plaintiff waived and/or are estopped from asserting any claim related to such risks.

3

## NINTH AFFIRMATIVE DEFENSE

9.    Plaintiff's claims are barred, in whole or in part, because the medications in question were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

## TENTH AFFIRMATIVE DEFENSE

10.    Plaintiff's losses, if any, are subject to an offset in the amount of any reimbursement received by plaintiff as a result of any insurance or other health benefits plan, or any amounts paid for by any insurance or other health benefits plan.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    Plaintiff's claims are barred, in whole or in part, because the injuries, damages and losses alleged in the Petition, none being admitted, were caused in whole, in part or proximately by the fault or negligence of plaintiff or others, which by comparison was far greater than any conduct alleged as to NPC.  Accordingly, plaintiff's claims are barred or must be reduced under the doctrine of contributory or comparative fault.

## TWELFTH AFFIRMATIVE DEFENSE

12.    Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Discovery may show that plaintiff's claims are barred by the "learned intermediary" or "informed intermediary" doctrine.

4

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Any alleged negligent or culpable conduct of NPC, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff's claims against NPC are barred because plaintiff's alleged injuries, if caused by PPA, are the result of plaintiff's own idiosyncratic or allergic reaction.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Discovery may show that plaintiff's damages, if any, are limited, in whole or in part, by plaintiff's failure to mitigate.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff's claims are barred, in whole or in part, because defendant complied with all federal and state statutes as well as all administrative regulations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff's claims are barred, in whole or in part, because Tavist-D® is comprehensively regulated by the United States Food and Drug Administration pursuant to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §§ 301 et seq., and regulations and orders promulgated thereunder.   Accordingly, plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     NPC has no legal relationship or privity with plaintiff and owes no duty to plaintiff by which liability could be attributed to it.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims, including without limitation plaintiff's claims for punitive damages, are barred because the use of the medications in question was generally

Doc ID BARNT-23771
4952-0001

recognized as safe and effective pursuant to conditions established by the Food and Drug Administration and applicable regulations, including packaging and labeling regulations.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Plaintiff's claim for punitive damages is barred because such an award would violate defendant's due process, equal protection and other rights under the United States Constitution and applicable state constitutions.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    Plaintiff has failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Plaintiff's claims are subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including without limitation the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third party that may be joined in this suit.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    If plaintiff settles with any other person or entity, NPC reserves the right to make a written election of credit for settlements under § 33.014 of the Texas Civil Practice and Remedies Code.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    Plaintiff's claims are barred, in whole or in part, because NPC did not make or breach any alleged express or implied warranties, nor did NPC receive any notice of any alleged breach of warranty within a reasonable time after plaintiff discovered or should have discovered any such breach, as required by applicable law relating to express and implied warranty.

6

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    Plaintiff's claims are barred, in whole or in part, because plaintiff has not pled in detail the alleged warranty required by applicable law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    NPC asserts the defenses of expiration, limitation and exclusion to any applicable express or implied warranty, if any.

## IV.
## JURY DEMAND

Defendant hereby demands a trial by jury.

WHEREFORE, NPC requests that judgment be entered in its favor, dismissing the Petition in its entirety and awarding NPC its costs and disbursements and such other relief to which it may be entitled.

7

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY,
L.L.P.
1201 E. Van Buren
Post Office Box 2155
Brownsville, TX 78522-2155
956-542-7441
956-541-2170 - Fax

By: _____
    Eduardo Roberto Rodriguez
    State Bar No. 17144000
    Mitchell C. Chaney
    State Bar No. 04107500

Jeff D. Otto
Tasha L. Barnes
THOMPSON COE. COUSINS & IRONS,
L.L.P.
701 Brazos, Suite 1500
Austin, TX 78701
512-708-8200
512-708-8777 - Fax

Michael D. Robbins
Andrew R. Harvin
DOYLE RESTREPO HARVIN &
ROBBINS LLP
600 Travis, Suite 4700
Houston, TX 77002
713- 228-5100
713-228-6138 - Fax

*Attorneys for Defendant Novartis*
*Pharmaceuticals Corporation*

Randolph S. Sherman
Lori B. Leskin
Danielle E. Finck
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022

*Of Counsel*

8

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been delivered to all counsel of record by facsimile, certified mail, return receipt requested, or by regular mail on this 2st day of ‿‿‿‿‿, 2002.

### By Regular Mail

Brynley James   *Fax 210-270-7205*
Fulbright & Jaworski, L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205-3792

Brian P. Johnson   *Fax 713-222-2226*
Shashi H. Patel
Hanen Alexander, Johnson
& Spalding, LLP
910 Travis, Ste. 1700
Houston, TX 77002

J. Mark Jones *Fax 803-255-9037*
David E. Dukes
James F. Rogers
Kennan Building, Third Floor
1330 Lady Street
Columbia, SC 29201

Margaret Brenner *Fax 713-650-0027*
Hays, McConn, Rice & Pickering
400 Two Allen Center
1200 Smith Center
Houston, TX 77002

Alan Vickery   *Fax 469-227-8004*
Sedgwick, Detert, Moran & Arnold
1717 Main Street, Suite 5400
Dallas, TX 75201

Danielle Finck   *Fax 212-836-8689*
Lori Leskin
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3298

Tony Canales   *Fax 361-884-7023*
Canales & Simonson
2601 Morgan Avenue
P.O. Box 5624
Corpus Christi, TX 78465-5624

Crisanta Guerra Lozano   *Fax 956-542-0016*
Roerig, Oliviera & Fisher
555 W. Price Rd., Suite 9
Brownsville, TX 78520

Ken Ferguson   *Fax 512-474-1129*
Michael Klatt
Kelly Kimbrough
Clark, Thomas & Winters
P.O. Box 1148
Austin, TX 78767

Brent Kugler   *Fax 214-468-8803*
Daniel Sheehan & Associates, LLP
Chase Tower, 2200 Ross Avenue, Suite 3060
Dallas, Texas 75201

9

James Williams
Miller & Martin
Suite 1000 Volunteer Bldg.
832 Georgia Avenue
Chattanooga, TN  37402-2289

Kenneth C. Baker   *Fax 281-481-1063*
The Baker Law Firm
12600 Featherwood, Suite 225
Houston, TX  77034

Keith R. Taunton   *Fax 713-993-2308, 2309*
Tucker, Taunton, Snyder & Slade
Eight Greenway Plaza, Suite 1200
Houston, TX  77046

*By Certified Mail,*
*Return Receipt Requested*

Nelda Talamantes   *Fax 214-357-7252*
Ron C. Eddins
David C. Greenstone
C. Andrew Waters
Peter A. Kraus
Waters & Kraus, L.L.P.
3219 McKinney Avenue, Suite 3000
Dallas, TX  75204

Frank Costilla
Law Offices of Frank Costilla
5 E. Elizabeth Street
Brownsville, TX  78523

Mitchell C. Chaney

10

## CLARK, THOMAS & WINTERS

### A PROFESSIONAL CORPORATION

TELEPHONE (512) 472-8800

POST OFFICE BOX 1148
AUSTIN, TEXAS 78767

1200 CHASE BANK BUILDING
700 LAVACA STREET
AUSTIN, TEXAS 78701

FAX (512) 474-1129

March 22, 2002

**_VIA FEDERAL EXPRESS_**

Ms. Aurora de la Garza
Cameron County District Clerk
974 E. Harrison St.
Brownsville, Texas 78520

      RE:    Cause No. 2002-02-548-C; *Francisco Sanchez v. American Home Products Corporation, et al.;* In the 197th District Court of Cameron County, Texas

Dear Ms. de la Garza:

      Enclosed please find an original and one copy of a Motion to Transfer Venue and Subject Thereto, Original Answer of Defendant Wyeth (formerly known as American Home Products Corporation), Including its Unincorporated Division Wyeth Consumer Healthcare (formerly known as Whitehall-Robins Healthcare) for filing among the papers of this case.

      Please return a file-stamped copy to this office in the business reply envelope enclosed for your convenience. Thank you for your assistance in this matter. Please do not hesitate to call if you have any questions.

      Very truly yours,

Kelly R. Kimbrough

KRK/sc
Enclosure
cc:    All Counsel of Record

CAUSE NO. 2002-02-733-C

| | | |
|---|---|---|
| FRANCISCO SANCHEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| COPORATION; | § | |
| ADVOCARE INTERNATIONAL, LLC; | § | |
| BAYER CORPORATION; | § | |
| BLOCK DRUG COMPANY, INC.; | § | |
| BRISTOL MYERS SQUIBB COMPANY; | § | CAMERON COUNTY, TEXAS |
| CHATTEM, INC.; | § | |
| GLAXOSMITHKLINE, PLC; | § | |
| NOVARTIS CONSUMER HEALTH, INC.; | § | |
| NOVARTIS PHARMACEUTICALS | § | |
| COPORATION; | § | |
| SMITHKLINE BEECHAM CONSUMER | § | |
| HEALTHCARE, LP; SMITHKLINE | § | |
| BEECHAM CORPORATION; | § | |
| WHITEHALL-ROBINS HEALTHCARE; | § | |
| And CIRCLE K STORES, INC. d/b/a | § | |
| CIRCLE K (sued individually and as successor | § | |
| -in-interest to  COASTAL MART, INC. and | § | |
| MAVERICK MARKET, INC. | § | 197TH JUDICIAL DISTRICT |

MOTION TO TRANSFER VENUE, AND SUBJECT THERETO,
ORIGINAL ANSWER OF DEFENDANT WYETH (formerly known as AMERICAN
HOME PRODUCTS CORPORATION), INCLUDING ITS UNINCORPORATED
DIVISION WYETH CONSUMER HEALTHCARE
(formerly known as WHITEHALL-ROBINS HEALTHCARE)

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Wyeth (formerly known as American Home Products Corporation),[1]

including its unincorporated division Wyeth Consumer Healthcare (formerly known as

Whitehall-Robins Healthcare), ("Wyeth") and files this Motion to Transfer Venue, and Subject

Thereto, Original Answer to Plaintiff's Original Petition, and would respectfully show the Court

as follows:

---

[1] On March 11, 2002, the name of American Home Products Corporation ("AHPC") changed to Wyeth.  As a result, Wyeth will respond to allegations directed at AHPC.

ORIGINAL ANS...

## I.

## Motion to Transfer Venue

Wyeth denies that Cameron County is a county of proper venue and requests that venue be transferred to Dallas County, where Wyeth has its principal office in Texas. *See* TEX. CIV. PRAC. & R. CODE § 15.002(a).

Pursuant to TEX. R. CIV. P. 87(2)(b), Wyeth specifically denies that Cameron County:

(1)    was the county of its or any other defendant's principal office in Texas at the time Plaintiff's purported cause of action accrued;

(2)    is the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's purported claims accrued;

(3)    was the county of residence of any individual defendant at the time Plaintiff's purported cause of action accrued; and

(4)    was the county of Plaintiff's residence at the time his purported cause of action accrued.

Venue of Plaintiff's claims is improper in Cameron County, and Wyeth requests that venue be transferred to Dallas County, the county of its "principal office" in Texas, as that term is defined TEX. CIV. PRAC. & REM. CODE. § 15.001(a).

## II.

## Subject to Motion to Transfer Venue, General Denial Pursuant to TEX.R.CIV.P. 92

Subject to and without waiver of its Motion to Transfer Venue, Wyeth denies each and every allegation made against it and demands strict proof of same by a preponderance of the evidence.

**III.**

**Subject to Motion to Transfer Venue**
**Affirmative Defenses**

Subject to and without waiver of its Motion to Transfer Venue, Wyeth would further show affirmatively that:

1.   The damages alleged by Plaintiff were caused, solely or partially, or proximately caused by some person or third party for whom Wyeth is not legally responsible.

2.   This action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of §33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third-party that may be joined in the suit.

3.   Plaintiff's claims are barred because Wyeth's conduct was not the producing cause, a proximate cause, or a cause-in-fact of Plaintiff's alleged injuries.

4.   If Plaintiff settles with any other person or entity, then Wyeth reserves the right to make a written election of credit for settlement under §33.014 of the Texas Civil Practice and Remedies Code.

5.   Plaintiff's alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of, or product manufactured or placed in the stream of commerce by, Wyeth.

6.   Plaintiff's alleged damages were the result of pre-existing conditions that were unrelated to any conduct of, or product manufactured or placed in the stream of commerce by, Wyeth.

3

7.    Based on the state of scientific, medical, and technological knowledge at the time that Dimetapp and Robitussin were marketed, they were reasonably safe for his normal and foreseeable uses at all relevant times.

8.    Plaintiff's claims are governed, in whole or in part, by Sections 2 and 4 of THE RESTATEMENT (THIRD) OF TORTS (including the comments thereto) because Wyeth complied with all applicable statutes and with the requirements and regulations of the Food and Drug Administration.

9.    Plaintiff's claims under Texas law are barred by the doctrine of federal preemption.

10.    Plaintiff's claims against Wyeth are barred under Section 402A, comment k of THE RESTATEMENT (SECOND) OF TORTS.

11.    Alternatively, Plaintiff's claims against Wyeth are barred under Sections 2, 4, and 6 *et seq.* of the RESTATEMENT (THIRD) OF TORTS: PRODUCT LIABILITY.

12.    Wyeth made no warranties of any kind, express or implied.

13.    Plaintiff failed to notify Wyeth of any alleged breach of warranty within a reasonable time after he discovered or should have discovered any such alleged breach and is, therefore, barred from any recovery for such claims.

14.    Wyeth specifically denies that it received any notice of any alleged breach of warranty from Plaintiff within a reasonable time after Plaintiff discovered or should have discovered any such alleged breach and Plaintiff is, therefore, barred from any recovery for such claims.

15.    Wyeth asserts the defenses of expiration, limitation, and exclusion to any applicable warranty, if any, is proved.

16.   The damages, if any, recoverable by Plaintiff must be reduced by any amount of damages legally caused by Plaintiff's failure to mitigate such damages in whole or in part.

17.   Wyeth denies, to the extent the actions alleged may have occurred, that any entity engaging in the activities alleged was acting as the agent or servant of Wyeth, or at the instruction or subject to the control of Wyeth with regard to any of the actions described in the complaint; thus, Wyeth is not liable for any acts or omissions of such third parties as a matter of law.

18.   Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations.

19.   Plaintiff's causes of action are barred in whole or in part by the doctrines of laches, waiver, and estoppel.

20.   Plaintiff's claims for punitive or exemplary damages are subject to the limitations and requirements of Chapter 41 of the Texas Civil Practice and Remedies Code, including the cap on exemplary damages set out in Section 41.008(b).

21.   Plaintiff has failed to allege conduct warranting imposition of punitive damages under Texas law.

22.   Plaintiff's claims for punitive damages are in contravention of Wyeth's rights under each of the following constitutional provisions:

a.   the Commerce Clause of Article I, Section 8 of the United States Constitution;

b.   the Contracts Clause of Article I, Section 10 of the United States Constitution;

c.   the prohibition against *ex post facto* laws embodied in Article I, Section 10 of the United States Constitution;

d.   the Supremacy Clause of Article VI of the United States Constitution;

5

e.    the Free Speech Clause of the First Amendment of the United States Constitution;

f.    the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

g.    the Takings Clause of the Fifth Amendment of the United States Constitution;

h.    the Right to Counsel of the Sixth Amendment of the United States Constitution;

i.    the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

j.    the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution;

k.    the Equal Protection Clause of the Fourteenth Amendment; as well as the various provisions of the Texas Constitution, including but not limited to art. I. §§ 3, 13, 14, 16, and 19.

23.    Because of the lack of clear standards, the imposition of punitive damages against Wyeth is unconstitutionally vague and/or overbroad.

24.    No act or omission by Wyeth was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

25.    With respect to Plaintiff's demand for punitive damages, Wyeth specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore,* 517 U.S. 559, 134 L.Ed.2d 809, 116 S. Ct. 1589 (1996) and *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 149 L.Ed.2d 121, 121 S. Ct. 1678 (2001).

## IV.

### Subject to Motion to Transfer Jury Demand

Subject to its Motion to Transfer Venue, Wyeth hereby demands a trial by jury.

# V.

## Prayer

WHEREFORE, Wyeth prays that venue be transferred to Dallas County, and subject to its Motion to Transfer Venue, that Plaintiff take nothing by his suit, that Wyeth be discharged with its costs expended in this matter, and for such other and further relief to which Wyeth may be justly entitled.

Respectfully submitted,

**CLARK, THOMAS & WINTERS**
**A Professional Corporation**
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800 (Telephone)
(512) 474-1129 (Facsimile)

By: _____
Kenneth J. Ferguson
State Bar No. 06918100
Michael R. Klatt
State Bar No. 11554200

And

**ROERIG, OLIVEIRA & FISHER**
Crisanta Guerra Lozano
State Bar No. 08574500
555 W. Price Road, Suite 9
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016 (fax)

And

**CANALES & SIMONSON**
J. A. (Tony) Canales
State Bar No. 03737000
2601 Morgan Avenue
P. O. Box 5624
Corpus Christi, TX 78465-5624
(361) 883-0601 (Telephone)
(361) 884-7023 (Telecopier)

7

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 22nd day of March, 2002.

**Via Certified Mail**
**Return Receipt Requested**
David C. Greenstone
Nelda Talamantes
Peter A. Kraus
WATERS & KRAUS
3219 McKinney Ave.
Suite 3000
Dallas, Texas 75204

Frank Costilla
LAW OFFICES OF FRANK COSTILLA
5 E. Elizabeth Street
Brownsville, Texas 78523
**Attorneys for Plaintiff**

**Via Regular Mail**
Brynley James, III
Joseph A. Bourbois
FULBRIGHT & JAWORSKI, L.L.P.
300 Convent Street, Suite 2200
San Antonio, Texas 78205

Terry O. Tottenham
Lana K. Varney
FULBRIGHT & JAWORSKI, L.L.P.
600 Congress Avenue, Suite 2400
Austin, Texas 78701-3271
**Attorneys for Bayer Corporation**

Brian Johnson
Frank A. Doyle
Shashi Patel
HANEN, JOHNSON & SPALDING, LLP
910 Travis Street, Suite 1700
Houston, Texas 77002
**Attorneys for GlaxoSmithKline and**
**Block Drug Company**

John J. Powers
DRINKER, BIDDLE & REATH
225 Bush Street, 15th Floor
San Francisco, CA 94104-4207
**Attorneys for GlaxoSmithKline and**
**Block Drug Company**

Margaret Brenner
HAYS, McCONN, RICE & PICKERING
1200 Smith Street
400 Two Allen Center
Houston, Texas 77002

James Williams
MILLER & MARTIN
Suite 1000 Volunteer Bldg.
832 Georgia Avenue
Chattanooga, TN 37402-2289
**Attorneys for Chattem, Inc.**

Jeff D. Otto
THOMPSON, COE, COUSINS & IRONS,
L.L.P.
Suite 1500, Austin Centre, 701 Brazos
Austin, Texas 78701

Michael D. Robbins
Andrew R. Harvin
DOYLE RESTREPO HARVIN &
ROBBINS LLP
600 Travis
Suite 4700
Houston, TX 77002

Lori B. Leskin
Danielle Finck
Andrew Solow
KAYE SCHOLER, L.L.P.
425 Park Avenue
New York, New York 10022
**Attorneys for Novartis**

Alan R. Vickery
SEDGWICK, DETERT, MORAN &
ARNOLD
1717 Main Street, Suite 5400
Dallas, Texas 75201
**Attorneys for Bristol-Myers Squibb**

C. Brent Kugler
DANIEL SHEEHAN & ASSOCIATES
2200 Ross Avenue, Suite 3060
Dallas, Texas 75210
**Attorneys for Advocare International**

Kenneth C. Baker
THE BAKER LAW FIRM
12600 Featherwood, Suite 225
Houston, Texas 77034
**Attorneys for Circle K**

NO. 2002-02-733-C

| | | |
|---|---|---|
| FRANCISCO SANCHEZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION; | § | |
| ADVOCARE INTERNATIONAL, LLC; | § | |
| BAYER CORPORATION; | § | |
| BLOCK DRUG COMPANY, INC.; | § | |
| BRISTOL MYERS SQUIBB COMPANY; | § | CAMERON COUNTY, TEXAS |
| CHATTEM, INC.; | § | |
| GLAXOSMITHKLINE, PLC; | § | |
| NOVARTIS CONSUMER HEALTH, INC.; | § | |
| NOVARTIS PHARMACEUTICALS CORPORATION; | § | |
| SMITHKLINE BEECHAM CONSUMER | § | |
| HEALTHCARE, L.P.; | § | |
| SMITHKLINE BEECHAM CORPORATION; | § | |
| WHITEHALL-ROBINS HEALTHCARE; and | § | |
| CIRCLE K STORES, INC. d/b/a CIRCLE K | § | |
| (sued individually and as successor-in-interest to | § | |
| COASTAL MART, INC. and MAVERICK MARKET, INC.), | § | |
| | § | 197th |
| *Defendants* | § | ____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND SERVED WITH DISCOVERY

COMES NOW, Plaintiff FRANCISCO SANCHEZ and files this his Original Petition, complaining of American Home Products Corporation, Advocare International, LLC, Bayer Corporation, Block Drug Company, Inc., Bristol Myers Squibb Company, Chattem, Inc., GlaxoSmithKline, PLC, Novartis Consumer Health, Inc., Novartis Pharmaceuticals Corporation, SmithKline Beecham Consumer Healthcare, L.P., SmithKline Beecham Corporation, and Whitehall-Robins Healthcare, a division of American Home Products Corporation (collectively "PPA Defendants") and Circle K Stores, Inc. d/b/a Circle K (individually and as successor-in-interest to Coastal Mart, Inc. and Maverick Market, Inc.) ("Retailer Defendant") and for cause of action would show the Court as follows:

FILED 9:00 O'CLOCK ___ a.M
AURORA DE LA GARZA DIST. CLERK

FEB 2 0 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

## A. Discovery Control Plan

1.      Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiffs respectfully request that discovery be conducted pursuant to Level 3, and that a discovery control plan be entered to govern discovery in this case.

## B. Parties

2.      Plaintiff is a Texas resident, who resides at 17 Old Military, Brownsville, Texas 78520. Plaintiff suffered severe and debilitating permanent injures as a result of exposure to phenylpropanolamine (hereinafter referred to PPA) through ingestion of PPA containing products designed, formulated, marketed, manufactured, distributed, and/or sold by defendants.

3.      Defendant **American Home Products Corporation** (hereinafter referred to as AHP) is a Delaware corporation with its principal place of business in New Jersey. American Home Products Corporation is a foreign corporation which is licensed to do business in the State of Texas and service of citation may be had by serving its registered agent, Prentice-Hall Corporation Systems, 800 Brazos, Austin, Travis County, Texas 78701. At all relevant times herein, AHP was in the business of promoting, manufacturing, and distributing products containing PPA in the State of Texas and at all relevant times hereto, marketed, promoted, warranted and, sold its products containing PPA in this state and throughout the United States.

4.      Defendant **Advocare International, LLC** (hereinafter referred to as Advocare) is incorporated in the State of Delaware with its corporate headquarters and principal place of business in Carrollton, Dallas County, Texas. Advocare International, LLC is licensed to do business in the State of Texas and service of citation may be had by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Dallas County, Texas 75201. At all relevant times herein, Advocare was in the business of promoting, manufacturing, and distributing products containing PPA in the State of Texas and at all relevant times hereto, marketed, promoted, warranted and, sold its products containing PPA in this state and throughout the United States.

5.      Defendant **Bayer Corporation** is an Indiana corporation with its principal place of business in Pennsylvania. Defendant Bayer Corporation is a foreign corporation which is licensed to do business in the State of Texas and service of citation may be had by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Dallas County, Texas 75201. At all relevant times herein, Bayer Corporation was in the business of promoting, manufacturing, and distributing products containing PPA in the State of Texas and at all relevant times

2

hereto marketed, promoted, warranted and, sold its products containing PPA in this state and throughout the United States.

6.      Defendant **Block Drug Company, Inc.**, (hereinafter referred to as Block) is a New Jersey corporation with its principal place of business in New Jersey.   Defendant Block Drug Company, Inc. is a foreign corporation which is licensed to do business in the State of Texas and service of citation may be had by serving its registered agent, Prentice Hall Corporation, 800 Brazos, Austin, Bexar County, Texas 78701.  At all relevant times herein, Block was in the business of promoting, manufacturing, and distributing products containing PPA in the State of Texas and at all relevant times hereto, marketed, promoted, warranted and, sold its products containing PPA in this state and throughout the United States.

7.      Defendant **Bristol Myers Squibb Company** is a Delaware corporation.  Defendant Bristol Myers Squibb Company is a foreign corporation which is licensed to do business in the State of Texas and service of citation may be had by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Dallas County, Texas 75201.  At all relevant times herein, Bristol Myers Squibb Company was in the business of promoting, manufacturing, and distributing products containing PPA in the State of Texas and at all relevant times hereto marketed, promoted, warranted and, sold its products containing PPA in this state and throughout the United States.

8.      Defendant **Chattem, Inc.** is a Tennessee corporation with its principal place of business in Tennessee. Defendant Chattem, Inc. is a foreign corporation which is licensed to do business in the State of Texas and service of citation may be had by serving its registered agent, Hugh F. Sharber, 1000 Volunteer Bldg., 832 Georgia Ave., Chattanooga, TN 37409.  At all relevant times herein, Chattem, Inc. was in the business of promoting, manufacturing, and distributing products containing PPA in the State of Texas and at all relevant times hereto, marketed, promoted, warranted and sold, its products containing PPA in this state and throughout the United States.

9.      Defendant **GlaxoSmithKline PLC** (hereinafter referred to as Glaxo) is a foreign corporation with its United States principal place of business in Philadelphia, Pennsylvania.  On December 27, 2000, a merger became effective between Glaxo Wellcome and SmithKline Beecham Corporation, also a defendant herein, creating GlaxoSmithKline PLC.  Defendant GlaxoSmithKline PLC may be served by servings its Pennsylvania registered agent Robert P. Bauman, 1 Franklin Plaza, 200, No. 16th St., Philadelphia, PA 19102.  The defendant does business in the State of Texas and at all relevant times hereto marketed, promoted, warranted and sold, its products containing phenylpropanolamine (hereinafter referred to as PPA) in this state and throughout the United States.

3

10.     Defendant **Novartis Consumer Health, Inc.** (hereinafter referred to Novartis Consumer), is a Delaware corporation with its principal place of business in New Jersey. Defendant Novartis Consumer has not designated or maintained a registered agent for service of process in the State of Texas.  This Defendant may be served by serving its Delaware registered agent, Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.  At all relevant times herein, Novartis Consumer Health, Inc. was in the business of promoting, manufacturing, and distributing products containing PPA in the State of Texas and at all relevant times hereto marketed, promoted, warranted and, sold its products containing PPA in this state and throughout the United States.

11.     Defendant **Novartis Pharmaceuticals Corporation** (hereinafter referred to as Novartis Pharmaceuticals), is a Delaware corporation with its principal place of business in New Jersey.  Novartis Pharmaceuticals Corporation is a foreign corporation which is licensed to do business in the State of Texas and service of citation may be had by serving its registered agent, Corporation Service Company, 800 Brazos, Austin, Bexar County, Texas 77801.  At all relevant times herein, Novartis Pharmaceuticals Corporation was in the business of promoting, manufacturing, and distributing products containing PPA in the State of Texas and at all relevant times hereto marketed, promoted, warranted and, sold its products containing PPA in this state and throughout the United States.

12.     Defendant **SmithKline Beecham Consumer Healthcare, L.P.** (hereinafter referred to as SmithKline Consumer) is a limited partnership in Delaware with its principal place of business in Pennsylvania.  Defendant SmithKline Beecham Consumer Healthcare, L.P. may be served by serving its Pennsylvania registered agent Robert P. Bauman, 1 Franklin Plaza, 200, No. 16th St., Philadelphia, PA 19102.  At all relevant times herein, SmithKline Consumer was in the business of promoting, manufacturing, and distributing products containing PPA in the State of Texas and at all relevant times hereto marketed, promoted, warranted and, sold its products containing PPA in this state and throughout the United States.

13.     Defendant **SmithKline Beecham Corporation** (hereinafter referred to as SmithKline Corp.) is a Pennsylvania corporation with its principal place of business in Pennsylvania.  This defendant may be served by serving its Pennsylvania registered agent Robert P. Bauman, 1 Franklin Plaza, 200, No. 16th St., Philadelphia, PA 19102.  At all relevant times herein SmithKline Corp. was in the business of promoting, manufacturing, and distributing products containing PPA in the State of Texas and at all relevant times hereto marketed, promoted, warranted and, sold its products containing PPA in this state and throughout the United States.

4

14.    Defendant **Whitehall-Robins Healthcare**, is a division of American Home Products Corporation (hereinafter referred to as Whitehall). Whitehall-Robins Healthcare is a foreign corporation which is licensed to do business in the State of Texas and service of citation may be had by serving its registered agent, Prentice-Hall Corporation Systems, 800 Brazos, Austin, Travis County, Texas 78701. At all relevant times herein, Whitehall was in the business of promoting, manufacturing, and distributing products containing PPA in the State of Texas and at all relevant times hereto, marketed, promoted, warranted and, sold its products containing PPA in this state and throughout the United States.

15.    Defendant **Circle K Stores, Inc.** d/b/a Circle K (hereinafter referred to Circle K) is a Texas corporation who may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Dallas County, Texas 75201. Defendant Circle K was involved in the sale and distribution of the subject PPA product(s). Said corporation is being sued individually and as successor-in-interest to **Coastal Mart, Inc.** and **Maverick Market, Inc.**

### C. Jurisdiction and Venue

16.    Jurisdiction in this Court exists because the tort and breach of warranty claims and causes of action presented herein occurred in the State of Texas. Jurisdiction is also proper in this state because Plaintiff asserts only state law causes of action under Texas state law and expressly declines any assertion of federal claims, claims under any federal laws or statutes, claims involving any federal question, or claims involving any interpretation of any federal law or statute. Jurisdiction is also proper in this Court because one or more of the defendants are residents and citizens of the State of Texas.

17.    Venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in this county. Therefore, venue properly lies in this county.

### D. Long Arm Jurisdiction and Service

18.    As to out of state defendants, personal jurisdiction is founded upon section Tex. Civ. Prac. and Rem. Code §17.041 *et seq.*, the Long Arm Statute.

19.    The out of state defendants herein, as factually specified in this Petition, committed torts in whole or in part in the State of Texas and breached warranties of fitness and merchantability within this state. Additionally, or alternatively, Plaintiff's cause of action arose out of defendants' contacts with this state and they are subject to

specific personal jurisdiction. Additionally, or alternatively, their business contacts with this state are so continuous and systematic as to subject them to the general jurisdiction of this Honorable Court.

20.    Service upon such out of state defendants is made by delivery of process to the defendant's officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

### E. Factual Allegations

21.    At all relevant times hereto, defendants were designers, manufacturers, marketers, advertisers, distributors, merchants, and sellers of non-prescription, over-the-counter pharmaceutical products, and/or prescription pharmaceutical products which contained Phenylpropanolamine (PPA) as an active ingredient.

22.    At all times pertinent to these causes of action, defendants acted by and through their agents and/or employees who were acting within the course, scope and authority, apparent or actual, of such agency and/or employment. Where it is alleged that defendants committed any act and/or omission or engaged in any conduct, it is meant that the defendants committed such act and/or omission or engaged in such conduct by and through their agents and/or employees, and that at the time of such act, omission or conduct, it occurred with the full authorization or ratification of the respective defendants and/or occurred in the normal and routine course and scope of the agency or employment of such agent or employee of defendants.

23.    Plaintiff has purchased certain over-the-counter, non-prescription and/or prescription drugs containing PPA. Plaintiff and his family have purchased and/or ingested within all relevant times PPA products.

24.    Based upon defendants' promotions, marketing, advertisements, and other representations, Plaintiff purchased PPA products believing they were safe for him and his family members to ingest. However, unbeknownst to Plaintiff, defendants' PPA products identified herein were not safe as designed, manufactured, marketed, and distributed in that the products contained PPA as an active ingredient and failed to warn of the dangers associated with the ingestion of PPA.

25.    Plaintiff purchased and/or ingested the aforementioned drugs containing PPA in this county. Plaintiff suffered severe and debilitating permanent injuries in this county as a consequence of his exposure to PPA through ingestion of the PPA containing products, designed, formulated, marketed, manufactured, distributed and/or sold by defendants.

26.    The Non-Prescription Drug Manufacturers Association (hereinafter referred to a NDMA) and the industry of which the PPA defendants were part, reviewed medical and scientific literature regarding products containing

active ingredients such as PPA and participated in discussions concerning the safety of PPA products, such as those manufactured, sold, and distributed by the defendants and the industry.

27.    The PPA defendants and other members of the NDMA, directly or indirectly, participated in the funding of purported studies on the safety of PPA, when they knew or should have known of the inaccuracies and inadequacies of said studies.

28.    Pharmaceutical companies and retailers of over-the-counter drugs, such as Retailer Defendants, have a professional and ethical duty to inform and warn the public, especially those purchasing their products, of known adverse and dangerous side effects associated with their products or active ingredients in their products.

29.    Life threatening adverse effects related to PPA leading to hospitalization and/or death have been well documented and known to pharmaceutical companies, including the Retailer Defendants, for decades. These life threatening events have been documented through the Food and Drug Administration (hereinafter referred to as FDA) warning/sentinel events systems, showing a large number of such events related to PPA. Several life threatening PPA injuries have been reported in Clin-Alert and other medical reports.

30.    The Retailer Defendants marketed PPA products as safe and effective. However, defendants did not perform adequate testing of these PPA products to ensure their safety. In fact, many reports indicated the active ingredient PPA was not safe.

31.    The defendants' PPA products are intended by the defendants to function as over-the-counter cold, flu, sinus, allergy and/or diet tablets, capsules, and liquid products and were designed, manufactured, marketed, advertised, distributed, and sold by defendants as such. However, the PPA products were not sufficiently or properly tested prior to being marketed to the public or at any time while being marketed to the public. Testing of the effects of the PPA products on the central nervous system or cardiovascular system were not performed over a reasonable period of time during the distribution and sale of the PPA products to the public. Nevertheless, defendants represented the PPA products to be pharmaceutically tested and safe for consumption.

32.    The defendants, who are retailers or sellers of the PPA products consumed by the Plaintiff, negligently failed to inform their customers of the risk associated with these products and breached implied warranties of fitness and merchantability in the sale of these inherently dangerous products.

33.    Defendant manufacturers have concealed material facts, including the serious risks associated with ingesting PPA, from Plaintiff in product packaging, labeling, advertising, promotional campaigns and materials,

among other ways, regarding the safety and use of products containing PPA, and thereby have breached both implied and express warranties.

34.    Many consumers who have suffered adverse side effects from ingesting defendants' PPA products, may not know or realize they suffer from such side effects[1]. Nonspecific symptomology from myocardial injury or undefined neurologic changes may be detected and diagnosed only through medical examination and/or diagnostic testing or studies. To assist physicians in evaluation, diagnosis and treatment, they need to be armed with specific knowledge of the harmful effects of PPA and the fact that the patient has taken PPA. The failure to properly inform the public of the dangers and potential adverse health effect of PPA, even after withdrawal of PPA products from the market, by both the manufacturer and retailers was both negligent and grossly negligent. Such a disclosure was necessary for the unsuspecting public to identify potential health problems related to PPA and to seek proper medical treatment.

35.    The causal relationship of Plaintiff's injury to the products containing PPA was inherently undiscoverable by the Plaintiff until he was warned of the dangers by the defendants. Consequently the Discovery Rule should apply to toll the statute of limitations until Plaintiff knew or through reasonable care and diligence should have known of his claim against defendants. Plaintiff filed suit within two years of the date Plaintiff knew or should have known of the claims against defendants. Therefore, Plaintiff's suit was timely filed within the time period provided by the applicable statute of limitations.

36.    Furthermore, defendants fraudulently concealed their wrongful conduct and the dangerous propensities of products containing PPA from the Plaintiff and the public at large. Therefore, the applicable statute of limitations should be tolled during the period of such concealment, which has continually existed in the past up until the present.

---

[1] Defendants were aware of the significant under reporting of adverse events associated with OTC drugs in spontaneous safety surveillance systems such as that at the FDA regarding PPA and hemorrhagic strokes. The FDA has estimated that as few as 1% of all PPA-associated adverse events have been reported. Utilizing that learned estimate, the 44 FDA adverse reports between 1969 and 2000 which arose from cases of hemorrhagic stroke associated with PPA use would translate into 4400 such cases over the years in question.

### F. First Claim for Relief
### Strict Products Liability

37.     Plaintiff incorporate by reference all factual allegations made herein, as if set out word for word in this

paragraph.

38.     Plaintiff claims that all defendants are liable to Plaintiff under the theory of strict products liability.

39.     All defendants were engaged in the business of manufacturing, designing, testing, marketing, distributing,

and/or selling the subject products containing PPA and/or their incorporated component ingredients.

40.     The subject products reached Plaintiff without substantial change.

41.     The subject products were "defective" and "unreasonably dangerous" when the products entered into the

stream of commerce and received by the Plaintiff in one or more of the following respects:

A.      The subject products contained one or more manufacturing defects, in that they contained

a dangerous chemical constituent known as PPA;

B.      The subject products were not reasonably safe as designed, taking into account that the

foreseeable risks involved in their use at the time the products left the possession of all

defendants outweighed the utility of products or therapeutic benefits;

C.      The subject products are not reasonably safe due to inadequate or defective warnings or

instructions at the time the product left the possession of defendants.  Specifically,

although the defendants were well aware that PPA could potentially cause both

hemorrhagic and certain types of ischemic strokes as well as coronary events and kidney

failure, no warnings of such adverse health conditions were included on the packaging of

these products.  Likewise, the warnings of other contraindications or the need to consult a

physician before taking, are so minimal as to be misleading; and

D.      The defendants are liable because at the time the products left the control of the

defendants, the products were defective because they failed to contain adequate warnings

or instructions, or, in the alternative, the products were defective because they were

designed in a defective manner, or, in the alternative the products breached an expressed

warranty or failed to conform to other expressed factual representations upon which the

Plaintiff justify relied in electing to use the products.  The subject products were in a

9

defective condition, which rendered the products unreasonably dangerous to the Plaintiff,

and the defective and unreasonably dangerous conditions of the products proximately

caused the damages for which Plaintiff seeks recovery herein. The Plaintiff's damages

were not caused by an inherit characteristic of the product which is a generic aspect of the

product that cannot be eliminated without substantially compromising the product

usefulness or desirability and which is recognized by the ordinary person with the

ordinary knowledge common to the community. Moreover, the defendants' products

were defective because they failed to contain adequate warnings or instructions and the

defendants knew or in light of reasonably available knowledge should have known about

the danger that caused the damage for which Plaintiff's seeks recovery and a reasonable

competent Plaintiff would not realize their dangerous condition. Additionally,

defendants' products' warnings or instructions were not of a nature of what a reasonable

prudent person in the same or similar circumstances would have provided with respect to

the danger and there were not warnings or instructions which communicated sufficient

information on the dangers and safe use of the product taking into account the

characteristic of, and the ordinary knowledge common to an ordinary consumer who

purchases the product, such as your Plaintiff. Additionally, defendants' products were

defective because of their design and the defendants knew, or in light of reasonably

available knowledge or in the exercise of reasonable care, should have known about the

danger that caused the damages for which Plaintiff seeks recovery. Defendants' products

failed to function as expected and there existed a feasible design alternative that would

have to a reasonable probability prevented the harm to Plaintiff without impairing the

utility, usefulness, practicality, or desirability of the product to Plaintiff.

## G. Second Claim for Relief
### Negligence, Gross Negligence

42.     Plaintiff incorporates by reference all factual allegations made herein, as if set out word for word in this paragraph.

43.     Plaintiff asserts claims under theories of negligence and gross negligence against all defendants.

44.     All defendants had a duty to exercise reasonable care in the designing, manufacturing, marketing, selling, testing, and/or distributing of the subject products containing PPA prior to placing these products into the stream of commerce.

45.     All defendants failed to exercise ordinary care in the designing, manufacturing, marketing, selling, testing, and/or distributing the subject products into interstate commerce.

46.     All defendants knew or should have known that the subject products created an unreasonable risk of bodily harm or death.

47.     All defendants were negligent, grossly negligent, and breached duties owed to Plaintiff with respect to the subject products in the one or more of the following respects:

      A.     Failed to use due care in designing and manufacturing the products so as to avoid the use of PPA in such products;

      B.     Failed to accompany the products with adequate warnings and instructions regarding the adverse side effects associated with the use of the products containing PPA;

      C.     Failed to conduct adequate testing;

      D.     Failed to conduct adequate post-marketing surveillance to determine the safety of the products;

      E.     Failed to warn Plaintiff after the sale of the products containing PPA that the use of such products could result in stroke, heart attack, cardiac arrhythmia, kidney failure or even death;

      F.     As to the retailer defendants, failed to remove the products from their shelves after they knew or should have known of the adverse side effects of PPA; and

      G.     Were otherwise careless or negligent.

48.    The negligence and, gross negligence of all defendants was a proximate cause of Plaintiff's harm and economic loss that Plaintiff has suffered and will continue to suffer as previously described.

49.    All defendants are jointly and severally liable to Plaintiff for all damages claimed.

### H.  Third Claim for Relief
### Implied Warranty of Merchantability

50.    Plaintiff incorporates by reference all allegations made herein, as if set out word for word in this paragraph.

51.    All defendants breached the implied warranty of merchantability because the products sold were not fit for the ordinary purposes for which such goods are used.  See UCC §2.314

52.    Defendants breached the implied warranty of merchantability in failing to adequately label the containers or packages containing the PPA products so as to adequately warn of the dangerous propensities of such products. See UCC §2.314.  Further, PPA products sold by the defendants failed to conform to the promises or affirmations of facts made on the container or label as to the safety of use of such PPA products.

53.    Such breaches of the implied warranties of merchantability were a direct and proximate cause of damages and harm to the Plaintiff as alleged herein.

### I.  Fourth Claim for Relief
### Implied Warranty of Fitness for Particular Purpose

54.    Plaintiff incorporates by reference all allegations made herein, as if set out word for word in this paragraph.

55.    As further cause of action, all defendants, at the time of sale, had reason to know of the particular use of these products.  The Plaintiff who purchased these  PPA products was relying on the sellers' skill or judgment to select and furnish suitable and safe products.

56.    The defendants breached these implied warranties by providing unsafe products containing PPA and such breaches of the implied warranty of fitness for intended purposes was a proximate cause of Plaintiff's injuries as alleged herein.

### J. Fifth Claim for Relief
### Negligent Misrepresentation

57.    Plaintiff incorporates by reference all factual allegations made herein, as if set out word for word in this

paragraph.

58.    Plaintiff is bringing this cause of action for negligent misrepresentation against all defendants.

59.    All defendants individually and through their agents, representatives, and/or employees, negligently

misrepresented or omitted to state material facts about the dangers of the subject products containing PPA in that

they made such misrepresentations or omissions when they knew or should have known of the falsity of such

representations.  Alternatively, all defendants made such representations or omissions without exercising reasonable

care to ascertain the accuracy of these representations.

60.    The above misrepresentations or omissions were made to the public and Plaintiff.  Plaintiff justifiably

relied on defendants' misrepresentations or omissions; Defendants' misrepresentations were the proximate cause of

Plaintiff's damages.

### K. Sixth Claim for Relief
### Breach of Continuing Duty to Warn

61.    Plaintiff incorporates by reference all factual allegations made herein, as if set out word for word in this

paragraph.

62.    All defendants are liable to Plaintiff for breaching their continuing duty to warn Plaintiff of adverse health

effects and complications associated with the products containing PPA.

63.    Each defendant was involved in the manufacturing, designing, testing, marketing, distributing, and/or

selling of the subject products.  Accordingly, each defendant was involved in creating the risks associated with the

products.

64.    Each defendant knew, should have known, or should have discovered risks associated with the subject

products that were the result of their design, testing, and/or manufacturing.

65.    Each defendant had a continuing duty to warn Plaintiff.  Each defendant breached this duty.

66.    Defendants' breach of this duty was a proximate cause of Plaintiff's injuries as set forth below.

67.    Accordingly, all defendants are jointly and severally liable for Plaintiff's damages including punitive

damages.

## L. Seventh Claim for Relief
### Civil Conspiracy

68.    All of the allegations contained herein are re-alleged in this paragraph.

69.    Plaintiff further alleges that Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves and with other entities to cause Plaintiff's injuries, disabilities, and/or illnesses by allowing Plaintiff to use harmful and dangerous products. Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Plaintiff of the opportunity of informed free choice as to whether to use said products  Defendants committed the above-described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of Defendants' products.

70.    Plaintiff reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by the Defendants regarding the nature of their products.

71.    As a direct and proximate result of Plaintiff's reliance on Defendants' false and fraudulent representations, omissions and concealments, Plaintiff sustained damages including injuries, disabilities, and/or illnesses and has been deprived of the opportunity of informed free choice in connection with the use of Defendants' products.

## M.  Eighth claim for relief
### Malice

72.    All of the allegations contained herein are realleged in this paragraph.

73.    The actions and inactions of Defendants and their predecessors-in-interest, as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of gross negligence, intentional wrongful conduct and/or malice resulting in damages and injuries to the Plaintiff. Defendants' conduct was specifically intended by Defendants to cause substantial injury to the Plaintiff, or was carried out by Defendants with a flagrant disregard for the rights of others and with actual awareness on the part of Defendants that the conduct would, in reasonable probability, result in human deaths and/or great bodily harm. More specifically, Defendants and their predecessors-in-interest, consciously and/or deliberately engaged in oppression, fraud, willfulness, wantonness and/or malice with regard to the Plaintiff and should be held liable in punitive and exemplary damages to the Plaintiff.

### N. Damages

74.    As a result of the defective and unreasonably dangerous nature of the products containing PPA as designed, manufactured, tested, distributed, marketed, sold, and/or supplied by all defendants, and the negligence, carelessness, other wrongdoing, and action(s) of all defendants described herein, Plaintiff has suffered, sustained, and incurred and will continue to suffer, sustain, and incur the following injuries and damages, among others:

A.    Plaintiff has sustained economic loss, including loss of time and earnings and impairment of earning capacity, in the past;

B.    In reasonable medical probability, Plaintiff will sustain loss of time and earnings and/or impairment of earning capacity in the future;

C.    Plaintiff has required reasonable and necessary hospital and medical care and have incurred hospital and medical expenses in the past;

D.    In reasonable medical probability, Plaintiff will be required to obtain hospital and medical services and will as a result thereof incur reasonable and necessary hospital and medical expenses in the future;

E.    Plaintiff has endured physical pain and suffering in the past;

F.    In reasonable medical probability, Plaintiff will suffer physical pain and suffering in the future;

G.    Plaintiff has sustained mental anguish in the past;

H.    In reasonable medical probability, Plaintiff will incur mental anguish damages in the future;

I.    Plaintiff has suffered from physical impairment in the past;

J.    In reasonable medical probability, Plaintiff will sustain physical impairment in the future;

K.    Plaintiff has suffered from physical disfigurement in the past;

L.    In reasonable medical probability, Plaintiff will suffer physical disfigurement in the future;

M.    Plaintiff's family has suffered loss of household services and a loss of capacity to perform household services in the past, and will sustain, in reasonable probability, a loss of household services and a loss of capacity to perform household services in the future.

N.    Plaintiff's family has suffered loss of consortium in the past and will sustain, in reasonable probability, loss of consortium in the future;

O.    Exemplary and/or punitive damages; and

P.    Any and all other recoverable personal injury, survival and/or wrongful death damages to which Plaintiff and Plaintiff's family may be entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff files this, his Petition against the Defendants and demand judgment against Defendants, jointly and severally, for compensatory damages and exemplary damages in excess of the minimum jurisdictional limits of the Court to compensate Plaintiff for all of his injuries and damages, both past and present, and pre-judgment and post-judgment interest, together with all costs of this proceeding and for the relief to which Plaintiff is entitled.

## JURY DEMAND

Plaintiff demands that all issues of fact in this case be tried to a properly impaneled jury.

Respectfully submitted,

WATERS & KRAUS, L.L.P.

DAVID C. GREENSTONE

# 529303

State Bar No. 24007271
NELDA TALAMANTES
State Bar No. 24033252
PETER A. KRAUS
State Bar No. 11712980

3219 McKinney Avenue
Suite 3000
Dallas, Texas 75204
214/357-6244 (Telephone)
214/357-7252 (Facsimile)

FRANK COSTILLA          382001
State Bar No. 04856500
LAW OFFICES OF FRANK COSTILLA
5 E. Elizabeth Street
Brownsville, Texas 78523
(956) 541-4982

ATTORNEYS FOR PLAINTIFF

*PLEASE SERVE ALL CORRESPONDANCE AND PLEADINGS ON WATERS & KRAUS, LLP*

# WATERS & KRAUS, LLP

C. ANDREW WATERS*
PETER A. KRAUS**
CHARLES S. SIEGEL

David C. Greenstone
Barry L. Bobbitt
B. Scott Kruka
Rhonda Sullivan Cleaves
Ashley Watkins McDowell
Troyce G. Wolf
F. Leighton Durham, III
Jeffrey B. Simon
Darren P. McDowell
‡Michael L. Armitage

*Licensed in Texas, California,
North Carolina, and District of Columbia
**Licensed in Texas and Virginia
‡Licensed in California and Louisiana

3219 McKinney Avenue, Suite 3000
Dallas, Texas 75204
Telephone 214-357-6244
Telecopier 214-357-7252
---------------------------------------
200 Oceangate, Suite 520
Long Beach, California 90802
Telephone 562-436-8833
Telecopier 562-590-7296

Of Counsel:
Charles E. Lance

Ron C. Eddins
Melissa A. Miles
Leslie C. MacLean
††George G. Tankard, III
‡‡Maryam Hosseini
Dana Casselli Fox
Tanja K. Martini
Michelle B. Norton
Nelda Talamantes
Kirk L. Pittard

††Licensed in Maryland,
District of Columbia and Texas
‡‡Licensed in California only

PLEASE RESPOND TO THE DALLAS OFFICE

February 19, 2002

*Via Federal Express 7917 7946 7100*

Ms. Aurora De La Garza
Cameron County District Clerk
964-974 E. Harrison
Brownsville, Texas 78520

Re:   *Francisco Sanchez vs. American Home Products Corporation, et al.*

Dear Ms. De La Garza:

Enclosed for filing please find an original and copies of **Plaintiff's Original Petition and Jury Demand Served with Discovery** in the above-referenced matter. Please return two file-marked copies with the citations using the Federal Express packaging enclosed (Tracking 7917 7946 7166). Also enclosed is our firm's check in the amount of $309.00 for the filing fee, jury fee and issuance of citations in this matter. Please prepare citations to be served on the following defendants:

- **American Home Products Corporation**
- **Advocare International, LLC**
- **Bayer Corporation**
- **Block Drug Company, Inc.**
- **Bristol Myers Squibb Company**
- **Chattem, Inc.**
- **GlaxoSmithKline, PLC**
- **Novartis Consumer Health, Inc.**
- **Novartis Pharmaceuticals Corporation**
- **SmithKline Beecham Consumer Healthcare, LP**
- **SmithKline Beecham Corporation**
- **Whitehall-Robins Healthcare**
- **Circle K Stores**

Ms. Aurora De La Garza
Cameron County District Clerk
Page Two
February 19, 2002

     If you have any questions, please do not hesitate to call me at 1-800-226-9880. Thank you in advance for your assistance.

          Sincerely,

          WATERS & KRAUS, LLP

          Kelley Moore
          Legal Assistant

/ksm
Enclosures

## HANEN, JOHNSON & SPALDING, L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

910 TRAVIS STREET, SUITE 1700
BANK ONE CENTER
HOUSTON, TEXAS 77002

FRANK A. DOYLE
DIRECT DIAL: (713) 860-0511
email: FDOYLE@HAJS.COM

TELEPHONE: (713) 222-2323
FACSIMILE: (713) 222-2226

April 4, 2002

Aurora de la Garza
Cameron County District Clerk
974 E. Harrison Street
Brownsville, Texas 78520

Re:   Cause No. 2002-02-733-C; *Francisco Sanchez v. American Home Products Corporation;*
      *Advocare International, L.L.C.; Bayer Corporation; Block Drug Company, Inc.; Bristol*
      *Myers Squibb Company; Chattem, Inc.; GlaxoSmithKline, plc; Novartis Consumer Health,*
      *Inc.; Novartis Pharmaceuticals Corporation; SmithKline Beecham Consumer Healthcare,*
      *L.P.; SmithKline Beecham Corporation; Whitehall-Robins Healthcare; Circle K Stores, Inc.*
      *d/b/a Circle K (sued individually and as successor in interest to Coastal Mart, Inc. and*
      *Maverick Market, Inc.);* In the 197th Judicial District Court of Cameron County, Texas.

Dear Ms. de la Garza:

   Please see attached the following answers for filing with the Court.

1      Defendant, Block Drug Company, Inc.'s Motion to Transfer Venue and Subject
       Thereto Original Answer; and

2      Defendants, SmithKline Beecham Corporation and SmithKline Beecham
       Consumer Healthcare, L.P.'s Motion to Transfer Venue and Subject Thereto
       Original Answer.

   Please file stamp the copy of the documents and return to my offices in the enclosed self
addressed-stamped envelope.

   By copy of this correspondence, all counsel have been served with a copy of the enclosed
documents.

Aurora de la Gurza
April 4, 2002
Page 2

    Thank you for your assistance in this matter and if you have any questions, please do not hesitate to contact me.

                Very truly yours,

                Frank A. Doyle

FAD/mmk

Cc:    David C. Greenstone
        Nelda Talamantes
        Peter A. Kraus
        WATERS & KRAUS, L.L.P.
        3219 McKinney Ave., Suite 3000
        Dallas, TX  75204

        Kenneth J. Ferguson
        Michael R. Klatt
        Clark, Thomas & Winters, P.C.
        P. O. Box 1148
        Austin, TX  78767

        Crisanta Cuerra Lozano
        ROERIG, OLIVEIRA & FISHER
        555 W. Price Road, Suite 9
        Brownsville, Texas 78520

        J. A. (Tony) Canales
        CANALES & SIMONSON
        2601 Morgan Avenue
        P. O. Box 5624
        Corpus Christi, Texas 78465-5624

        David E. Dukes
        J. Mark Jones
        James F. Rogers
        Nelson, Mullins Riley & Scarborough, L.L.P.
        Keenan Building, Third Floor
        1330 Lady Street
        Post Office Box 11070 (29211)
        Columbia, SC 29201

Aurora de la Garza
April 4, 2002
Page 3

John M. Phalen, Jr.
DANIEL SHEEHAN & ASSOCIATES
Chase Tower
2200 Ross Avenue, Suite 3060
Dallas, Texas 75201

Brynley James, III
Joseph A. Bourbois
FULBRIGHT & JAWORSKI, L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205

Terry O. Tottenham
Lana K. Varney
FULBRIGHT & JAWORSKI, L.L.P.
600 Congress Ave., Suite 2400
Austin, TX 78701-3271

Alan R. Vickery
Diana Warnecke
SEDGWICK, DETERT, MORAN & ARNOLD
1717 Main Street, Suite 5400
Dallas, TX 75201

Margaret T. Brenner
John J. Smither
HAYS, McCONN, RICE & PICKERING
400 Two Allen Center
1200 Smith Street
Houston, TX 77002

Eduardo Roberto Rodriguez
Mitchell C. Chaney
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
Post Office Box 2155
Brownsville, Texas 78522-2155

Jeff D. Otto
Tasha L. Barnes
THOMPSON, COE, COUSINS & IRONS, L.L.P.
701 Brazos, Suite 1500
Austin, TX 78701

Aurora de la Garza
April 4, 2002
Page 4

    Michael D. Robbins
    Andrew R. Harvin
    DOYLE RESTREPO HARVIN & ROBBINS, L.L.P.
    600 Travis, Suite 4700
    Houston, Texas 77002

    Randolph S. Sherman
    Lori B. Leskin
    Danielle E. Finck
    KAYLE SCHOLER, LLP
    425 Park Avenue
    New York, NY 10022

    Kenneth C. Baker
    Mark D. VanCleave
    THE BAKER LAW FIRM
    12600 Featherwood, Suite 225
    Houston, Texas 77034

NO. 2002-02-733-C

| | | |
|---|---|---|
| FRANCISCO SANCHEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION; | § | |
| ADVOCARE INTERNATIONAL, L.L.C.; | § | |
| BAYER CORPORATION; | § | |
| BLOCK DRUG COMPANY, INC. | § | |
| BRISTOL MYERS SQUIBB COMPANY; | § | |
| CHATTEM, INC.; | § | |
| GLAXOSMITHKLINE, PLC; | § | |
| NOVARTIS CONSUMER HEALTH, INC.; | § | |
| NOVARTIS PHARMACEUTICALS | § | |
| CORPORATION; | § | |
| SMITHKLINE BEECHAM CONSUMER | § | |
| HEALTHCARE, L.P.; | § | |
| SMITHKLINE BEECHAM CORPORATION; | § | |
| WHITEHALL-ROBINS HEALTHCARE; AND | § | |
| CIRCLE K STORES, INC. D/B/A CIRCLE K | § | |
| (sued individually and as successor in-interest | § | |
| to COASTAL MART, INC. and | § | |
| MAVERICK MARKET, INC.) | § | 197TH JUDICIAL DISTRICT |



FILED 2:05 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK
APR - 4 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

## DEFENDANTS, SMITHKLINE BEECHAM CORPORATION AND SMITHKLINE BEECHAM CONSUMER HEALTHCARE, L.P.'S MOTION TO TRANSFER VENUE, AND SUBJECT THERETO ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants, **SmithKline Beecham Corporation** (hereinafter referred to as SKB Corp.) and **SmithKline Beecham Consumer Healthcare, L.P.** (hereinafter referred to as SKBC Healthcare, L.P.) and file this their Motion to Transfer Venue, and subject thereto, Original Answer to all claims being made against these Defendants in this action by any party. In support thereof, Defendants would respectfully show the Court the following:

- 1

# I.

## MOTION TO TRANSFER VENUE

Defendants, SKB Corp. and SKBC Healthcare, L.P. move to transfer venue to another

county of proper venue for the reasons set forth below.

Under the applicable venue law, a suit against a corporation, whether foreign or domestic,

may properly be brought in either 1) the county of the corporation's "principal office" in Texas or

2) in the county where "all or a substantial part of the events or omissions giving rise to the claim

occurred..." TEX. CIV. PRAC. & REM. CODE §15.002(a). Defendants, SKB Corp. and SKBC

Healthcare, L.P.:

    (1)    specifically deny that Cameron County is, or was at the time that Plaintiffs' purported cause of action accrued, the county of this or any other defendants' principal office in Texas;

    (2)    specifically deny that all or a substantial part of the events or omissions giving rise to Plaintiffs' purported claim occurred in Cameron County;

    (3)    specifically deny that any individual defendant resided in Cameron County at the time Plaintiffs' purported cause of action accrued; and

    (4)    specifically deny that venue is proper in Cameron County under §15.002(a) and

             15.005 of the Texas Civil Practice and Remedies Code.

Venue of Plaintiff's claims is improper in Cameron County, and Defendants, SKB Corp.

and SKBC Healthcare, L.P. request that venue be transferred to another county of proper venue.

## II.

## SUBJECT TO MOTION TO TRANSFER VENUE,
## ORIGINAL ANSWER

Subject to their Motion to Transfer Venue, pursuant to Rule 92 of the Texas Rules of

Civil Procedure, Defendants, SmithKline Beecham Corporation and SmithKlineBeecham

Consumer Healthcare, L.P. generally deny all of Plaintiffs' allegations and will require strict

proof thereof at the time of trial, pursuant to the laws and Constitution of the State of Texas.

### a.

Defendants, SmithKline Beecham Corporation and SmithKline Beecham Consumer

Healthcare, L.P. further plead comparative responsibility as set forth in Section 33.001, Tex.

Civ. Prac & Rem. Code.

### b.

Defendants, SmithKline Beecham Corporation and SmithKline Beecham Consumer

Healthcare, L.P.  further plead that if Plaintiff sustained the injuries and damages alleged, there

was an intervening cause and/or causes leading to such alleged injuries, and damages, and any

acts or omissions on the part of these Defendants were not the proximate cause of Plaintiffs'

alleged injuries.

### c.

Defendants, SmithKline Beecham Corporation and SmithKline Beecham Consumer

Healthcare, L.P. further allege that if Plaintiffs sustained the injuries and damages alleged, the

same may have been caused, in whole or in part, by an operation of nature or an act of God not

attributable to any negligence or lack of due care on the part of these Defendants.

### d.

If a tortfeasor settles with the Plaintiffs, Defendants, SmithKline Beecham Corporation

and SmithKline Beecham Consumer Healthcare, L.P.  reserve the right to make a written election

of credit for settlements under Section 33.014 of the Texas Civil Practice and Remedies Code.

- 3

**e.**

Defendants, SmithKline Beecham Corporation and SmithKline Beecham Consumer Healthcare, L.P. invoke their legal right to a reduction of any dollar verdict which may be rendered in this cause by credit for payments made by other persons or entities or by percentage reductions to which these Defendants would be entitled as a result of jury findings against other persons or entities. In this connection, these Defendants reserve the right to submit issues against parties who may be present in this case or absent in the case at the time the matter is passed to the jury for fact determination.

**f.**

Defendants, SmithKline Beecham Corporation and SmithKline Beecham Consumer Healthcare, L.P. invoke their legal rights under the Due Process Clause of the Fifth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment of the United States Constitution. These Defendants affirmatively plead that the Plaintiffs' pleading of punitive and/or exemplary damages is violative of the Due Process Clauses of the Fifth and Fourteenth Amendments inasmuch as a punitive and/or exemplary damages award:

(1)    can be assessed in an amount left to the discretion of the jury and judge;

(2)    does not require a unanimous verdict by the jury;

(3)    is based on a preponderance of the evidence standard and not on a "beyond a reasonable doubt" standard as should be required in assessing a punishment award;

(4)    is not based upon a clearly defined statutory enactment setting forth a specific mens rea requirement and/or other prerequisites of a criminal fine and in effect allows the assessment of such awards even though there are no specific standards, limits or other statutory requirements set forth which define the mens rea and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process.

- 4 -

Further, these Defendants who are subject to such an award do not have the right to refuse to testify against themselves but must, in fact, take the stand and/or give deposition testimony or subject themselves to the consequences of a default judgment.

In essence, these Defendants are subjected to all the hazards and risks of what amounts to a fine, and in fact such awards often exceed normal criminal fines, but these Defendants receive none of the basic rights accorded to a criminal Defendants when being subjected to possible criminal penalties.

Further, if such be necessary, these Defendants invoke their legal right and affirmatively plead that the assessment and award of punitive and/or exemplary damages is violative of the Eight Amendment of the United States Constitution as it is applied through the States through the Fourteenth Amendment of the United States Constitution in that such awards potentially constitute an excessive fine imposed without the protections of fundamental due process, and respectfully request that this Court disallow the award of punitive and/or exemplary damages inasmuch as an award in this case would be violative of these Defendants' United States Constitutional rights. Alternatively, these Defendants plead that any punitive damages be limited pursuant to § 41.007 Tex. Civ. Prac. & Rem. Code.

### g.

Finally, subject to its Motion to Transfer Venue, Defendant SmithKline Beecham Consumer Healthcare, L.P. has never been properly served as required by law. The service attempted in this case does not comport with state law or the due process and due course of law provisions of the federal and state constitutions. Defendant, SmithKline Beecham Consumer Healthcare, L.P. expressly reserves the right to challenge service of process.

WHEREFORE, PREMISES CONSIDERED, Defendants, SmithKline Beecham Corporation and SmithKline Beecham Consumer Healthcare, L.P. respectfully pray that upon hearing, their Motion to Transfer Venue be granted and the claims asserted against them be transferred to Harris County, or to another county of proper venue. Subject to and without waiver of their Motion to Transfer Venue, Defendants pray that Plaintiffs take nothing by reason

- 5

of this suit, that Defendants SmithKline Beecham Corporation and SmithKline Beecham Consumer Healthcare, L.P. be discharged with their costs expended in this matter, and for such other and further relief to which these Defendants may be justly entitled.

Respectfully submitted,

HANEN, JOHNSON & SPALDING, L.L.P.

By: _____
Brian P. Johnson
State Bar No. 10685700
Frank A. Doyle
State Bar No. 06091300
910 Travis, Suite 1700
Houston, Texas 77002
(713) 222-2323 Telephone
(713) 222-2226 Facsimile

ATTORNEYS FOR DEFENDANTS, SMITHKLINE BEECHAM CORPORATION AND SMITHKLINE BEECHAM CONSUMER HEALTHCARE, L.P.

- 6

## CERTIFICATE OF SERVICE

I certify that a true and correct-copy of the foregoing instrument was served upon the following counsel of record in compliance with Rule 21a of the Texas Rules of Civil Procedure on this the 4ᵗʰ day of April, 2002.

David C. Greenstone
Nelda Talamantes
Peter A. Kraus
WATERS & KRAUS, L.L.P.
3219 McKinney Ave., Suite 3000
Dallas, TX 75204

Crisanta Cuerra Lozano
ROERIG, OLIVEIRA & FISHER
555 W. Price Road, Suite 9
Brownsville, Texas 78520

David E. Dukes
J. Mark Jones
James F. Rogers
Nelson, Mullins Riley & Scarborough, L.L.P.
Keenan Building, Third Floor
1330 Lady Street
Post Office Box 11070 (29211)
Columbia, SC 29201

Brynley James, III
Joseph A. Bourbois
FULBRIGHT & JAWORSKI, L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205

Alan R. Vickery
Diana Warnecke
SEDGWICK, DETERT, MORAN & ARNOLD
1717 Main Street, Suite 5400
Dallas, TX 75201

Kenneth J. Ferguson
Michael R. Klatt
CLARK, THOMAS & WINTERS, P.C.
P. O. Box 1148
Austin, TX 78767

J. A. (Tony) Canales
CANALES & SIMONSON
2601 Morgan Avenue
P. O. Box 5624
Corpus Christi, Texas 78465-5624

John M. Phalen, Jr.
DANIEL SHEEHAN & ASSOCIATES
Chase Tower
2200 Ross Avenue, Suite 3060
Dallas, Texas 75201

Terry O. Tottenham
Lana K. Varney
FULBRIGHT & JAWORSKI, L.L.P.
600 Congress Ave., Suite 2400
Austin, TX 78701-3271

Margaret T. Brenner
John J. Smither
HAYS, McCONN, RICE & PICKERING
400 Two Allen Center
1200 Smith Street
Houston, TX 77002

Eduardo Roberto Rodriguez
Mitchell C. Chaney
Rodriguez, Colvin & Chaney, LLP
1201 E. Van Buren
Post Office Box 2155
Brownsville, Texas 78522-2155

Michael D. Robbins
Andrew R. Harvin
DOYLE RESTREPO HARVIN & ROBBINS, LLP
600 Travis, Suite 4700
Houston, Texas 77002

Kenneth C. Baker
Mark D. VanCleave
THE BAKER LAW FIRM
12600 Featherwood, Suite 225
Houston, Texas 77034

Jeff D. Otto
Tasha L. Barnes
THOMPSON, COE, COUSINS & IRONS, L.L.P.
701 Brazos, Suite 1500
Austin, TX 78701

Randolph S. Sherman
Lori B. Leskin
Danielle E. Finck
KAYLE SCHOLER LLP
425 Park Avenue
New York, NY 10022

Brian P. Johnson
Frank A. Doyle

NO. 2002-02-733-C

| | |
|---|---|
| FRANCISCO SANCHEZ | § |
| | § |
| VS. | § |
| | § |
| AMERICAN HOME PRODUCTS | § |
| CORPORATION; | § |
| ADVOCARE INTERNATIONAL, L.L.C.; | § |
| BAYER CORPORATION; | § |
| BLOCK DRUG COMPANY, INC. | § |
| BRISTOL MYERS SQUIBB COMPANY; | § |
| CHATTEM, INC.; | § |
| GLAXOSMITHKLINE, PLC; | § |
| NOVARTIS CONSUMER HEALTH, INC.; | § |
| NOVARTIS PHARMACEUTICALS | § |
| CORPORATION; | § |
| SMITHKLINE BEECHAM CONSUMER | § |
| HEALTHCARE, L.P.; | § |
| SMITHKLINE BEECHAM CORPORATION; | § |
| WHITEHALL-ROBINS HEALTHCARE; AND | § |
| CIRCLE K STORES, INC. D/B/A CIRCLE K | § |
| (sued individually and as successor in-interest | § |
| to COASTAL MART, INC. and | § |
| MAVERICK MARKET, INC.) | § |

IN THE DISTRICT COURT OF

CAMERON COUNTY, TEXAS

FILED _2-05_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST. CLERK

APR - 4 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS

_Maria de Jesus Garza_ DEPUTY

197TH JUDICIAL DISTRICT

## DEFENDANT, BLOCK DRUG COMPANY, INC.'S
## MOTION TO TRANSFER VENUE, AND
## SUBJECT THERETO ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, **Block Drug Company, Inc.'s** (hereinafter referred to as

Block Drug) and files this its Motion to Transfer Venue, and subject thereto, Original Answer to

all claims being made against this Defendant in this action by any party. In support thereof,

Defendant would respectfully show the Court the following:

- 1 -

# I.

## MOTION TO TRANSFER VENUE

Defendant, Block Drug moves to transfer venue to another county of proper venue for the reasons set forth below.

Under the applicable venue law, a suit against a corporation, whether foreign or domestic, may properly be brought in either 1) the county of the corporation's "principal office" in Texas or 2) in the county where "all or a substantial part of the events or omissions giving rise to the claim occurred..." TEX. CIV. PRAC. & REM. CODE §15.002(a). Defendant, Block Drug:

 (1) specifically denies that Cameron County is, or was at the time that Plaintiff's purported cause of action accrued, the county of this or any other defendants' principal office in Texas;

 (2) specifically denies that all or a substantial part of the events or omissions giving rise to Plaintiff's purported claim occurred in Cameron County;

 (3) specifically denies that any individual defendant resided in Cameron County at the time Plaintiff's purported cause of action accrued; and

 (4) specifically denies that venue is proper in Cameron County under §15.002(a) and 15.005 of the Texas Civil Practice and Remedies Code.

Venue of Plaintiff's claims is improper in Cameron County, and Defendant, Block Drug requests that venue be transferred to another county of proper venue.

## II.

## SUBJECT TO MOTION TO TRANSFER VENUE, ORIGINAL ANSWER

Subject to its Motion to Transfer Venue, pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant, Block Drug Company, Inc. generally denies all of Plaintiffs' allegations

- 2 -

and will require strict proof thereof at the time of trial, pursuant to the laws and Constitution of the State of Texas.

### a.

Defendant, Block Drug Company, Inc. further pleads comparative responsibility as set forth in Section 33.001, Tex. Civ. Prac & Rem. Code.

### b.

Defendant, Block Drug Company, Inc. further pleads that if Plaintiffs sustained the injuries and damages alleged, there was an intervening cause and/or causes leading to such alleged injuries, and damages, and any acts or omissions on the part of this Defendant was not the proximate cause of Plaintiffs' alleged injuries.

### c.

Defendant, Block Drug Company, Inc. further alleges that if Plaintiffs sustained the injuries and damages alleged, the same may have been caused, in whole or in part, by an operation of nature or an act of God not attributable to any negligence or lack of due care on the part of this Defendant.

### d.

If a tortfeasor settles with the Plaintiffs, Defendant, Block Drug Company, Inc. reserves the right to make a written election of credit for settlements under Section 33.014 of the Texas Civil Practice and Remedies Code.

### e.

Defendant, Block Drug Company, Inc. invokes its legal right to a reduction of any dollar verdict, which may be rendered in this cause by credit for payments made by other persons or

entities or by percentage reductions to which this Defendant would be entitled as a result of jury findings against other persons or entities. In this connection, this Defendant reserves the right to submit issues against parties who may be present in this case or absent in the case at the time the matter is passed to the jury for fact determination.

f.

Defendant, Block Drug Company, Inc. invokes its legal rights under the Due Process Clause of the Fifth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment of the United States Constitution. This Defendant affirmatively pleads that the Plaintiffs' pleading of punitive and/or exemplary damages is violative of the Due Process Clauses of the Fifth and Fourteenth Amendments inasmuch as a punitive and/or exemplary damages award:

(1)   can be assessed in an amount left to the discretion of the jury and judge;

(2)   does not require a unanimous verdict by the jury;

(3)   is based on a preponderance of the evidence standard and not on a "beyond a reasonable doubt" standard as should be required in assessing a punishment award;

(4)   is not based upon a clearly defined statutory enactment setting forth a specific mens rea requirement and/or other prerequisites of a criminal fine and in effect allows the assessment of such awards even though there are no specific standards, limits or other statutory requirements set forth which define the mens rea and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process.

Further, this Defendant who is subject to such an award does not have the right to refuse to testify against itself but must, in fact, take the stand and/or give deposition testimony or subject itself to the consequences of a default judgment.

In essence, this Defendant is subjected to all the hazards and risks of what amounts to a fine, and in fact such awards often exceed normal criminal fines, but this Defendant receives none of the basic rights accorded to a criminal Defendant when being subjected to possible criminal penalties.

- 4 -

Further, if such be necessary, this Defendant invokes its legal· right and affirmatively pleads that the assessment and award of punitive and/or exemplary damages is violative of the Eight Amendment of the United States Constitution as it is applied through the States through the Fourteenth Amendment of the United States Constitution in that such awards potentially constitute an excessive fine imposed without the protections of fundamental due process, and respectfully requests that this Court disallow the award of punitive and/or exemplary damages inasmuch as an award in this case would be violative of this Defendant's United States Constitutional rights. Alternatively, this Defendant pleads that any punitive damages be limited pursuant to § 41.007 Tex. Civ. Prac. & Rem. Code.

WHEREFORE, PREMISES CONSIDERED, Defendant, **Block Drug Company, Inc.** respectfully prays that upon hearing, its Motion to Transfer Venue be granted and the claims asserted against it be transferred to another county of proper venue. Subject to and without waiver of its Motion to Transfer Venue, Defendant prays that Plaintiffs take nothing by reason of this suit, that Defendant Block Drug Company, Inc. be discharged with its costs expended in this matter, and for such other and further relief to which this Defendant may be justly entitled.

Respectfully submitted,

HANEN, JOHNSON & SPALDING, L.L.P.

By: _____
Brian P. Johnson
State Bar No. 10685700
Frank A. Doyle
State Bar No. 06091300
910 Travis, Suite 1700
Houston, Texas 77002
(713) 222-2323 Telephone
(713) 222-2226 Facsimile

ATTORNEYS FOR DEFENDANT,
BLOCK DRUG COMPANY, INC.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon the following counsel of record in compliance with Rule 21a of the Texas Rules of Civil Procedure on this the 4th day of April, 2002.

David C. Greenstone
Nelda Talamantes
Peter A. Kraus
WATERS & KRAUS, L.L.P.
3219 McKinney Ave., Suite 3000
Dallas, TX 75204

Kenneth J. Ferguson
Michael R. Klatt
CLARK, THOMAS & WINTERS, P.C.
P. O. Box 1148
Austin, TX 78767

Crisanta Cuerra Lozano
ROERIG, OLIVEIRA & FISHER
555 W. Price Road, Suite 9
Brownsville, Texas 78520

J. A. (Tony) Canales
CANALES & SIMONSON
2601 Morgan Avenue
P. O. Box 5624
Corpus Christi, Texas 78465-5624

David E. Dukes
J. Mark Jones
James F. Rogers
Nelson, Mullins Riley & Scarborough, L.L.P.
Keenan Building, Third Floor
1330 Lady Street
Post Office Box 11070 (29211)
Columbia, SC 29201

John M. Phalen, Jr.
DANIEL SHEEHAN & ASSOCIATES
Chase Tower
2200 Ross Avenue, Suite 3060
Dallas, Texas 75201

Brynley James, III
Joseph A. Bourbois
FULBRIGHT & JAWORSKI, L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205

Terry O. Tottenham
Lana K. Varney
FULBRIGHT & JAWORSKI, L.L.P.
600 Congress Ave., Suite 2400
Austin, TX 78701-3271

Alan R. Vickery
Diana Warnecke
SEDGWICK, DETERT, MORAN & ARNOLD
1717 Main Street, Suite 5400
Dallas, TX 75201

Margaret T. Brenner
John J. Smither
HAYS, McCONN, RICE & PICKERING
400 Two Allen Center
1200 Smith Street
Houston, TX 77002

Eduardo Roberto Rodriguez
Mitchell C. Chaney
Rodriguez, Colvin & Chaney, LLP
1201 E. Van Buren
Post Office Box 2155
Brownsville, Texas 78522-2155

Jeff D. Otto
Tasha L. Barnes
THOMPSON, COE, COUSINS & IRONS, L.L.P.
701 Brazos, Suite 1500
Austin, TX 78701

Law Offices of

# HANEN, JOHNSON & SPALDING, L.L.P.

910 Travis, Suite 1700
-Bank One Center
Houston, Texas  77002

**Telephone:** (713) 222-2323
**Fax No:** (713) 222-2226

---

**Confidentiality Notice:** The documents accompanying this telecopy transmission
contain confidential information which is legally privileged and intended only for the
use of the recipient named below.  We request immediate notification by telephone
of misrouted telecopy transmissions so that we can arrange for return of those
documents to us.  If you receive this telecopy in error, you are hereby notified that
any disclosure, copying, distribution or the taking of any action in reliance on the
contents of this telecopied information is strictly prohibited.

---

### TELECOPIER TRANSMITTAL:

**NO. OF PAGES** (including cover):  *20*          **DATE:** April 4, 2002

| Recipient | Fax No. | Telephone No. |
|---|---|---|
| Aurora de la Garza c/o Yolanda Cameron County District Clerk Attn: 197th District Court | 956-544-0841 | 956-544-0838 |

**FROM:**   Frank A. Doyle          **TELEPHONE NO.:** (713) 860-0511

---

**MESSAGE:**
Please see attached answer for filing with the Court.  Please file with the court and
deliver as soon as possible to the 197th.

We understand that there is a fee of $2.00 for the first page and $1.00 for each
additional page.

Thank you for your assistance in this matter.

---

Any Difficulties, Please Call **(713) 222-2323**

---

Charge:  Client No.: 151-60

# HANEN, JOHNSON & SPALDING, L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

910 TRAVIS STREET, SUITE 1700
BANK ONE CENTER
HOUSTON, TEXAS 77002

FRANK A. DOYLE                                          TELEPHONE: (713) 222-2323
DIRECT DIAL: (713) 860-0511                             FACSIMILE: (713) 222-2226
email: FDOYLE@HAJS.COM

April 4, 2002

Aurora de la Garza
Cameron County District Clerk
974 E. Harrison Street
Brownsville, Texas 78520

Re:    Cause No. 2002-02-733-C; *Francisco Sanchez v. American Home Products Corporation;*
       *Advocare International, L.L.C.; Bayer Corporation; Block Drug Company, Inc.; Bristol*
       *Myers Squibb Company; Chattem, Inc.; GlaxoSmithKline, plc; Novartis Consumer Health,*
       *Inc.; Novartis Pharmaceuticals Corporation; SmithKline Beecham Consumer Healthcare,*
       *L.P.; SmithKline Beecham Corporation; Whitehall-Robins Healthcare; Circle K Stores, Inc.*
       *d/b/a Circle K (sued individually and as successor in interest to Coastal Mart, Inc. and*
       *Maverick Market, Inc.);* In the 197th Judicial District Court of Cameron County, Texas.

Dear Ms. de la Garza:

Please find attached Defendant, GlaxoSmithKline, plc's Special Appearance and Subject
Thereto Motion to Transfer Venue, and Subject Thereto Original Answer.

By copy of this correspondence, all counsel have been served with a copy of the enclosed
documents.

Thank you for your assistance in this matter and if you have any questions, please do not
hesitate to contact me.

Very truly yours,

Frank A. Doyle

FAD/mmk

Aurora de la Garza
April 4, 2002
Page 2

Cc:

David C. Greenstone
Nelda Talamantes
Peter A. Kraus
WATERS & KRAUS, L.L.P.
3219 McKinney Ave., Suite 3000
Dallas, TX 75204

Kenneth J. Ferguson
Michael R. Klatt
Clark, Thomas & Winters, P.C.
P. O. Box 1148
Austin, TX 78767

Crisanta Cuerra Lozano
ROERIG, OLIVEIRA & FISHER
555 W. Price Road, Suite 9
Brownsville, Texas 78520

J. A. (Tony) Canales
CANALES & SIMONSON
2601 Morgan Avenue
P. O. Box 5624
Corpus Christi, Texas 78465-5624

David E. Dukes
J. Mark Jones
James F. Rogers
Nelson, Mullins Riley &
Scarborough, L.L.P.
Keenan Building, Third Floor
1330 Lady Street
Post Office Box 11070 (29211)
Columbia, SC 29201

John M. Phalen, Jr.
DANIEL SHEEHAN & ASSOCIATES
Chase Tower
2200 Ross Avenue, Suite 3060
Dallas, Texas 75201

Brynley James, III
Joseph A. Bourbois
FULBRIGHT & JAWORSKI, L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205

Terry O. Tottenham
Lana K. Varney
FULBRIGHT & JAWORSKI, L.L.P.
600 Congress Ave., Suite 2400
Austin, TX 78701-3271

Alan R. Vickery
Diana Warnecke
SEDGWICK, DETERT, MORAN &
ARNOLD
1717 Main Street, Suite 5400
Dallas, TX 75201

Margaret T. Brenner
John J. Smither
HAYS, MCCONN, RICE & PICKERING
400 Two Allen Center
1200 Smith Street
Houston, TX 77002

Eduardo Roberto Rodriguez
Mitchell C. Chancy
RODRIGUEZ, COLVIN & CHANEY,
L.L.P.
1201 E. Van Buren
Post Office Box 2155
Brownsville, Texas 78522-2155

Jeff D. Otto
Tasha L. Barnes
THOMPSON, COE, COUSINS & IRONS,
L.L.P.
701 Brazos, Suite 1500
Austin, TX 78701

Michael D. Robbins
Andrew R. Harvin
DOYLE RESTREPO HARVIN &
ROBBINS, L.L.P.
600 Travis, Suite 4700
Houston, Texas 77002

Randolph S. Sherman
Lori B. Leskin
Danielle E. Finck
KAYLE SCHOLER, LLP
425 Park Avenue
New York, NY 10022

Kenneth C. Baker
Mark D. VanCleave
THE BAKER LAW FIRM
12600 Featherwood, Suite 225
Houston, Texas 77034

NO. 2002-02-733-C

| | | |
|---|---|---|
| FRANCISCO SANCHEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION; | § | |
| ADVOCARE INTERNATIONAL, L.L.C.; | § | |
| BAYER CORPORATION; | § | |
| BLOCK DRUG COMPANY, INC. | § | |
| BRISTOL MYERS SQUIBB COMPANY; | § | |
| CHATTEM, INC.; | § | |
| GLAXOSMITHKLINE, PLC; | § | |
| NOVARTIS CONSUMER HEALTH, INC.; | § | |
| NOVARTIS PHARMACEUTICALS | § | |
| CORPORATION; | § | |
| SMITHKLINE BEECHAM CONSUMER | § | |
| HEALTHCARE, L.P.; | § | |
| SMITHKLINE BEECHAM CORPORATION; | § | |
| WHITEHALL-ROBINS HEALTHCARE; AND | § | |
| CIRCLE K STORES, INC. D/B/A CIRCLE K | § | |
| (sued individually and as successor in-interest | § | |
| to COASTAL MART, INC. and | § | |
| MAVERICK MARKET, INC.) | § | 197TH JUDICIAL DISTRICT |

**DEFENDANT, GLAXOSMITHKLINE PLC'S,
SPECIAL APPEARANCE, AND SUBJECT THERETO
MOTION TO TRANSFER VENUE,
AND SUBJECT THERETO ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant GLAXOSMITHKLINE PLC and files this its Special Appearance to

object to jurisdiction, and subject thereto its Motion to Transfer Venue, and subject thereto, its Original

Answer to all claims being made against GlaxoSmithKline plc in this action by any party. In support

thereof, Defendant would respectfully show the Court the following:

**I.**

**SPECIAL APPEARANCE**

This Special Appearance is filed pursuant to Texas Rule of Civil Procedure 120a, prior to a

motion to transfer or any other plea, pleading, or motion by GlaxoSmithKline plc, for the purpose of

1

objecting to the jurisdiction of the Court over the person and property of GlaxoSmithKline plc. This Court does not have jurisdiction over this Defendant's person or property because it does not have the necessary minimum contacts with Texas. Specifically, as set forth in the Affidavit of Sandra C. Henderson attached hereto as Exhibit "A," to this Special Appearance, GlaxoSmithKline plc is not amenable to process issued by the courts of Texas because:

1) GlaxoSmithKline plc is a public limited company organized under the laws of England and Wales that maintains its principal place of business in England, where it is involved in the pharmaceutical industry.

2) SmithKline Beecham Corporation, d/b/a GlaxoSmithKline, is successor by merger to Glaxo Wellcome Inc. and is a wholly owned subsidiary of GlaxoSmithKline plc. On March 31, 2001 Glaxo Wellcome Inc. merged with and into SmithKline Beecham Corporation. SmithKline Beecham Corporation is the surviving entity and is incorporated under the laws of Pennsylvania and maintains a principal place of business at One Franklin Plaza, Philadelphia, Pennsylvania 19102. SmithKline Beecham Corporation has made or is in the process of making application to qualify to do business in all states in which either Glaxo Wellcome Inc. or SmithKline Beecham Corporation had been qualified to do business.

3) GlaxoSmithKline plc and SmithKline Beecham Corporation d/b/a GlaxoSmithKline are separate, adequately capitalized corporations.

4) GlaxoSmithKline plc does not maintain a place of business in Texas, and maintains no offices, post office boxes, or telephone listings in Texas.

5) GlaxoSmithKline plc does not engage and has not engaged in business in Texas nor is it licensed to do business in Texas.

6) GlaxoSmithKline plc is not required to maintain and does not maintain a registered agent for service of process in Texas.

7) GlaxoSmithKline plc has no agents or employees in Texas.

2

8)      GlaxoSmithKline plc does not advertise or otherwise offer services and/or products to the residents of the State of Texas.

9)      GlaxoSmithKline plc did not design, manufacture, market, advertise, or sell in Texas the product in question.

10)     GlaxoSmithKline plc has not entered into a contract, in whole or in part, in Texas, and has not committed any tort, in whole or in part, within the State.

11)     GlaxoSmithKline plc has never availed itself to any benefits or protections of the laws of Texas.

12)     No state or federal court in Texas has ever found the exercise of personal jurisdiction over GlaxoSmithKline plc as appropriate on the basis of its relationship with GlaxoSmithKline.

a.

The Texas Long Arm Statute authorizes the exercise of jurisdiction over non-residents doing business in Texas. Tex. Civ. Prac. & Rem. Code Ann. §17.02 (Vernon's 1995). The Act lists particular acts which constitute doing business, and it also provides that "other acts" may satisfy the doing business requirement. *Id.* *See also Guardian Royal Exchange v. English China*, 815 S.W.2d 223, 226 (Tex. 1991). Because the statute reaches as far as the federal constitutional requirements of due process, the court is to consider whether the exercise of *in personam* jurisdiction over a non-resident defendant is consistent with the federal constitutional requirement of due process. *Id.* This due process analysis is separated into two parts: (1) whether the non-resident defendant has purposefully established "minimum contacts" with the forum state; and (2) if so, whether the exercise of jurisdiction comports with "fair play and substantial justice." *Id.*

The minimum contact analysis is divided into two categories: general and specific jurisdiction. "General jurisdiction may be asserted when the cause of action does not arise from or relate to the non-resident defendant's purposeful conduct within the forum state, but there are continuous and systematic contacts between the non-resident defendant and the forum state." *Id.* "When general jurisdiction is

3

asserted, the minimum contacts analysis is more demanding and requires a showing of substantial activities in the forum state." *Id.*

"When specific jurisdiction is asserted, the cause of action must arise out of or relate to the non-resident defendant's contact with the forum state in order to satisfy the minimum contact requirement." *Id.* at 227. The contact must have resulted from the non-resident defendant's personal contact with the State of Texas, and not out of the unilateral activity of the plaintiff or others. *Id.* The activities must have been "purposefully directed" to the forum and the litigation must result from the injuries that "arise out of or relate to those activities." *Id.* at 228.

### b.

In light of the facts enumerated above, Defendant GlaxoSmithKline plc does not have the minimum contacts with Texas necessary to support the exercise of jurisdiction over its person and property. General jurisdiction over a non-resident defendant is only proper where the non-resident defendant has "substantial activities" in Texas and maintains continuing and systematic activities in the forum. *Guardian Royal Exchange v. English China*, 815 S.W.2d 223, 228 (Tex. 1991); *Schlobohm v. Shapiro*, 784 S.W.2d 355, 357 (Tex. 1990). General jurisdiction does not exist over Defendant GlaxoSmithKline plc because it lacks the continuous and systematic contacts with Texas that are required for the Court to have general jurisdiction over it. Plaintiffs' Petition does not allege that GlaxoSmithKline plc engages in substantial activities in this state, or any facts which support general jurisdiction over GlaxoSmithKline plc. Plaintiffs' Original Petition only alleges that GlaxoSmithKline plc does business in Texas and at all relevant times marketed, promoted, warranted and sold, its products containing phyenylpropanolamine (hereinafter referred to as PPA) in this state. As set forth in the Affidavit of Sandra C. Henderson, attached as Exhibit "A," to this Special Appearance, GlaxoSmithKline plc does not maintain continuing and systematic activities in the State of Texas. GlaxoSmithKline plc does not have an office,   employees or agents, telephone listings, and does not conduct business in the

4

State of Texas, nor has it ever. *Elektro-Mobile Technik GMBH*, 874 S.W.2d 324, 329 (Tex.App. - Webb 1994, writ denied).

Specific jurisdiction does not exist in this case as to Defendant, GlaxoSmithKline plc because it conducted no activity in Texas related to the Plaintiffs' claims and has taken no action purposefully directed toward Texas. *Joe Guerro Exxon Station v. Michelin Type Public Limited Company*, 32 S.W.3d 383, 388 (Tex. App.--San Antonio, 2000, no pet.). Plaintiffs' cause of action did not arise from or relate to GlaxoSmithKline plc's contact with Texas. In order for this Court to have specific jurisdiction over this Defendant, it must have committed some purposeful act in Texas that brought about the cause of action asserted against it. *Hotel Partners v. KPMG Peat Marwick*, 847 S.W.2d 630, 632 (Tex.App. - Dallas 1993, writ denied). Plaintiffs' Petition does not identify any act by GlaxoSmithKline plc that Plaintiff believes was committed in Texas, which is itself grounds on which to dismiss this lawsuit as to GlaxoSmithKline plc. *Siskin v. Villa Foundation for Education, Inc.*, 642 S.W.2d 434, 438 (Tex. 1982).

Specific jurisdiction over a defendant is determined by the relationship between that defendant, the forum, and the litigation. *Schlobohm*, 784 S.W.2d at 357. No relation here exists because GlaxoSmithKline plc is a public limited company organized under the laws of England and Wales that maintains its principal place of business in England. GlaxoSmithKline plc was not involved directly or indirectly with the transaction made the basis of Plaintiffs' claims. Plaintiffs' claims do not relate to any conduct by GlaxoSmithKline plc in Texas. Thus, GlaxoSmithKline plc did not direct activities to Texas and did not have fair warning that Plaintiffs might invoke a Texas court's power over it. *3-D Electric Company, Inc. v. Barnett Construction*, 706 S.W.2d 135, 142 (Tex.App. - Dallas 1986, writ ref'd n.r.e.).

c.

The second step of the analysis for determining whether a Texas court may exercise jurisdiction over a non-resident defendant is "whether the assertion of personal jurisdiction comports with fair play and substantial justice." The court is to consider (1) the burden upon the non-resident defendant and the existence of an alternative forum; (2) the interest of the forum state; (3) plaintiff's interest in securing

5

relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering fundamental substantive social policies. *Guardian Royal*, 815 S.W.2d at 232; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985); *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

Exercising jurisdiction over GlaxoSmithKline plc's person and property in this case would violate traditional notions of fair play and substantial justice. *Juarez v. United Parcel Service de Mexico S.A. de C.V.*, 933 S.W.2d 281, 284 (Tex. App.–Corpus Christi 1996, no writ). The exercise of such jurisdiction would (a) impose unfair burdens upon this Defendant by forcing it to defend itself in a foreign legal system, and (b) contravene the procedural and substantive policies of England and Wales as well as the federal government's interest in foreign relation policies. *Guardian Royal*, 815 S.W.2d at 229; *Juarez*, 933 S.W.2d at 284. It would be extremely burdensome and unfair for GlaxoSmithKline plc to litigate a claim in the State of Texas. GlaxoSmithKline plc is a public limited company organized under the laws of England and Wales that maintains its principal place of business in England. It does not do any business in the State of Texas, has no agents or employees in the State of Texas. Its officers, directors and employees are not located in Texas, and it would be extremely burdensome for GlaxoSmithKline plc to litigate a claim in the State of Texas. This is especially true when this Defendant has no direct contact with the State of Texas.

GlaxoSmithKline plc cannot be subjected to jurisdiction for any activities conducted in Texas by SmithKlineBeecham Corporation, d/b/a GlaxoSmithKline. GlaxoSmithKline plc is not the alter ego of SmithKlineBeecham Corporation, d/b/a GlaxoSmithKline. Instead, the corporations maintain separate and distinct identities and observe all corporate formalities. *Preussag Aktiengesellschaft v. Coleman*, 16 S.W.3d 110 (Tex. App.-Houston [1st Dist.] 2000, pet. pending); *Conner v. Conticarriers & Terminals, Inc.*, 944 S.W.2d 405, 418 (Tex. App.-Houston [14th Dist.] 1997, no writ). Moreover, Defendant GlaxoSmithKline plc has not exercised dominance or control over SmithKline Beecham Corporation, d/b/a GlaxoSmithKline, and so cannot be deemed to conduct business in Texas through the activities of

6

04/05/02   14:14 FAX 713222      H.A.J&S L.L.P                          ☒010

SmithKline Beecham Corporation, d/b/a GlaxoSmithKline. *See Hargrave v. Fibreboard Corp.*, 710 F2d 1154, 1163 (5th Cir. 1983)

For these reasons, the exercise of jurisdiction over GlaxoSmithKline plc's person and property would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as well as the Texas Constitution and long-arm statute. *See* TEX. CIV. PRAC. & REM. CODE § 17.042 (2000). Accordingly, this Court should grant Defendant GlaxoSmithKline plc's special appearance.

## II.

## SUBJECT TO SPECIAL APPEARANCE, MOTION TO TRANSFER VENUE

Subject to its Special Appearance, Defendant, GlaxoSmithKline plc moves to transfer venue to another county of proper venue for the reasons set forth below.

Defendant, GlaxoSmithKline plc is a foreign corporation. Under the applicable venue law, a suit against a corporation, whether foreign or domestic, may properly be brought in either 1) the county of the corporation's "principal office" in Texas or 2) in the county where "all or a substantial part of the events or omissions giving rise to the claim occurred..." TEX. CIV. PRAC. & REM. CODE §15.002(a). Defendant, GlaxoSmithKline plc:

(1) specifically denies that Cameron County is, or was at the time that Plaintiffs' purported cause of action accrued, the county of this or any other defendants' principal office in Texas;

(2) specifically denies that all or a substantial part of the events or omissions giving rise to Plaintiffs' purported claim occurred in Cameron County;

(3) specifically denies that any individual defendant resided in Cameron County at the time Plaintiffs' purported cause of action accrued; and

(4) specifically denies that venue is proper in Cameron County under either §15.002(a), or §15.005, of the Texas Civil Practice and Remedies Code.

Venue of Plaintiffs' claims is improper in Cameron County, and Defendant, GlaxoSmithKline plc requests that venue be transferred to another county of proper venue.

## III.

## SUBJECT TO SPECIAL APPEARANCE,
## AND SUBJECT TO MOTION TO TRANSFER VENUE,
## ORIGINAL ANSWER

Subject to its Special Appearance, subject to its Motion to Transfer Venue, pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant, GlaxoSmithKline plc generally denies all of Plaintiffs' allegations and will require strict proof thereof at the time of trial, pursuant to the laws and Constitution of the State of Texas.

### a.

Defendant, GlaxoSmithKline plc further pleads comparative responsibility as set forth in Section 33.001, Tex. Civ. Prac & Rem. Code.

### b.

Defendant, GlaxoSmithKline plc further pleads that if Plaintiff sustained the injuries and damages alleged, there was an intervening cause and/or causes leading to such alleged injuries, and damages, and any acts or omissions on the part of GlaxoSmithKline plc were not the proximate cause of Plaintiffs' alleged injuries.

### c.

Defendant, GlaxoSmithKline plc further alleges that if Plaintiffs sustained the injuries and damages alleged, the same may have been caused, in whole or in part, by an operation of nature or an act of God not attributable to any negligence or lack of due care on the part of GlaxoSmithKline plc.

### d.

If a tortfeasor settles with the Plaintiffs, Defendant GlaxoSmithKline plc reserves the right to make a written election of credit for settlements under Section 33.014 of the Texas Civil Practice and Remedies Code.

8

**e.**

Defendant invokes its legal right to a reduction of any dollar verdict which may be rendered in this cause by credit for payments made by other persons or entities or by percentage reductions to which Defendant would be entitled as a result of jury findings against other persons or entities. In this connection, Defendant reserves the right to submit issues against parties who may be present in this case or absent in the case at the time the matter is passed to the jury for fact determination.

**f.**

Defendant, GlaxoSmithKline plc invokes its legal rights under the Due Process Clause of the Fifth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment of the United States Constitution. This Defendant affirmatively pleads that the Plaintiffs' pleading of punitive and/or exemplary damages is violative of the Due Process Clauses of the Fifth and Fourteenth Amendments inasmuch as a punitive and/or exemplary damages award:

(1)   can be assessed in an amount left to the discretion of the jury and judge;

(2)   does not require a unanimous verdict by the jury;

(3)   is based on a preponderance of the evidence standard and not on a "beyond a reasonable doubt" standard as should be required in assessing a punishment award;

(4)   is not based upon a clearly defined statutory enactment setting forth a specific mens rea requirement and/or other prerequisites of a criminal fine and in effect allows the assessment of such awards even though there are no specific standards, limits or other statutory requirements set forth which define the mens rea and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process.

Further, this Defendant who is subject to such an award does not have the right to refuse to testify against itself but must, in fact, take the stand and/or give deposition testimony or subject itself to the consequences of a default judgment.

In essence, this Defendant is subjected to all the hazards and risks of what amounts to a fine, and in fact such awards often exceed normal criminal fines, but this Defendant receives none of the basic rights accorded to a criminal Defendant when being subjected to possible criminal penalties.

9

Further, if such be necessary, this Defendant invokes its legal right and affirmatively pleads that the assessment and award of punitive and/or exemplary damages is violative of the Eight Amendment of the United States Constitution as it is applied through the States through the Fourteenth Amendment of the United States Constitution in that such awards potentially constitute an excessive fine imposed without the protections of fundamental due process, and respectfully requests that this Court disallow the award of punitive and/or exemplary damages inasmuch as an award in this case would be violative of Defendant's United States Constitutional rights. Alternatively, this Defendant pleads that any punitive damages be limited pursuant to § 41.007 Tex. Civ. Prac. & Rem. Code.

**g.**

Finally, subject to its Special Appearance, and subject to its Motion to Transfer Venue, Defendant GlaxoSmithKline plc has never been served in accordance with the Hague Convention as required by law. The service attempted in this case does not comport with the Hague Convention, state law, or the due process and due course of law provisions of the federal and state constitutions. Defendant, GlaxoSmithKline plc expressly reserves the right to challenge service of process.

WHEREFORE, PREMISES CONSIDERED, Defendant, **GlaxoSmithKline plc** respectfully prays that its Special Appearance be set for hearing on notice to Plaintiffs and, upon such hearing, that its Special Appearance be granted and that Plaintiff's claims be dismissed as to this Defendant for want of jurisdiction. Subject to and without waiver of its Special Appearance, Defendant prays that upon hearing, its Motion to Transfer Venue be granted and the claims asserted against it be transferred to Harris County, or to another county of proper venue. Subject to and without waiver of its Special Appearance, and subject to its Motion to Transfer Venue, Defendant prays that Plaintiffs take nothing by reason of this suit, that Defendant GlaxoSmithKline plc be discharged with its costs expended in this matter, and for such other and further relief to which Defendant may be justly entitled.

10

Respectfully submitted,

HANEN, JOHNSON & SPALDING, L.L.P.

By: _____
       Brian P. Johnson
       State Bar No. 10685700
       Frank A. Doyle
       State Bar No. 06091300
910 Travis, Suite 1700
Houston, Texas 77002
(713) 222-2323  Telephone
(713) 222-2226  Facsimile

ATTORNEYS FOR DEFENDANT, GLAXOSMITHKLINE PLC

11

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon the following counsel of record in compliance with Rule 21a of the Texas Rules of Civil Procedure on this the 4th day of April, 2002.

David C. Greenstone
Nelda Talamantes
Peter A. Kraus
WATERS & KRAUS, L.L.P.
3219 McKinney Ave., Suite 3000
Dallas, TX 75204

Kenneth J. Ferguson
Michael R. Klatt
CLARK, THOMAS & WINTERS, P.C.
P. O. Box 1148
Austin, TX 78767

Crisanta Cuerra Lozano
ROERIG, OLIVEIRA & FISHER
555 W. Price Road, Suite 9
Brownsville, Texas 78520

J. A. (Tony) Canales
CANALES & SIMONSON
2601 Morgan Avenue
P. O. Box 5624
Corpus Christi, Texas 78465-5624

David E. Dukes
J. Mark Jones
James F. Rogers
Nelson, Mullins Riley & Scarborough, L.L.P.
Keenan Building, Third Floor
1330 Lady Street
Post Office Box 11070 (29211)
Columbia, SC 29201

John M. Phalen, Jr.
DANIEL SHEEHAN & ASSOCIATES
Chase Tower
2200 Ross Avenue, Suite 3060
Dallas, Texas 75201

Brynley James, III
Joseph A. Bourbois
FULBRIGHT & JAWORSKI, L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205

Terry O. Tottenham
Lana K. Varney
FULBRIGHT & JAWORSKI, L.L.P.
600 Congress Ave., Suite 2400
Austin, TX 78701-3271

Alan R. Vickery
Diana Warnecke
SEDGWICK, DETERT, MORAN & ARNOLD
1717 Main Street, Suite 5400
Dallas, TX 75201

Margaret T. Brenner
John J. Smither
HAYS, McCONN, RICE & PICKERING
400 Two Allen Center
1200 Smith Street
Houston, TX 77002

Eduardo Roberto Rodriguez
Mitchell C. Chaney
Rodriguez, Colvin & Chaney, LLP
1201 E. Van Buren
Post Office Box 2155
Brownsville, Texas 78522-2155

Jeff D. Otto
Tasha L. Barnes
THOMPSON, COE, COUSINS & IRONS, L.L.P.
701 Brazos, Suite 1500
Austin, TX 78701

12

Michael D. Robbins
Andrew R. Harvin
DOYLE RESTREPO HARVIN & ROBBINS, LLP
600 Travis, Suite 4700
Houston, Texas 77002

Kenneth C. Baker
Mark D. VanCleave
THE BAKER LAW FIRM
12600 Featherwood, Suite 225
Houston, Texas 77034

Randolph S. Sherman
Lori B. Leskin
Danielle E. Finck
KAYLE SCHOLER LLP
425 Park Avenue
New York, NY 10022

Brian N. Johnson
Frank A. Doyle

13

NO. 2002-02-733-C

| | | |
|---|---|---|
| FRANCISCO SANCHEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION; | § | |
| ADVOCARE INTERNATIONAL, L.L.C.; | § | |
| BAYER CORPORATION; | § | |
| BLOCK DRUG COMPANY, INC. | § | |
| BRISTOL MYERS SQUIBB COMPANY; | § | |
| CHATTEM, INC.; | § | |
| GLAXOSMITHKLINE, PLC; | § | |
| NOVARTIS CONSUMER HEALTH, INC.; | § | |
| NOVARTIS PHARMACEUTICALS | § | |
| CORPORATION; | § | |
| SMITHKLINE BEECHAM CONSUMER | § | |
| HEALTHCARE, L.P.; | § | |
| SMITHKLINE BEECHAM CORPORATION; | § | |
| WHITEHALL-ROBINS HEALTHCARE; AND | § | |
| CIRCLE K STORES, INC. D/B/A CIRCLE K | § | |
| (sued individually and as successor in-interest | § | |
| to COASTAL MART, INC. and | § | |
| MAVERICK MARKET, INC.) | § | 197TH JUDICIAL DISTRICT |

EXHIBIT "A"

## AFFIDAVIT OF SANDRA C. HENDERSON

STATE OF NORTH CAROLINA     §
                                   §
COUNTY OF DURHAM            §

BEFORE ME, the undersigned official, on this day appeared Sandra C. Henderson, known to me to be the person whose name is subscribed to the following instrument and having been by me duly sworn, upon her oath, deposes and states the following:

1) "My name is Sandra C. Henderson, I am over eighteen (18) years of age, I have never been convicted of a felony or crime of moral turpitude, and I am fully competent to make this affidavit. I am aware and cognizant of the facts set forth in this Affidavit and am able to swear, and I hereby do swear, that all of the matters contained in this Affidavit are true and correct.

2) I am employed in the Office of the Chairman of SmithKline Beecham Corporation, d/b/a GlaxoSmithKline (f/k/a Glaxo Wellcome Inc.) and am an Assistant Secretary of SmithKline Beecham Corporation.

3) GlaxoSmithKline plc is a public limited company organized under the laws of England and Wales that maintains its principal place of business in England, where it is involved in the pharmaceutical industry.

4) SmithKline Beecham Corporation, d/b/a GlaxoSmithKline, is successor by merger to Glaxo Wellcome Inc. and is a wholly owned subsidiary of GlaxoSmithKline plc. On March 31, 2001 Glaxo Wellcome Inc. merged with and into SmithKline Beecham Corporation. SmithKline Beecham Corporation is the surviving entity and is incorporated under the laws of Pennsylvania and maintains a principal place of business at One Franklin Plaza, Philadelphia, Pennsylvania

19102. SmithKline Beecham Corporation has made or is in the process of making application to qualify to do business in all states in which either Glaxo Wellcome Inc. or SmithKline Beecham Corporation had been qualified to do business.

5)   GlaxoSmithKline plc and SmithKline Beecham Corporation d/b/a GlaxoSmithKline are separate, adequately capitalized corporations.

6)   GlaxoSmithKline plc does not maintain a place of business in Texas, and maintains no offices, post office boxes, or telephone listings in Texas.

7)   GlaxoSmithKline plc does not engage and has not engaged in business in Texas nor is it licensed to do business in Texas.

8)   GlaxoSmithKline plc is not required to maintain and does not maintain a registered agent for service of process in Texas.

9)   GlaxoSmithKline plc has no agents or employees in Texas.

10)  GlaxoSmithKline plc does not advertise or otherwise offer services and/or products to the residents of the State of Texas.

11)  GlaxoSmithKline plc did not design, manufacture, market, advertise or sell in Texas the product in question.

12)  GlaxoSmithKline plc has not entered into a contract, in whole or in part, in Texas, and has not committed any tort, in whole or in part, within the State.

13)  GlaxoSmithKline plc has never availed itself to any benefits or protections of the laws of Texas.

14)  No state or federal court in Texas has ever found the exercise of personal jurisdiction over GlaxoSmithKline plc as appropriate on the basis of its relationship with GlaxoSmithKline.

Further Affiant sayeth not."

Sandra C. Henderson
Assistant Secretary
SmithKline Beecham Corporation

SUBSCRIBED AND SWORN to before me under oath by Sandra C. Henderson on this

16th day of August ,2001.

Notary Public

My Commission Expires: 2-16-2005