3

United States District Court
Southern District of Texas
FILED

APR 1 2 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE  DIVISION

| | | |
|---|---|---|
| FRANCISCO SANCHEZ | § | |
| | § | |
| | § | CIVIL ACTION NO. B-02-066 |
| VS. | § | |
| | § | JURY DEMANDED |
| AMERICAN HOME PRODUCTS | § | |
| CORP., ET AL. | § | |

## DEFENDANT CHATTEM, INC.'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant, CHATTEM, INC. ("Chattem"), by its attorney and for answer to Plaintiff's complaint admits, denies and alleges as follows:

1.      Answering paragraph 1. of Plaintiff's Original Petition, Chattem alleges that discovery in this case will be governed by the Federal Rules of Civil Procedure.

2.      Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 2. of Plaintiff's Original Petition.  Answering the second sentence of paragraph 2. of Plaintiff's Original Petition, Chattem denies that Plaintiff was injured due to his exposure to any product designed, formulated, marketed, manufactured, distributed, and/or sold by Chattem.

3.      Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3. of Plaintiff's Original Petition.

4.      Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4. of Plaintiff's Original Petition.

5.    Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5. of Plaintiff's Original Petition.

6.    Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6. of Plaintiff's Original Petition.

7.    Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7. of Plaintiff's Original Petition.

8.    Answering the first two sentences of Paragraph 8. of Plaintiff's Original Petition, Chattem admits that it is a Tennessee corporation with its principal place of business in Tennessee and that it has been served with citation.    Answering the third sentence of paragraph 8. of Plaintiff's Original Petition, Chattem denies that it was in the business of promoting, manufacturing, distributing or selling  any product containing PPA, either in the United States or in the State of Texas, "at all relevant times."  Chattem admits that it formerly distributed certain medications containing PPA, including Dexatrim®.

9.    Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9. of Plaintiff's Original Petition.

10.    Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10. of Plaintiff's Original Petition.

11.    Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11. of Plaintiff's Original Petition.

12.    Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12. of Plaintiff's Original Petition.

13.    Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13. of Plaintiff's Original Petition.

14.    Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14. of Plaintiff's Original Petition.

15.    Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15. of Plaintiff's Original Petition.

16.    Answering Paragraph 16. of Plaintiff's Original Petition, Chattem admits that jurisdiction exists in this court.  Answering the last sentence of Paragraph 16. of Plaintiff's Original Petition, Chattem alleges that although Defendants, Advocare International LLC and Circle K Stores Inc. d/b/a Circle K, are alleged to be Texas corporations, these Defendants have been fraudulently joined to defeat this Court's diversity jurisdiction.  Therefore, the citizenship of these Defendants should be disregarded.

17.    Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17. of Plaintiff's Original Petition.

18.    Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18. of Plaintiff's Original Petition.

19.    Answering Paragraph 19. of Plaintiff's Original Petition, Chattem denies that it committed a tort, in whole or in part, in the State of Texas or that it breached warranties of fitness and merchantability within Texas.   Chattem denies that Plaintiff's cause of action arose out of Chattem's contacts with the State of Texas.  Chattem alleges that it is not contesting this Court's jurisdiction.

20.    Answering Paragraph 20. of Plaintiff's Original Petition, Chattem admits that it has been served with citation.

21.    Answering Paragraph 21. of Plaintiff's Original Petition, Chattem denies that "at all relevant times hereto" it designed, manufactured, marketed, advertised, distributed, or sold  PPA products.

22.    Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 22 of Plaintiff's Original Petition.  Chattem is not required to respond to the allegations contained in the second sentence of Paragraph 22. of Plaintiff's Original Petition, because that sentence does not contain any factual allegations but merely constitutes the Plaintiff's explanation of how he wishes his allegations to be interpreted.

23.    Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23. of Plaintiff's Original Petition.

24.    Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 24 of Plaintiff's Original Petition. Chattem denies the allegations contained in the second sentence of Paragraph 24. of Plaintiff's Original Petition.

25.    Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 25. of Plaintiff's Original Petition. Answering the second sentence of Paragraph 25. of Plaintiff's Original Petition, Chattem denies that Plaintiff sustained any injuries due to his ingestion of any product designed, formulated, marketed, manufactured, distributed, and/or sold by Chattem.

26.    Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26. of Plaintiff's Original Petition.

27.    Answering Paragraph 27. of Plaintiff's Original Petition, Chattem denies those allegations which describe or characterize medical studies on the safety of PPA, and refers to each item or aspect of each study at issue.

28.    Answering Paragraph 28. of Plaintiff's Original Petition, Chattem denies that it breached any professional or ethical duty to inform and warn the public of any known adverse or dangerous side effect associated with any of its products or active ingredients in its products.

29.    Answering Paragraph 29. of Plaintiff's Original Petition, Chattem denies those allegations which describe or characterize the activities of the Food and Drug Administration, and refers to the documents generated by that agency with regard to each alleged activity.

Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29. of Plaintiff's Original Petition.

30.     Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 30. of Plaintiff's Original Petition. Chattem denies the allegations contained in the second and third sentences of Paragraph 30. of Plaintiff's Original Petition.

31.     Answering the first sentence of Paragraph 31. of Plaintiff's Original Petition, Chattem alleges that its product Dexatrim® was sold as an appetite suppressant, and that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that sentence.  Chattem denies the allegations contained in the second, third and fourth sentences of Paragraph 31. of Plaintiff's Original Petition.

32.     Chattem denies the allegations contained in Paragraph 32. of Plaintiff's Original Petition.

33.     Chattem denies the allegations contained in Paragraph 33. of Plaintiff's Original Petition.

34.     Answering Paragraph 34. of Plaintiff's Original Petition, Chattem denies that any product which it sold has caused "many consumers" to suffer adverse side effects. Chattem alleges that it is without knowledge or information sufficient to form a belief as to whether there has been under reporting of adverse effects associated with PPA products. Chattem denies the remaining allegations of Paragraph 34.

35.     Chattem denies each and every allegation contained in Paragraph 35. of Plaintiff's Original Petition and specifically denies that the Discovery Rule applies to toll the statute of limitations.

36.    Chattem denies each and every allegation contained in Paragraph 36. of Plaintiff's Original Petition.

37.    Chattem is not required to answer Paragraph 37. of Plaintiff's Original Petition, which incorporates by reference all preceding factual allegations made in the petition.

38.    Answering Paragraph 38. of Plaintiff's Original Petition, Chattem denies that it is liable to Plaintiff under the theory of strict products liability.

39.    Answering Paragraph 39. of Plaintiff's Original Petition, Chattem admits that on December 21, 1998, it purchased the Dexatrim® product line from Thompson Medical Company and began marketing that product after December 21, 1998.

40.    Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40. of Plaintiff's Original Petition.

41.    Answering Paragraph 41. of Plaintiff's Original Petition, Chattem denies that any product which it sold was either defective or unreasonably dangerous when it entered the stream of commerce.  Chattem denies all of the allegations contained in Paragraph 41.A. through D.

42.    Chattem is not required to answer Paragraph 42. of Plaintiff's Original Petition, which incorporates by reference all factual allegations previously made in the petition.

43.    Answering Paragraph 43. of Plaintiff's Original Petition, Chattem denies that it is liable to Plaintiff under the theories of negligence or gross negligence.

44.    Answering Paragraph 44. of Plaintiff's Original Petition, Chattem denies that it failed to exercise reasonable care with respect to any Chattem product.   Chattem alleges

that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44. of Plaintiff's Original Petition.

45.      Answering Paragraph 45. of Plaintiff's Original Petition, Chattem denies that it failed to exercise ordinary care in designing, manufacturing, marketing, selling, testing, and/or distributing any Chattem product.

46.      Answering Paragraph 46. of Plaintiff's Original Petition, Chattem denies that it knew or should have known that any product which it sold created an unreasonable risk of bodily harm or death.

47.      Chattem denies each and every allegation contained in Paragraph 47.A. through G. of Plaintiff's Original Petition.

48.      Answering Paragraph 48. of Plaintiff's Original Petition, Chattem denies any negligence or gross negligence in connection with any Chattem product and denies that its conduct or product that was a proximate cause of Plaintiff's alleged damages.

49.      Answering Paragraph 49. of Plaintiff's Original Petition, Chattem denies that it is jointly or severally liable to Plaintiff for any damages claimed.

50.      Chattem is not required to answer Paragraph 50. of Plaintiff's Original Petition, which incorporates by reference all allegations previously made in the petition.

51.      Answering Paragraph 51. of Plaintiff's Original Petition, Chattem denies that it breached any implied warranty of merchantability.

52.      Chattem denies the allegations contained in Paragraph 52. of Plaintiff's Original Petition.

53.      Chattem denies the allegations contained in Paragraph 53. of Plaintiff's Original Petition.

\549291.1                                             -8-

54.    Chattem is not required to answer Paragraph 54. of Plaintiff's Original Petition, which incorporates by reference all allegations previously made in the petition.

55.    Answering Paragraph 55. of Plaintiff's Original Petition, Chattem alleges that it anticipated that the products it sold would be used for their intended purposes.  Chattem alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55. of Plaintiff's Original Petition.

56.     Chattem denies the allegations contained in  Paragraph 56. of Plaintiff's Original Petition.

57.    Chattem is not required to answer Paragraph 57. of Plaintiff's Original Petition, which incorporates by reference all factual allegations previously made in the petition.

58.    Answering Paragraph 58. of Plaintiff's Original Petition, Chattem denies that it is liable to Plaintiff for negligent misrepresentation.

59.    Chattem denies the allegations contained in Paragraph 59. of Plaintiff's Original Petition.

60.    Chattem denies the allegations contained Paragraph 60. of Plaintiff's Original Petition.

61.    Chattem is not required to answer Paragraph 61. of Plaintiff's Original Petition, which incorporates by reference all factual allegations previously made in the petition.

62.    Chattem denies the allegations contained Paragraph 62. of Plaintiff's Original Petition.

63.    Answering the first sentence of Paragraph 63. of Plaintiff's Original Petition, Chattem admits that it has been involved in the marketing, distributing, and/or selling of

Dexatrim® containing PPA after December 21, 1998 and prior to November of 2000. The remaining allegations in Paragraph 63 are denied.

64.    Chattem denies the allegations contained in Paragraph 64. of Plaintiff's Original Petition.

65.    Chattem denies the allegations contained in Paragraph 65. of Plaintiff's Original Petition.

66.    Chattem denies the allegations contained in Paragraph 66. of Plaintiff's Original Petition.

67.    Answering Paragraph 67. of Plaintiff's Original Petition, Chattem denies that it is jointly or severally liable for Plaintiff's alleged damages, or that it is liable for punitive damages.

68.    Chattem is not required to answer Paragraph 68. of Plaintiff's Original Petition, which realleges all of the allegations contained in the petition.

69.    Chattem denies each and every allegation contained in Paragraph 69. of Plaintiff's Original Petition.

70.    Chattem denies each and every allegation contained in Paragraph 70. of Plaintiff's Original Petition.

71.    Chattem denies each and every allegation contained in Paragraph 71. of Plaintiff's Original Petition.

72.    Chattem is not required to answer Paragraph 72. of Plaintiff's Original Petition, which realleges all of the allegations previously made in the petition.

73.    Chattem denies each and every allegation contained in Paragraph 73. of Plaintiff's Original Petition.

74.    Chattem denies each and every allegation contained in Paragraph 74. A. through P. of Plaintiff's Original Petition.

75.    Answering Plaintiff's prayer for relief, Chattem denies that it is jointly or severally liable to Plaintiff for compensatory damages, exemplary damages, pre- or post-judgment interest, or costs, or that Plaintiff is entitled to any other relief whatsoever from Chattem.

## AFFIRMATIVE DEFENSES

76.    The Petition and each claim contained therein fails to state a claim upon which relief can be granted.

77.    Plaintiff's claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and set offs.

78.    Plaintiff may not recover from this Defendant because each and every package of Dexatrim® containing PPA shipped by this Defendant contained a warning stating, in pertinent part: "There have been reports that stroke, seizure, heart attack, arrhythmia, psychosis, and death might be associated with the ingestion of Phenylpropanolamine." In addition, prospective users were directed by instructions printed on the package to read the warnings and other information on the labeling.

79.    Plaintiff may not recover from this Defendant because the warnings and/or labeling at issue met and/or exceeded the generally recognized state-of-the-art and applicable government regulations, standards, and guidelines at the time the product was designed, manufactured, labeled, distributed, and sold.

80.    To the extent that any other product containing PPA was used concurrently with the alleged Dexatrim® use, Defendant states that Plaintiff may not recover because the label included a warning stating, in pertinent part: "Do Not Use if you are taking: A cough/cold or

allergy medication containing any form of phenylpropanolamine or any oral nasal decongestant."

81.    If Plaintiff has sustained any injuries or incurred any expenses, such were not caused by Chattem, but were caused in whole or in part by the acts or omissions of others, whether individual, corporate or otherwise, whether named or unnamed in this Petition, and for whose conduct Chattem is not responsible.

82.    Plaintiff may not recover from Chattem because the methods, standards, or techniques of designing, manufacturing, and labeling of the Dexatrim® drug complied with and were in conformity with the generally recognized state of the art, and applicable government (FDA) regulations, standards and guidelines, at the time the product was designed, manufactured, and labeled.

83.    Defendant specifically pleads that the state of knowledge, or state of the art, at the time of manufacture or distribution of the product or materials, did not reasonably allow Defendant to know about, or take steps sufficient to alleviate, the alleged risks of which Plaintiff complains.

84.    Plaintiff's claims, if any, are barred, in whole or in part, by the doctrines of laches, waiver, unclean hands, estoppel and/or ratification.

85.    Plaintiff's warranty-based claims, if any, are barred by Plaintiff's failure to give proper or timely notice of any alleged defect or breach of warranty.

86.    To the extent Plaintiff's claims relate to Chattem's public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States and by applicable State Constitutions, such claims are barred.

87.    Plaintiff's claims are barred, in whole or in part, by their failure to mitigate any damages allegedly sustained.

88.    Plaintiff's claims, if any, are barred, in whole or in part, by the applicable statutes of limitations and of repose.

89.    Plaintiff's claims are barred or reduced by his contributory and/or comparative negligence, and/or contributory and/or comparative fault.

90.    Plaintiff's damages, if any, were the direct result of pre-existing medical conditions, and/or occurred by operation of nature or as a result of circumstances over which Chattem had and continues to have no control.

91.    Plaintiff's warranty-based claims, if any, are barred and/or limited by any and all express conditions or disclaimers.

92.    Chattem is not subject to liability under *Restatement (Third) of Torts: Products Liability*, § 6. .

93.    The benefits of the products at issue outweigh the risks, if any, alleged in Plaintiff's Petition.

94.    Plaintiff's claims are barred by the learned intermediary and/or sophisticated user doctrines.

95.    Plaintiff's claims are barred because of Plaintiff's failure to join necessary and indispensable parties.

96.    Plaintiff's claims are barred by their alteration, modification, abuse, and/or misuse of the product or products at issue.

97.    No action or inaction by Chattem was the proximate cause of Plaintiff's injuries, if any.

98.    Chattem denies any and all culpability and liability, but if this Defendant is ultimately found to be liable, then the liability of this Defendant, if any, to the Plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

99.    Plaintiff's claims are barred because Plaintiff assumed the risk of any alleged adverse risk or consequence associated with the product they received, and this assumption of the risk bars recovery.

100.    The occurrence and injuries alleged by Plaintiff were caused or contributed to by the negligence, breaches of warranty, or defective products of third parties over whom Chattem had no control and for whom Chattem is not responsible.

101.    The occurrences and injuries alleged by Plaintiff resulted from an intervening cause, and/or a superceding event factor, occurrence or condition, which was the proximate and/or producing cause and/or the sole proximate and/or sole producing cause of the occurrence and injuries alleged by Plaintiff.

102.    The occurrences and injuries alleged by Plaintiff were caused by separate and independent events or agencies not reasonably foreseeable. Such separate and independent events or agencies destroy the causal connection, if any, between any breach of legal duty on the part of Chattem and the occurrence and injuries alleged by Plaintiff, and thereby become the immediate and/or sole cause, and/or sole proximate and/or sole producing cause of such occurrence and injuries, relieving Chattem of liability to Plaintiff or any other parties.

103.    If Plaintiff sustained the injuries, or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Chattem.

104.    Any and all damages alleged by Plaintiff may have been caused by the negligent use, misuse, abuse or alteration of the product.

105.    Plaintiff's injuries, if any, were caused or enhanced by a preexisting medical condition of Plaintiff and/or the operation of nature or as a result of circumstances over which Chattem has and continues to have no control.

106.    If the Plaintiff sustained the injuries and damages alleged in the Petition, such injuries resulted, in whole or in part, from the culpable conduct and/or negligence of Plaintiff and/or other persons and/or entities, not from any negligence, breach of duty, or causative conduct by Chattem. Therefore, under the doctrine of comparative responsibility, if judgment is rendered in Plaintiff's favor, the amount of such judgement must be reduced and/or barred under the Proportionate Responsibility Statute 33.001, *et seq.*, of the Texas Civil Practice & Remedies Code.

107.    Defendant specifically pleads that Plaintiff did not directly or indirectly purchase any products or materials from Defendant and Plaintiff neither received nor relied upon any representations allegedly made by Defendant.

108.    Chattem cannot be held legally responsible for either the acts or omissions of the sophisticated user or seller or for any lack of information or misinformation provided to Plaintiff by others.

109.    Plaintiff's claims are preempted, in whole or in part, by federal laws and regulations, including but not limited to those governing the labeling, advertisement, and sale of pharmaceutical products.

110.    Plaintiff's equitable claims, if any, are barred because Plaintiff has an adequate remedy at law.

111.    To the extent comment k of *Restatement (Second) of Torts*, § 402A is applicable to any of the averments in the Petition, Chattem hereby relies upon such comment.

112.    Without waiving the foregoing general denial, Defendant specifically pleads that Plaintiff contributed to the claimed illness end injury, either in whole or in part, by the exposure to other conditions and/or substances.

113.    Defendant specifically pleads that the product and/or materials alleged to have been manufactured or distributed by Defendant were not in the same condition at the time of the alleged use by Plaintiff as they were when they left Defendant's custody and control.

114.    Defendant specifically pleads that Plaintiff's claims are diminished, in whole or in part, in an amount fairly allocable to any party which Plaintiff has settled or may settle.

115.    Defendant specifically pleads that Defendant complied with all applicable laws, regulations and standards at all relevant times.

116.    Defendant specifically pleads that there was and is no privity of contract between Plaintiff and Defendant.

117.    To the extent Plaintiff seeks or may seek to recover exemplary damages, Chattem invokes the provisions of Chapter 41 of the Texas Civil Practice & Remedies Code.

118.    To the extent that Plaintiff seeks or may seek punitive and exemplary damages, such damages are unconstitutionally excessive in violation of the due process clause of the

Fourteenth Amendment to the United States Constitution and the Constitution for the State of Texas.

(a)   The Petition fails to allege a claim for which punitive damages can be recovered.

(b)   Unless both Chattem's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Chattem's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Texas.

(c)   Plaintiff's claims for punitive damages cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial of all punitive damages issues would violate Chattem's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Constitution of the State of Texas.

(d)   Plaintiff's claims for punitive damages cannot be sustained, because an award of punitive damages under Texas law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Chattem's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Texas.

(e)   Plaintiff's claims for punitive damages cannot be sustained, because an award of punitive damages under Texas law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of Chattem, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Chattem's due process and equal protection rights guaranteed by the

Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by the Texas constitutional provisions providing for due process, equal protection, and guaranty against double jeopardy.

(f)     Plaintiff's claims for punitive damages cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Texas law would violate Chattem's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Texas.

(g)     Plaintiff's claims for punitive damages cannot be sustained, because an award of punitive damages under Texas law would violate Chattem's due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Constitution of the State of Texas.

(h)     Plaintiff's claims for punitive damages cannot be sustained, because an award of punitive damages under Texas law without the necessary substantive and procedural protections would violate Chattem's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Texas constitutional provisions providing for due process.

(i)     Plaintiff's claims for punitive damages cannot be sustained, because of any such award of punitive damages under Texas law exceeding the limits authorized by Texas penal laws would constitute a cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution and the Eighth Amendment as incorporated into the Fourteenth Amendment and the Texas constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

(j)     Any award of punitive damages based on anything other than Chattem's conduct in connection with Dexatrim®, would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Texas constitutional provisions providing for due process and guaranty against double jeopardy, because any other judgment for punitive damages in this case cannot

protect Chattem against impermissible multiple punishment for the same wrong.

(k)     Plaintiff's claims for punitive damages cannot be sustained on the grounds that Texas may not use the punitive damages deterrent as a means to impose its regulatory policies on other jurisdictions.

(l)     Plaintiff's claims for punitive damages cannot be sustained on the grounds that Texas may not impose economic sanctions on an alleged tortfeasor with the intent of changing or deterring its lawful conduct in other States.

(m)     Plaintiff's claims for punitive damages cannot be sustained because Texas does not have the power to punish a Defendant for conduct that was lawful where it occurred and that had no impact on Texas or its residents.

(n)     Plaintiff's claims for punitive damages cannot be justified without considering whether less drastic remedies could be expected to deter future alleged misconduct.

(o)     Plaintiff's claims for punitive damages cannot be sustained to the extent any such award is not based solely on conduct that occurred within Texas, or to the extent it does not limit its consideration only to the interests of Texas consumers.

(p)     Plaintiff's claims for punitive damages cannot be sustained to the extent it does not bear a reasonable relationship to compensatory damages.

(q)     Plaintiff's claims for punitive damages cannot be sustained because Chattem did not receive fair notice not only of the conduct that will subject it to punishment but also to the severity of the penalty that Texas may impose.

119.    Any award of prejudgment interest on future damages would deprive Chattem of its property and rights without due process and course of law, and further would constitute an excessive and unreasonable fine or penalty prohibited by the United States and Texas Constitutions.

120. Chattem adopts and incorporates by reference any affirmative defense asserted by any other defendant to these actions, to the extent such affirmative defense applies to Chattem.

121. Chattem hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case and hereby reserves the right to amend its answer to assert any such defense.

WHEREFORE, PREMISES CONSIDERED, Defendant, **CHATTEM, INC.**, prays that for judgment as follows:

1. Dismissing the complaint of Plaintiff on its merits.

2. For costs and disbursements as provided by law.

3. For such other or further relief to which Defendant may be justly entitled.

Respectfully submitted,

HAYS, McCONN, RICE & PICKERING, P.C.

By: *Margaret T. Brenner*
Margaret T. Brenner
State Bar No. 02958050
Fed. I.D. 9044
ATTORNEY-IN-CHARGE FOR DEFENDANT,
CHATTEM, INC.

OF COUNSEL:
HAYS, McCONN, RICE & PICKERING, P.C.
1200 Smith, Suite 400
Houston, TX 77002
Telephone:   713/654-1111
Facsimile:   713/650-0027

HOLE & ALVAREZ, L.L.P.
Micaela Alvarez
State Bar No. 01127900
Water Tower Center

\549291.1                                          -20-

612 West Nolana, Suite 370
McAllen, Texas 78504
Telephone:  (956) 631-2891
Facsimile:   (956) 631-2415

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly sent by U.S. mail, certified mail return receipt requested, hand delivery, or by telecopy, on this *12th* day of April, 2002 to the following counsel of record:

Mr. David C. Greenstone,
WATERS & KRAUS, LLP
3219 McKinney Avenue, Suite 3000
Dallas, Texas 75204

*Margaret T. Brenner*
Margaret T. Brenner