5

United States District Court
Southern district of Texas
FILED

APR 1 2 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANCISCO SANCHEZ | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-066 |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION, ET. AL. | § | |

## DEFENDANT NOVARTIS CONSUMER HEALTH INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR STAY

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Novartis Consumer Health, Inc. (hereinafter "NCH") submits this Memorandum in Support of its Motion for Temporary Stay of Proceedings Pending a Final Ruling of the Judicial Panel on Multidistrict Litigation on Transfer of this Case to MDL-1407.

## I. BACKGROUND

### A. The PPA MDL Proceeding

This action arises from a products liability claim involving Phenylpropanolamine (hereinafter "PPA"), a substance formerly found in various nasal decongestants and appetite suppressant products. On August 28, 2001, the Judicial Panel on Multidistrict Litigation (the "Panel") issued an order establishing an MDL for actions involving PPA in the Western District of Washington pursuant to 28 U.S.C. § 1407. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 173 F. Supp.2d 1377 (J.P.M.L. 201) (hereinafter "MDL Transfer Order"). The MDL was created to serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." *Id.* at 1379.

Defendants have informed the Clerk of the Panel of numerous potential "tag-along" cases (including this case) now pending in various federal district courts. Upon learning of the pendency of a potential tag-along case, the Clerk of the Panel may issue a conditional transfer order transferring the tag-along action to the MDL court. R.P.J.P.M.L. Rule 7.4(a). The Panel has thus far issued twelve transfer orders conditionally transferring over 350 cases involving

PPA to the Western District of Washington.  A copy of Conditional Transfer Order-12 ("CTO-12") is attached to the accompanying Motion as Exhibit "A."  Many of these conditional transfers have become final.

Notably, the MDL Court has already begun the process of ruling on remand motions that have been filed in cases transferred to the Western District of Washington in the PPA MDL.  In January and February 2002, Judge Rothstein issued at least three orders denying remand in cases transferred into the MDL.

### B. The Case at Bar

Plaintiff filed this PPA products liability action in the 197th District Court of Cameron County, Texas on March 4, 2002.  In this case, Plaintiff claims to have sustained injuries as a result of his ingestion of non-prescription, over-the-counter pharmaceutical products, including appetite suppressant products, which contained PPA as an active ingredient.  NCH removed the action to this Court on April 5, 2002, on the ground that diversity existed as to all properly joined Defendants, and that in-state Defendants, Advocare International, LLC (hereinafter "Advocare") and Circle K Stores, Inc. d/b/a Circle K (hereinafter "Circle K") had been fraudulently joined in an effort to destroy diversity.  On April 5, 2002, NCH sent a tag-along letter to the MDL Panel informing it that the action is pending in this Court and is related to the MDL proceeding for PPA actions described above.  See Exhibit "B" to the accompanying Motion.  Although expected in the near future, the case at hand has not yet been transferred via such a transfer order.  NCH anticipates that the Plaintiff in this case will file a Motion to Remand.

Because a stay will promote judicial efficiency, consistency in pretrial rulings, and convenience to the parties and witnesses, this Court should temporarily stay proceedings in this case until the Panel decides by final order whether this case will be transferred to the MDL proceeding.  As described below, several courts handling PPA actions in other districts have

- 2 -

confronted the precise issue raised by the accompanying motion, and have stayed proceedings

pending transfer by the MDL Panel.

## II. ARGUMENT AND AUTHORITIES

**A.      A Stay Furthers the Goals of Judicial Efficiency and Consistency**.

        This Court's authority to stay proceedings is "incidental to the power inherent in

every court to control the disposition of the causes on its docket with economy of time and effort

for itself, for counsel and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.

Ct. 163, 166, 81 L.Ed. 153 (1936).  When a case may be transferred to an existing MDL

proceeding, judicial efficiency dictates that the court exercise its authority and stay the action

pending the Panel's decision on the transfer.  *See e.g., Rivers v. Walt Disney* Co., 980 F. Supp.

1353 (C.D. Cal. 1997).  Thus, while the decision to grant a stay is discretionary, "it is appropriate

when it serves the interest of judicial economy and efficiency." *Landis* at 254.  As the *Johnson*

court noted:

>             Sending these cases to the MDL is not mandatory.  But the benefits
> of transferring them to the MDL—the body established by Congress
> specifically to ameliorate the duplicative litigation and the valuable waste of
> judicial resources—are obvious:   Once transferred, the jurisdictional
> objections can be heard and resolved by a single court...The rewards of
> this approach are consistency and economy. [1]

        Even when jurisdictional issues have been raised, transfer to the MDL is appropriate. *Id.*

A stay promotes judicial efficiency because it prevents duplication of effort by the court if a case

is later transferred to an MDL.  If no stay is granted, and the case is later transferred to an MDL,

the transferor court will have "needlessly expended its energies familiarizing itself with the

intricacies of a case that would be heard by another judge [and] any efforts on behalf of...[the

transferor] court concerning case management will most likely have to be replicated by the

---

[1] *Johnson v. AMR Corp.,* 1996 WL 164415 (N.D. Ill., 1996) at *3.

Doc ID BARNT-24347
4952-0026

judge that is assigned to handle the consolidated litigation..."[2]  For these reasons, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved."[3]

Courts have held that the reasons for imposing a stay are particularly compelling where, as here, there are common legal issues in actions being considered for MDL treatment.  In such circumstances, absent a stay, there is an undesirable risk of inconsistent decisions.  See *e.g.,* *Ivy v. Diamond Shamrock Chem. Co.*, 901 F.2d 7,9 (2d Cir. 1990)(affirming Panel's rejection of plaintiffs' request that remand motion be decided by transferor court; "[t]he jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation," and "[c]onsistency as well as economy is thus served" if "the jurisdictional objections . . . [are] heard and resolved by a single court"); *Boudreaux v. Metropolitan Life Ins. Co.*, Civ.A.No. 95-138, 1995 WL 83788 at *2 (E.D. La. 1995)(granting stay to prevent litigation of jurisdictional issues in multiple district courts and eliminate possibility of conflicting results).  Indeed, the MDL Panel itself has repeatedly urged that remand motions be heard by transferee courts in order to promote consistency and judicial efficiency. See *e.g.,* *In re Federal Elec. Campaign Act Litig.*, 511 F. Supp. 821, 824 (J.P.M.L. 1979)("Transfer under Section 1407 at the present time will permit a single judge to consider [remand] motions and thus will have the salutary effect of promoting judicial economy and avoiding inconsistent adjudications regarding this particular issue"); *In re Air Crash Disaster at Florida Everglades on Dec. 29, 1972,* 368 F. Supp. 812, 813 (J.P.M.L. 1973)(refusing to delay transfer decision to permit transferor court to rule on plaintiffs' remand motions because the transferee court had

---

[2] *Rivers* at 1360-1361.
[3] *Id.* at 1362.

- 4 -

power to consider issue of remand and consolidation would eliminate possibility of conflicting pre-trial rulings).

Consistent with these principles, a number of other federal district courts handling PPA actions recently have declined to hear remand motions, and instead have stayed proceedings pending transfer by the MDL Panel. In Louisiana alone, over 60 actions similarly situated have been stayed by federal district courts.[4] For example, on January 23, 2002, Judge Sarah Vance of the Eastern District of Louisiana granted defendants a stay pending MDL transfer. *Dyson v. American Home Products Corp.*, No. 01-3548 (E.D. La., Jan. 23, 2002) (attached to the accompanying Motion as Exhibit "C"). Judge Vance held that fraudulent joinder issues in that

---

[4] See e.g. *Evans v. Bayer Corporation*, No. 01-CV1486 (W.D. La.); (2) *Moore v. Bayer Corporation*, No. 01-CV1487 (W.D. La.); (3) *Samuels v. Bayer Corporation*, No. 01-CV1488 (W.D. La.); (4) *Thomas v. Bayer Corporation*, No. 01-CV1489 (W.D. La.); (5) *Holmes v. Bayer Corporation*, No. 01-CV1490 (W.D. La.); (6) *Hill, Jr. v. Bayer Corporation*, No. 01-CV1499 (W.D. La.); (7) *Maiden v. Bayer Corporation*, No. 01CV1500 (W.D. La.); (8) *Rambo v. Bayer Corporation*, No. 01-CV1626 (W.D. La.); (9) *O'Neal v. Bayer Corporation*, No. 01-CV1627 (W.D. La.); (10) *Whitaker v. Bayer Corporation*, No. 01-CV1628 (W.D. La.); (11) *Bowman v. Bayer Corporation*, No. 01-CV1629 (W.D. La.); (12) *Baker v. Bayer Corporation*, No. 01-CV1630 (W.D. La.); (13) *Speed v. Bayer Corporation*, No. 01-CV1631 (W.D. La.); (14) *Calhoun v. Bayer Corporation*, No. 01-CV1632 (W.D. La.); (15) *Bolden v. Bayer Corporation*, No. 01-CV1634 (W.D. La.); (16) *Waters v. Bayer Corporation*, No. 01CV1819 (W.D. La.); (17) *Moore v. Bayer Corporation*, No. 01-CV1801 (W.D. La.); (18) *Walker v. Bayer Corporation*, No. 01-CV1818 (W.D. La.); (19) *Ruffen v. Bayer Corporation*, No. 01-CV-1744 (W.D. La.); (20) *Douglas v. Bayer Corporation*, No. 01-CV1742 (W.D. La.); (21) *Jackson v. Bayer Corporation*, No. 01CV1697 (W.D. La.); (22) *James v. Bayer Corporation*, No. 01-CV1696 (W.D. La.); (23) *King v. Bayer Corporation*, No. 01-CV1745 (W.D. La.); (24) *Metcalf v. Bayer Corporation*, No. 01-CV1694 (W.D. La.); (25) *Thompson v. Bayer Corporation*, No. 01CV1698 (W.D. La.); (26) *Turner v. Bayer Corporation*, No. 01-CV1739 (W.D. La.); (27) *Wiley v. Bayer Corporation*, No. 01CV1660 (W.D. La.); (28) *Wright v. Bayer Corporation*, No. 01-CV1695 (W.D. La.); (29) *Young v. Bayer Corporation*, No. 01CV1743 (W.D. La.); (30) *Hill v. Bayer Corporation*, No. 01-CV1741 (W.D. La.); (31) *Johnson v. Bayer Corporation*, No. 01CV1746 (W.D. La.); (32) *McCall v. Bayer Corporation*, No. 01-CV1740 (W.D. La.); (33) *George v. Bayer Corporation*, No. 01-CV1922 (W.D. La.); (34) *Clinton v. Bayer Corporation*, No. 01-CV-1943 (W.D. La.); (35) *Foster v. Bayer Corporation*, No. 01-CV-1940 (W.D. La.); (36) *Jones v. Bayer Corporation*, No. 01-CV-1941 (W.D. La.); (37) *Hampton v. Bayer Corporation*, No. 01-CV-1945 (W.D. La.); (38) *Ashley v. Bayer Corporation*, No. 01CV1942 (W.D. La.); (39) *Perksin v. Bayer Corporation*, No. 01-CV-1946 (W.D. La.); (40) *Johnson v. Bayer Corporation*, No. 01-CV-1944 (W.D. La.); (41) *Claville v. Bayer Corporation*, No. 01-CV-1896 (W.D. La.); (42) *Johnson v. Bayer Corporation*, No. 01-CV-1895 (W.D. La.); (43) *Lathon v. Bayer Corporation*, No. 01-CV-1984 (W.D. La.); (44) *Gray v. Bayer Corporation*, No. 01-CV176 (W.D. La.); (45) *Bowman v. Bayer Corporation*, No. 01-CV1802 (W.D. La.); (46) *Monk v. Bayer Corporation*, No. 01-CV1760 (W.D. La.); (47) *McFee v. Bayer Corporation*, No. 01-CV1820 (W.D. La.); (48) *Delaney v. Bayer Corporation*, No. 01-CV1813 (W.D. La.); (49) *Goins v. Bayer Corporation*, No. 01-CV1598 (W.D. La.); (50) *Hudson v. Bayer Corporation*, No. 01-CV1391 (W.D. La.); (51) *Stephenson v. Bayer Corporation*, No. 01-CV1159 (W.D. La.); (52) *Williams v. Bayer Corporation*, No. 01-1633 (W.D. La.); (53) *Williams v. Bayer Corporation*, No. 01-1597 (W.D. La.); (54) *Davis v. Bayer Corporation*, No. 01-CV-2587 (W.D. La.); (55) *Finnester v. Whitehall Robins Healthcare*, No. 01-CV-2073) (W.D. La.); (56) *Williams v. GlaxoSmithKline, PLC*, No. 01-1981 (W.D. La.); (57) *Craft v. Whitehall Robins Healthcare*, No. 01-3490 (E.D. La.); (58) *Dyson v. American Home Products*, No. 01-3548 (E.D. La.); (59) *Garcia v. Smithkline Beecham Corp*, No. 01-3424 (E.D. La.); (60) *Martin v. Bayer Corporation*, No. 01-3477 (E.D. La.); (61) *Peterson v. Bayer Corporation*, No. 01-3467 (E.D. La.); and (62) *Phillips v. Smithkline Beecham Corp*, No. 01-3448

- 5 -

case "are likely to be common to other transferred cases, [and thus] the policies of efficiency and consistency of pre-trial rulings are furthered by a stay of the proceedings in this Court pending a decision on the transfer of this case to the MDL." *Id.* at 4.  See also *Craft v. Whitehall-Robins Health Care,* No. 01-3490 (E.D. La., Jan. 23, 2002) (same) (attached to the accompanying Motion as Exhibit "D").

On October 16, 2001, Judge Doherty of the federal district court for the Western District of Louisiana issued an order in *Gray v. Bayer Corp.*, No. 01-1761 (W.D. La.) (attached to the accompanying Motion as Exhibit "E"), staying that case "pending final ruling of the Judicial Panel on Multidistrict Litigation on Transfer" to MDL-1407.  Also, on October 16, 2001, Magistrate Judge Kirk of the Western District of Louisiana issued a report in *Bowman v. Bayer Corp.*, No. 01-1802-A (attached to the accompanying Motion as Exhibit "G"), recommending a stay of that case pending the Panel's final determination on transfer.  Magistrate Kirk issued a similar Report in *Monk v. Bayer Corp.*, No. 01-1760-A (attached to the accompanying Motion as Exhibit "H"), and in *McFee v. Bayer Corp.*, No. 01-1820-M at fn. 1 (attached to the accompanying Motion as Exhibit "I").  Magistrate Kirk recognized that "it makes no sense for this court to decide the remand issue in each of the cases now pending before it and for myriad other federal courts across the land to be required to study the record, research the law and write opinions on the identical issue.  In other words, judicial economy is a strong factor in this case in favor of a stay." *Id.* at 5.  Judge James adopted Magistrate Kirk's recommendation in the *McFee* case and entered judgment staying that case "pending final determination by the Panel on Multidistrict Litigation as to whether a final order of transfer will be entered."[5]

---

(E.D. La.). (Copies of these Orders which are not designated as an Exhibit are attached as Exhibit "F" to the accompanying Motion).

[5] The Plaintiffs in *Monk*, *Bowman* and *McFee* withdrew their opposition to the conditional transfer and those cases were subsequently transferred to the Western District of Washington.

- 6 -

A federal district court in Mississippi reached the same conclusion in *Drayton v. Novartis Consumer Health, Inc.*, No. 5: 01-CV-265 (S.D. Miss., Oct. 4, 2001) (attached to the accompanying Motion as Exhibit "J"), another PPA case that has been conditionally transferred to MDL 1407. The Court in *Drayton* granted the defendant's motion to stay all proceedings, including the plaintiff's motion to remand, pending the Panel's final decision on whether to transfer the case to the MDL proceeding. The court found that it was advisable to defer ruling on the motion to remand, that plaintiff would not be unduly prejudiced by the stay pending the Panel's decision on the transferability of the case, and that a stay would serve the interests of judicial economy.

Similarly, Judge Phillips of the Central District of California ordered a stay of all proceedings pending a transfer to the MDL, including consideration of the pending remand motion in *Shubin v. American Home Products*, No. ED.-CV-02-15 (C.D. Cal., February 13, 2002) (copy attached to the accompanying Motion as Exhibit "K").

Although no Texas Court has considered this issue with respect to PPA, federal district courts in Texas have entered stays in similar circumstances. For instance, Judge Walter S. Smith, Jr. of the Western District of Texas, Waco Division granted a stay of all proceedings, including a decision with respect to plaintiff's motions to remand, because of the potential transfer of the case to the Rezulin MDL. *Hernandez v. Parke-Davis, et. al.*, No. W-08-CA-266 (attached to the accompanying Motion as Exhibit "L"). *See also Abudei v. Warner-Lambert Co.*, C.A. No. G-01-604 (S.D. Tex. Nov. 28, 2001) (attached to the accompanying Motion as Exhibit "M") (deferring ruling regarding fraudulent joinder of Texas pharmacy and misjoinder of plaintiffs who did not allege a connection with pharmacy defendant to allow it to be resolved by the transferee court upon final transfer, but remanding claims of the one plaintiff who alleged a connection with a non-diverse physician).

- 7 -

As the case law holds, "[t]he *general rule* is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [Judicial Panel] has transferred the case . . ." *Jackson v. Johnson & Johnson, Inc.,* No. 01-2113, slip op. at 11 (W.D. Tenn. Apr. 3, 2001) (emphasis added) (attached to Motion as Exhibit "N"). Moreover, permitting Judge Rothstein to decide pending remand motions in PPA cases promotes efficiency and uniformity, which is the purpose of the MDL proceeding. *Ivy* at 9. Accordingly, to conserve valuable judicial resources and avoid the possibility of inconsistent rulings on the core issue of whether federal jurisdiction exists, this action should be stayed pending action by the MDL Panel on defendants' tag-along notice.

### B.    A Stay Does Not Unduly Prejudice the Plaintiff

Plaintiff will not be unduly prejudiced by a temporary stay.  If Plaintiff timely opposes transfer, the Panel will address Plaintiff's objections at its next appropriate session. *See* R.P.J.P.M.L. 7.4(d).   The delay will likely be brief and does not warrant denying NCH's requested stay. *See, e.g., American Seafood, Inc. v. Magnolia Processing*, 1992 WL 102762 (E.D. Pa. May 7, 1992) at *1 (granting motion to stay pending ruling by Panel and noting that "[t]he plaintiffs will not be substantially prejudiced by staying this action pending the decision of the JPML.  The stay which the court orders will only be in effect until the JPML issues its decision.").

In fact, as Judge Rothstein has already begun ruling on motions to remand in matters transferred to the MDL, any delay in ruling on Plaintiff's remand motion, if any, would also be brief.  On January 31, 2002, Judge Rothstein issued an order denying plaintiffs' motion to remand in *Deuel v. Ethex Corp.*, No. C01-1879 (attached to the accompanying Motion as Exhibit "O").  Subsequently, on February 26, 2002, Judge Rothstein issued orders denying remand in *Johnson v. Bayer Corp.*, No. C01-2014R (Exhibit "P") and *Jones v. Bayer Corp.*, No.

- 8 -

C01-2018R (Exhibit "Q").  Moreover, the remand motions in both *Johnson* and *Jones* were originally filed in federal district courts in Louisiana and those courts stayed the consideration of the remand motions pending final transfer of the case to the MDL.  See Exhibit "F" attached to the accompanying Motion.  Accordingly, as the MDL Court already has ruled and is in the process of ruling on pending remand motions, Plaintiffs will not be prejudiced by the brief delay in consideration of their Motion to Remand, if any.

Moreover, any potential prejudice from a short delay is far outweighed by the benefits of issuing a stay that promotes judicial efficiency and avoids inconsistent results.  A stay would be limited to the brief period until the Panel decides whether to transfer and consolidate the instant action in MDL-1407.  At that point, the Plaintiff may proceed in the Western District of Washington if the transfer is ordered, or in this Court if the transfer is denied.  Under these circumstances, the benefits of a temporary stay minimize and outweigh any potential prejudice to the Plaintiff.  See, e.g., *Weinke v. Microsoft Corp.*, 84 F. Supp.2d 989, 990 (W.D. Wis. 2000) (rejecting plaintiff's assertions that a stay pending resolution of transfer issues would result in a "prolonged delay" and holding that plaintiff's "cursory assertions of prejudice do not outweigh the disadvantages of litigating identical claims in a multitude of venues . . . [and] in light of the pending MDL ruling on transfer . . . this action should be stayed in the interest of judicial economy and to avoid inconsistent results.").  See also *Martin v. Bayer Corp.*, No. 01-3477 (E.D. La. Jan. 14, 2002) (wherein Judge Duval reasons that the plaintiff is not prejudiced because "she can file objections to the transfer of her case before the MDL Panel and because the stay is only in effect until the MDL Panel issues its resolution.") (attached to the accompanying Motion as Exhibit "F").

In contrast, NCH and the other Defendants will be substantially prejudiced if the Court denies the stay.  A temporary stay will prevent Defendants from incurring the unnecessary

- 9 -

expense of engaging in duplicative pretrial proceedings. As Magistrate Judge Kirk noted in *Bowman*, "it would be manifestly unfair to require these defendants, which have been named as defendants in dozens of other similar cases, to defend each of those cases independently." *See* Exhibit "G." The potential for duplicative pretrial motions and jurisdictional objections represents the sort of "hardship and inequity" that courts consider when deciding a motion to stay. *See Aikens v. Microsoft Corp.*, 2000 WL 310391 at *2 (E.D. La. March 24, 2000) (finding a stay was appropriate to avoid "considerable hardship and inequity" to a defendant faced with multiple suits, many with similar jurisdictional objections, in multiple courts). This sort of duplicative pretrial activity is exactly what the MDL proceeding for PPA cases is designed to prevent. *See* Exhibit "A" attached to the accompanying Motion, MDL Transfer Order at p. 2.

### III.  Conclusion

For the foregoing reasons, this Court should grant NCH's Motion for Temporary Stay and stay all pretrial proceedings, including but not limited to a stay of all motions, hearings, disclosures and deadlines established by the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Scheduling Order issued in this matter.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
Brownsville, TX  78520
956-542-7441
956-541-2170 – Fax

By: _____

Mitchell C. Chaney
State Bar No. 04107500
Federal I.D. 1918
Teri L. Danish
State Bar No. 05375320
Federal I.D. 12862

- 10 -

Jeff D. Otto
Tasha L. Barnes
THOMPSON, COE, COUSINS & IRONS, L.L.P.
701 Brazos, Suite 1500
Austin, TX  78701
512-708-8200
512-708-8777 – Fax

Michael D. Robbins
Andrew R. Harvin
DOYLE RESTREPO HARVIN & ROBBINS LLP
600 Travis, Suite 4700
Houston, TX 77002
713- 228-5100
713-228-6138 – Fax

***ATTORNEYS FOR DEFENDANT NOVARTIS
CONSUMER  HEALTH, INC.***

Randolph S. Sherman
Lori B. Leskin
Danielle E. Finck
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022

*Of Counsel*

- 11 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been delivered to the following counsel of record by facsimile, certified mail, return receipt requested, or by regular mail on this *12* day of April, 2002.

### *By Regular Mail*

Brynley James   *Fax 210-270-7205*
Fulbright & Jaworski, L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205-3792

J. Mark Jones *Fax  803-255-9037*
David E. Dukes
James F. Rogers
Kennan Building, Third Floor
1330 Lady Street
Columbia, SC  29201

Alan Vickery   *Fax  469-227-8004*
Sedgwick, Detert, Moran & Arnold
1717 Main Street, Suite 5400
Dallas, TX  75201

Tony Canales   *Fax 361-884-7023*
Canales & Simonson
2601 Morgan Avenue
P.O. Box 5624
Corpus Christi, TX  78465-5624

Ken Ferguson   *Fax  512-474-1129*
Michael Klatt
Kelly Kimbrough
Clark, Thomas & Winters
P.O. Box 1148
Austin, TX  78767

Ana Lisa Garza   *Fax  956-487-8300*
Ramirez & Garza, L.L.P.
509 N. San Antonio Street
Rio Grande City, TX  78582

Brian P. Johnson    *Fax  713-222-2226*
Frank Doyle
Hanen, Johnson
& Spalding, LLP
910 Travis, Ste. 1700
Houston, TX  77002

Margaret Brenner *Fax  713-650-0027*
Hays, McConn, Rice & Pickering
400 Two Allen Center
1200 Smith Center
Houston, TX  77002

Danielle Finck    *Fax 212-836-8689*
Lori Leskin
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022-3298

Crisanta Guerra Lozano   *Fax 956-542-0016*
Roerig, Oliviera & Fisher
555 W. Price Rd., Suite 9
Brownsville, TX  78520

Brent Kugler   *Fax  214-468-8803*
Daniel Sheehan & Associates, LLP
Chase Tower, 2200 Ross Avenue, Suite 3060
Dallas, Texas 75201

James Williams
Miller & Martin
Suite 1000 Volunteer Bldg.
832 Georgia Avenue
Chattanooga, TN  37402-2289

- 12 -

Doc ID BARNT-24347
4952-0026

Keith R. Taunton  *Fax 713-993-2308, 2309*
Tucker, Taunton, Snyder & Slade
Eight Greenway Plaza, Suite 1200
Houston, TX  77046

Kenneth C. Baker  *Fax 281-481-1063*
The Baker Law Firm
12600 Featherwood, Suite 225
Houston, TX  77034

D. Joseph Hurson   *Fax 206-223-7107*
Lane Powell Spears Lubersky LLP
1420 Fifth Avenue, Suite 4100
Seattle, WA  10022-3298

*By Certified Mail,*
*Return Receipt Requested*

Nelda Talamantes  *Fax  214-357-7252*
Ron C. Eddins
David C. Greenstone
C. Andrew Waters
Peter A. Kraus
Waters & Kraus, L.L.P.
3219 McKinney Avenue, Suite 3000
Dallas, TX  75204

Frank Costilla
Law Offices of Frank Costilla
5 E. Elizabeth Street
Brownsville, TX  78523

Mitchell C. Chaney

Doc ID BARNT-24347
4952-0026

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 7 2002

FILED
CLERK'S OFFICE

### DOCKET NO. 1407

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-12)

On August 28, 2001, the Panel transferred eight civil actions to the United States District Court for the Western District of Washington for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. Since that time, more than 355 additional actions have been transferred to the Western District of Washington. With the consent of that court, all such actions have been assigned to the Honorable Barbara Jacobs Rothstein.

It appears that the actions listed on the attached schedule involve questions of fact which are common to the actions previously transferred to the Western District of Washington and assigned to Judge Rothstein.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), the actions listed on the attached schedule are hereby transferred under 28 U.S.C. §1407 to the Western District of Washington for the reasons stated in the order of August 28, 2001, 149 F.Supp.2d 931 (J.P.M.L. 2001), and, with the consent of that court, assigned to the Honorable Barbara Jacobs Rothstein.

This order does not become effective until it is filed in the office of the Clerk of the United States District Court for the Western District of Washington. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Michael J. Beck
Clerk of the Panel



## SCHEDULE CTO-12-TAG ALONG CASES
## DOCKET NO. 1407
## IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION

**DISTRICT DIV CIVIL ACTION#**

**ALABAMA NORTHERN**
| | | | |
|---|---|---|---|
| ALN | 2 | 02-408 | Beasley v. American Home Products Corp., et al. |
| ALN | 2 | 02-409 | Mapper v. American Home Products Corp., et al. |

**CALIFORNIA CENTRAL**
| | | | |
|---|---|---|---|
| CAC | 2 | 01-9404 | Casanova, et al. v. Vons Companies, Inc. |
| CAC | 5 | 02-151 | Roebuck, et al. v. Procter & Gamble Pharmaceuticals, Inc., et al. |
| CAC | 8 | 01-1050 | Archer, et al. v. Whitehall-Robins, et al. |

**CALIFORNIA NORTHERN**
| | | | |
|---|---|---|---|
| CAN | 3 | 01-21022 | Pusateri v. Whitehall-Robins, et al. |
| CAN | 3 | 01-21023 | DeAngelo v. Costco Wholesale Corp., et al. |
| CAN | 3 | 01-21024 | Jennings, et al. v. Whitehall-Robins, et al. |
| CAN | 5 | 02-969 | Goede, et al. v. Whitehall-Robins Healthcare Corp., et al. |

**COLORADO**
| | | | |
|---|---|---|---|
| CO | 1 | 02-240 | Roberts-Weisner, et al. v. Whitehall-Robins, et al. |

**KENTUCKY WESTERN**
| | | | |
|---|---|---|---|
| KYW | 3 | 01-707 | Figg v. American Home Products Corp., et al. |

**LOUISIANA EASTERN**
| | | | |
|---|---|---|---|
| LAE | 2 | 02-413 | Mercier v. Cielino Pharmacy, et al. |
| LAE | 2 | 02-462 | Munch, et al. v. Schering-Plough Corp. |
| LAE | 2 | 02-482 | Bickham, et al. v. American Home Products Corp., et al. |
| LAE | 2 | 02-519 | Trahan v. Whitehall-Robins Healthcare, et al. |
| LAE | 2 | 02-524 | Parker, et al. v. American Home Products Corp., et al. |
| LAE | 2 | 02-539 | Bailey v. Bayer Corp., et al. |
| LAE | 2 | 02-540 | Johnson v. Bayer Corp., et al. |
| LAE | 2 | 02-569 | Spencer v. Bayer Corp., et al. |

**LOUISIANA MIDDLE**
| | | | |
|---|---|---|---|
| LAM | 3 | 02-196 | Sparks, et al. v. Novartis Consumer Health, Inc., et al |
| LAM | 3 | 02-200 | Barcelona v. Bayer Corp., et al. |
| LAM | 3 | 02-207 | Metevia v. Bayer Corp., et al. |
| LAM | 3 | 02-210 | Emery v. Bayer Corp., et al. |
| LAM | 3 | 02-211 | Norwood v. Bayer Corp., et al. |
| LAM | 3 | 02-212 | Leatherman v. Bayer Corp., et al. |
| LAM | 3 | 02-213 | Bates v. Chattem, Inc., et al. |
| LAM | 3 | 02-214 | Williams v. Bayer Corp., et al. |

**LOUISIANA WESTERN**
| | | | |
|---|---|---|---|
| LAW | 2 | 02-299 | Temple, et al. v. American Home Products Corp., et al. |
| LAW | 3 | 02-364 | Tibbit v. Bayer Corp., et al. |
| LAW | 5 | 02-338 | Greene, et al. v. SmithKline & Beecham Corp. |
| LAW | 5 | 02-365 | Alluma v. Whitehall-Robins Healthcare, et al. |

**NORTH CAROLINA WESTERN**
| | | | |
|---|---|---|---|
| NCW | 1 | 01-224 | Lamb v. Bayer Corp. |

**NEW MEXICO**
| | | | |
|---|---|---|---|
| NM | 1 | 01-852 | Faustino, et al. v. American Home Products Corp., et al |

**NEW YORK SOUTHERN**
| | | | |
|---|---|---|---|
| NYS | 1 | 02-582 | Sharey, et al. v. Novartis Pharmaceuticals, Inc., et al |

**OHIO NORTHERN**
| | | | |
|---|---|---|---|
| OHN | 1 | 02-302 | Miller, etc. v. American Home Products Corp., et al. |

**OKLAHOMA WESTERN**
| | | | |
|---|---|---|---|
| OKW | 5 | 02-48 | Moore v. Perrigo Co. |

**TEXAS NORTHERN**
| | | | |
|---|---|---|---|
| TXN | 3 | 02-322 | Miller v. Thompson Medical Co., Inc., et al. |

**TEXAS SOUTHERN**
| | | | |
|---|---|---|---|
| TXS | 4 | 01-3795 | Massey, et al. v. Sandoz Pharmaceutical Corp., et al. |
| TXS | 4 | 02-660 | Ethel v. Whitehall-Robins Healthcare, et al. |

# KAYE SCHOLER LLP

Danielle E. Finck
212 836-7511
Fax 212 836-6554
dfinck@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

April 5, 2002

**VIA FEDERAL EXPRESS**

Ms. April Layne
Docket Clerk
Judicial Panel on Multidistrict Litigation
One Columbus Circle, N.E.
Room G-255
Thurgood Marshall Federal Judiciary Building
Washington, D.C. 20002-8004

      Re:    MDL-1407 -- In re Phenylpropanolamine (PPA) Products Liability Litigation
              **Tag Along Notice**

Dear Ms. Layne:

        Pursuant to Rule 13(e) of Rules of Procedure of the Judicial Panel on Multidistrict Litigation, defendant Novartis Consumer Health, Inc. is hereby notifying you of an additional potential tag-along action to the above-captioned MDL proceeding - *Francisco Sanchez vs. American Home Products Corporation, et al.* (Case No. B-02-066) currently pending in the Southern District of Texas, Brownsville Division. Novartis Consumer Health, Inc. requests that tag-along procedures be utilized in transferring this action to the Western District of Washington.

        For your convenience, we are providing you with the removal papers and complaint.

        Please contact me if you have any questions or require any additional information.

        Thank you for your assistance.

                        Sincerely,

                        Danielle E. Finck, Esq.

Enclosures

cc:    Attached Service List

30445536.WPD

NEW YORK    CHICAGO    LOS ANGELES    WASHINGTON, D.C.    WEST PALM BEACH    HONG KONG    LONDON    SHANGHAI

FILE No. 816 04/10 '02 12:46 ID:SESSIONS FISHMAN          504 582 1555                    PAGE   2

**FILED**
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10 / 17 / 2001
BY _____

UNITED STATES DISTRICT COURT

RECEIVED WESTERN DISTRICT OF LOUISIANA

OCT 0 9 2001          MONROE DIVISION

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

BOBBIE GRAY

VERSUS                          CIVIL ACTION NO. 01-1761

BAYER CORPORATION ET AL.         JUDGE DOHERTY
                                 MAGISTRATE JUDGE KIRK

## <u>O R D E R</u>

Based on the foregoing:

**IT IS ORDERED** that all proceedings herein be and are hereby **STAYED** pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

**THIS DONE AND SIGNED** in Lafayette, Louisiana, on this the _____ day of

_October_, 2001.

JUDGE





FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JAN 23 PM 1:36

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

LYDIA DYSON                          CIVIL ACTION

VERSUS                              NO: 01-3548

AMERICAN HOME PRODUCTS CORP.,        SECTION: "R"(1)
ET AL.

### ORDER AND REASONS

   Before the Court is defendants' motion for a stay.  For the
following reasons, the Court grants the motion.

I.   **BACKGROUND**

   On October 19, 2001, Lydia Dyson filed a petition for
damages in state court against the American Home Products
Corporation, Whitehall-Robins Health Care, Chattem, Inc.,
Thompson Medical Company[1], ABC Insurance Company, DEF Insurance
Company, GHI Insurance Company, and Boudreaux's Family Pharmacy.
Plaintiff seeks damages for injuries she allegedly sustained as a

---

   [1]As a result of a merger between Thompson and The Delaco
Company, the defendant will be referred to as "Delaco."



DATE OF ENTRY
JAN 2 3 2002



Fee_____
Process____
X_ Dktd____
  CtRmDep___
  Doc. No.___

FILE No. 816 04/10 '02 12:47 ID:SESSIONS FISHMAN          504 58^ 1555                PAGE : 4

result of ingesting the medications Dimetapp and Dexatrim, two
over-the-counter medications that contain Phenylpropanolamine
(PPA). Defendants Delaco and Chattem removed the case to this
Court on November 28, 2001, invoking the Court's diversity
jurisdiction. Defendants move to stay all proceedings pending
transfer by the Judicial Panel on Multidistrict Litigation.
Defendants maintain that a stay is appropriate pending a
determination by the MDL on whether to transfer the case to the
Western District of Washington because it will conserve judicial
resources, and it will avoid the risk of inconsistent pre-trial
rulings. In opposition to defendants' motion, plaintiff contends
that this Court is better suited to rule on the issues of
Louisiana law implicated in plaintiff's complaint and in
plaintiff's pending motion to remand. Plaintiff also contends
that a stay will delay the matter and cause her unnecessary
expense.

II.  DISCUSSION

     "The pendency of the transfer order does not in any way
defeat or limit the authority of this Court to rule upon matters
properly presented to it for decision." *Calvin Boudreaux v.*
*Metropolitan Life Ins. Co.*, 1995 WL 83788, *1 (E.D. La.
1995)(*citing In re Air Crash at Paris, France*, 376 F.Supp. 887
(JPML 1974)). The decision whether to stay proceedings is

2

discretionary, and the exercise of discretion is guided by the

policies of justice and efficiency.  *Id.*

Judicial economy would be served by a stay pending the

transfer if the issues involved in the remand motion are likely

to arise in the cases that have been or will be transferred to

the Western District of Washington.  *In re Ivy,* 901 F.2d 7, 9 (2d

Cir. 1990).  The transferee judge "certainly has the power to

determine the question of remand," and if the remand issues are

common to many of the PPA cases, decisions by the transferee

judge would avoid "duplicative discovery and conflicting pretrial

rulings."  *Calvin Boudreaux,* 1995 WL 83788 at *2 (quoting *In re

Air Crash Disaster at Florida,* 368 F.Supp. 812, 813 (JPML 1973)).

Here, defendants challenge the joinder of the nondiverse

defendant on a number of grounds.  For example, defendants claim

that plaintiff's Louisiana redhibition claims are time-barred and

that even viewing the undisputed facts in the light most

favorable to plaintiff, no reasonable basis exists under which

plaintiff could prevail against the nondiverse defendant.  As

Magistrate Judge Kirk noted in a ruling on a motion to stay in a

PPA case in the Western District of Louisiana, there are numerous

cases in districts throughout Louisiana alleging damages as a

result of the ingestion of PPA in which the plaintiffs assert

Louisiana redhibition claims against nondiverse retail sellers.

3

See Def.'s Ex. D, *James Bowman v. Bayer Corporation, et al.,* No. 01-1802-A, at 2.  Additionally, a number of cases involving PPA have been consolidated and transferred to the Western District of Washington, including a case out of the Western District of Louisiana, and many other Louisiana cases have been conditionally transferred and await a final ruling.  *See* Def.'s Ex. A, *In re Phenylpropanolamine (PPA) Products Liability Litigation,* Transfer Order, MDL No. 1407, August 28, 2001; Def.'s Ex. B, *In re Phenylpropanolamine (PPA) Products Liability Litigation,* Conditional Transfer Order,  MDL No. 1407, September 20, et seq.. The Court finds that because the issues involved in this remand are likely to be common to other transferred cases, the policies of efficiency and consistency of pre-trial rulings are furthered by a stay of the proceedings in this Court pending a decision on the transfer of this case to the MDL.

## III. Conclusion

For the foregoing reasons, the Court GRANTS defendants' motion for a stay of the proceedings.


New Orleans, Louisiana, this 23 day of January, 2002.


SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

4

FILE No. 816 04/10 '02 12:48 I'' SESSIONS FISHMAN          504 582 '555                          PAGE  7

MINUTE ENTRY
FELDMAN, J.
January 23, 2002

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JAN 23  PM 3: 41

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WALLACE CRAFT, SR., ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 01-3490 |
| WHITEHALL-ROBBINS HEALTH CARE, ET AL. | * | SECTION "F" |

Before the Court are three motions: 1) plaintiffs' motion to remand; 2) American Home Products' motion to dismiss; and 3) defendants' motion for a temporary stay of the proceedings pending a final ruling by the Judicial Panel on Multidistrict Litigation on the transfer of this case to MDL 1407. For the reasons that follow, defendants' motion to stay is granted and plaintiffs' motion to remand and American Home Products' motion to dismiss are denied without prejudice.

This case is one of over 200 personal injury lawsuits filed nationwide by plaintiffs claiming damages as a result of ingesting phenylpropanolamine (PPA). Because the Court finds that these actions share several common issues, and that a stay will promote judicial economy, the case presently before this Court will be stayed pending the hearing on transfer and consolidation by the Judicial Panel on Multidistrict Litigation which will be held in

DATE OF ENTRY

JAN 2 4 2002

March 2002.

Accordingly,

IT IS ORDERED: That defendants' motion to stay is GRANTED. Plaintiff's motion to remand and American Home Products' motion to dismiss are DENIED without prejudice.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

FILED
U.S.DC. WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE ___11___14_01__
BY ___RB___

FRED ASHLEY

VERSUS                                      CIVIL ACTION NO. 01-1942

BAYER CORPORATION ET AL.                    JUDGE WALTER
                                            MAGISTRATE JUDGE PAYNE

## O R D E R

Based on the foregoing:

IT IS ORDERED that all proceedings herein be and are hereby STAYED pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

THIS DONE AND SIGNED in Shreveport, Louisiana, on this the 14th day of

November, 2001.

_____
MAGISTRATE JUDGE

COPY SENT:
DATE: 11/15/01
BY: RB
TO: Dilibuto
    Penton
    Singleton
    Blanchard
    Armand
    Kalmbach



RECEIVED

OCT 0 4 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

FILED

USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 11 14 01
BY 013

SAM BAKER

VERSUS

BAYER CORPORATION ET AL.

CIVIL ACTION NO. 01-1630

JUDGE WALTER
MAGISTRATE JUDGE PAYNE

**O R D E R**

Based on the foregoing:

IT IS ORDERED that all proceedings herein be and are hereby STAYED pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

THIS DONE AND SIGNED in Shreveport, Louisiana, on this the 14th day of

November, 2001.

MAGISTRATE JUDGE

COPY SENT:
DATE: 11/15/01
BY: 013
TO: Singleton
Penton
Diliberto
Aumand
Meyer
Richard

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**RECEIVED**

OCT 04 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 11-14-01
BY DB

ELLEN KAY BOLDEN

VERSUS                              CIVIL ACTION NO. 01-1634

BAYER CORPORATION ET AL.            JUDGE WALTER
                                    MAGISTRATE JUDGE PAYNE

## O R D E R

Based on the foregoing:

IT IS ORDERED that all proceedings herein be and are hereby STAYED pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

THIS DONE AND SIGNED in Shreveport, Louisiana, on this the _14th_ day of

_November_, 2001.

Roy S. Payne
MAGISTRATE JUDGE

COPY SENT:
DATE: 11/15/01
BY: DB
TO: Singleton
Penton
Dililecto
Armand
Meyer
Richard

RECEIVED

SEP 2 5 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

FILED

USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK

DATE 11-14-01

BY DB

LORENZO MAIDEN

VERSUS

BAYER CORPORATION, K & B
LOUISIANA CORPORATION, AND
WHITEHALL ROBINS CORPORATION

CIVIL ACTION NO. 01-1500

JUDGE WALTER
MAGISTRATE JUDGE PAYNE

## ORDER

Based on the foregoing:

IT IS ORDERED that all proceedings herein be and are hereby STAYED pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

THIS DONE AND SIGNED in Shreveport, Louisiana, on this the 14th day of

November, 2001.

Roy S. Payne

MAGISTRATE JUDGE

COPY SENT:
DATE: 11/15/01
BY: DB
TO: Langston
    Dililberto
    Penton
    Blanchard
    Armand
    Richard

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JAN 23  PH 3:41

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
FELDMAN, J.
January 23, 2002

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WALLACE CRAFT, SR.,<br>ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 01-3490 |
| WHITEHALL-ROBBINS<br>HEALTH CARE, ET AL. | * | SECTION "F" |

Before the Court are three motions: 1) plaintiffs' motion to remand; 2) American Home Products' motion to dismiss; and 3) defendants' motion for a temporary stay of the proceedings pending a final ruling by the Judicial Panel on Multidistrict Litigation on the transfer of this case to MDL 1407. For the reasons that follow, defendants' motion to stay is granted and plaintiffs' motion to remand and American Home Products' motion to dismiss are denied without prejudice.

This case is one of over 200 personal injury lawsuits filed nationwide by plaintiffs claiming damages as a result of ingesting phenylpropanolamine (PPA). Because the Court finds that these actions share several common issues, and that a stay will promote judicial economy, the case presently before this Court will be stayed pending the hearing on transfer and consolidation by the Judicial Panel on Multidistrict Litigation which will be held in

March 2002.

    Accordingly,

    IT IS ORDERED: That defendants' motion to stay is GRANTED. Plaintiff's motion to remand and American Home Products' motion to dismiss are DENIED without prejudice.

504-589-7654 USDC



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JAN 23  PM 1:36

LORETTA G WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

LYDIA DYSON

VERSUS

AMERICAN HOME PRODUCTS CORP.,
ET AL.

CIVIL ACTION

NO: 01-3548

SECTION: "R"(1)

## ORDER AND REASONS

Before the Court is defendants' motion for a stay.  For the following reasons, the Court grants the motion.

### I.    BACKGROUND

On October 19, 2001, Lydia Dyson filed a petition for damages in state court against the American Home Products Corporation, Whitehall-Robins Health Care, Chattem, Inc., Thompson Medical Company[1], ABC Insurance Company, DEF Insurance Company, GHI Insurance Company, and Boudreaux's Family Pharmacy. Plaintiff seeks damages for injuries she allegedly sustained as a

---

[1]As a result of a merger between Thompson and The Delaco Company, the defendant will be referred to as "Delaco."

DATE OF ENTRY
JAN 2 3 2002

Fee____
Process____
X_ Dktd____
CtRmDep____
Doc. No.____

504-589-7654 USDC

result of ingesting the medications Dimetapp and Dexatrim, two over-the-counter medications that contain Phenylpropanolamine (PPA). Defendants Delaco and Chattem removed the case to this Court on November 28, 2001, invoking the Court's diversity jurisdiction. Defendants move to stay all proceedings pending transfer by the Judicial Panel on Multidistrict Litigation. Defendants maintain that a stay is appropriate pending a determination by the MDL on whether to transfer the case to the Western District of Washington because it will conserve judicial resources, and it will avoid the risk of inconsistent pre-trial rulings. In opposition to defendants' motion, plaintiff contends that this Court is better suited to rule on the issues of Louisiana law implicated in plaintiff's complaint and in plaintiff's pending motion to remand. Plaintiff also contends that a stay will delay the matter and cause her unnecessary expense.

## II.   DISCUSSION

"The pendency of the transfer order does not in any way defeat or limit the authority of this Court to rule upon matters properly presented to it for decision." *Calvin Boudreaux v. Metropolitan Life Ins. Co.*, 1995 WL 83788, *1 (E.D. La. 1995)(citing *In re Air Crash at Paris, France*, 376 F.Supp. 887 (JPML 1974)). The decision whether to stay proceedings is

2

504-589-7654 USDC

discretionary, and the exercise of discretion is guided by the policies of justice and efficiency. *Id.*

Judicial economy would be served by a stay pending the transfer if the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred to the Western District of Washington. *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). The transferee judge "certainly has the power to determine the question of remand," and if the remand issues are common to many of the PPA cases, decisions by the transferee judge would avoid "duplicative discovery and conflicting pretrial rulings." *Calvin Boudreaux*, 1995 WL 83788 at *2 (*quoting In re Air Crash Disaster at Florida*, 368 F.Supp. 812, 813 (JPML 1973)).

Here, defendants challenge the joinder of the nondiverse defendant on a number of grounds. For example, defendants claim that plaintiff's Louisiana redhibition claims are time-barred and that even viewing the undisputed facts in the light most favorable to plaintiff, no reasonable basis exists under which plaintiff could prevail against the nondiverse defendant. As Magistrate Judge Kirk noted in a ruling on a motion to stay in a PPA case in the Western District of Louisiana, there are numerous cases in districts throughout Louisiana alleging damages as a result of the ingestion of PPA in which the plaintiffs assert Louisiana redhibition claims against nondiverse retail sellers.

3

504-589-7654 USDC

See Def.'s Ex. D, *James Bowman v. Bayer Corporation,* et al., No.
01-1802-A, at 2.  Additionally, a number of cases involving PPA
have been consolidated and transferred to the Western District of
Washington, including a case out of the Western District of
Louisiana, and many other Louisiana cases have been conditionally
transferred and await a final ruling.  See Def.'s Ex. A, *In re
Phenylpropanolamine (PPA) Products Liability Litigation,* Transfer
Order, MDL No. 1407, August 28, 2001; Def.'s Ex. B, *In re
Phenylpropanolamine (PPA) Products Liability Litigation,*
Conditional Transfer Order,  MDL No. 1407, September 20, et seq..
The Court finds that because the issues involved in this remand
are likely to be common to other transferred cases, the policies
of efficiency and consistency of pre-trial rulings are furthered
by a stay of the proceedings in this Court pending a decision on
the transfer of this case to the MDL.

III. Conclusion

     For the foregoing reasons, the Court GRANTS defendants'
motion for a stay of the proceedings.


     New Orleans, Louisiana, this 23 day of January, 2002.


                    SARAH S. VANCE
              UNITED STATES DISTRICT JUDGE

4



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JAN 15  PM 12: 30

LORETTA G. WHYTE
CLERK

**MINUTE ENTRY**
**DUVAL, J.**
**January 14, 2002**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DOREEN MARTIN**                           **CIVIL ACTION**

**VERSUS**                                  **NO. 01-3477**

**BAYER CORPORATION, et. al.**              **SECTION "K"(1)**

Before this Court are the following motions: (1) Defendant, Bayer Corporation's, Motion for

Dismissal (rec. doc. 4), (2) Plaintiff's Motion to Remand and Motion for Expedited Hearing on that

Motion, (3) Defendant's Motion for Temporary Stay of Proceedings Pending A Final Ruling of the

Judicial Panel on Multidistrict Litigation and Motion for Expedited Hearing on that Motion, and (4)

Defendant, American Home Products, Motion to Dismiss and  for a More Definite Statement (rec.

doc. 12).  The Court has reviewed the memoranda and relevant law and GRANTS defendant's

Motion to Stay all Proceedings Pending A Final Ruling of the Judicial Panel on Multidistrict

Litigation.

The issues presented in the case at bar are similar to those pending in different sections of

1



this and other Federal District Courts in Louisiana in which plaintiffs have filed suit against Bayer Corporation, American Home Products Corporation, Walgreens, and other defendants asserting violations of Louisiana redhibition law in the sale of certain medications. On August 28, 2001, a MDL Panel in the Western District of Washington issued a transfer order consolidating 14 actions "rooted in complex core questions concerning the safety of Phenylpropanolamine (PPA)" and noted that several cases from the Middle and Western Districts of Louisiana would be treated as "tag along" actions involving common questions of fact with those previously transferred to the MDL panel.

Even with the potential of a transfer order from the MDL panel, this Court maintains jurisdiction to resolve pending motions in the case before it. *See State of Rio De Janeiro of the Federated Republic of Brazil v. Philip Morris Inc.*, 239 F.3d 714 (5th Cir. 2001). However, this Court finds it appropriate to stay the matter pending resolution by the MDL panel for the following reasons: (1) a stay will promote judicial efficiency and decrease the possibility of inconsistent pre-trial rulings on similar points of law and (2) the plaintiff is not prejudiced because she can file objections to the transfer of her case before the MDL panel and because the stay is only in effect until the MDL panel issues its resolution. In either forum (this Court or before the MDL panel) plaintiff will eventually have her motions resolved.

Accordingly,

**IT IS ORDERED** that all proceedings in this Court are hereby stayed until the Judicial Panel on Multidistrict Litigation makes its final determination as to whether this case is to be transferred to the ongoing MDL proceeding.

2

JAN-16-02 WED 12:10 PM                                                    P. 03/06

JAN-11-02 13:36 FROM:ADAMS & REESE                ID:5045858206              PAGE   2/2

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

UNITED STATES DISTRICT COURT        2002 JAN -9  PM 1:19

EASTERN DISTRICT OF LOUISIANA     LORETTA G. WHYTE
CLERK

ALEJANDRO GARCIA                          CIVIL ACTION

VERSUS                                    NO. 01-3424

SMITHKLINE BEECHAM                        SECTION M
CORPORATION, et al.

ORDER

Plaintiff's Motion to Stay Transfer to MDL (Doc. 9), Plaintiff's Motion to Remand

(Doc. 11) and Defendant's Motion to Dismiss (Doc. 7) came for hearing without oral

argument. After consideration of the motions and the opposition thereto, the Court rules

as follows:

The Motion to Stay Transfer to MDL is DENIED.

The Motion to Remand and the Motion to Dismiss are CONTINUED pending a final

ruling by the Judicial Panel on Multidistrict Litigation on the transfer of the case to MDL

1407.

New Orleans, Louisiana, this 9 day of January, 2002.

Peter Beer
United States District Judge

JAN-16-02 WED 12:11 PM                                                            P. 04/06

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH PETERSON, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 01-3467** |
| **BAYER CORPORATION, ET AL** | **SECTION: L** |

### WEDNESDAY, JANUARY 9, 2002, 9:00 AM
### BEFORE JUDGE ELDON E. FALLON

Courtroom Deputy: Gaylyn Lambert
Court Reporter: O. J. Robert

Appearances: John Sileo, Esq. & Gerald Calogero, Esq. for plaintiffs
    John Olinde, Esq. & Mary Meyer, Atty. for Bayer Corp.
    Edward Rice, Jr., Esq. & Tyson Shofstahl, Esq. for Whitehall-Robbins
    Health Care and American Home Products Corp.

---

Motion of defendants, Bayer Corp., Whitehall-Robbins and American Home Products
Corporation, for a Temporary Stay of Proceedings Pending a Final Ruling of the Judicial
Panel on Multidistrict Litigation on Transfer of this Case to MDL 1407:

Argument - GRANTED.

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JAN 14  AM II: 35

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WENDELL PHILLIPS | * | CIVIL ACTION |
| VERSUS | * | NO. 01-3448 |
| SMITHKLINE BEECHAM CORPORATION, et al. | * | SECTION M |

## ORDER

Defendant's Motion for Temporary Stay of Proceedings (Doc. No. 13) is **GRANTED**.

New Orleans, Louisiana, this 14th day of January, 2002.

Peter Beer
United States District Judge

Fee _____
Process _____
X Dktd _____
✓ CtRmDep _____
Doc.No. 15

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA·DIVISION

**FILED**
USDC, WESTERN DISTRICT OF. LA
ROBERT H. SHEMWELL, CLERK
DATE 10 , 19 , 01
BY ____ Tw

JAMES BOWMAN                    CIVIL ACTION NO.·01-1802-A

VERSUS                         U.S. DISTRICT JUDGE TOM STAGG

BAYER CORPORATION, et al    U.S. MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is plaintiff's motion to remand [Doc. #13] and motions for stay of proceedings [Doc. #21, #27] filed on behalf of defendants Bayer Corporation ("Bayer") and American Home Products Corporation ("American"). The motions have been referred to the undersigned for decision and report and recommendation, respectively[1].

Plaintiff sued defendants for damages claimed as the result of the ingestion of phenylpropanolamine ("PPA"). Defendants Bayer and American are diverse defendants. However, K&B Corporation ("K&B") is a Louisiana corporation, the addition of which, if not fraudulently joined, destroys diversity. Defendants argue that K&B was fraudulently joined for the purpose of preventing jurisdiction in this court.

---

[1] Similar motions are pending before me in Henry Monk v. Bayer Corporation, et al, #01-1760-A and Tamika McFee v. Bayer Corporation, et al, #01-1820-M, Western District of Louisiana, Report and Recommendations on which are issued contemporaneously this date.

Plaintiff argues that the allegations contained in the complaint against K&B are based on Louisiana's law of redhibition, acknowledging that under Louisiana law a non-manufacturing seller of an allegedly defective product is not liable in tort, absent a showing that it knew or should have known that the product was defective and failed to declare it. Wilson v. State Farm Fire & Cas. Ins. Co., 94-1342 (La.App.3 Cir. 4/5/95), 654 So.2d 385, *rehg. den., writ. den.*, 95,1704 (La. 10/6/95), 661 So.2d 476. Here, plaintiff does not allege that K&B knew or should have known the product was defective, but alleges only that as a retail seller it is liable in redhibition for a product proven to be defective. Defendants argue that plaintiff's allegations in the complaint are inadequate to support a cause of action for redhibition.

In addition to opposing the motion to remand, defendants have asked this court to stay the entire proceeding, including the pending ruling on the plaintiff's motion to remand, until a determination can be made as to whether this case will be transferred pursuant to order of the Judicial Panel on Multi-district Litigation. Defendants point out that there are numerous cases in this district, as well as other district courts in Louisiana and in many other states, alleging damages as a result of the ingestion of PPA.

On August 28, 2001, the Panel transferred eight civil actions to the U.S. District Court for the Western District of Washington,

2

pursuant to 28 U.S.C. §1407. See also Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 192 F.R.D. 459 (2000). In addition, the Panel has issued a conditional transfer order regarding this case. Defendants seek a stay until such time as the Panel determines whether the final transfer order will be entered.

In support of the motions for stay, defendants point to the possibility of inconsistent rulings among the courts concerning the issue now pending on motion to remand in various cases of whether or not K&B was fraudulently joined. Second, defendants argue that judicial economy would best be served by one court deciding that issue rather than numerous judges each independently reviewing the evidence and the law and independently deciding the issue. Finally, defendants argue that it would be unfair to require defendants to respond in each court to the very same arguments in multiple suits. In opposing defendants' motions to stay, plaintiff argues that the decision to stay is, of course, discretionary, that the motion to remand has been pending for over two weeks and that it is time to decide the motion to remand whether this court decides it or another court decides it. Plaintiff also argues that he would be inconvenienced and incur unnecessary expenses in litigating this matter "thousands of miles from home."

Although the decision whether or not to grant stay is discretionary with the court, my research reveals that where issues are presented which are similar to those pending before the

3

transferee court, the court should defer to the transferee court
for decision.  Indeed, the purpose of the transfer by the Panel on
Multidistrict Litigation is for all pretrial proceedings.  See 28
U.S.C. §1407(a).  See, for example, In re Rezulin Products
Liability Litigation, 133 F.Supp.2d 272 (2001).

The purpose of the conditional transfer order for "tag-a-long
actions" is to allow the parties time to oppose the proposed order
of transfer.  The delay occasioned by the conditional transfer
order is not to allow the transferee district court to quickly
decide issues pending in the litigation. See Rule 7.4. 192 F.R.D.
459, et seq.  This court recognizes, however, that the pendency of
a transfer order does not in any way defeat or limit the authority
of this court to rule upon matters properly presented to it for
decision.  See In re Air Crash at Paris, France, 376 F.Supp. 887
(Jud. Pan. Mult. Lit. 1974) cited in Boudreaux v. Metropolitan Life
Ins. Co., 1995 WL 83788 (E.D. La. 1995).

Although plaintiff argues that a Louisiana court can best
decide issues of Louisiana law concerning the viability of the
state law claims against defendant K&B, the fact is that there is
a significant risk of inconsistent rulings in this and all other
cases now pending in which the fraudulent joinder issue exists.  In
addition, there may be similar issues as to the addition of
diversity destroying defendants in cases pending before the Panel
from other states.  A uniform decision with regard to those issues

4

in all such cases can best be made by the transferee court, not by this court. In addition, it makes no sense for this court to decide the remand issue in each of the cases now pending before it and for myriad other federal courts across the land to be required to study the record, research the law and write opinions on the identical issue. In other words, judicial economy is a strong factor in this case in favor of a stay. In addition, it would be manifestly unfair to require these defendants, which have been named as defendants in dozens of other similar cases, to defend each of those cases independently, or to be required to respond to motions to remand separately in each of those cases. As defendants correctly point out in brief, other courts routinely stay cases in such circumstances. *See, for example,* Boudreaux v. Metropolitan Life Ins. Co., 1995 WL 83788 (E.D. La. 1995)[2].

---

[2] The Fifth Circuit has not been directly presented with this issue. *See* Republic of Panama v. American Tobacco Co., Inc., 217 F.3d 343, 347 (5th Cir. 2000). *Compare,* however, Sliman v. Warner-Lambert Co., 2001 WL 515222 (E.D. La.), Vance J. Judge Vance also decided Boudreaux, Luna v. Warner-Lambert Co., 2001 WL 515223 (E.D. La.); Dixon v. Warner-Lambert Co., 2001 WL 515226 (E.D. La.); Pearl v. Warner-Lambert Co., 2001 WL 515227 (E.D. La.); Magallanes v. Warner-Lambert Co., 2001 WL 515232 (E.D. La.); DeBlanc v. Warner-Lambert Co., 2001 WL 515234 (E.D. La.); Berry v. Warner-Lambert Co., 2001 WL 515236 (E.D. La.); Tinson v. Warner-Lambert Co., 2001 WL 531097 (E.D. La.); Spatz v. Warner-Lambert Co., 2001 WL 531100 (E.D. La.); Pellebon v. Warner-Lambert Co., 2001 WL 531104 (E.D. La.); Felker v. Warner-Lambert Co., 2001 WL 531110 (E.D. La.); Miller v. Warner-Lambert Co., 2001 WL 531113 (E.D. La.); Edwards v. Warner-Lambert Co., 2001 WL 531117 (E.D. La.); Carter v. Warner-Lambert Co., 2001 WL 515247 (E.D. La.).

In this case, transfer appears likely and it is most appropriate that the transferee court decide the remand issue.

## Conclusion

For these reasons, IT IS RECOMMENDED that the district judge stay further proceedings in this case pending final determination by the Panel on Multidistrict Litigation as to whether a final order of transfer will be entered in the case and that decision on plaintiff's motion to remand be pretermitted pending lifting of the stay or transfer of the case.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING

ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL
CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

    THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on
this the _16th_ day of October 2001.

                                JAMES D. KIRK
                        UNITED STATES MAGISTRATE JUDGE


COPY SENT:
DATE: 10/22/01
  BY: ___
  TO: Aliberto
      Singleton
      Pexter
      Meyer
      Armand
      Richard

7

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

SEP 24 2001

ROBERT H. SHEMWELL, CLERK
BY_____

| | | |
|---|---|---|
| JERRY BOWMAN | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 5:01-CV-1629 |
| BAYER CORPORATION, ET AL. | * | JUDGE WALTER |
| | * | MAGISTRATE JUDGE PAYNE |

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
11-14-01
DB

### BAYER CORPORATION'S MOTION FOR TEMPORARY STAY OF PROCEEDINGS PENDING A FINAL RULING OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION ON TRANSFER OF THIS CASE TO MDL-1407

The Judicial Panel on Multidistrict Litigation has consolidated 14 cases, in the Western District of Washington in MDL-1407. These 14 cases, like the instant case before this Court, involve the safety of Phenylpropanolmanine ("PPA"). The Panel has also conditionally transferred 34 other cases involving PPA to the Western District of Washington. *See* Exhibits A and C to Bayer Corporation's Memorandum in Support of Motion for Temporary Stay of Proceeding Pending a Final Ruling of the Judicial Panel on Multidistrict Litigation on Transfer of this Case to MDL-1407. The instant case will also likely be transferred conditionally to the Western District of Washington soon.

Accordingly, Bayer Corporation ("Bayer") moves this Court to temporarily stay all proceedings in this matter pending a final ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407. For the reasons detailed in Bayer's attached memorandum in support, such a stay will further the goals of judicial efficiency and

COPY SENT:
DATE: 11/15/01
BY: DB
TO: Singleton
Fenton    Meyer
Diliberto    Armand

Stay Granted.
RSP
11-14-01

consistency by avoiding duplicative proceedings and conflicting pretrial rulings. Further, it will not prejudice the parties, but rather will benefit both them and the Court.

Respectfully submitted,

Mary L. Meyer (19966)
John F. Olinde (1515)
Charles P. Blanchard (18798)
CHAFFE, MCCALL, PHILLIPS,
    TOLER & SARPY, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2300
Telephone: (504) 585-7000
Attorneys for Bayer Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by hand or by depositing same in the United States Mail, postage prepaid, this _____ day of _____, 2001.

526273_1

2

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

RECEIVED

OCT 0 4 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

FILED
U.S.DC., WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 4-14-01
BY

_____ CALHOUN

VERSUS                           CIVIL ACTION NO. 01-1632

BAYER CORPORATION ET. AL.        JUDGE STAGG
                                 MAGISTRATE JUDGE PAYNE

ORDER

Based on the foregoing:

IT IS ORDERED that all proceedings herein be and are hereby STAYED pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

THIS DONE AND SIGNED in Shreveport, Louisiana, on this the 14th day of

November, 2001.

MAGISTRATE JUDGE

COPY SENT:
DATE: 11/15/01
BY:
TO: Singleton
    Penton
    Dilibert
    Meyer
    Aimand
    Richard

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

ABON L. CLAVILLE

VERSUS                                          CIVIL ACTION NO. 01-1896

BAYER CORPORATION ET AL.            JUDGE WALTER
                                                          MAGISTRATE JUDGE PAYNE

## O R D E R

Based on the foregoing:

**IT IS ORDERED** that all proceedings herein be and are hereby **STAYED** pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

**THIS DONE AND SIGNED** in Shreveport, Louisiana, on this the 14th day of

November, 2001.


_____
                    MAGISTRATE JUDGE

COPY SENT:
DATE:
BY:
TO:

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE _11, 14, 01
BY _213

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

BETTY CLINTON

VERSUS                                    CIVIL ACTION NO. 01-1943

BAYER CORPORATION ET AL.                  JUDGE STAGG
                                          MAGISTRATE JUDGE PAYNE

## O R D E R

Based on the foregoing:

IT IS ORDERED that all proceedings herein be and are hereby STAYED pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

THIS DONE AND SIGNED in Shreveport, Louisiana, on this the 14th day of

November 2001.

MAGISTRATE JUDGE

COPY SENT:
DATE: 11/15/01
BY: DB
TO: Dutoa
Singuton
Penton
Blanchard
Nowak
Armand
Kalmbach

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

JAN 0 8 2002

ROBERT H. SHEMWELL CLERK
BY_____
DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARVIN DAVIS | * | CIVIL ACTION |
| VERSUS | * | NUMBER: CV 01-2587 |
| BAYER CORPORATION, | * | JUDGE WALTER |
| WHITEHALL-ROBINS HEALTHCARE, | | |
| A DIVISION OF AMERICAN HOME | * | MAGISTRATE JUDGE PAYNE |
| PRODUCTS CORPORATION, | | |
| SMITHKLINE BEECHAM AND | * | |
| K&B LOUISIANA CORPORATION | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

IT IS ORDERED that this matter be and is hereby stayed, pending a Final Ruling

of the Judicial Panel on Multidistrict Litigation on transfer of this Case to the Western

District of Washington in MDL-1407.

Shreveport, Louisiana, this 7th day of January, 2002.

Roy S. Payne
JUDGE

COPY SENT:
DATE: 1/8/02
BY: MHT
TO: Singleton, Fenton
Oliberto, Irwin
Blanchard, Rich

RECEIVED

OCT 0 9 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

FILED

USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK

DATE 11.15 01
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

BETTY DELANEY                      *        CIVIL ACTION

VERSUS                             *        NO. 5:01-CV-1813

BAYER CORPORATION, ET AL           *        JUDGE STAGG

                                   *        MAG. JUDGE PAYNE

* * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>ORDER</u>

IT IS ORDERED that this matter be and is hereby stayed, pending a Final Ruling of

the Judicial Panel on Multidistrict Litigation on transfer of this Case to the Western District

of Washington in MDL-1407.

Shreveport, Louisiana, this 14th day of November, 2001.

Roy S. Payne

JUDGE

COPY SENT
DATE 11/15/01
BY
TO

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

FILED
USDC, WESTERN DISTRICT OF
ROBERT H. SHEMWELL, CLE
DATE _____ 11 14 0
BY _____

HORACE DOUGLAS

RECEIVED

OCT 11 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

CIVIL ACTION

VERSUS

NUMBER: 5:01-CV-1742

BAYER CORPORATION, ET AL.

JUDGE WALTER

MAGISTRATE JUDGE PAYNE

* * * * * * * * * * * * * * * * * *

ORDER

IT IS ORDERED that this matter be and is hereby stayed, pending a Final Ruling of

the Judicial Panel on Multidistrict Litigation on transfer of this Case to the Western District

of Washington in MDL-1407.

Shreveport, Louisiana, this 14th day of November, 2001.

_____
JUDGE

COPY SENT:
DATE: 11/15/01
BY: OB
TO: Singleton
Penton
Diliberto
Blanchard
Irwin
Irwin
Armand

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

SEP 2 4 2001

ROBERT H. SHEMWELL, CLERK
BY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BARBARA EVANS, ET AL | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 01-1486-S |
| | * | |
| BAYER CORPORATION, ET AL | * | JUDGE STAGG |
| | * | |
| | * | MAG. JUDGE PAYNE |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

NOV 1 5 2001

ROBERT H. SHEMWELL—CLERK
BY
DEPUTY

### BAYER CORPORATION'S MOTION FOR TEMPORARY STAY OF PROCEEDINGS PENDING A FINAL RULING OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION ON TRANSFER OF THIS CASE TO MDL-1407

The instant case, along with 33 other cases, have been conditionally transferred to the Western District of Washington for Multidistrict Litigation ("MDL") proceedings. *See* Exhibit C to Bayer Corporation's Memorandum in Support of Motion for Temporary Stay of Proceeding Pending a Final Ruling of the Judicial Panel on Multidistrict Litigation on Transfer of this Case to MDL-1407. Accordingly, Bayer Corporation ("Bayer") moves this Court to temporarily stay all proceedings in this matter pending a final ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407. For the reasons detailed in Bayer's attached memorandum in support, such a stay will further the goals of judicial efficiency and consistency by avoiding duplicative proceedings and

COPY SENT
DATE: 11/5/01
BY: MSF
TO: Blanchard,
Jurad, Perdow,
Singleton,
D. Liberto

Stay GRANTED.
RSP
11.14.01

conflicting pretrial rulings. Further, it will not prejudice the parties, but rather will benefit both them and the Court.

Respectfully submitted,

Mary L. Meyer (19966)
John E. Olinde (1515)
Charles P. Blanchard (18798)
CHAFFE, McCALL, PHILLIPS,
    TOLER & SARPY, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Attorneys for Bayer Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by hand or by depositing same in the United States Mail, postage prepaid, this 24th day of September, 2001.

**RECEIVED**

NOV 2 8 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

DEC - 7 2001

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

ALENE FINNISTER

VERSUS                                          CIVIL ACTION NO. 01-2073

WHITEHALL-ROBBINS HEALTHCARE          JUDGE TRIMBLE
ET AL.                                          MAGISTRATE JUDGE WILSON

## ORDER

Based on the foregoing:

IT IS ORDERED that all proceedings herein be and are hereby **STAYED** pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

THIS DONE AND SIGNED in Lake Charles, Louisiana, on this the _____ day of

_____, 2001.

U.S. District ___ MAGISTRATE JUDGE

COPY SENT:
DATE: 12/11/01
BY: dm
TO: Arnold
    Singleton
    DiLiberto
    Penton
    Richard

COPY SENT
DATE 12-7-01
BY
TO

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

JESSIE FOSTER

VERSUS                                    CIVIL ACTION NO. 01-1940

BAYER CORPORATION ET AL.                  JUDGE WALTER
                                          MAGISTRATE JUDGE PAYNE

## O R D E R

Based on the foregoing:

**IT IS ORDERED** that all proceedings herein be and are hereby **STAYED** pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

**THIS DONE AND SIGNED** in Shreveport, Louisiana, on this the 14ᵗʰ day of

November, 2001.


                                          _____
                                          MAGISTRATE JUDGE

COPY SENT:
DATE: 11/15/01
BY: DB
TO: Dililento
    Singleton
    Penton
    Blanchard
    Armand
    Kalmbach
    Erwin

RECEIVED

OCT 2 6 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

FILED

USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 11, 15, 01
BY

R. L. GEORGE

VERSUS                                      CIVIL ACTION NO. 01-1922

BAYER CORPORATION ET AL.                    JUDGE WALTER
                                            MAGISTRATE JUDGE PAYNE

### O R D E R

Based on the foregoing:

IT IS ORDERED that all proceedings herein be and are hereby STAYED pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

THIS DONE AND SIGNED in Shreveport, Louisiana, on this the 14th day of

November, 2001.

MAGISTRATE JUDGE

COPY SENT
DATE: 11/15/01
BY
TO: Singleton
Deliberto
Penton
Blanchard
Armond
Kalmbach

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

NOV 1 5 2001

UNITED STATES DISTRICT COURT    ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

RECEIVED WESTERN DISTRICT OF LOUISIANA

VERA GOINS    OCT 0 9 2001    *    CIVIL ACTION
*
VERSUS    ROBERT H. SHEMWELL, CLERK    *    NUMBER: 01-CV1598-S
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
*
BAYER CORPORATION, ET AL.    *    JUDGE WALTER
*
MAGISTRATE JUDGE PAYNE

* * * * * * * * * * * * * * * * * *

ORDER

IT IS ORDERED that this matter be and is hereby stayed, pending a Final Ruling of

the Judicial Panel on Multidistrict Litigation on transfer of this Case to the Western District

of Washington in MDL-1407.

Shreveport, Louisiana, this 14ᵀᴴ day of November, 2001.

Roy S. Payne
JUDGE

COPY SENT:
DATE: 11/15/01
BY: BB
TO: Pipi; Kelly; Crain
Meyer; Richard

528640_1

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10 / 17 / 2001
BY _____

UNITED STATES DISTRICT COURT

RECEIVED WESTERN DISTRICT OF LOUISIANA

OCT 0 9 2001          MONROE DIVISION

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

BOBBIE GENE

VERSUS                          CIVIL ACTION NO. 01-1761

BAYER CORPORATION ET AL.        JUDGE DOHERTY
                                MAGISTRATE JUDGE KIRK

## O R D E R

Based on the foregoing:

IT IS ORDERED that all proceedings herein be and are hereby STAYED pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

THIS DONE AND SIGNED in Lafayette, Louisiana, on this the _16_ day of

_October_, 2001.

_____
JUDGE

COPY SENT:
DATE: 10/18/01
BY: dm
TO: Diliberto
    Singleton
    Paxton
    Blanchard
    Armand
    Irwin
    Richard

RECEIVED

OCT 2 6 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

FILED

USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE __11.14.01__
BY _____ ЯB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

RUFUS JAMES HAMPTON

VERSUS

BAYER CORPORATION ET AL.

CIVIL ACTION NO. 01-1945

JUDGE STAGG
MAGISTRATE JUDGE PAYNE

## O R D E R

Based on the foregoing:

IT IS ORDERED that all proceedings herein be and are hereby STAYED pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

THIS DONE AND SIGNED in Shreveport, Louisiana, on this the 14ᵗ day of

November , 2001.

Roy S. Payne

MAGISTRATE JUDGE

COPY SENT:
DATE: 11/15/01
BY: ЯB
TO: Deliberto
Singleton
Fenton
Blanchard
Armand
Richard

RECEIVED

SEP 2 5 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

NOV 1 5 2001

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

DEPUTY

JAMES L. HILL, JR.

VERSUS

BAYER CORPORATION, K & B
LOUISIANA CORPORATION, AND
WHITEHALL ROBINS CORPORATION

CIVIL ACTION NO. 01-1499

JUDGE WALTER
MAGISTRATE JUDGE PAYNE

## O R D E R

Based on the foregoing:

IT IS ORDERED that all proceedings herein be and are hereby STAYED pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

THIS DONE AND SIGNED in Shreveport, Louisiana, on this the 14+ day of

November , 2001.

_____
MAGISTRATE JUDGE

COPY SENT:
DATE: 11-16-01
BY: _____
TO: Singleton
    D'Alberto
    Panton
    Blanchard
    Armand
    Richard

RECEIVED

OCT 1 1 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

FILED

DOC. WESTERN DISTRICT OF
ROBERT H. SHEMWELL, CL

DATE 11 14 01

| | | |
|---|---|---|
| PERRY HILL | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 5:01-CV-1741-S |
| BAYER CORPORATION, ET AL. | * | JUDGE WALTER |
| | * | MAGISTRATE JUDGE PAYNE |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>ORDER</u>

IT IS ORDERED that this matter be and is hereby stayed, pending a Final Ruling of

the Judicial Panel on Multidistrict Litigation on transfer of this Case to the Western District

of Washington in MDL-1407.

Shreveport, Louisiana, this 14th day of November, 2001.

_____
JUDGE

COPY SENT:
DATE: 11/15/01
BY: DS
TO: Singleton
Penton
Dilberto
Blanchard
Irwin
Armand

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION



U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

SEP 2 4 2001

ROBERT H. SHEMWELL, CLERK
BY

| | | |
|---|---|---|
| BOBBY HOLMES, ET AL | * | CIVIL ACTION |
| VERSUS | * | NO. CV 01-1490-S |
| BAYER CORPORATION, ET AL | * | JUDGE STAGG |
| | * | MAG. JUDGE PAYNE |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

NOV 1 5 2001

ROBERT H. SHEMWELL, CLERK
BY
DEPUTY

## BAYER CORPORATION'S MOTION FOR TEMPORARY STAY OF PROCEEDINGS PENDING A FINAL RULING OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION ON TRANSFER OF THIS CASE TO MDL-1407

The instant case, along with 33 other cases, have been conditionally transferred to

the Western District of Washington for Multidistrict Litigation ("MDL") proceedings. *See*

Exhibit C to Bayer Corporation's Memorandum in Support of Motion for Temporary Stay

of Proceeding Pending a Final Ruling of the Judicial Panel on Multidistrict Litigation on

Transfer of this Case to MDL-1407. Accordingly, Bayer Corporation ("Bayer") moves this

Court to temporarily stay all proceedings in this matter pending a final ruling of the

Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407. For the

reasons detailed in Bayer's attached memorandum in support, such a stay will further the

goals of judicial efficiency and consistency by avoiding duplicative proceedings and

COPY SENT:
DATE: 11/5/21
BY:
TO:

conflicting pretrial rulings. Further, it will not prejudice the parties, but rather will benefit both them and the Court.

Respectfully submitted,

_Mary L. Meyer (19966)_
Mary L. Meyer (19966)
John E. Olinde (1515)
Charles P. Blanchard (18798)
**CHAFFE, MCCALL, PHILLIPS,**
    **TOLER & SARPY, L.L.P.**
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2300
Telephone: (504) 585-7000
**Attorneys for Bayer Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by hand or by depositing same in the United States Mail, postage prepaid, this 24th day of September, 2001.

_Charles P. Bell_

RECEIVED

OCT 0 9 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

NOV 1 5 2001

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

GWENDOLYN PIPER
HUDSON, ET AL.

VERSUS

BAYER CORPORATION, ET AL.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

\*
\*
\*
\*
\*
\*
\*

CIVIL ACTION

NUMBER: 01-CV1391-S

JUDGE WALTER

MAGISTRATE JUDGE PAYNE

## ORDER

IT IS ORDERED that this matter be and is hereby stayed, pending a Final Ruling of

the Judicial Panel on Multidistrict Litigation on transfer of this Case to the Western District

of Washington in MDL-1407.

Shreveport, Louisiana, this 14ᵗʰ day of November, 2001.

Roy S. Payne

JUDGE

COPY SENT:
DATE: 11/13/01
BY: _____
TO: _____

Jaylor
Blanchard

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**RECEIVED**

OCT 0 9 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

**NOV 1 5 2001**

ROBERT H. SHEMWELL, CLERK
BY _____
            DEPUTY

CHARLIE JACKSON

**VERSUS**

BAYER CORPORATION ET AL.

CIVIL ACTION NO. 01-1697

JUDGE STAGG
MAGISTRATE JUDGE PAYNE

## O R D E R

Based on the foregoing:

**IT IS ORDERED** that all proceedings herein be and are hereby **STAYED** pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

**THIS DONE AND SIGNED** in Shreveport, Louisiana, on this the 14+ day of

Nov. , 2001.

MAGISTRATE JUDGE

COPY SENT 1/5/21
DATE:
BY:
TO:

RECEIVED

OCT 0 9 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

NOV 1 5 2001

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

BERNARD JAMES

VERSUS

BAYER CORPORATION ET AL.

CIVIL ACTION NO. 01-1696

JUDGE WALTER
MAGISTRATE JUDGE PAYNE

## O R D E R

Based on the foregoing:

**IT IS ORDERED** that all proceedings herein be and are hereby **STAYED** pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

**THIS DONE AND SIGNED** in Shreveport, Louisiana, on this the 14th day of

November, 2001.

_____
MAGISTRATE JUDGE

COPY SENT:
DATE: 11/15/01
BY: _____
TO: Littleton
Aliberto
Penton
Meyer
Ormond
Kalmbach

RECEIVED

OCT 2 6 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

FILED
U.S.D.C. WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE _11/14/01_
BY _____ _lop_

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

JOE JOHNSON, JR.

VERSUS                                CIVIL ACTION NO. 01-1944

BAYER CORPORATION ET. AL.            JUDGE WALTER
                                     MAGISTRATE JUDGE PAYNE

### O R D E R

Based on the foregoing:

IT IS ORDERED that all proceedings herein be and are hereby STAYED pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

THIS DONE AND SIGNED in Shreveport, Louisiana, on this the 14th day of

November , 2001.

_____
MAGISTRATE JUDGE

COPY SENT:
DATE: 11/15/01
BY: DB
TO: Deliberto
Sanderson
Penton
Blanchard
nowak
Armand
Richard

**RECEIVED**

OCT 2 6 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

NOV 1 5 2001

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

MICHAEL JOHNSON

VERSUS

BAYER CORPORATION ET AL.

CIVIL ACTION NO. 01-1895

JUDGE WALTER
MAGISTRATE JUDGE PAYNE

**O R D E R**

Based on the foregoing:

**IT IS ORDERED** that all proceedings herein be and are hereby **STAYED** pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

**THIS DONE AND SIGNED** in Shreveport, Louisiana, on this the _14th_ day of

_November_, 2001.

_____
MAGISTRATE JUDGE

COPY SENT:
DATE: 11/5/01
BY: BY
TO: Lilito
Ingleton
Proton
Blanchard
Armond
Kalmbach

RECEIVED

OCT 11 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE____11, 14, 01
BY____DB

MOZETTA JOHNSON

VERSUS

BAYER CORPORATION, ET AL

* CIVIL ACTION
*
* NO. 5:01-CV-1746
*
* JUDGE STAGG
*
* MAG. JUDGE PAYNE

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

IT IS ORDERED that this matter be and is hereby stayed, pending a Final Ruling of

the Judicial Panel on Multidistrict Litigation on transfer of this Case to the Western District

of Washington in MDL-1407.

Shreveport, Louisiana, this 14th day of November, 2001.

_____
JUDGE

COPY SENT:
DATE: 11/15/01
BY: DB
TO: Dililberto
Singleton
Penton
Blanchard
Cruise
Armand

529098_1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 11/14/01
BY _____ doB

JAMES JONES

VERSUS                                      CIVIL ACTION NO. 01-1941

BAYER CORPORATION ET AL.                    JUDGE WALTER
                                            MAGISTRATE JUDGE PAYNE

## O R D E R

Based on the foregoing:

**IT IS ORDERED** that all proceedings herein be and are hereby **STAYED** pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

**THIS DONE AND SIGNED** in Shreveport, Louisiana, on this the _14th_ day of

_November_ , 2001.

_____
MAGISTRATE JUDGE

COPY SENT:
DATE: 11/15/01
      QB
BY _____
TO: Dililicto
    Penton
    Singleton
    Blanchard
    Armand
    Kalmbach
    Irwin

RECEIVED  UNITED STATES DISTRICT COURT

OCT 1 1 2001    WESTERN DISTRICT OF LOUISIANA

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE: 11 / 14 / 01
BY DB

| | | |
|---|---|---|
| W. T. KING | * | CIVIL ACTION |
| VERSUS | * | NO. CV 01-1745-S |
| BAYER CORPORATION, ET.AL.. | * | JUDGE WALTER |
| | * | MAG. JUDGE PAYNE |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

IT IS ORDERED that this matter be and is hereby stayed, pending a Final Ruling of

the Judicial Panel on Multidistrict Litigation on transfer of this Case to the Western District

of Washington in MDL-1407.

Shreveport, Louisiana, this 14th day of _November_, 2001.

_Roy S. Payne_
JUDGE

COPY SENT:
DATE: 11/15/01
BY: DB
TO: Singleton
Penton
Diliberto
Blanchard
Armand
Irwin

529093_1

RECEIVED

OCT 2 6 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

NOV 1 5 2001

ROBERT H. SHEMWELL, CLERK

BY _____

DEPUTY

MICKEY D. LATHON

VERSUS

BAYER CORPORATION ET AL.

CIVIL ACTION NO. 01-1894

JUDGE STAGG
MAGISTRATE JUDGE PAYNE

### O R D E R

Based on the foregoing:

**IT IS ORDERED** that all proceedings herein be and are hereby **STAYED** pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

**THIS DONE AND SIGNED** in Shreveport, Louisiana, on this the ___14th___ day of

___November___, 2001.

_____

MAGISTRATE JUDGE

COPY SENT:

DATE: 11/15/01

BY: _____

TO: Singleton
Diliberto
Penton
Blanchard

RECEIVED

OCT 11 2001 UNITED STATES DISTRICT COURT

FILED

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE___11/14/01____
BY_____2013_____

| | | |
|---|---|---|
| ARDIS McCALL | * | CIVIL ACTION |
| VERSUS | * | NO. CV 01-1740-S |
| BAYER CORPORATION, ET AL | * | JUDGE WALTER |
| | * | MAG. JUDGE PAYNE |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

IT IS ORDERED that this matter be and is hereby stayed, pending a Final Ruling of

the Judicial Panel on Multidistrict Litigation on transfer of this Case to the Western District

of Washington in MDL-1407.

Shreveport, Louisiana, this _14th_ day of _November_, 2001.

_____
JUDGE

COPY SENT:
DATE: 11/15/01
BY: 2013
TO: Blanchard
Erwin
Armand
Singleton
Penton
Diliberto

529097_1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION



FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10, 19, 01
BY _____ TW _____

TAMIKA McFEE

VERSUS

BAYER CORPORATION,
GLAXOSMITHKLINE PLC AND
K&B CORPORATION

CIVIL ACTION NO. 01-1820-M

U.S. DISTRICT JUDGE ROBERT G. JAMES

U.S. MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is plaintiff's motion to remand [Doc. #8] and motion for stay of proceedings [Doc. #15] filed on behalf of defendant Bayer Corporation ("Bayer"). The motions have been referred to the undersigned for decision and report and recommendation, respectively[1].

Plaintiff sued defendants for damages claimed as the result of the ingestion of phenylpropanolamine ("PPA"). Defendants Bayer and GlaxoSmithKline PLC ("GSK") are diverse defendants. However, K&B Corporation ("K&B") is a Louisiana corporation, the addition of which, if not fraudulently joined, destroys diversity. Defendant argues that K&B was fraudulently joined for the purpose of preventing jurisdiction in this court.

---

[1] Similar motions are pending before me in Henry Monk v. Bayer Corporation, et al, #01-1760-A and Tamika McFee v. Bayer Corporation, et al, #01-1820-M, Western District of Louisiana, Report and Recommendations on which are issued contemporaneously this date.

Plaintiff argues that the allegations contained in the complaint against K&B are based on Louisiana's law of redhibition, acknowledging that under Louisiana law a non-manufacturing seller of an allegedly defective product is not liable in tort, absent a showing that it knew or should have known that the product was defective and failed to declare it. Wilson v. State Farm Fire & Casualty Ins. Co., 94-1342 (La.App.3 Cir. 4/5/95), 654 So.2d 385, rehg. den., writ. den., 95,1704 (La. 10/6/95), 661 So.2d 476. Here, plaintiff does not allege that K&B knew or should have known the product was defective, but alleges only that as a retail seller it is liable in redhibition for a product proven to be defective. Defendant argues that plaintiff's allegations in the complaint are inadequate to support a cause of action for redhibition.

In addition to opposing the motion to remand, defendant has asked this court to stay the entire proceeding, including the pending ruling on the plaintiff's motion to remand, until a determination can be made as to whether this case will be transferred pursuant to order of the Judicial Panel on Multi-district Litigation. Defendant points out that there are numerous cases in this district, as well as other district courts in Louisiana and in many other states, alleging damages as a result of the ingestion of PPA.

On August 28, 2001, the Panel transferred eight civil actions to the U.S. District Court for the Western District of Washington,

2

pursuant to 28 U.S.C. §1407. *See also* Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 192 F.R.D. 459 (2000).

In support of the motion for stay, defendant points to the possibility of inconsistent rulings among the courts concerning the issue now pending on motion to remand in various cases of whether or not K&B was fraudulently joined. Second, defendant argues that judicial economy would best be served by one court deciding that issue rather than numerous judges each independently reviewing the evidence and the law and independently deciding the issue. Finally, defendant argues that it would be unfair to require defendant to respond in each court to the very same arguments in multiple suits. In opposing Bayer's motion to stay, plaintiff argues that the decision to stay is, of course, discretionary, that the motion to remand has been pending for over two weeks and that it is time to decide the motion to remand whether this court decides it or another court decides it. Plaintiff also argues that she would be inconvenienced and incur unnecessary expenses in litigating this matter "thousands of miles from home."

Although the decision whether or not to grant stay is discretionary with the court, my research reveals that where issues are presented which are similar to those pending before the transferee court, the court should defer to the transferee court for decision. Indeed, the purpose of the transfer by the Panel on Multidistrict Litigation is for all pretrial proceedings. See 28

3

U.S.C. §1407(a).   See, *for example*, In re Rezulin Products Liability Litigation, 133 F.Supp.2d 272 (2001).

The purpose of the conditional transfer order for "tag-a-long actions" is to allow the parties time to oppose the proposed order of transfer.   The delay occasioned by the conditional transfer order is not to allow the transferee district court to quickly decide issues pending in the litigation. *See* Rule 7.4.  192 F.R.D. 459, et seq.  This court recognizes, however, that the pendency of a transfer order does not in any way defeat or limit the authority of this court to rule upon matters properly presented to it for decision.   See In re Air Crash at Paris, France, 376 F.Supp. 887 (Jud. Pan. Mult. Lit. 1974) cited in Boudreaux v. Metropolitan Life Ins. Co., 1995 WL 83788 (E.D. La. 1995).

Although plaintiff argues that a Louisiana court can best decide issues of Louisiana law concerning the viability of the state law claims against defendant K&B, the fact is that there is a significant risk of inconsistent rulings in this and all other cases now pending in which the fraudulent joinder issue exists.  In addition, there may be similar issues as to the addition of diversity destroying defendants in cases pending before the Panel from other states.  A uniform decision with regard to those issues in all such cases can best be made by the transferee court, not by this court.   In addition, it makes no sense for this court to decide the remand issue in each of the cases now pending before it

4

and for myriad other federal courts across the land to be required to study the record, research the law and write opinions on the identical issue.   In other words, judicial economy is a strong factor in this case in favor of a stay.   In addition, it would be manifestly unfair to require this defendant, which has been named as defendant in dozens of other similar cases, to defend each of those cases independently, or to be required to respond to motions to remand separately in each of those cases.   As defendant correctly points out in brief, other courts routinely stay cases in such circumstances.   *See, for example,* Boudreaux v. Metropolitan Life Ins. Co., 1995 WL 83788 (E.D. La. 1995)[2].

In this case, transfer appears likely and it is most appropriate that the transferee court decide the remand issue.

---

[2]   The Fifth Circuit has not been directly presented with this issue.   *See* Republic of Panama v. American Tobacco Co., Inc., 217 F.3d 343, 347 (5th Cir. 2000).   *Compare,* however, Sliman v. Warner-Lambert Co., 2001 WL 515222 (E.D. La.), Vance J. Judge Vance also decided Boudreaux, Luna v. Warner-Lambert Co., 2001 WL 515223 (E.D. La.); Dixon v. Warner-Lambert Co., 2001 WL 515226 (E.D. La.); Pearl v. Warner-Lambert Co., 2001 WL 515227 (E.D. La.); Magallanes v. Warner-Lambert Co., 2001 WL 515232 (E.D. La.); DeBlanc v. Warner-Lambert Co., 2001 WL 515234 (E.D. La.); Berry v. Warner-Lambert Co., 2001 WL 515236 (E.D. La.); Tinson v. Warner-Lambert Co., 2001 WL 531097 (E.D. La.); Spatz v. Warner-Lambert Co., 2001 WL 531100 (E.D. La.); Pellebon v. Warner-Lambert Co., 2001 WL 531104 (E.D. La.); Felker v. Warner-Lambert Co., 2001 WL 531110 (E.D. La.); Miller v. Warner-Lambert Co., 2001 WL 531113 (E.D. La.); Edwards v. Warner-Lambert Co., 2001 WL 531117 (E.D. La.); Carter v. Warner-Lambert Co., 2001 WL 515247 (E.D. La.).

## Conclusion

For these reasons, IT IS RECOMMENDED that the district judge stay further proceedings in this case pending final determination by the Panel on Multidistrict Litigation as to whether a final order of transfer will be entered in the case and that decision on plaintiff's motion to remand be pretermitted pending lifting of the stay or transfer of the case.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING

ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL

CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on

this the  16th  day of October 2001.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

COPY SENT:
DATE: 10/22/01
BY: loil
TO: Singleton
Penton
Diliberte
Blanchard
Armand
Irwin

7

UNITED STATES DISTRICT COURT

RECEIVED WESTERN DISTRICT OF LOUISIANA

OCT 0 9 2001    SHREVEPORT DIVISION

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

NOV 1 5 2001

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

CLYDE METCALF

VERSUS                                CIVIL ACTION NO. 01-1694

BAYER CORPORATION ET AL.              JUDGE WALTER
                                      MAGISTRATE JUDGE PAYNE

<u>O R D E R</u>

Based on the foregoing:

IT IS ORDERED that all proceedings herein be and are hereby **STAYED** pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

THIS DONE AND SIGNED in Shreveport, Louisiana, on this the _14th_ day of

_November_, 2001.

_Roy S. Payne_
MAGISTRATE JUDGE

COPY SENT:
DATE:
BY:
TO:

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10, 19, 01
BY _____ Tlw

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRA DIVISION

HENRY MONK                          CIVIL ACTION NO. 01-1760-M

VERSUS                              U.S. DISTRICT JUDGE DONALD E. WALTER

BAYER CORPORATION, WHITEHALL-
ROBINS HEALTHCARE AND K&B
CORPORATION                         U.S. MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is plaintiff's motion to remand [Doc. #12] and motions for stay of proceedings [Doc. #20, #23] filed on behalf of defendants Bayer Corporation ("Bayer") and American Home Products Corporation ("American"). The motions have been referred to the undersigned for decision and report and recommendation, respectively[1].

Plaintiff sued defendants for damages claimed as the result of the ingestion of phenylpropanolamine ("PPA"). Defendants Bayer and American are diverse defendants. However, K&B Corporation ("K&B") is a Louisiana corporation, the addition of which, if not fraudulently joined, destroys diversity. Defendants argue that K&B was fraudulently joined for the purpose of preventing jurisdiction in this court.

_____

[1] Similar motions are pending before me in Henry Monk v. Bayer Corporation, et al, #01-1760-A and Tamika McFee v. Bayer Corporation, et al, #01-1820-M, Western District of Louisiana, Report and Recommendations on which are issued contemporaneously this date.

Plaintiff argues that the allegations contained in the complaint against K&B are based on Louisiana's law of redhibition, acknowledging that under Louisiana law a non-manufacturing seller of an allegedly defective product is not liable in tort, absent a showing that it knew or should have known that the product was defective and failed to declare it. Wilson v. State Farm Fire & Casualty Ins. Co., 94-1342 (La.App.3 Cir. 4/5/95), 654 So.2d 385, rehg. den., writ. den., 95,1704 (La. 10/6/95), 661 So.2d 476. Here, plaintiff does not allege that K&B knew or should have known the product was defective, but alleges only that as a retail seller it is liable in redhibition for a product proven to be defective. Defendants argue that plaintiff's allegations in the complaint are inadequate to support a cause of action for redhibition.

In addition to opposing the motion to remand, defendants have asked this court to stay the entire proceeding, including the pending ruling on the plaintiff's motion to remand, until a determination can be made as to whether this case will be transferred pursuant to order of the Judicial Panel on Multi-district Litigation. Defendants point out that there are numerous cases in this district, as well as other district courts in Louisiana and in many other states, alleging damages as a result of the ingestion of PPA.

On August 28, 2001, the Panel transferred eight civil actions to the U.S. District Court for the Western District of Washington,

2

court, the court should defer to the transferee court for decision. Indeed, the purpose of the transfer by the Panel on Multidistrict Litigation is for all pretrial proceedings.    See 28 U.S.C. §1407(a).    See, for example, <u>In re Rezulin Products Liability Litigation,</u> 133 F.Supp.2d 272 (2001).

The purpose of the conditional transfer order for "tag-a-long actions" is to allow the parties time to oppose the proposed order of transfer.    The delay occasioned by the conditional transfer order is not to allow the transferee district court to quickly decide issues pending in the litigation. *See* Rule 7.4. 192 F.R.D. 459, et seq. This court recognizes, however, that the pendency of a transfer order does not in any way defeat or limit the authority of this court to rule upon matters properly presented to it for decision.    See <u>In re Air Crash at Paris, France</u>, 376 F.Supp. 887 (Jud. Pan. Mult. Lit. 1974) cited in <u>Boudreaux v. Metropolitan Life Ins. Co</u>., 1995 WL 83788 (E.D. La. 1995).

Although plaintiff argues that a Louisiana court can best decide issues of Louisiana law concerning the viability of the state law claims against defendant K&B, the fact is that there is a significant risk of inconsistent rulings in this and all other cases now pending in which the fraudulent joinder issue exists. In addition, there may be similar issues as to the addition of diversity destroying defendants in cases pending before the Panel from other states. A uniform decision with regard to those issues

4

pursuant to 28 U.S.C. §1407. *See also* Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 192 F.R.D. 459 (2000). In addition, the Panel has issued a conditional transfer order regarding this case. Defendants seek a stay until such time as the Panel determines whether the final transfer order will be entered.

In support of the motion for stay, defendants point to the possibility of inconsistent rulings among the courts concerning the issue now pending on motion to remand in various cases of whether or not K&B was fraudulently joined. Second, defendants argue that judicial economy would best be served by one court deciding that issue rather than numerous judges each independently reviewing the evidence and the law and independently deciding the issue. Finally, defendants argue that it would be unfair to require defendants to respond in each court to the very same arguments in multiple suits. In opposing defendants' motions to stay, plaintiff argues that the decision to stay is, of course, discretionary, that the motion to remand has been pending for over two weeks and that it is time to decide the motion to remand whether this court decides it or another court decides it. Plaintiff also argues that he would be inconvenienced and incur unnecessary expenses in litigating this matter "thousands of miles from home."

Although the decision whether or not to grant stay is discretionary with the court, my research reveals that where issues are presented which are similar to those before the transferee

3

court, the court should defer to the transferee court for decision.
Indeed, the purpose of the transfer by the Panel on Multidistrict
Litigation is for all pretrial proceedings. See 28 U.S.C.
§1407(a). See, for example, In re Rezulin Products Liability
Litigation, 133 F.Supp.2d 272 (2001).

The purpose of the conditional transfer order for "tag-a-long
actions" is to allow the parties time to oppose the proposed order
of transfer. The delay occasioned by the conditional transfer
order is not to allow the transferee district court to quickly
decide issues pending in the litigation. See Rule 7.4. 192 F.R.D.
459, et seq. This court recognizes, however, that the pendency of
a transfer order does not in any way defeat or limit the authority
of this court to rule upon matters properly presented to it for
decision. See In re Air Crash at Paris, France, 376 F.Supp. 887
(Jud. Pan. Mult. Lit. 1974) cited in Boudreaux v. Metropolitan Life
Ins. Co., 1995 WL 83788 (E.D. La. 1995).

Although plaintiff argues that a Louisiana court can best
decide issues of Louisiana law concerning the viability of the
state law claims against defendant K&B, the fact is that there is
a significant risk of inconsistent rulings in this and all other
cases now pending in which the fraudulent joinder issue exists. In
addition, there may be similar issues as to the addition of
diversity destroying defendants in cases pending before the Panel
from other states. A uniform decision with regard to those issues

4

in all such cases can best be made by the transferee court, not by this court.  In addition, it makes no sense for this court to decide the remand issue in each of the cases now pending before it and for myriad other federal courts across the land to be required to study the record, research the law and write opinions on the identical issue.  In other words, judicial economy is a strong factor in this case in favor of a stay.  In addition, it would be manifestly unfair to require these defendants, which have been named as defendants in dozens of other similar cases, to defend each of those cases independently, or to be required to respond to motions to remand separately in each of those cases.  As defendants correctly point out in brief, other courts routinely stay cases in such circumstances.  *See, for example,* Boudreaux v. Metropolitan Life Ins. Co., 1995 WL 83788 (E.D. La. 1995)[2].

---

[2]    The Fifth Circuit has not been directly presented with this issue.  *See* Republic of Panama v. American Tobacco Co., Inc., 217 F.3d 343, 347 (5th Cir. 2000).  *Compare,* however, Sliman v. Warner-Lambert Co., 2001 WL 515222 (E.D. La.), Vance J. Judge Vance also decided Boudreaux, Luna v. Warner-Lambert Co., 2001 WL 515223 (E.D. La.); Dixon v. Warner-Lambert Co., 2001 WL 515226 (E.D. La.); Pearl v. Warner-Lambert Co., 2001 WL 515227 (E.D. La.); Magallanes v. Warner-Lambert Co., 2001 WL 515232 (E.D. La.); DeBlanc v. Warner-Lambert Co., 2001 WL 515234 (E.D. La.); Berry v. Warner-Lambert Co., 2001 WL 515236 (E.D. La.); Tinson v. Warner-Lambert Co., 2001 WL 531097 (E.D. La.); Spatz v. Warner-Lambert Co., 2001 WL 531100 (E.D. La.); Pellebon v. Warner-Lambert Co., 2001 WL 531104 (E.D. La.); Felker v. Warner-Lambert Co., 2001 WL 531110 (E.D. La.); Miller v. Warner-Lambert Co., 2001 WL 531113 (E.D. La.); Edwards v. Warner-Lambert Co., 2001 WL 531117 (E.D. La.); Carter v. Warner-Lambert Co., 2001 WL 515247 (E.D. La.).

In this case, transfer appears likely and it is most appropriate that the transferee court decide the remand issue.

### Conclusion

For these reasons, IT IS RECOMMENDED that the district judge stay further proceedings in this case pending final determination by the Panel on Multidistrict Litigation as to whether a final order of transfer will be entered in the case and that decision on plaintiff's motion to remand be pretermitted pending lifting of the stay or transfer of the case.

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING

ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the _16th_ day of October 2001.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

COPY SENT:
DATE: 10/22/01
BY: dm
TO: Diliberto
Singleton
Penton
Blanchard
Armand
Richard

7

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

RECEIVED

OCT 0 9 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 11, 15, 01
BY _____

JOE MOORE

VERSUS

BAYER CORPORATION ET AL.

CIVIL ACTION NO. 01-1801

JUDGE WALTER
MAGISTRATE JUDGE PAYNE

## O R D E R

Based on the foregoing:

IT IS ORDERED that all proceedings herein be and are hereby STAYED pending final ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

THIS DONE AND SIGNED in Shreveport, Louisiana, on this the 14th day of November , 2001.

MAGISTRATE JUDGE

COPY SENT
DATE 11/15/01
BY _____
TO: _____

RECEIVED

UNITED STATES DISTRICT COURT

OCT 0 9 2001

WESTERN DISTRICT OF LOUISIANA

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA.

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

NOV 1 5 2001

ROBERT H. SHEMWELL, CLERK
BY_____DEPUTY

MALVINE MOORE, ET AL                    *        CIVIL ACTION

VERSUS                                  *        NO. 5:01-CV-1487

BAYER CORPORATION, ET AL                *        JUDGE WALTER

                                        *        MAG. JUDGE PAYNE

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

**O R D E R**

Considering the foregoing motion,

IT IS HEREBY ORDERED that Bayer Corporation be and is hereby granted leave

to file its Supplemental Memorandum in Opposition to Motion to Remand.

Shreveport, Louisiana, this _____14th_____ day of _____November_____, 2001.

_____

UNITED STATES MAGISTRATE JUDGE

COPY SENT:
DATE: 11/15/01
BY: _____
TO: Singleton,
    Diliberto
    Perdon,
    Blanchard,
    Arnaud

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

SEP 24 2001

ROBERT H. SHEMWELL, CLERK
BY_____

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IVORY O'NEAL | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 5:01-CV-1627 |
| BAYER CORPORATION, ET AL. | * | JUDGE STAGG |
| | * | MAGISTRATE JUDGE PAYNE |

* * * * * * * * * * * * * * * * * *

FILED

USDC WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK

DATE _11-14-01_
BY _____ _1013_

### BAYER CORPORATION'S MOTION FOR TEMPORARY STAY OF PROCEEDINGS PENDING A FINAL RULING OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION ON TRANSFER OF THIS CASE TO MDL-1407

The Judicial Panel on Multidistrict Litigation has consolidated 14 cases, in the Western District of Washington in MDL-1407. These 14 cases, like the instant case before this Court, involve the safety of Phenylpropanolmanine ("PPA"). The Panel has also conditionally transferred 34 other cases involving PPA to the Western District of Washington. *See* Exhibits A and C to Bayer Corporation's Memorandum in Support of Motion for Temporary Stay of Proceeding Pending a Final Ruling of the Judicial Panel on Multidistrict Litigation on Transfer of this Case to MDL-1407. The instant case will also likely be transferred conditionally to the Western District of Washington soon. Accordingly, Bayer Corporation ("Bayer") moves this Court to temporarily stay all proceedings in this matter pending a final ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407. For the reasons detailed in Bayer's attached memorandum in support, such a stay will further the goals of judicial efficiency and

COPY SENT:
DATE: _11/15/01_
BY: _DB_
TO: _Singleton, Dulury_
_Fenton, Meyer, Armand_

Stay Granted.
RSP
11·14·01

consistency by avoiding duplicative proceedings and conflicting pretrial rulings. Further,

it will not prejudice the parties, but rather will benefit both them and the Court.

Respectfully submitted,

Mary L. Meyer (19966)
John F. Olinde (1515)
Charles P. Blanchard (18798)
CHAFFE, MCCALL, PHILLIPS,
    TOLER & SARPY, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2300
Telephone:  (504) 585-7000
Attorneys for Bayer Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all

counsel of record by hand or by depositing same in the United States Mail, postage

prepaid, this 24th day of September, 2001.

RECEIVED

OCT 2 6 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

FILED
U.S.D., WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE: ____ 14, 01
BY: ____

JAMES PERSKIN

-VERSUS-

BAYER CORPORATION ET AL.

CIVIL ACTION NO. 01-1946

JUDGE WALTER
MAGISTRATE JUDGE PAYNE

## ORDER

Based on the foregoing:

IT IS ORDERED that all proceedings herein be and are hereby STAYED pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

THIS DONE AND SIGNED in Shreveport, Louisiana, on this the 14th day of

November, 2001.

_____
MAGISTRATE JUDGE

COPY SENT:
DATE: 11/15/01
BY: OB
TO: (deleted)
   Singleton
   Penton
   Blanchard
   Armand
   Richard

RECEIVED   UNITED STATES DISTRICT COURT

OCT 1 1 2001   WESTERN DISTRICT OF LOUISIANA

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

SHREVEPORT DIVISION

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE ___11.14.01___
BY ___DB___

| | | |
|---|---|---|
| PINKIE RUFFEN | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 5:01-CV-1744 |
| BAYER CORPORATION, ET AL. | * | JUDGE WALTER |
| | * | MAGISTRATE JUDGE PAYNE |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

IT IS ORDERED that this matter be and is hereby stayed, pending a Final Ruling of

the Judicial Panel on Multidistrict Litigation on transfer of this Case to the Western District

of Washington in MDL-1407.

Shreveport, Louisiana, this 14ᵗʰ day of _November_, 2001.

_____
JUDGE

COPY SENT:
DATE: 11/15/01
BY: DB
TO: Singleton
    Penton
    DiIlibeto
    Blanchard
    Erwin
    Armand

529090_1

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

NOV 1 5 2001

ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

RECEIVED

UNITED STATES DISTRICT COURT

OCT 0 9 2001    WESTERN DISTRICT OF LOUISIANA

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

SHEILA SAMUELS, ET AL                    *           CIVIL ACTION
                                         *
VERSUS                                   *           NO. 01-1488-S
                                         *
BAYER CORPORATION, ET AL                 *           JUDGE WALTER
                                         *
                                         *           MAG. JUDGE PAYNE

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## O R D E R

Considering the foregoing motion,

**IT IS HEREBY ORDERED** that Bayer Corporation be and is hereby granted leave

to file its Supplemental Memorandum in Opposition to Motion to Remand.

Shreveport, Louisiana, this _14th_ day of _November_, 2001.

_____
UNITED STATES MAGISTRATE JUDGE

COPY SENT:
DATE: 11/15/01
BY:_____
TO:_____
    D. Liberton
    Penton, Armand
    Blanchard

528578_1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE: 11-14-01
BY: DB

DEMETRIA SPEED

VERSUS

BAYER CORPORATION ET AL.

CIVIL ACTION NO. 01-1631

JUDGE WALTER
MAGISTRATE JUDGE PAYNE

ORDER

Based on the foregoing:

IT IS ORDERED that all proceedings herein be and are hereby STAYED pending final ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

THIS DONE AND SIGNED in Shreveport, Louisiana, on this the 14th day of November, 2001.

_____
MAGISTRATE JUDGE

COPY SENT:
DATE: 11/15/01
BY: DB
TO: Fenton
Diliberto
Singleton
Meyer
Armand
Richards

*no order RSP*

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

SEP 24 2001

ROBERT H. SHEMWELL, CLERK
BY_____

| | | |
|---|---|---|
| ROY LEE RAMBO | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 5:01-CV-1626 |
| BAYER CORPORATION, ET. AL. | * | JUDGE STAGG |
| | * | MAGISTRATE JUDGE PAYNE |

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE ____ 14 01

**BAYER CORPORATION'S MOTION FOR
TEMPORARY STAY OF PROCEEDINGS PENDING A FINAL
RULING OF THE JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION ON TRANSFER OF THIS CASE TO MDL-1407**

The Judicial Panel on Multidistrict Litigation has consolidated 14 cases, in the Western District of Washington in MDL-1407. These 14 cases, like the instant case before this Court, involve the safety of Phenylpropanolmanine ("PPA"). The Panel has also conditionally transferred 34 other cases involving PPA to the Western District of Washington. *See* Exhibits A and C to Bayer Corporation's Memorandum in Support of Motion for Temporary Stay of Proceeding Pending a Final Ruling of the Judicial Panel on Multidistrict Litigation on Transfer of this Case to MDL-1407. The instant case will also likely be transferred conditionally to the Western District of Washington soon. Accordingly, Bayer Corporation ("Bayer") moves this Court to temporarily stay all proceedings in this matter pending a final ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407. For the reasons detailed in Bayer's attached memorandum in support, such a stay will further the goals of judicial efficiency and

COPY SENT:
DATE: 11/15/01
BY: OB
TO: Singleton     Meyer
    Diliberto     Armand
    Penton        Erwin

*Stay GRANTED.
RSP
11-14-01*

consistency by avoiding duplicative proceedings and conflicting pretrial rulings. Further,

it will not prejudice the parties, but rather will benefit both them and the Court.

Respectfully submitted,

*Clo T Bll*

Mary L. Meyer (19966)
John F. Olinde (1515)
Charles P. Blanchard (18798)
CHAFFE, MCCALL, PHILLIPS,
    TOLER & SARPY, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Attorneys for Bayer Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all

counsel of record by hand or by depositing same in the United States Mail, postage

prepaid, this 24th day of September, 2001.

*Cle T Bll*

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

FILED

USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 11 5 01
BY TLW

LOURETHA STEVENSON
INDIVIDUALLY AND ON
BEHALF OF HER CHILD,
RENE STEVENSON                    - CIVIL ACTION NO. 01-1158-M

VERSUS                            U.S. DISTRICT JUDGE ROBERT G. JAMES

BAYER CORPORATION                 U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is plaintiff's motion for stay of proceedings [Doc. #8] filed on behalf of defendant Bayer Corporation ("Bayer"). The motion has been referred to the undersigned for decision and report and recommendation.

Plaintiff sued defendant for damages claimed as the result of the ingestion of phenylpropanolamine ("PPA").

Defendant has asked this court to stay the entire proceeding until a determination can be made as to whether this case will be transferred pursuant to order of the Judicial Panel on Multi-district Litigation. Defendant points out that there are numerous cases in this district, as well as other district courts in Louisiana and in many other states, alleging damages as a result of the ingestion of PPA.

On August 28, 2001, the Panel transferred fourteen civil actions to the U.S. District Court for the Western District of Washington, pursuant to 28 U.S.C. §1407. See also Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 192 F.R.D. 459 (2000).

In support of the motion for stay, defendant argues that judicial economy would best be served by one court deciding the

issues rather than numerous judges each independently reviewing the evidence and the law and independently deciding the issues.

Judicial economy is a strong factor in this case in favor of a stay. In addition, it would be manifestly unfair to require this defendant, which has been named as defendant in dozens of other similar cases, to defend each of those cases independently, or to be required to respond separately in each of those cases. As defendant correctly points out in brief, other courts routinely stay cases in such circumstances. See, for example, Boudreaux v. Metropolitan Life Ins. Co., 1995 WL 83788 (E.D. La. 1995)[1].

In this case, transfer appears likely and it is most appropriate that the transferee court decide the pretrial issues.

Conclusion

For these reasons, IT IS RECOMMENDED that the district judge stay further proceedings in this case pending determination by the Panel on Multidistrict Litigation as to whether a final order of transfer will be entered in the case.

---

[1] The Fifth Circuit has not been directly presented with this issue. See Republic of Panama v. American Tobacco Co., Inc., 217 F.3d 343, 347 (5th Cir. 2000). Compare, however, Sliman v. Warner-Lambert Co., 2001 WL 515222 (E.D. La.), Vance J. Judge Vance also decided Boudreaux, Luna v. Warner-Lambert Co., 2001 WL 515223 (E.D. La.); Dixon v. Warner-Lambert Co., 2001 WL 515226 (E.D. La.); Pearl v. Warner-Lambert Co., 2001 WL 515227 (E.D. La.); Magallanes v. Warner-Lambert Co., 2001 WL 515232 (E.D. La.); DeBlanc v. Warner-Lambert Co., 2001 WL 515234 (E.D. La.); Berry v. Warner-Lambert Co., 2001 WL 515236 (E.D. La.); Tinson v. Warner-Lambert Co., 2001 WL 531097 (E.D. La.); Spatz v. Warner-Lambert Co., 2001 WL 531100 (E.D. La.); Pellebon v. Warner-Lambert Co., 2001 WL 531104 (E.D. La.); Felker v. Warner-Lambert Co., 2001 WL 531110 (E.D. La.); Miller v. Warner-Lambert Co., 2001 WL 531113 (E.D. La.); Edwards v. Warner-Lambert Co., 2001 WL 531117 (E.D. La.); Carter v. Warner-Lambert Co., 2001 WL 515247 (E.D. La.).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the ___ day of November 2001.

COPY SENT:
DATE: 11-5-01
BY: Tw
TO: Singleton
    Diliberto
    Pinton
    Blanchard

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

3

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

SEP 2 4 2001

ROBERT H. SHEMWELL, CLERK
BY _____

| | | |
|---|---|---|
| DIANE THOMAS, ET AL | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. CV 01-1489-S |
| | * | |
| BAYER CORPORATION, ET AL | * | JUDGE STAGG |
| | * | |
| | * | MAG. JUDGE PAYNE |

*****************************

### BAYER CORPORATION'S MOTION FOR TEMPORARY STAY OF PROCEEDINGS PENDING A FINAL RULING OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION ON TRANSFER OF THIS CASE TO MDL-1407

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

NOV 1 5 2001

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

The instant case, along with 33 other cases, have been conditionally transferred to the Western District of Washington for Multidistrict Litigation ("MDL") proceedings. *See* Exhibit C to Bayer Corporation's Memorandum in Support of Motion for Temporary Stay of Proceeding Pending a Final Ruling of the Judicial Panel on Multidistrict Litigation on Transfer of this Case to MDL-1407. Accordingly, Bayer Corporation ("Bayer") moves this Court to temporarily stay all proceedings in this matter pending a final ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407. For the reasons detailed in Bayer's attached memorandum in support, such a stay will further the goals of judicial efficiency and consistency by avoiding duplicative proceedings and

COPY SENT:
DATE: 11/15/01
BY: ___
TO: _____

Stay GRANTED.
RSP
11·14·01

conflicting pretrial rulings. Further, it will not prejudice the parties, but rather will benefit both them and the Court.

Respectfully submitted,

Mary L. Meyer (19966)
John F. Olinde (1515)
Charles P. Blanchard (18798)
CHAFFE, MCCALL, PHILLIPS,
   TOLER & SARPY, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Attorneys for Bayer Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by hand or by depositing same in the United States Mail, postage prepaid, this _24th_ day of _September_, 2001.

UNITED STATES DISTRICT COURT

RECEIVED WESTERN DISTRICT OF LOUISIANA

OCT 0 9 2001    SHREVEPORT DIVISION

ROBERT H. SHEWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

NOV 1 5 2001

ROBERT H. SHEWELL, CLERK
BY_____
DEPUTY

GLORIA THIBODEAUX

VERSUS

CIVIL ACTION NO. 01-1698

BAYER CORPORATION ET AL.

JUDGE STAGG
MAGISTRATE JUDGE PAYNE

## O R D E R

Based on the foregoing:

IT IS ORDERED that all proceedings herein be and are hereby STAYED pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

THIS DONE AND SIGNED in Shreveport, Louisiana, on this the 14ᵗʰ day of

November, 2001.

MAGISTRATE JUDGE

COPY SENT:
DATE: 11/15/01
BY: BO
TO: Enfuto
Diletto
Penton
Meyer
Armand
Kulmbach

UNITED STATES DISTRICT COURT
FILED
WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK.
DATE 11 · 14 · 01
BY OB

WESTERN DISTRICT OF LOUISIANA

|                                | *   |                        |
|--------------------------------|-----|------------------------|
| ESSIE MAE TURNER               | *   | CIVIL ACTION           |
| VERSUS                         | *   | NO. CV 5:01-CV-1739    |
| BAYER CORPORATION, ET AL       | *   | JUDGE WALTER           |
|                                | *   | MAG. JUDGE PAYNE       |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

IT IS ORDERED that this matter be and is hereby stayed, pending a Final Ruling of the Judicial Panel on Multidistrict Litigation on transfer of this Case to the Western District of Washington in MDL-1407.

Shreveport, Louisiana, this 14th day of November, 2001.

_____
JUDGE

COPY SENT:
DATE: 11/15/01
BY: OB
TO: Dengiston
Penton
Diliberto
Blanchard
erwin
Armand

529094_1

RECEIVED

OCT 0 9 2001   UNITED STATES DISTRICT COURT

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA   WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

FILED

USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE _11_15_01_
BY ____

| | | |
|---|---|---|
| MARY JEAN WALKER | * | CIVIL ACTION |
| VERSUS | * | NO. CV 01-1818 S |
| BAYER CORPORATION, ET AL | * | JUDGE WALTER |
| | * | MAG. JUDGE PAYNE |

* * * * * * * * * * * * * * * * * * * * * * * * * *

### ORDER

IT IS ORDERED that this matter be and is hereby stayed, pending a Final Ruling of

the Judicial Panel on Multidistrict Litigation on transfer of this Case to the Western District

of Washington in MDL-1407.

Shreveport, Louisiana, this 14th day of November, 2001.

_Roy S. Payne_
JUDGE

COPY SENT
DATE 11/15/01
BY ____
TO: ____

RECEIVED

UNITED STATES DISTRICT COURT

FILED

USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK

OCT 0 9 2001

WESTERN DISTRICT OF LOUISIANA

DATE _____

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

SHREVEPORT DIVISION

BY _____

FLOYD WATERS, JR.                    *        CIVIL ACTION

VERSUS                               *        NO. 5:01-CV-1819

BAYER CORPORATION, ET AL             *        JUDGE STAGG

                                     *        MAG. JUDGE PAYNE

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

IT IS ORDERED that this matter be and is hereby stayed, pending a Final Ruling of

the Judicial Panel on Multidistrict Litigation on transfer of this Case to the Western District

of Washington in MDL-1407.

Shreveport, Louisiana, this 14th day of November, 2001.

_____
JUDGE

COPY SENT
DATE 11/17/01
BY _____
TO _____

RECEIVED

OCT 0 9 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE __11_,_15_,_01_
BY _____Om_____

PEGGY WEBB,

VERSUS

BAYER CORPORATION, ET AL.,

* * * * * * * * * * * * * * * * * *

* CIVIL ACTION
*
* NUMBER: 5:01-CV-1159
*
* JUDGE WALTER
*
* MAGISTRATE JUDGE PAYNE
*

## ORDER

IT IS ORDERED that this matter be and is hereby stayed, pending a Final Ruling of

the Judicial Panel on Multidistrict Litigation on transfer of this Case to the Western District

of Washington in MDL-1407.

Shreveport, Louisiana, this 14T day of November, 2001.

Roy S. Payne
JUDGE

COPY SENT:
DATE: 11/15/01
BY: Om
TO: Singleton
Diliberto
Penton
Blanchard

528654_1

*no order. RSP*

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

SEP 24 2001

ROBERT H. SHEMWELL, CLERK
BY_____

| | | |
|---|---|---|
| SILAS D. WHITAKER | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 5:01-CV-1628 |
| BAYER CORPORATION, ET AL. | * | JUDGE WALTER |
| | * | MAGISTRATE JUDGE PAYNE |

* * * * * * * * * * * * * * * * *

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
*11-14-01*
*DB*

### BAYER CORPORATION'S MOTION FOR TEMPORARY STAY OF PROCEEDINGS PENDING A FINAL RULING OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION ON TRANSFER OF THIS CASE TO MDL-1407

The Judicial Panel on Multidistrict Litigation has consolidated 14 cases, in the Western District of Washington in MDL-1407. These 14 cases, like the instant case before this Court, involve the safety of Phenylpropanolmanine ("PPA"). The Panel has also conditionally transferred 34 other cases involving PPA to the Western District of Washington. *See* Exhibits A and C to Bayer Corporation's Memorandum in Support of Motion for Temporary Stay of Proceeding Pending a Final Ruling of the Judicial Panel on Multidistrict Litigation on Transfer of this Case to MDL-1407. The instant case will also likely be transferred conditionally to the Western District of Washington soon. Accordingly, Bayer Corporation ("Bayer") moves this Court to temporarily stay all proceedings in this matter pending a final ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407. For the reasons detailed in Bayer's attached memorandum in support, such a stay will further the goals of judicial efficiency and

COPY SENT:
DATE: *11/15/01*
BY: *DB*
TO: *Singleton, Pendon, Dilibato, Meyer, Armand, Irwin*

*Stay GRANTED.*
*RSP*
*11-14-01*

consistency by avoiding duplicative proceedings and conflicting pretrial rulings.  Further,

it will not prejudice the parties, but rather will benefit both them and the Court.

Respectfully submitted,

Mary L. Meyer (19966)
John F. Olinde (1515)
Charles P. Blanchard (18798)
CHAFFE, MCCALL, PHILLIPS,
    TOLER & SARPY, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2300
Telephone:  (504) 585-7000
Attorneys for Bayer Corporation


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all

counsel of record by hand or by depositing same in the United States Mail, postage

prepaid, this 24th day of September , 2001.

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE __11_15__01__
BY _____ DM _____

RECEIVED

OCT 0 9 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

DWIGHT WILEY ET AL.

VERSUS                                      CIVIL ACTION NO. 01-1660

BAYER CORPORATION ET AL.                    JUDGE STAGG
                                            MAGISTRATE JUDGE PAYNE

## O R D E R

Based on the foregoing:

IT IS ORDERED that all proceedings herein be and are hereby STAYED pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

THIS DONE AND SIGNED in Shreveport, Louisiana, on this the *14th* day of

*November*, 2001.

_____
MAGISTRATE JUDGE

COPY SENT:
DATE: 11/15/01
BY: DM
TO: Singleton
    Penton
    Diliberto
    Meyer
    Armand
    Kalmbach

RECEIVED

OCT 0 9 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

FILED
USDC, WESTERN DISTRICT OF
ROBERT H, SHEMWELL, CLE
DATE ___11,14,01
BY ___ OB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ANNIE B. WILLIAMS                          CIVIL ACTION

VERSUS                                     NUMBER: 5:01-CV-1633

BAYER CORPORATION, ET AL.                  JUDGE WALTER

                                           MAGISTRATE JUDGE PAYNE

* * * * * * * * * * * * * * * * * *

### ORDER

IT IS ORDERED that this matter be and is hereby stayed, pending a Final Ruling of

the Judicial Panel on Multidistrict Litigation on transfer of this Case to the Western District

of Washington in MDL-1407.

Shreveport, Louisiana, this 14th day of November, 2001.

_Roy S. Payne_
JUDGE

COPY SENT:
DATE: 11/15/01
BY: OB
TO: Singleton
Penton
Dililents
Meyer
Armand
Richard

528657_1

RECEIVED

OCT 0 9 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

NOV 1 5 2001

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

EDITH WILLIAMS and          *          CIVIL ACTION
ALBERT WILLIAMS             *
                            *          NO. 01-1597-S
VERSUS                      *
                            *          JUDGE STAGG
BAYER CORPORATION and       *
SANDOZ PHARMACEUTICAL       *          MAG. JUDGE PAYNE

ORDER

IT IS ORDERED that this matter be and is hereby stayed, pending a Final Ruling of

the Judicial Panel on Multidistrict Litigation on transfer of this Case to the Western District

of Washington in MDL-1407.

Shreveport, Louisiana, this 14th day of November, 2001.

_____
JUDGE

COPY SENT:
DATE: 11/15/01
BY: BS
TO: Lopez; Kelly; Crowin;
Meyer; Braun; Nowak

528660_1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

**NOV 2 6 2001**

ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

NATHANIEL WILLIAMS

VERSUS                                   CIVIL ACTION NO. 01-1981

GLAXOSMITHKLINE, PLC, ET AL.            JUDGE WALTER
                                         MAGISTRATE JUDGE PAYNE

## O R D E R

Based on the foregoing:

**IT IS ORDERED** that all proceedings herein be and are hereby **STAYED** pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

**THIS DONE AND SIGNED** in Shreveport, Louisiana, on this the ⟨26th⟩ day of

⟨November⟩, 2001.

MAGISTRATE JUDGE

COPY SENT:
DATE: 11/27/01
BY:_____
Singleton, Fenton,
Diliberto, truer
Amend, Richard

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

NOV 1 5 2001

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

LOUIS WRIGHT

RECEIVED

OCT 0 9 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

VERSUS

BAYER CORPORATION ET·AL.

CIVIL ACTION NO. 01-1695

JUDGE WALTER
MAGISTRATE JUDGE PAYNE

**O R D E R**

Based on the foregoing:

IT IS ORDERED that all proceedings herein be and are hereby STAYED pending final

ruling of the Judicial Panel on Multidistrict Litigation on transfer of this case to MDL-1407.

THIS DONE AND SIGNED in Shreveport, Louisiana, on this the 14th day of

November , 2001.

_____
MAGISTRATE JUDGE

COPY SENT:
DATE: 11/15/01
BY:
TO:

RECEIVED

OCT 1 1 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

FILED

USDC, WESTERN DISTRICT OF L
ROBERT H. SHEMWELL, CLERK
DATE: 11-19-01
BY: IOB

| | | |
|---|---|---|
| WILLIE LEE YOUNG | * | CIVIL ACTION |
| VERSUS | * | NO. CV 01-1743-S |
| BAYER CORPORATION, ET AL | * | JUDGE WALTER |
| | * | MAG. JUDGE PAYNE |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER

IT IS ORDERED that this matter be and is hereby stayed, pending a Final Ruling of

the Judicial Panel on Multidistrict Litigation on transfer of this Case to the Western District

of Washington in MDL-1407.

Shreveport, Louisiana, this 14th day of November, 2001.

Roy S. Payne
JUDGE

COPY SENT:
DATE: 11/15/01
BY: IOB
TO: Sanguten
Penton
Dilibuto
Blanchard
erwin
erwin
armand

529089_1

S/

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

**FILED**
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE  10 , 19 , 01
BY _____ Tw

| | |
|---|---|
| JAMES BOWMAN | CIVIL ACTION NO. 01-1802-A |
| VERSUS | U.S. DISTRICT JUDGE TOM STAGG |
| BAYER CORPORATION, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is plaintiff's motion to remand [Doc. #13] and motions for stay of proceedings [Doc. #21, #27] filed on behalf of defendants Bayer Corporation ("Bayer") and American Home Products Corporation ("American"). The motions have been referred to the undersigned for decision and report and recommendation, respectively[1].

Plaintiff sued defendants for damages claimed as the result of the ingestion of phenylpropanolamine ("PPA"). Defendants Bayer and American are diverse defendants. However, K&B Corporation ("K&B") is a Louisiana corporation, the addition of which, if not fraudulently joined, destroys diversity. Defendants argue that K&B was fraudulently joined for the purpose of preventing jurisdiction in this court.

---



[1]  Similar motions are pending before me in <u>Henry Monk v. Bayer Corporation, et al</u>, #01-1760-A and <u>Tamika McFee v. Bayer Corporation, et al</u>, #01-1820-M, Western District of Louisiana, Report and Recommendations on which are issued contemporaneously this date.

Plaintiff argues that the allegations contained in the complaint against K&B are based on Louisiana's law of redhibition, acknowledging that under Louisiana law a non-manufacturing seller of an allegedly defective product is not liable in tort, absent a showing that it knew or should have known that the product was defective and failed to declare it. Wilson v. State Farm Fire & Cas. Ins. Co., 94-1342 (La.App.3 Cir. 4/5/95), 654 So.2d 385, rehg. den., writ. den., 95,1704 (La. 10/6/95), 661 So.2d 476.  Here, plaintiff does not allege that K&B knew or should have known the product was defective, but alleges only that as a retail seller it is liable in redhibition for a product proven to be defective. Defendants argue that plaintiff's allegations in the complaint are inadequate to support a cause of action for redhibition.

In addition to opposing the motion to remand, defendants have asked this court to stay the entire proceeding, including the pending ruling on the plaintiff's motion to remand, until a determination can be made as to whether this case will be transferred pursuant to order of the Judicial Panel on Multi-district Litigation. Defendants point out that there are numerous cases in this district, as well as other district courts in Louisiana and in many other states, alleging damages as a result of the ingestion of PPA.

On August 28, 2001, the Panel transferred eight civil actions to the U.S. District Court for the Western District of Washington,

2

pursuant to 28 U.S.C. §1407. *See also* Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 192 F.R.D. 459 (2000). In addition, the Panel has issued a conditional transfer order regarding this case. Defendants seek a stay until such time as the Panel determines whether the final transfer order will be entered.

In support of the motions for stay, defendants point to the possibility of inconsistent rulings among the courts concerning the issue now pending on motion to remand in various cases of whether or not K&B was fraudulently joined. Second, defendants argue that judicial economy would best be served by one court deciding that issue rather than numerous judges each independently reviewing the evidence and the law and independently deciding the issue. Finally, defendants argue that it would be unfair to require defendants to respond in each court to the very same arguments in multiple suits. In opposing defendants' motions to stay, plaintiff argues that the decision to stay is, of course, discretionary, that the motion to remand has been pending for over two weeks and that it is time to decide the motion to remand whether this court decides it or another court decides it. Plaintiff also argues that he would be inconvenienced and incur unnecessary expenses in litigating this matter "thousands of miles from home."

Although the decision whether or not to grant stay is discretionary with the court, my research reveals that where issues are presented which are similar to those pending before the

3

transferee court, the court should defer to the transferee court for decision.  Indeed, the purpose of the transfer by the Panel on Multidistrict Litigation is for all pretrial proceedings.  See 28 U.S.C. §1407(a).    See, for example, *In re Rezulin Products* *Liability Litigation*, 133 F.Supp.2d 272 (2001).

The purpose of the conditional transfer order for "tag-a-long actions" is to allow the parties time to oppose the proposed order of transfer.    The delay occasioned by the conditional transfer order is not to allow the transferee district court to quickly decide issues pending in the litigation. *See* Rule 7.4. 192 F.R.D. 459, et seq. This court recognizes, however, that the pendency of a transfer order does not in any way defeat or limit the authority of this court to rule upon matters properly presented to it for decision.  See *In re Air Crash at Paris, France*, 376 F.Supp. 887 (Jud. Pan. Mult. Lit. 1974) cited in *Boudreaux v. Metropolitan Life* *Ins. Co.*, 1995 WL 83788 (E.D. La. 1995).

Although plaintiff argues that a Louisiana court can best decide issues of Louisiana law concerning the viability of the state law claims against defendant K&B, the fact is that there is a significant risk of inconsistent rulings in this and all other cases now pending in which the fraudulent joinder issue exists.  In addition, there may be similar issues as to the addition of diversity destroying defendants in cases pending before the Panel from other states.  A uniform decision with regard to those issues

4

in all such cases can best be made by the transferee court, not by

this court.    In addition, it makes no sense for this court to

decide the remand issue in each of the cases now pending before it

and for myriad other federal courts across the land to be required

to study the record, research the law and write opinions on the

identical issue.    In other words, judicial economy is a strong

factor in this case in favor of a stay.    In addition, it would be

manifestly unfair to require these defendants, which have been

named as defendants in dozens of other similar cases, to defend

each of those cases independently, or to be required to respond to

motions to remand separately in each of those cases.    As defendants

correctly point out in brief, other courts routinely stay cases in

such circumstances.    *See, for example,* Boudreaux v. Metropolitan

Life Ins. Co., 1995 WL 83788 (E.D. La. 1995)[2].

---

[2] The Fifth Circuit has not been directly presented with
this issue.    *See* Republic of Panama v. American Tobacco Co.,
Inc., 217 F.3d 343, 347 (5th Cir. 2000).    *Compare,* however,
Sliman v. Warner-Lambert Co., 2001 WL 515222 (E.D. La.), Vance J.
Judge Vance also decided Boudreaux, Luna v. Warner-Lambert Co.,
2001 WL 515223 (E.D. La.); Dixon v. Warner-Lambert Co., 2001 WL
515226 (E.D. La.); Pearl v. Warner-Lambert Co., 2001 WL 515227
(E.D. La.); Magallanes v. Warner-Lambert Co., 2001 WL 515232
(E.D. La.); DeBlanc v. Warner-Lambert Co., 2001 WL 515234 (E.D.
La.); Berry v. Warner-Lambert Co., 2001 WL 515236 (E.D. La.);
Tinson v. Warner-Lambert Co., 2001 WL 531097 (E.D. La.); Spatz v.
Warner-Lambert Co., 2001 WL 531100 (E.D. La.); Pellebon v.
Warner-Lambert Co., 2001 WL 531104 (E.D. La.); Felker v. Warner-
Lambert Co., 2001 WL 531110 (E.D. La.); Miller v. Warner-Lambert
Co., 2001 WL 531113 (E.D. La.); Edwards v. Warner-Lambert Co.,
2001 WL 531117 (E.D. La.); Carter v. Warner-Lambert Co., 2001 WL
515247 (E.D. La.).

In this case, transfer appears likely and it is most appropriate that the transferee court decide the remand issue.

## Conclusion

For these reasons, IT IS RECOMMENDED that the district judge stay further proceedings in this case pending final determination by the Panel on Multidistrict Litigation as to whether a final order of transfer will be entered in the case and that decision on plaintiff's motion to remand be pretermitted pending lifting of the stay or transfer of the case.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING**

6

ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL

CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

   THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on

this the ___16___ day of October 2001.

                              JAMES D. KIRK
                       UNITED STATES MAGISTRATE JUDGE


COPY SENT:
DATE: 10/22/01
BY:
TO: Diliberto
    Singleton
    Renton
    Meyer
    Armand
    Richard

7

**FILED**
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE _10,19,01_
BY _____ _Thw_

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRA DIVISION

| | |
|---|---|
| HENRY MONK | CIVIL ACTION NO. 01-1760-M |
| VERSUS | U.S. DISTRICT JUDGE DONALD E. WALTER |
| BAYER CORPORATION, WHITEHALL-<br>ROBINS HEALTHCARE AND K&B<br>CORPORATION | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is plaintiff's motion to remand [Doc. #12] and motions for stay of proceedings [Doc. #20, #23] filed on behalf of defendants Bayer Corporation ("Bayer") and American Home Products Corporation ("American"). The motions have been referred to the undersigned for decision and report and recommendation, respectively[1].

Plaintiff sued defendants for damages claimed as the result of the ingestion of phenylpropanolamine ("PPA"). Defendants Bayer and American are diverse defendants. However, K&B Corporation ("K&B") is a Louisiana corporation, the addition of which, if not fraudulently joined, destroys diversity. Defendants argue that K&B was fraudulently joined for the purpose of preventing jurisdiction in this court.

---

[1] Similar motions are pending before me in <u>Henry Monk v. Bayer Corporation, et al</u>, #01-1760-A and <u>Tamika McFee v. Bayer Corporation, et al</u>, #01-1820-M, Western District of Louisiana, Report and Recommendations on which are issued contemporaneously this date.



Plaintiff argues that the allegations contained in the complaint against K&B are based on Louisiana's law of redhibition, acknowledging that under Louisiana law a non-manufacturing seller of an allegedly defective product is not liable in tort, absent a showing that it knew or should have known that the product was defective and failed to declare it.  _Wilson v. State Farm Fire & Casualty Ins. Co._, 94-1342 (La.App.3 Cir. 4/5/95), 654 So.2d 385, _rehg. den._, _writ. den._, 95,1704 (La. 10/6/95), 661 So.2d 476. Here, plaintiff does not allege that K&B knew or should have known the product was defective, but alleges only that as a retail seller it is liable in redhibition for a product proven to be defective. Defendants argue that plaintiff's allegations in the complaint are inadequate to support a cause of action for redhibition.

In addition to opposing the motion to remand, defendants have asked this court to stay the entire proceeding, including the pending ruling on the plaintiff's motion to remand, until a determination can be made as to whether this case will be transferred pursuant to order of the Judicial Panel on Multi-district Litigation.  Defendants point out that there are numerous cases in this district, as well as other district courts in Louisiana and in many other states, alleging damages as a result of the ingestion of PPA.

On August 28, 2001, the Panel transferred eight civil actions to the U.S. District Court for the Western District of Washington,

2

pursuant to 28 U.S.C. §1407.  *See also* Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 192 F.R.D. 459 (2000). In addition, the Panel has issued a conditional transfer order regarding this case.  Defendants seek a stay until such time as the Panel determines whether the final transfer order will be entered.

In support of the motion for stay, defendants point to the possibility of inconsistent rulings among the courts concerning the issue now pending on motion to remand in various cases of whether or not K&B was fraudulently joined.  Second, defendants argue that judicial economy would best be served by one court deciding that issue rather than numerous judges each independently reviewing the evidence and the law and independently deciding the issue. Finally, defendants argue that it would be unfair to require defendants to respond in each court to the very same arguments in multiple suits.  In opposing defendants' motions to stay, plaintiff argues that the decision to stay is, of course, discretionary, that the motion to remand has been pending for over two weeks and that it is time to decide the motion to remand whether this court decides it or another court decides it. Plaintiff also argues that he would be inconvenienced and incur unnecessary expenses in litigating this matter "thousands of miles from home."

Although the decision whether or not to grant stay is discretionary with the court, my research reveals that where issues are presented which are similar to those before the transferee

3

court, the court should defer to the transferee court for decision.
Indeed, the purpose of the transfer by the Panel on Multidistrict
Litigation is for all pretrial proceedings.   See 28 U.S.C.
§1407(a).   See, for example, In re Rezulin Products Liability
Litigation, 133 F.Supp.2d 272 (2001).

The purpose of the conditional transfer order for "tag-a-long
actions" is to allow the parties time to oppose the proposed order
of transfer.   The delay occasioned by the conditional transfer
order is not to allow the transferee district court to quickly
decide issues pending in the litigation. See Rule 7.4. 192 F.R.D.
459, et seq.  This court recognizes, however, that the pendency of
a transfer order does not in any way defeat or limit the authority
of this court to rule upon matters properly presented to it for
decision.  See In re Air Crash at Paris, France, 376 F.Supp. 887
(Jud. Pan. Mult. Lit. 1974) cited in Boudreaux v. Metropolitan Life
Ins. Co., 1995 WL 83788 (E.D. La. 1995).

Although plaintiff argues that a Louisiana court can best
decide issues of Louisiana law concerning the viability of the
state law claims against defendant K&B, the fact is that there is
a significant risk of inconsistent rulings in this and all other
cases now pending in which the fraudulent joinder issue exists.  In
addition, there may be similar issues as to the addition of
diversity destroying defendants in cases pending before the Panel
from other states.  A uniform decision with regard to those issues

4

in all such cases can best be made by the transferee court, not by this court.    In addition, it makes no sense for this court to decide the remand issue in each of the cases now pending before it and for myriad other federal courts across the land to be required to study the record, research the law and write opinions on the identical issue.    In other words, judicial economy is a strong factor in this case in favor of a stay.    In addition, it would be manifestly unfair to require these defendants, which have been named as defendants in dozens of other similar cases, to defend each of those cases independently, or to be required to respond to motions to remand separately in each of those cases.    As defendants correctly point out in brief, other courts routinely stay cases in such circumstances.    *See, for example,* <u>Boudreaux v. Metropolitan Life Ins. Co.</u>, 1995 WL 83788 (E.D. La. 1995)[2].

---

[2]    The Fifth Circuit has not been directly presented with this issue.    *See* <u>Republic of Panama v. American Tobacco Co., Inc.</u>, 217 F.3d 343, 347 (5th Cir. 2000).    *Compare,* however, <u>Sliman v. Warner-Lambert Co.</u>, 2001 WL 515222 (E.D. La.), Vance J. Judge Vance also decided <u>Boudreaux</u>, <u>Luna v. Warner-Lambert Co.</u>, 2001 WL 515223 (E.D. La.); <u>Dixon v. Warner-Lambert Co.</u>, 2001 WL 515226 (E.D. La.); <u>Pearl v. Warner-Lambert Co.</u>, 2001 WL 515227 (E.D. La.); <u>Magallanes v. Warner-Lambert Co.</u>, 2001 WL 515232 (E.D. La.); <u>DeBlanc v. Warner-Lambert Co.</u>, 2001 WL 515234 (E.D. La.); <u>Berry v. Warner-Lambert Co.</u>, 2001 WL 515236 (E.D. La.); <u>Tinson v. Warner-Lambert Co.</u>, 2001 WL 531097 (E.D. La.); <u>Spatz v. Warner-Lambert Co.</u>, 2001 WL 531100 (E.D. La.); <u>Pellebon v. Warner-Lambert Co.</u>, 2001 WL 531104 (E.D. La.); <u>Felker v. Warner-Lambert Co.</u>, 2001 WL 531110 (E.D. La.); <u>Miller v. Warner-Lambert Co.</u>, 2001 WL 531113 (E.D. La.); <u>Edwards v. Warner-Lambert Co.</u>, 2001 WL 531117 (E.D. La.); <u>Carter v. Warner-Lambert Co.</u>, 2001 WL 515247 (E.D. La.).

In this case, transfer appears likely and it is most appropriate that the transferee court decide the remand issue.

## Conclusion

For these reasons, IT IS RECOMMENDED that the district judge stay further proceedings in this case pending final determination by the Panel on Multidistrict Litigation as to whether a final order of transfer will be entered in the case and that decision on plaintiff's motion to remand be pretermitted pending lifting of the stay or transfer of the case.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING**

FILE No. 816 04/10 '02 12:52   ∵:SESSIONS FISHMAN     504 5ʹ 1555     PAGE 25

ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL

CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on

this the ___16th___ day of October 2001.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

COPY SENT:
DATE: 10/22/01
BY: dm
TO: Diliberto
Singleton
Penton
Blanchard
Armend
Richard

7

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION



**FILED**
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10, 19, 01
BY _____ TLW

| | |
|---|---|
| TAMIKA McFEE | CIVIL ACTION NO. 01-1820-M |
| VERSUS | U.S. DISTRICT JUDGE ROBERT G. JAMES |
| BAYER CORPORATION, GLAXOSMITHKLINE PLC AND K&B CORPORATION | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is plaintiff's motion to remand [Doc. #8] and motion for stay of proceedings [Doc. #15] filed on behalf of defendant Bayer Corporation ("Bayer"). The motions have been referred to the undersigned for decision and report and recommendation, respectively[1].

Plaintiff sued defendants for damages claimed as the result of the ingestion of phenylpropanolamine ("PPA"). Defendants Bayer and GlaxoSmithKline PLC ("GSK") are diverse defendants. However, K&B Corporation ("K&B") is a Louisiana corporation, the addition of which, if not fraudulently joined, destroys diversity. Defendant argues that K&B was fraudulently joined for the purpose of preventing jurisdiction in this court.

---

[1] Similar motions are pending before me in <u>Henry Monk v. Bayer Corporation, et al</u>, #01-1760-A and <u>Tamika McFee v. Bayer Corporation, et al</u>, #01-1820-M, Western District of Louisiana, Report and Recommendations on which are issued contemporaneously this date.

Plaintiff argues that the allegations contained in the complaint against K&B are based on Louisiana's law of redhibition, acknowledging that under Louisiana law a non-manufacturing seller of an allegedly defective product is not liable in tort, absent a showing that it knew or should have known that the product was defective and failed to declare it. *Wilson v. State Farm Fire & Casualty Ins. Co.*, 94-1342 (La.App.3 Cir. 4/5/95), 654 So.2d 385, *rehg. den.*, *writ. den.*, 95,1704 (La. 10/6/95), 661 So.2d 476. Here, plaintiff does not allege that K&B knew or should have known the product was defective, but alleges only that as a retail seller it is liable in redhibition for a product proven to be defective. Defendant argues that plaintiff's allegations in the complaint, are inadequate to support a cause of action for redhibition.

In addition to opposing the motion to remand, defendant has asked this court to stay the entire proceeding, including the pending ruling on the plaintiff's motion to remand, until a determination can be made as to whether this case will be transferred pursuant to order of the Judicial Panel on Multi-district Litigation. Defendant points out that there are numerous cases in this district, as well as other district courts in Louisiana and in many other states, alleging damages as a result of the ingestion of PPA.

On August 28, 2001, the Panel transferred eight civil actions to the U.S. District Court for the Western District of Washington,

pursuant to 28 U.S.C. §1407. *See also* Rules of Procedure of the
Judicial Panel on Multidistrict Litigation, 192 F.R.D. 459 (2000).

In support of the motion for stay, defendant points to the
possibility of inconsistent rulings among the courts concerning the
issue now pending on motion to remand in various cases of whether
or not K&B was fraudulently joined. Second, defendant argues that
judicial economy would best be served by one court deciding that
issue rather than numerous judges each independently reviewing the
evidence and the law and independently deciding the issue.
Finally, defendant argues that it would be unfair to require
defendant to respond in each court to the very same arguments in
multiple suits. In opposing Bayer's motion to stay, plaintiff
argues that the decision to stay is, of course, discretionary, that
the motion to remand has been pending for over two weeks and that
it is time to decide the motion to remand whether this court
decides it or another court decides it. Plaintiff also argues that
she would be inconvenienced and incur unnecessary expenses in
litigating this matter "thousands of miles from home."

Although the decision whether or not to grant stay is
discretionary with the court, my research reveals that where issues
are presented which are similar to those pending before the
transferee court, the court should defer to the transferee court
for decision. Indeed, the purpose of the transfer by the Panel on
Multidistrict Litigation is for all pretrial proceedings. See 28

3

U.S.C. §1407(a).    See, *for example*, In re Rezulin Products
Liability Litigation, 133 F.Supp.2d 272 (2001).

The purpose of the conditional transfer order for "tag-a-long
actions" is to allow the parties time to oppose the proposed order
of transfer.    The delay occasioned by the conditional transfer
order is not to allow the transferee district court to quickly
decide issues pending in the litigation. *See* Rule 7.4. 192 F.R.D.
459, et seq. This court recognizes, however, that the pendency of
a transfer order does not in any way defeat or limit the authority
of this court to rule upon matters properly presented to it for
decision.    See In re Air Crash at Paris, France, 376 F.Supp. 887
(Jud. Pan. Mult. Lit. 1974) cited in Boudreaux v. Metropolitan Life
Ins. Co., 1995 WL 83788 (E.D. La. 1995).

Although plaintiff argues that a Louisiana court can best
decide issues of Louisiana law concerning the viability of the
state law claims against defendant K&B, the fact is that there is
a significant risk of inconsistent rulings in this and all other
cases now pending in which the fraudulent joinder issue exists.    In
addition, there may be similar issues as to the addition of
diversity destroying defendants in cases pending before the Panel
from other states.  A uniform decision with regard to those issues
in all such cases can best be made by the transferee court, not by
this court.    In addition, it makes no sense for this court to
decide the remand issue in each of the cases now pending before it

4

and for myriad other federal courts across the land to be required
to study the record, research the law and write opinions on the
identical issue.    In other words, judicial economy is a strong
factor in this case in favor of a stay.    In addition, it would be
manifestly unfair to require this defendant, which has been named
as defendant in dozens of other similar cases, to defend each of
those cases independently, or to be required to respond to motions
to remand separately in each of those cases.    As defendant
correctly points out in brief, other courts routinely stay cases in
such circumstances.    *See, for example,* Boudreaux v. Metropolitan
Life Ins. Co., 1995 WL 83788 (E.D. La. 1995)[2].

In this case, transfer appears likely and it is most
appropriate that the transferee court decide the remand issue.

---

[2]    The Fifth Circuit has not been directly presented with
this issue.    *See* Republic of Panama v. American Tobacco Co.,
Inc., 217 F.3d 343, 347 (5th Cir. 2000).    *Compare*, however,
Sliman v. Warner-Lambert Co., 2001 WL 515222 (E.D. La.), Vance J.
Judge Vance also decided Boudreaux, Luna v. Warner-Lambert Co.,
2001 WL 515223 (E.D. La.); Dixon v. Warner-Lambert Co., 2001 WL
515226 (E.D. La.); Pearl v. Warner-Lambert Co., 2001 WL 515227
(E.D. La.); Magallanes v. Warner-Lambert Co., 2001 WL 515232
(E.D. La.); DeBlanc v. Warner-Lambert Co., 2001 WL 515234 (E.D.
La.); Berry v. Warner-Lambert Co., 2001 WL 515236 (E.D. La.);
Tinson v. Warner-Lambert Co., 2001 WL 531097 (E.D. La.); Spatz v.
Warner-Lambert Co., 2001 WL 531100 (E.D. La.); Pellebon v.
Warner-Lambert Co., 2001 WL 531104 (E.D. La.); Felker v. Warner-
Lambert Co., 2001 WL 531110 (E.D. La.); Miller v. Warner-Lambert
Co., 2001 WL 531113 (E.D. La.); Edwards v. Warner-Lambert Co.,
2001 WL 531117 (E.D. La.); Carter v. Warner-Lambert Co., 2001 WL
515247 (E.D. La.).

## Conclusion

For these reasons, IT IS RECOMMENDED that the district judge stay further proceedings in this case pending final determination by the Panel on Multidistrict Litigation as to whether a final order of transfer will be entered in the case and that decision on plaintiff's motion to remand be pretermitted pending lifting of the stay or transfer of the case.

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING**

ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL

CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on

this the ___16th___ day of October 2001.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

COPY SENT:
DATE: 10/22/01
BY: ___
TO: Singleton
Penton
Diliberto
Blanchard
Armand
Irwin

7

FILED

NOV 1 6 2001

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

TAMIKA McFEE                    CIVIL ACTION NO. 01-1820-M

VERSUS                          U.S. DISTRICT JUDGE ROBERT G. JAMES

BAYER CORPORATION, et al        U.S. MAGISTRATE JUDGE JAMES D. KIRK

## J U D G M E N T

For the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the entire record, and concurring with the Magistrate Judge's findings under the applicable law;

IT IS ORDERED that Bayer Corporation's motion for stay [Doc. #15] is GRANTED, STAYING this case pending final determination by the Panel on Multidistrict Litigation as to whether a final order of transfer will be entered in the case.

IT IS FURTHER ORDERED that a decision on plaintiff's motion to remand [Doc. #8] is pretermitted pending lifting of the stay or transfer of the case.

THUS ORDERED AND SIGNED in Chambers at Monroe, Louisiana, on this __16__ day of __November__ 2001.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

JUDGMENT ENTERED
11/19/01
BY _____
COPY

SOUTHERN DISTRICT OF MISSISSIPPI

F I L E D

... T - 4 2001

J. T. NOELIN, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SHIRLEY J. DRAYTON                                          PLAINTIFF

VS.                                      CIVIL ACTION NO. 5:01-cv-265BN

NOVARTIS CONSUMER HEALTH, INC, AND
NOVARTIS PHARMACEUTICALS CORPORATION,
CHATTEM, INC., WHITEHALL-ROBBINS
HEALTHCARE, a division of AMERICAN
HOME PRODUCTS CORPORATION, BAYER
CORPORATION, and BANKSTON-REXALL, INC.        DEFENDANTS

## ORDER

Defendant Bayer Corporation, in addition to responding to the
Motion of Plaintiff to Remand, requests that the Court stay all
proceedings, including consideration of the Motion to Remand,
pending a decision by the Judicial Panel on Multidistrict
Litigation ("JPML") with regard to whether the above referenced
case will be transferred to the ongoing MDL proceeding, In re
Phenylpropanolamine (PPA) Products Liability Litigation, MDL No.
1407. Although the above referenced case has been conditionally
transferred to MDL, this Court retains jurisdiction over the case
and, therefore, may decide whether to remand it to state court.
See State of Rio De Janeiro of the Federated Republic of Brazil v.
Philip Morris Inc., 239 F.3d 714 (5th Cir. 2001). It is advisable,
however, for a district court to defer the resolution of certain
matters until the JPML renders a decision with regard to whether a

case should be transferred to MDL. See MOORE'S FEDERAL PRACTICE, MANUAL FOR COMPLEX LITIGATION § 31.131 (3ed ed. 2000). Further, the "pendency of motions raising questions common to related actions" may be "an additional justification for transfer." Id.

The power of this Court to "stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). The Court finds that Plaintiff will not be unduly prejudiced if proceedings in this Court, including consideration of the Motion to Remand, are stayed pending a decision by the JPML as to the transferability of this case. The Court additionally finds that staying all proceedings in this case will serve the interests of judicial economy. Therefore, the Court will exercise its discretion and stay all proceedings in this case pending a decision by the JPML.

IT IS THEREFORE ORDERED that all proceedings in this Court are hereby stayed until the Judicial Panel on Multidistrict Litigation makes its final determination as to whether this case is to be transferred to the ongoing MDL proceeding.

2

IT IS FURTHER ORDERED that the parties are to inform the Court of the decision rendered by the JPML within five days of their receipt of that decision.

SO ORDERED this the 2nd day of October, 2001.

UNITED STATES DISTRICT JUDGE

3



1  Aton Arbisser, State Bar Number 150496
2  Jan E. Dodd, State Bar Number 214362
   Maureen Johnson, State Bar Number 185299
3  Jean-Claude André, State Bar Number 213538
   KAYE SCHOLER LLP
4  1999 Avenue of the Stars, Suite 1700
   Los Angeles, California 90067-60
5  Telephone: (310) 788-1000
   Fax: (310) 788-1200

6  Randolph S. Sherman
   KAYE SCHOLER LLP
7  425 Park Avenue
   New York, New York 10022
8  Telephone: (212) 836-8000
   Telecopy: (212) 836-8689

9

10 Attorneys for Defendant
   Novartis Pharmaceuticals Corporat

```
FILED
CLERK, U.S. DISTRICT COURT

FEB 13 2002

JTRAL DISTRICT OF CALIFORNIA
TERN DIVISION     BY DEPUTY
```

11

12                   UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14                          SANTA ANA DIVISION

15 ALEX SHUBIN and TATIANA          )  CASE NO. ED CV 02-15-VAP (SGLx)
   SHUBIN,                          )
16                                  )
        Plaintiffs,                 )  [PROPOSED] ORDER STAYING
17                                  )  PROCEEDINGS PENDING
        v.                          )  TRANSFER BY THE JUDICIAL
18                                  )  PANEL ON MULTIDISTRICT
   AMERICAN HOME PRODUCTS           )  LITIGATION
19 CORPORATION; BAYER               )
   CORPORATION; SMITH KLINE         )
20 BEECHAM, INC.;                   )
   GLAXOSMITHKLINE; NOVARTIS        )
21 PHARMACEUTICALS                  )  Date:   [Not available]
   CORPORATION; PROCTOR &           )  Time:   [Not available]
22 GAMBLE PHARMACEUTICALS,          )  Place:  Courtroom 2
   INC.; SAV-ON DRUG STORES, INC.;  )          United States Courthouse
23 RITE-AID HEADQUARTERS            )          3470 Twelfth St.
   CORPORATION; and DOES 1-110,     )          Riverside, CA 92501
24                                  )
        Defendants.                 )
25 ─────────────────────────────────)  Before:  Hon. Virginia A. Phillips

26

27

28

Defendants American Home Products Corp., Bayer Corp., Smithkline Beecham, Inc., Glaxosmithkline, Novartis Pharmaceutcals Corp., and Proctor & Gamble Pharmaceuticals, Inc. (collectively, the "Defendants") have applied *ex parte* to stay proceedings in this action pending determination by the Judicial Panel on Multidistrict Litigation on whether to transfer the action to the Honorable Barbara Rothstein of the United States District Court for the Western District of Washington. The Application was presented February 6, 2002. Defendants having shown good cause to stay proceedings pending a decision by the Judicial Panel on Multidistrict Litigation, the motion is hereby granted. All proceedings herein are stayed until either the action is transferred to Judge Rothstein or the MDL Panel declines to transfer it.

IT IS SO ORDERED.

DATED: February 12, 2002

VIRGINIA A. PHILLIPS

_____

The Honorable Virginia A. Phillips
United States District Judge

23065252 VLWFD  ORDER STAYING PROCEEDINGS PENDING MDL TRANSFER

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

FILED

NOV 0 6 2000

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

JULIA F. HERNANDEZ,
    Plaintiff,

v.

PARKE-DAVIS DIVISION OF
WARNER-LAMBERT CO. NOW
MERGED WITH PFIZER, INC.,
ECKERDS CORP., AND H.E.B., INC.,
    Defendants.

CIVIL ACTION W-00-CA-266

## ORDER

Before the Court are the Plaintiff's Motions to Remand and for Leave to Amend Plaintiff's Original Complaint. Having carefully considered the Plaintiff's motions and the Defendants' responses, the Court finds that the Plaintiff's motion for leave to amend her complaint should be DENIED. The Court further finds that the possibility of the transfer of this case by the Joint Panel on Multidistrict Litigation to the Rezulin MDL court in the Southern District of New York counsels that this Court's consideration of the remand issue should be stayed pending the resolution of the transfer to the MDL court.

Accordingly, it is

ORDERED that the Plaintiff's Motion for Leave to Amend Plaintiff's Original Complaint is DENIED. It is further

ORDERED that this Court's consideration of the Plaintiff's Motion to Remand is STAYED pending the resolution of the transfer of this case to the Rezulin MDL court.

SIGNED this _6_ day of November 2000.

WALTER S. SMITH, JR.
UNITED STATES DISTRICT JUDGE

RZ 0013557

Received  11-07-00  12:25    From-210-472-6513 TXND    To-BEIRNE MAYNARD    Page 02

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED

NOV 2 8 2001

Michael N. Milby, Clerk

DAVID ABUDEI, et al.                    §
                                        §
        Plaintiffs,                     §
                                        §
v.                                      §    CIVIL ACTION NO. G-01-604
                                        §
WARNER LAMBERT CO., PARKE DAVIS         §
DIVISION OF WARNER LAMBERT CO.,         §
PFIZER, INC., DR. JOHN MATHIAS, and     §
H.E.B. GROCERY CO.                      §
                                        §
        Defendants.                     §

## ORDER GRANTING IN PART AND DEFERRING IN PART PLAINTIFFS' MOTION TO REMAND

This is a pharmaceutical products liability case brought by more than forty Texas residents alleging injuries arising from Rezulin, a drug therapy for Type II diabetes that was marketed by Defendants Warner Lambert Company and the Parke Davis Division of Warner Lambert Company from March 1997 through March 2000. Plaintiffs originally filed this lawsuit in the 56th District Court of Galveston County, Texas on August 22, 2001. Plaintiffs' Original Petition alleges (1) seven causes of action directed exclusively towards Warner Lambert Company, the Parke Davis Division of Warner Lambert Company and Pfizer, Inc.; (2) four product liability and breach of warranty claims against Warner Lambert Company, the Parke Davis Division of Warner Lambert Company, Pfizer, Inc. and H.E.B. Grocery Company; and (3) one medical negligence claim brought by Plaintiff Valeria Malek against Dr. John Mathias. On October 4, 2001, Defendant Warner Lambert Company removed the lawsuit to this Court based upon allegations that resident Defendants Dr. John Mathias and H.E.B. Grocery Company were fraudulently and improperly joined. Now before the Court is



RZ 0100859

Plaintiffs' Motion to Remand, filed October 10, 2001. For the reasons articulated below, Plaintiffs' Motion is hereby **GRANTED IN PART** and **DEFERRED IN PART**.

## I.

Plaintiff Valeria Malek is the only Plaintiff in this action who has asserted a claim against non-diverse Defendant Dr. John Mathias, a physician who has no connection whatsoever to any of the other Plaintiffs. This Court finds that an attempt to join a non-diverse physician as a defendant, in an action where only one of numerous plaintiffs has a claim against him, needlessly hinders the MDL mechanism, which was created for handling precisely this type of litigation. Therefore, this Court **ORDERS** that the claims of Plaintiff Valeria Malek against all Defendants in this action shall be severed from the claims of the other Plaintiffs and remanded to the 56th District Court of Galveston County, Texas. Thus, Plaintiffs' Motion to Remand is **GRANTED** with respect to the claims of Plaintiff Valeria Malek only.

## II.

Plaintiffs likewise seek a remand of the claims brought by the remaining Plaintiffs against Defendants Warner Lambert Company, the Parke Davis Division of Warner Lambert Company, Pfizer, Inc. and H.E.B. Grocery Company. However, in light of the possibility that this lawsuit will be transferred to the Rezulin MDL proceedings, the Court will defer its ruling on the additional remand issues. This decision comports with the positions of various other courts confronted with similar motions to remand in Rezulin cases. See, e.g., Young v. Warner-Lambert Co., No. 01-319/LAC (N.D.Fla. Oct. 9, 2001); Mosley v. Warner-Lambert Co., No. 01-0555-CB-M (S.D.Ala. Sept. 24, 2001); Abadine v. Parke-Davis, No. 01-1231 (E.D.La. Aug. 8, 2001); Mullins v. Parke-Davis, No. 01-135 (E.D.Ky. July 26, 2001); Lewis v. Warner-Lambert Co., No. 01-668 (W.D.La. May 23, 2001). Thus, this action is hereby **STAYED** pending a decision from the MDL panel, and

Plaintiffs' Motion to Remand the claims of all Plaintiffs other than Valeria Malek is DEFERRED

to be resolved by the transferee court upon final transfer.

IT IS SO ORDERED.

DONE this 27 day of November, 2001, at Galveston, Texas.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE

FILED BY  D.C.

IN THE UNITED STATES DISTRICT COURT 01 APR -3 AM 7:55
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. ____ OF TENN

| | | |
|---|---|---|
| J.C. JACKSON, Deceased, by and through his next Friend and Wife, DEATHER JACKSON and DEATHER JACKSON, Individually; SHEARON HARVEY; and JIMMIE CRUSE, JR., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 01-2113 DA |
| JOHNSON & JOHNSON, INC., and JANSSEN PHARMACEUTICA, INC., a Subsidiary of Johnson & Johnson, Inc., | ) ) ) ) | |
| Defendants. | ) ) | |

---

**ORDER PROVISIONALLY DENYING PLAINTIFFS' MOTION FOR REMAND AND
TRANSFERRING CASE AND DENYING PLAINTIFFS' MOTION FOR SANCTIONS**

---

The Plaintiffs initiated a Complaint against Defendants Johnson & Johnson, Inc., Janssen

Pharmaceutica, Inc. ("Janssen") a subsidiary of Johnson & Johnson (incorrectly named as Johnson

& Johnson, Inc.), Kenneth Harris, M.D., and Fred's, Inc. in the Circuit Court of Shelby County,

Tennessee, on or about August 15, 2000. On September 15, 2000, Defendants filed a Notice of

Removal, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332, removing this action to the United

States District Court for the Western District of Tennessee, Western Division. ( See Notice of

Removal). Removal was based on diversity of citizenship. On November 22, 2000, this Court

granted Plaintiffs' Motion for Remand and this case was sent back to the Circuit Court of Shelby

County, Tennessee. On December 5, 2000, Kenneth Harris was voluntarily dismissed from this

action. On February 9, 2001, Defendants Fred's Inc. and Fred's Stores of Tennessee, Inc. were also


DEFENDANT'S
EXHIBIT

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 4-3-01

(13)

dismissed from this lawsuit. On February 12, 2001, Defendants Johnson & Johnson, Inc. and Janssen Pharmaceutica, Inc., a subsidiary of Johnson & Johnson, Inc. filed an amended notice of removal, removing this action to the United States District Court for the Western District of Tennessee, Western Division. Plaintiffs now respectfully move the Court to remand this action to the Circuit Court of Shelby County, Tennessee, on the basis that this action was improperly removed pursuant to 28 U.S.C. § 1332. Plaintiffs argue that nothing has changed since the court's prior order remanding the case, except that now the case has been identified as a tag-along case by the MDL panel. For the reasons stated herein, Plaintiffs' Motion for Remand is provisionally denied and Plaintiffs' Motion for Sanctions is denied.

## I. Background Facts

This matter involves a class action complaint filed by the named Plaintiffs on behalf of all persons in the State of Tennessee who have taken a drug known as Propulsid. Propulsid is prescribed for heartburn relief. This drug was manufactured and distributed by Johnson & Johnson, and its subsidiary, Janssen, on a nationwide basis. The drug was distributed locally by Defendant Freds, Inc., a Tennessee corporation. The Plaintiffs allege that this drug was manufactured, marketed, and sold when the Defendants knew or should have known that the drug causes serious side effects including irregular heart beats and heart disease.

The relief sought consists of equitable relief in the form of medical monitoring and updated product information for those who used the drug. Plaintiffs further seek reimbursement of all sums paid for the drug by themselves and other members of the class. There is no prayer for relief in the form of damages for personal injury such as disability and pain and suffering. There is no specific monetary claim for relief.

2

## II. Standard of Law

A case originally filed in state court may be removed to federal court pursuant to 28 U.S.C. § 1441. Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." If an action is removed, a federal court only may hear the case if the court has subject matter jurisdiction. 28 U.S.C. § 1441.

The removing party carries the burden of showing that removal is proper because the federal court has original jurisdiction to hear the case. See Pullman v. Jenkins, 305 U.S. 534, 540 (1939); Her Majesty the Queen v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989). Any doubt as to whether the removal is proper should be resolved in favor of remand to state court. See 28 U.S.C. § 1447(c); see also Union Planters Nat'l Bank v. CBS, Inc., 557 F.2d 84, 89 (6th Cir. 1977).

## III. Analysis

### A. Amount in Controversy - Individual Claims May not be Aggregated

In order to establish federal diversity jurisdiction, the amount in controversy must exceed $75,000 pursuant to 28 U.S.C. § 1332. In this case, Plaintiffs assert a class action on behalf of all Tennessee residents who were either prescribed, purchased, and/or ingested the drug Propulsid. Plaintiffs argue that in class action lawsuits the claims of all class members must exceed the jurisdictional amount and the separate and distinct claims of class members cannot be aggregated to satisfy the jurisdictional amount. See Zahn v. Int'l Paper Co., 414 U.S. 291, 38 L.Ed.2d 511, 94 S.Ct. 505 (1973); Amen v. City of Dearborn, 532 F.2d 544 (6th Cir. 1973).

On February 9, 2001, the Plaintiffs' Complaint was certified as a class action by the Circuit

3

Court for the Thirtieth Judicial District at Memphis.

The burden is on the Defendants as removing parties to establish that the amount in controversy exceeds the jurisdictional limit, and Defendants must set forth specific facts to meet their burden. Gafford v. Gen. Elec. Co., 997 F.2d 150 (6th Cir. 1993); Thompson v. Fritsch, 966 F.Supp. 543 (D.C. Mich. 1997).

The Defendants aver that changed circumstances cause the Plaintiffs' claims to satisfy the amount in controversy requirement. ( Memo. in Support of Defs.' Response to Plaintiffs' Motion to Remand and for Sanctions, at 2). Defendants maintain that this case is one of the large number of cases pending throughout the country concerning Propulsid. All of the federal cases have been or are being transferred by the Judicial Panel on Multidistrict Litigation ("JPMDL") to the Propulsid Multidistrict Litigation ("MDL"), currently pending in the Eastern District of Louisiana. See In re Propulsid® Products Liability Lit., MDL No. 1355. The case before this Court has been marked as a potential tag-along action. See Exh. 1, Schedule A(25) Potential Tag-Along Actions.

This Court notes that should the case be transferred to the MDL panel, the judge who will be addressing the jurisdictional issues in the other Propulsid® cases is a proper authority to decide this motion. Federal Courts routinely defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL Court. For example, in In re Ivy, 901 F.2d 7, 8 (2nd Cir. 1990), the petitioners filed an action in State Court for injuries allegedly sustained from exposure to Agent Orange. The Defendants removed the case to Federal Court and requested the MDL Panel to transfer the case from Federal Court in Texas to New York for consolidated or coordinated pretrial proceedings in the MDL Agent Orange litigation pending in New York. The Panel issued a Conditional Transfer Order. ( Memo. in Support of Defs.' Response to Plaintiffs'

4

Motion to remand and for Sanctions, at 5).

The Petitioners moved the Texas Federal Court to remand the action to State Court. The district court, however, declined to rule on the remand motion, stating that it would defer to the decision of the MDL panel. In re Ivy, 901 F.2d 7, 8 (2nd Cir. 1990). The MDL Panel specifically noted that the motion to remand could be decided by the transferee judge in New York. Although the Petitioners argued that removal was improper because the Federal Court lacked subject matter jurisdiction, the Court held that transfer was proper. Id. at 9. The Court noted that "[t]he jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation." Id. Because the jurisdictional objections could be resolved by a single Court and reviewed at the appellate level, "[c]onsistency as well as economy is thus served." Id. The Court ultimately held that the MDL Panel has jurisdiction to transfer a case even though a jurisdictional objection is pending in District Court. See id. See also, In re Practice of Naturopathy Litig., MDL No. 284 (holding that transfer was not premature even though the Defendants desired to challenge jurisdiction). Thus, this Court has the authority to transfer this case to the MDL in Louisiana and defer making a decision on Plaintiffs' motion to remand.

**B. Defendants Need Only Show That it is More Likely Than Not That Plaintiffs' Claims Will Meet the Amount in Controversy Requirement**

There is no dispute that diversity exists between the parties in this matter. In order to remove the case to Federal Court; therefore, the Defendants need only show that it is more likely than not that the Plaintiffs' claims will exceed $75,000. The Plaintiffs contend that they are solely seeking injunctive relief in the form of medical monitoring. Plaintiffs have also filed a stipulation that two of the four Plaintiffs will not seek damages in excess of $75,000.

Tennessee Rule of Civil Procedure 54.03 states that, except in cases of default, "every final judgment shall grant relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Because the Plaintiffs may recover more than the medical monitoring requested in the petition, the Defendants need only show that it is more likely than not that the Plaintiffs' claims will meet the amount in controversy requirement. See Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000) (applying Tenn. R. Civ. P. 54.03), citing Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993). This rule is particularly applicable in the case at bar because the Plaintiffs have specifically requested "such other extraordinary, declaratory and/or injunctive relief as permitted by law" and "such further relief as this Court deems necessary, just, and proper." ( Plas.' Petition for Med. Mon. Class and for Reimbursement, at 11, ¶¶ 6-7).

The Plaintiffs have filed a stipulation that the claims of Plaintiffs, Shearon Harvey ("Harvey") and Jimmie Cruse, Jr. ("Cruse"), do not exceed the jurisdictional limit. More importantly, Mrs. Jackson has not so stipulated, and she has alleged that Propulsid® contributed to her husband's death. The stipulation of Harvey and Cruse appears to be illusory based on Tennessee Rule of Civil Procedure 54.03. The Plaintiffs may recover more than $75,000 even though they stipulated that their claims will not exceed the jurisdictional limit. Furthermore, because the Plaintiffs have requested open-ended relief, the Plaintiffs are not precluded from recovering more than $75,000. ( Plas.' Petition, at 6).

Although the Plaintiffs claim in the Motion to Remand that the only relief sought is medical testing, the Petition and the Memorandum in Support of Motion for Class Certification demonstrate that the relief sought is not solely for medical monitoring. As noted above, the Plaintiffs seek, inter

6

alia, the following in their prayer for relief: (1) medical monitoring according to proof; (2) injunctive and equitable relief; (3) pre-judgment and post-judgment interest as provided by law; (4) attorneys' fees, expenses, and costs of this action; and (5) an Order that Defendants pay restitution of all sums expended on this medication.

The named Plaintiffs' claims demonstrate that the Plaintiffs meet the amount in controversy requirement. The Petition for Class Action sets forth four Plaintiffs. One of the Plaintiffs, J.C. Jackson, is deceased. He cannot be asserting a claim for medical monitoring. The only claim J.C. Jackson has is for wrongful death. Deather Jackson brought this wrongful death action as the representative of her husband. (See Plaintiffs' Petition, at 2). This claim is referenced in the Plaintiffs' Petition in which they bring an action on behalf of a "serious injury subclass". That proposed class consists of "all persons who have developed or will [develop] serious injury or death as a result of using this drug." Id. at 6. This allegation of a serious injury subclass demonstrates that the Plaintiffs intend to seek damages in excess of $75,000. This Court notes that if the Plaintiffs truly intended to only seek medical monitoring, there would be no reason to include this subclass for those individuals who were allegedly seriously injured.

The Plaintiffs allege in their Memorandum in Support of Motion for Certification that the Defendants failed to warn of the dangers associated with Propulsid®. Significantly, the Plaintiffs have noted in their Memorandum that "[w]ithout class certification, few, if any, consumers would ever recover payment for their injuries". (See Plaintiffs' Memorandum, at 5). This statement by the Plaintiffs indicates their incongruent positions. They claim that they are seeking only injunctive relief, but they want class certification in order to allow consumers to recover payment for their injuries. Payment for injuries is certainly inconsistent with a claim strictly for medical monitoring.

7

Thus, Defendants have established a prima facie case concerning the amount in controversy requirement.

### C. Individual Plaintiffs not Required to Satisfy the Jurisdictional Amount in Controversy

The specific issue before the Court is whether the individual claims for injunctive relief, in the context of a medical monitoring class action, must exceed the jurisdictional amount. A case which addresses money damages, therefore, simply cannot be compared to a case which alleges strictly medical monitoring.[1]

According to Sixth Circuit precedent, for an injunction action, "the amount in controversy is not the amount the plaintiff might recover at law, but rather the value of the right to be protected or the extent of the injury to be prevented." See Goldsmith v. Sutherland, 426 F.2d 1395, 1398 (6th Cir. 1970) (citations omitted). Whether this Court considers the value of the right to be protected or the extent of the injury to be prevented, the Plaintiffs' claims exceed the jurisdictional requirement.

In this situation, the "value of the right to be protected" (the medical monitoring) appears to exceed the jurisdictional amount. Although Defendants vigorously dispute that any monitoring is required, or that those who previously took Propulsid® without incident are currently at increased risk of harm, the fact remains that if the Defendants were required to establish such a periodic medical monitoring program, the clerical and administrative costs of such a program alone would certainly exceed $75,000. (Memo. in Support of Defs.' Response to Plaintiffs' Motion to Remand

---

[1] For example, Sellers v. O'Connell, 701 F.2d 575 (6th Cir. 1983) involved a claim for money damages. In Sellers, the Court specifically stated that "[w]here a group of Plaintiffs litigate individual cash claims the amount of which remain unaffected by the results obtained by fellow Plaintiffs, the litigants may not aggregate their claims when alleging jurisdiction." Sellers, 701 F.2d at 579. This clearly applies to a situation in which money damages are involved. The reasoning in Sellers, therefore, does not apply to a claim for an injunction.

8

and for Sanctions, at 13).

Because a claim for medical monitoring is such a unique cause of action, the Court will consider similar cases. Three cases which specifically address the amount in controversy requirement in a medical monitoring context are <u>Gibbs v. DuPont Dnemours & Co., Inc.</u>, 876 F.Supp. 475 (W.D.N.Y. 1995), <u>Katz v. Warner-Lambert Co.</u>, 9 F.Supp.2d 363 (S.D.N.Y. 1998), and <u>In re Diet Drugs Products Liab. Litig.</u>, 1999 WL 673066 (E.D. Pa.). In <u>Gibbs</u>, employees of Goodyear Tire & Rubber Co. brought suit alleging that they were exposed to dangerous chemical compounds. Plaintiffs moved to certify a class for individuals who had not been diagnosed with bladder cancer. None of the named Plaintiffs had made claim for any present physical injury. <u>See</u> <u>Gibbs</u>, 876 F.Supp. at 476-477. The Plaintiffs sought injunctive relief in the form of a Court administered fund which would cover the cost of a medical monitoring program for bladder cancer for the lifetime of the class members. <u>See id.</u> at 477. The Court noted that if the Plaintiffs had been seeking monetary damages, they would be precluded from aggregating their claims in order to obtain federal jurisdiction. The Plaintiffs, however, were seeking injunctive relief in the form of the medical monitoring program. The amount in controversy, therefore, was measured by the value of the object of litigation. <u>See id.</u> at 479, citing <u>Hunt v. Washington State Apple Advertising Com'n</u>, 432 U.S. 333, 346-47, 97 S.Ct. 2434, 2443-44, 53 L.Ed.2d 383 (1977). The Court noted that "[t]he value of the medical monitoring program sought by Plaintiffs is well in excess of $50,000.00[2], even using Defendants' figures." <u>Gibbs</u>, 876 F.Supp. at 479. The Court held, therefore, that "the jurisdictional amount in controversy need not be met by the individual Plaintiffs." <u>Id.</u> Thus, the jurisdictional amount in controversy need not be met by the individual Plaintiffs in the present action

---

[2] The <u>Gibbs</u> case was decided when the amount in controversy requirement was $50,000.

9

because the value of the medical monitoring program is well in excess of $75,000.[9] Accordingly, Plaintiffs' Motion for Remand for failure to satisfy the jurisdictional amount is denied.

## D. Motion for Remand

In the instant case, the Court has reached a result on the issue of remand different from the result reached in the Court's Order of November 22, 2000. The Court's rationale is based on the fact that this case has now been identified as a tag-along case by the MDL panel. See Jackson v. Johnson & Johnson et al., Civil Action No. 00-2862-D (W.D. Tenn., W. Div.), complaint filed on August 15, 2000, notice of removal filed September 15, 2000. This Court maintains that should this case be transferred to the MDL panel, the judge assigned to address the jurisdictional issues in the other cases is a proper authority to decide the remand motion as well.

---

[9] Defendant contends that the Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Supplemental jurisdiction is permitted as long as it is shown that one Plaintiff will meet the jurisdictional amount. In re Brand Name Prescription Drugs, 123 F.3d 599 (7th Cir. 1997) specifically held as follows:

> At least one named plaintiff must satisfy the jurisdictional minimum. If he does, the other named Plaintiffs and the unnamed class members can, by virtue of the supplemental jurisdiction conferred on the Federal District Courts by 28 U.S.C. § 1367, piggyback on the Plaintiffs' claims. That is, they remain Plaintiffs, or unnamed members of the class, as the case may be, even though their own claims are far less than the jurisdictional minimum amount.

Id. at 607.

Significantly, the Sixth Circuit has not addressed the issue of whether 28 U.S.C. § 1367 legislatively overrules Zahn v. Int'l Paper Co., 414 U.S. 291, 94 S.Ct. 505 (1973), which held that in diversity class action cases, the claim of each class member must meet the amount in controversy requirement. Thus, this Court will abstain from ruling on this issue.

10

The general rule is for federal courts to defer ruling on pending motions to remand in Mult
litigation until after the JPMDL has transferred the case to the MDL panel. See In re Ivy, 901 F.2d
7 (2nd Cir. 1990) ( The MDL panel noted that the motion to remand could be decided by the
transferee judge). In this situation, the Court should defer to the Eastern District of Louisiana to
determine whether this case should be joined with other MDL cases.

E. Sanctions

Plaintiffs assert that Defendants have wrongfully removed this case to federal court.
Plaintiffs also state that no circumstances have changed which would increase the individual claims
of the class members so that they would exceed $75,000. (Memo. in Support of Plas.' Motion to
Remand and for Sanctions, at 3). Thus, Plaintiffs maintain that sanctions are appropriate although
this Court notes that no authority is offered in support of their position.

Defendants contend that sanctions are not appropriate because Plaintiffs are seeking to
litigate a products liability lawsuit. (Memo. in Support of Defs.' Response to Plaintiffs' Motion to
Remand and for Sanctions, at 21). The fact that the Propulsid® litigation has been certified as an
MDL case provided a sufficient good faith basis for Defendants' action, such that sanctions are not
warranted. Based on the foregoing arguments, this Court does not find reason to impose sanctions
against Defendants. Thus, Plaintiffs' Motion for Sanctions is denied.

IV. Conclusion

The Court notes that because this case may join many others in the Eastern District of
Louisiana, where the same jurisdictional issues are under consideration, the considerations of judicial
efficiency and uniformity of result warrant a deferral of Plaintiffs' Motion to Remand to allow Judge
Fallon in the Eastern District of Louisiana to determine whether this case should become an MDL

11

case. Accordingly, Plaintiffs' Motion to Remand is provisionally denied and Plaintiffs' Motion for

Sanctions is denied. However, if this case is not certified as an MDL case, the case will be

remanded forthwith to the Circuit Court of Tennessee.

IT IS SO ORDERED this 2nd day of April 2001.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

12

FILED ___ ENTERED
LODGED ___ RECEIVED

JAN 3 1 2002

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHLEEN DEUEL, et al.,

                Plaintiffs,          NO. C01-1879R

        v.                           ORDER DENYING PLAINTIFF'S
                                     MOTION FOR REMAND
ETHEX CORPORATION, et al.,

                Defendants.

---

THIS MATTER comes before the court on the motion of plain-
tiffs to remand the case to state court in Nevada.  Having re-
viewed the papers filed in support of and in opposition to this
motion, the court rules as follows:

## I.  BACKGROUND

Plaintiffs filed this complaint in state court in Clark
County, Nevada, on February 20, 2001.  The complaint alleges
various causes of action against manufacturers, distributors and
retailers of medications that contain phenylpropanolamine
("PPA").  Plaintiffs allege that PPA increases the risk of
stroke, heart damage and other health problems.  The complaint
also includes a cause of action in medical negligence against
Valley Health System, LLC, and its members Valley Hospital
Medical Center, Inc., and NC-DSH, Inc. (hereinafter "the hospi-

ORDER
Page - 1 -



52

1   tal"). The hospital is the only defendant that is a resident of

2   Nevada.

3        The medical negligence claim alleges that plaintiff Linda

4   Cryer-Kent ("Cryer-Kent") sought treatment at the hospital in May

5   1998. The hospital allegedly refused treatment and dismissed her

6   symptoms as arising from "drug use." The hospital allegedly

7   failed to recognize symptoms of stroke and failed to properly

8   diagnose that Cryer-Kent had suffered a stroke. Cryer-Kent

9   returned to the hospital later with the assistance of family and

10  was properly diagnosed. However, she had already suffered a

11  second stroke by this time. The complaint alleges that plain-

12  tiff's injuries resulted from the hospital's negligent failure to

13  diagnose and to treat her.

14       The cause of action does not incorporate any other allega-

15  tions of the complaint. It is the only cause of action naming

16  the hospital as a defendant. The complaint does not name the

17  hospital in any other paragraphs, including the section that

18  describes the parties to the actions. After the complaint was

19  filed, defendants removed it to federal court. The case was

20  transferred to this court for pretrial proceedings as part of a

21  multi-district litigation.

22

23                       II.  ANALYSIS

24       A plaintiff cannot defeat federal jurisdiction by fraudu-

25  lently joining a non-diverse party. See Ritchey v. Upjohn Drug

26  Co., 139 F.3d 1313, 1318 (9th Cir. 1998). Fraudulent joinder

ORDER
Page - 2 -

1 exists when the plaintiff cannot state a viable claim against the

2 party. __Id.__ The court determines jurisdiction based on the

3 claims as stated at the time of removal; arguments about what may

4 happen in the future cannot justify remand. __See, e.g.,__ __Wisconsin__

5 __Dep't of Corrs. v. Schacht__, 524 U.S. 381, 390 (1998).

6     Nevada Revised Statute § 41A.097(1) states that "an action

7 for injury or death against a provider of health care may not be

8 commenced more than 4 years after the date of injury or 2 years

9 after the plaintiff discovers or through the use of reasonable

10 diligence should have discovered the injury, whichever occurs

11 first . . . ." Nevada courts have interpreted this to mean that

12 "the statute of limitations begins to run when the patient has

13 before him facts which would put a reasonable person on inquiry

14 notice of his possible cause of action, whether or not it has

15 occurred to the particular patient to seek further medical

16 advice." __Massey v. Litton__, 99 Nev. 723, 669 P.2d 248, 251

17 (1983); __see also__ __Bemis v. Estate of Bemis__, 114 Nev. 1021, 967

18 P.2d 437, 440 (1998). Plaintiff filed the complaint more than

19 two years after Cryer-Kent suffered her strokes. If Cryer-Kent

20 knew or should have known of her legal injury at that time, the

21 statute of limitations has expired on her cause of action against

22 the hospital.

23     Plaintiffs argue that Cryer-Kent did not learn of the

24 dangers of PPA until she heard a government warning in November

25

26

ORDER
Page - 3 -

1    2000.[1]  Therefore, the statute of limitations did not begin to

2    run until that date, and a valid negligence cause of action

3    exists.[2]  However, Cryer-Kent's knowledge of alleged PPA dangers

4    has no bearing on the medical negligence claim.  The claim

5    alleges that the hospital improperly dismissed her stroke symp-

6    toms and attributed them to drug use.  Cryer-Kent knew of the

7    hospital's allegedly improper behavior at the time of her

8    strokes.  As a result, Cryer-Kent "discovered" the injury and the

9    resulting cause of action on the day that the hospital allegedly

10   refused treatment.  The later information she received on PPA did

11   nothing to change Cryer-Kent's cause of action against the

12   hospital.  The statute of limitations has expired, and plaintiffs

13   have no valid cause of action against the hospital.  The hospital

14   was fraudulently joined.[3]

15   _____

16       [1]Plaintiff also argues that defendants improperly removed
     the case by failing to obtain consent from the hospital.  Because
17   defendants allege that the hospital was fraudulently joined, they
     were not required to obtain consent.  Removal was not improper on
18   this ground.

19       [2]Plaintiffs also argue that the Ninth Claim for Relief, for
     fraudulent concealment/suppression, "could be read to apply" to
20   the hospital.  To the contrary, the complaint mentions the
     hospital only in the medical negligence cause of action, and the
21   medical negligence cause of action does not incorporate any other
     paragraphs of the complaint.  The complaint, as written, does not
22   allege any other causes of action against the hospital and remand
     can be justified only if the medical negligence claim is viable.
23

24       [3]Defendants also argue that plaintiffs failed to comply with
     Nevada Revised Statute § 41A.016, which requires plaintiffs to
25   present claims to a screening board before filing a lawsuit.
     There is no need to address this issue in light of the court's
26   ruling.

     ORDER
     Page - 4 -

III.   CONCLUSION

The court DENIES the plaintiff's motion to remand the case to the state courts of Nevada.

DATED at Seattle, Washington this 30th day of January, 2002.

*Barbara J Rothstein*

BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ORDER
Page - 5 -

FILED ____ ENTERED
LODGED ____ RECEIVED

FEB 26 2002 ZG

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ____

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

MICHAEL JOHNSON,

              Plaintiff,

    v.

BAYER CORPORATION, et al.,

              Defendants.

NO. C01-2014R

ORDER DENYING
PLAINTIFF'S MOTION
FOR REMAND

THIS MATTER comes before the court on the motion of plain-tiff Michael Johnson to remand the case to state court in Louisi-ana. Having reviewed the papers filed in support of and in opposition to this motion, the court rules as follows:

## I.   BACKGROUND

Plaintiff purchased the over-the-counter drugs Alka-Seltzer Plus Cold Medicine, Robitussin CF, and Dimetapp Cold & Cough from an unidentified Rite Aid drugstore in Caddo Parish, Louisiana. Plaintiff later consumed the medication. Sometime during the year 2000, plaintiff suffered a massive stroke. The medicines contained the ingredient Phenylpropanolamine ("PPA"). On August 24, 2001, plaintiff filed a complaint in Louisiana state court that links the PPA in the cold medicine with plaintiff's stroke.

ORDER
Page - 1 -





The complaint alleges several causes of action against manufacturers and distributors of products that contain PPA. The complaint also names K & B Louisiana Corporation ("K&B") as a defendant in two of the causes of action, breach of warranty in redhibition and negligence. K&B operates Rite Aid drugstores throughout Louisiana that sell over-the-counter medications containing PPA.

Defendants removed the complaint to federal court on the basis that plaintiff fraudulently joined K&B as a defendant. Plaintiff then moved to remand to state court. After the parties briefed the motion, the case was transferred to this court as part of a multi-district litigation.

## II.   ANALYSIS

A plaintiff cannot defeat federal jurisdiction by fraudulently joining a non-diverse party against whom "there is no reasonable basis for predicting that plaintiffs might establish liability . . . ." Badon v. RJR Nabisco, Inc., 224 F.3d 382, 292 (5th Cir. 2000). The court determines jurisdiction based on the claims as stated at the time of removal; arguments about what future discovery may reveal cannot justify remand. See Cavallini v. State Farm Mut. Auto. Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995). The court must view the facts in the light most favorable to the plaintiff; however, the court may pierce the pleadings and consider "summary judgment-type evidence." Id. at 263. A plaintiff also cannot defeat removal by relying on conclusory

ORDER
Page - 2 -

1  allegations that fail to state a cause of action.  <u>See</u> <u>Jernigan</u>
2  <u>v. Ashland Oil, Inc.</u>, 989 F.2d 812 (5th Cir. 1993); <u>Addition v.</u>
3  <u>Allstate Ins. Co.</u>, 58 F. Supp.2d 729, 733-34 (E.D. La. 1996).

4       Defendants allege that plaintiff fraudulently joined defen-
5  dant K&B, while plaintiff claims that he has a legitimate con-
6  tract cause of action against K&B for breach of warranty in
7  redhibition, under La. Civ. Code art. 2520 et seq., and a cause
8  of action against K&B in negligence.  Plaintiff does not argue
9  that any other causes of action in the complaint apply to K&B.

10 <u>A.   Breach of Warranty in Redhibition</u>

11       Under Louisiana law, a seller "warrants the buyer against
12 redhibitory defects, or vices, in the thing sold."  La. Civ. Code
13 art. 2520.  A redhibitory defect or vice involves a "physical
14 imperfection or deformity, a lacking of a necessary competent or
15 level of quality."  <u>Scogin v. Smith</u>, 612 So.2d 739, 741 (La. Ct.
16 App. 1992).  The buyer of a product with a redhibitory defect
17 must tender the product to the seller and seek rescission of the
18 sale.  La. Civ. Code art. 2520, 2530.  A good faith seller is
19 liable only for the cost of the product if it cannot repair the
20 item.  La. Civ. Code art. 2531.  The buyer can hold a bad faith
21 seller liable for consequential damages and attorney's fees as
22 well.  La. Civ. Code art. 2545.

23      1.   <u>Failure to Plead Elements of Redhibition</u>

24       It is unclear from the motion to remand whether plaintiff is
25 alleging a cause of action against K&B as a good faith seller
26 under La. Civ. Code art. 2531 or as a bad faith seller under

ORDER
Page - 3 -

1  article 2545.  While a portion of the memorandum argues that K&B

2  knew of the medications' alleged redhibitory effects, the same

3  brief distinguishes bad faith cases and focuses on K&B's poten-

4  tial status as a good faith seller.  Regardless, the complaint

5  does not include sufficient facts to support a claim against K&B

6  under either theory.

7          a.   Article 2531

8      First, the complaint never alleges liability under article

9  2531.  The only redhibition liability provision cited is article

10  2545, which applies to bad faith sellers who knew of the defect.

11  In the damages portion of the complaint, plaintiff again cites

12  article 2545 and fails to cite article 2531.  By its own terms,

13  the complaint does not allege a cause of action against K&B under

14  article 2531.

15      Second, the allegations of the complaint fail to provide

16  specific facts that would support a cause of action against K&B

17  under article 2531 even if plaintiff had invoked that provision.

18  As explained above, the court must assess the remand motion based

19  on the facts as stated in the complaint, and the court may pierce

20  the pleadings to assess conclusory allegations.  The complaint

21  does not allege that plaintiff sought rescission of the sale,

22  nor does it allege that plaintiff provided K&B with notice of

23  the alleged defect, nor does it provide details regarding where

24  and when plaintiff purchased the products.  Without such basic

25  details, plaintiff is making only conclusory allegations that

26  cannot support remand.  See Jernigan, 989 F.2d 812; Addition,

ORDER
Page - 4 -

58 F. Supp.2d at 733-34.

The complaint fails to allege that plaintiff sought rescis-
sion of the sale and return of the purchase price - a key element
of redhibition. Cf. Mitchell v. Popiwchak, 677 So.2d 1050, 1054
(La. Ct. App. 1996) (request for purchase price satisfies tender
requirement). Plaintiff argues that the complaint alleges
rescission as a remedy, but there is no allegation that plaintiff
sought rescission prior to filing the lawsuit as required.

In addition, notice and tender are prerequisites to bringing
a redhibition claim. See Lindy Inv., LP v. Shakertown Corp., 209
F.3d 802, 805-06 (5th Cir. 2000). Plaintiff does not allege that
K&B received notice of the defect, much less allege that plain-
tiff tendered the product to K&B. Finally, plaintiff fails to
allege any details regarding the store that sold the medication.
Cf. Long v. Bruns, 727 So.2d 664 (La. Ct. App. 1999) (complaint
dismissed for failure to plead proper seller). By failing to
allege many of the basic elements of a cause of action under
section 2531, plaintiff has no reasonable possibility of holding
K&B liable.

             b.    Article 2545

Article 2545 applies to bad faith sellers who knew or should
have know of the defect. La. Civ. Code art. 2545. Plaintiff
alleges in the complaint that "all Defendants have actual knowl-
edge" of the alleged defects. This statement lacks factual
support, contradicts other portions of the complaint, and fails
to warrant remand.

ORDER
Page - 5 -

1 As explained above, a plaintiff cannot defeat federal

2 jurisdiction by relying solely on conclusory allegations.

3 Plaintiff provides no factual support for the broad allegation

4 that the drugstore knew of potential dangers in the medications.

5 On remand, the parties may pierce the pleadings with additional

6 evidence to clarify such allegations.  Defendants have supplied

7 the court with requests for admission from K&B that refute

8 plaintiff's assertion.  K&B had no control over the pre-packaged,

9 sealed medications and had no knowledge of any potential dangers.

10 Def. Mem., Exhibit A.  Plaintiff has not countered with any

11 specific facts to support its broad allegation.

12 Moreover, plaintiff's own complaint acknowledges that K&B

13 had no knowledge of alleged defects.  For example, the complaint

14 alleges that the medication did not change from the time it left

15 the manufacturers to the time it reached the customer.  It also

16 alleges that the manufacturers had exclusive possession of

17 information about potential hazards.  In the negligence allega-

18 tions, the complaint accuses the manufacturers of knowing about

19 dangers but does not include K&B in those allegations.  These

20 statements contradict plaintiff's conclusory allegation that K&B

21 knew or should have known about a potentially redhibitory effect.

22 Plaintiff has failed to plead facts to state a cause of action

23 under article 2545 and has no reasonable probability of success

24 against K&B.

25  2. Plaintiff's Claims are De Minimis

26 Remanding this case also would prove inequitable.  The only

ORDER
Page - 6 -

1  relief from K&B to which plaintiff would be entitled, if the

2  complaint properly pleaded the elements of a cause of action

3  under article 2531, would be the purchase price of the medica-

4  tion.  Such a tenuous cause of action based on de minimis recov-

5  ery should not defeat federal jurisdiction.  As the court in a

6  class action involving other over-the-counter drugs sold by good

7  faith Louisiana pharmacies stated, such claims are "improper at

8  best and fraudulent at worst."  In re Diet Drugs, 1998 WL 254976,

9  at 4 (E.D. Pa. 1998).  The court denied a motion to remand

10  because the plaintiff had fraudulently joined the pharmacies.

11  Id.  Similarly, the alleged cause of action against K&B would

12  accomplish minimal recovery, if any.

13      3.    No Cause of Action in Redhibition Exists Against
              Pharmacies for Sale of Medication
14
15      Louisiana law prohibits liability against a pharmacy or

16  drugstore that sells allegedly defective or dangerous medication.

17  In re Rezulin Prod. Liab. Litig., 133 F. Supp.2d 272, 289

18  (S.D.N.Y. 2001) (describing law of Louisiana and similar rule in

19  several other states).  Pharmacists have no duty to warn of

20  potential side effects from prescription drugs nor a duty to

21  inspect the medication.  See Gassen v. East Jefferson Gen. Hosp.,

22  628 So.2d 256, 259 (La. 1993).  The duty is limited to properly

23  filling a prescription and warning of overdoses.  See Guillory v.

24  Doctor X, 679 So.2d 1004, 1010 (La. Ct. App. 1996).

25      Louisiana courts recently have confirmed that this limit on

26  liability for prescriptions applies to contract theories as well

ORDER
Page - 7 -

1  as tort causes of action.  They have held that plaintiffs cannot

2  sue pharmacists for redhibition or breach of warranty.  <u>See</u>

3  <u>McKinney v. Warner Lambert</u>, No. 01-1103 (E.D. La. May 15, 2001);

4  <u>Williams v. Warner-Lambert Co.</u>, No. 01-0690 (W.D. La. July 27,

5  2001).  For example, the <u>Williams</u> court denied remand and stated

6  that plaintiff had no possibility of recovery, because the

7  pharmacy submitted an affidavit confirming that the pharmacy had

8  no knowledge of the prescription's potential side effects.

9  <u>Williams</u>, No. 01-0690 (W.D. La. July 27, 2001).  These decisions

10 are consistent with the uniform rule described above that a

11 pharmacy has no duty to warn.

12      The limitation on liability for pharmacies logically extends

13 to over-the-counter medications, for which pharmacies have even

14 less direct responsibility.  For example, the court in <u>Strickland</u>

15 <u>v. Brown Morris Pharmacy</u>, 1996 WL 537736 (E.D. La. 1996), denied

16 remand in a suit against a pharmacy for the sale of Primatine

17 Mist, a non-prescription medication.  The court cited La. Civ.

18 Code art. 2545, the redhibition statute regarding bad faith

19 sellers, and held that the plaintiff had no cause of action

20 against a pharmacy that sold the product in good faith.  <u>See also</u>

21 <u>Sharkey v. Sterling Drug, Inc.</u>, 600 So.2d 701, 715 (La. Ct. App.

22 1992) (upholding dismissal of redhibition claim against good

23 faith pharmacist who sold nonprescription aspirin); <u>see also In</u>

24 <u>re Diet Drugs</u>, 1998 WL 254976 (E.D. Pa. 1998) (denying remand

25 motion and finding fraudulent joinder of Louisiana pharmacies

26 accused of breach of warranty for good faith sales of nonpre-

ORDER
Page - 8 -

1  scription diet drugs).  Just as in these cases, K&B had no

2  knowledge of potential dangers in the nonprescription medications

3  it sold, and plaintiff cannot pursue a cause of action against

4  the pharmacy.

5      Plaintiff argues that the over-the-counter cases sounded in

6  tort or alleged knowledge by the pharmacists.  However, as

7  explained above, Louisiana courts have applied the limitation on

8  liability to contract claims in the prescription drug context.

9  The reasoning applies with even greater force for nonprescription

10 medication sold by innocent pharmacists, because the pharmacist

11 does not even have a duty to measure a nonprescription drug or

12 warn of possible overdose.  As a result, plaintiff's cause of

13 action against K&B has no reasonable probability of success

14 whether couched as tort or redhibition.

15 **B.  Negligence**

16     Plaintiff argues remand is necessary because the complaint

17 states a claim for negligence against K&B.  To the contrary, as

18 explained above, K&B's status as a pharmacy prevents plaintiff

19 from alleging a tort cause of action based on defective medica-

20 tion.  Even if K&B were not a pharmacist, plaintiff's complaint

21

22     [1]Plaintiff also relies on Badon v. RJR Nabisco, Inc., 236
23 F.3d 282 (5th Cir. 2000), in which the court granted remand in a
   redhibition lawsuit that joined Louisiana pharmacies.  Badon
24 provides little guidance, however, because it involved the
   distribution of cigarettes rather than medication - prescription
25 or otherwise.  The liability limitations for pharmacies selling
   medications never became an issue.  As described above, courts
26 since Badon have continued to limit the liability of pharmacies.

ORDER
Page - 9 -

FILE No. 816 04/10 '02 12:57 ID:SESSIONS FISHMAN          504 50  1555                      PAGE 48

1  still would fail.  Any non-manufacturer seller of a product is

2  liable in tort "only if he knew or should have known that the

3  product sold was defective and failed to declare it." Lebleu v.

4  Homelite Div. of Textron, Inc., 509 So.2d 563, 565 (La. Ct. App.

5  1987).  No cause of action can exist against K&B as a good faith

6  seller.

7       Plaintiff points to language in the complaint that alleges

8  "all" the defendants knew or should of known of the dangers from

9  PPA.  However, in the negligence section of the complaint,

10 plaintiff alleges only that the manufacturer defendants had

11 knowledge.  Plaintiff separately alleges that K&B was negligent

12 only because it "failed to exercise reasonable care."  Moreover,

13 K&B's responses to requests for admission refute plaintiff's

14 broad, unsupported assertion that K&B knew of dangers.  Plaintiff

15 has not alleged facts supporting its allegation that K&B knew or

16 should have known of the dangers and cannot bring a cause of

17 action in negligence against K&B.

18

19              III.  CONCLUSION

20      The court DENIES the plaintiff's motion to remand the case

21 to the state courts of Louisiana.

22      DATED at Seattle, Washington this 26th day of February,

23 2002.

24

25                                        _____
                                          BARBARA JACOBS ROTHSTEIN
26                                        UNITED STATES DISTRICT JUDGE


ORDER
Page - 10 -

FILED ———— ENTERED
———— LODGED ———— RECEIVED

FEB 26 2002 ZG

AT SEATTLE
BY CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES JONES,

        Plaintiff,

   v.

BAYER CORPORATION, et al.,

        Defendants.

NO. C01-2018R

ORDER DENYING
PLAINTIFF'S MOTION
FOR REMAND

THIS MATTER comes before the court on the motion of plain-
tiff James Jones to remand the case to state court in Louisiana.
Having reviewed the papers filed in support of and in opposition
to this motion, the court rules as follows:

I.  BACKGROUND

Plaintiff purchased the over-the-counter drugs Alka-Seltzer
Plus Cold Medicine, Robitussin CF, and Contac Continuous Action
Nasal Decongestant from an unidentified Rite Aid drugstore in
Caddo Parish, Louisiana.  Plaintiff later consumed the medica-
tion.  On April 5, 1990, plaintiff suffered a stroke.  The
medicines contained the ingredient Phenylpropanolamine ("PPA").
On August 24, 2001, plaintiff filed a complaint in Louisiana
state court that links the PPA in the cold medicine with plain-
tiff's stroke.

ORDER
Page - 1 -



1    The complaint alleges several causes of action against

2  manufacturers and distributors of products that contain PPA.

3  The complaint also names K & B Louisiana Corporation ("K&B") as

4  a defendant in two of the causes of action, breach of warranty

5  in redhibition and negligence.  K&B operates Rite Aid drugstores

6  throughout Louisiana that sell over-the-counter medications

7  containing PPA.

8    Defendants removed the complaint to federal court on the

9  basis that plaintiff fraudulently joined K&B as a defendant.

10 Plaintiff then moved to remand to state court.  After the parties

11 briefed the motion, the case was transferred to this court as

12 part of a multi-district litigation.

13

14                    II.   ANALYSIS

15   A plaintiff cannot defeat federal jurisdiction by fraudu-

16 lently joining a non-diverse party against whom "there is no

17 reasonable basis for predicting that plaintiffs might establish

18 liability . . . ." Badon v. RJR Nabisco, Inc., 224 F.3d 382, 292

19 (5th Cir. 2000).  The court determines jurisdiction based on the

20 claims as stated at the time of removal; arguments about what

21 future discovery may reveal cannot justify remand.  See Cavallini

22 v. State Farm Mut. Auto. Ins. Co., 44 F.3d 256, 264 (5th Cir.

23 1995).  The court must view the facts in the light most favorable

24 to the plaintiff; however, the court may pierce the pleadings

25 and consider "summary judgment-type evidence." Id. at 263.  A

26 plaintiff also cannot defeat removal by relying on conclusory

ORDER
Page - 2 -

1  allegations that fail to state a cause of action. <u>See</u> <u>Jernigan</u>

2 <u>v. Ashland Oil, Inc.</u>, 989 F.2d 812 (5th Cir. 1993); <u>Addition v.</u>

3 <u>Allstate Ins. Co.</u>, 58 F. Supp.2d 729, 733-34 (E.D. La. 1996).

4     Defendants allege that plaintiff fraudulently joined defen-

5 dant K&B, while plaintiff claims that he has a legitimate con-

6 tract cause of action against K&B for breach of warranty in

7 redhibition, under La. Civ. Code art. 2520 et seq., and a cause

8 of action against K&B in negligence.  Plaintiff does not argue

9 that any other causes of action in the complaint apply to K&B.

10 <u>A.   Breach of Warranty in Redhibition</u>

11     Under Louisiana law, a seller "warrants the buyer against

12 redhibitory defects, or vices, in the thing sold." La. Civ. Code

13 art. 2520.  A redhibitory defect or vice involves a "physical

14 imperfection or deformity, a lacking of a necessary competent or

15 level of quality." <u>Scogin v. Smith</u>, 612 So.2d 739, 741 (La. Ct.

16 App. 1992).  The buyer of a product with a redhibitory defect

17 must tender the product to the seller and seek rescission of the

18 sale.  La. Civ. Code art. 2520, 2530.  A good faith seller is

19 liable only for the cost of the product if it cannot repair the

20 item.  La. Civ. Code art. 2531.  The buyer can hold a bad faith

21 seller liable for consequential damages and attorney's fees as

22 well.  La. Civ. Code art. 2545.

23     <u>1.   Failure to Plead Elements of Redhibition</u>

24     It is unclear from the motion to remand whether plaintiff

25 is alleging a cause of action against K&B as a good faith seller

26 under La. Civ. Code art. 2531 or as a bad faith seller under

ORDER
Page - 3 -

1  article 2545.  While a portion of the memorandum argues that K&B

2  knew of the medications' alleged redhibitory effects, the same

3  brief distinguishes bad faith cases and focuses on K&B's poten-

4  tial status as a good faith seller.  Regardless, the complaint

5  does not include sufficient facts to support a claim against K&B

6  under either theory.

7          a.  Article 2531

8      First, the complaint never alleges liability under article

9  2531.  The only redhibition liability provision cited is article

10 2545, which applies to bad faith sellers who knew of the defect.

11 In the damages portion of the complaint, plaintiff again cites

12 article 2545 and fails to cite article 2531.  By its own terms,

13 the complaint does not allege a cause of action against K&B under

14 article 2531.

15     Second, the allegations of the complaint fail to provide

16 specific facts that would support a cause of action against K&B

17 under article 2531 even if plaintiff had invoked that provision.

18 As explained above, the court must assess the remand motion based

19 on the facts as stated in the complaint, and the court may pierce

20 the pleadings to assess conclusory allegations.  The complaint

21 does not allege that plaintiff sought rescission of the sale, nor

22 does it allege that plaintiff provided K&B with notice of the

23 alleged defect, nor does it provide details regarding where and

24 when plaintiff purchased the products.  Without such basic

25 details, plaintiff is making only conclusory allegations that

26 cannot support remand.  See Jernigan, 989 F.2d 812; Addition,

ORDER
Page - 4 -

58 F. Supp.2d at 733-34.

The complaint fails to allege that plaintiff sought rescission of the sale and return of the purchase price – a key element of redhibition. Cf. Mitchell v. Popiwchak, 677 So.2d 1050, 1054 (La. Ct. App. 1996) (request for purchase price satisfies tender requirement). Plaintiff argues that the complaint alleges rescission as a remedy, but there is no allegation that plaintiff sought rescission prior to filing the lawsuit as required.

In addition, notice and tender are prerequisites to bringing a redhibition claim. See Lindy Inv., LP v. Shakertown Corp., 209 F.3d 802, 805-06 (5th Cir. 2000). Plaintiff does not allege that K&B received notice of the defect, much less allege that plaintiff tendered the product to K&B. Finally, plaintiff fails to allege any details regarding the store that sold the medication. Cf. Long v. Bruns, 727 So.2d 664 (La. Ct. App. 1999) (complaint dismissed for failure to plead proper seller). By failing to allege many of the basic elements of a cause of action under section 2531, plaintiff has no reasonable possibility of holding K&B liable.

b. Article 2545

Article 2545 applies to bad faith sellers who knew or should have know of the defect. La. Civ. Code art. 2545. Plaintiff alleges in the complaint that "all Defendants have actual knowledge" of the alleged defects. This statement lacks factual support, contradicts other portions of the complaint, and fails to warrant remand.

ORDER
Page - 5 -

1      As explained above, a plaintiff cannot defeat federal

2   jurisdiction by relying solely on conclusory allegations.

3   Plaintiff provides no factual support for the broad allegation

4   that the drugstore knew of potential dangers in the medications.

5   On remand, the parties may pierce the pleadings with additional

6   evidence to clarify such allegations.  Defendants have supplied

7   the court with requests for admission from K&B that refute

8   plaintiff's assertion.  K&B had no control over the pre-packaged,

9   sealed medications and had no knowledge of any potential dangers.

10  Def. Mem., Exhibit A.  Plaintiff has not countered with any

11  specific facts to support its broad allegation.

12      Moreover, plaintiff's own complaint acknowledges that K&B

13  had no knowledge of alleged defects.  For example, the complaint

14  alleges that the medication did not change from the time it left

15  the manufacturers to the time it reached the customer.  It also

16  alleges that the manufacturers had exclusive possession of

17  information about potential hazards.  In the negligence allega-

18  tions, the complaint accuses the manufacturers of knowing about

19  dangers but does not include K&B in those allegations.  These

20  statements contradict plaintiff's conclusory allegation that K&B

21  knew or should have known about a potentially redhibitory effect.

22  Plaintiff has failed to plead facts to state a cause of action

23  under article 2545 and has no reasonable probability of success

24  against K&B.

25      2.   Plaintiff's Claims are De Minimis

26      Remanding this case also would prove inequitable.  The only

ORDER
Page - 6 -

1  relief from K&B to which plaintiff would be entitled, if the
2  complaint properly pleaded the elements of a cause of action
3  under article 2531, would be the purchase price of the medica-
4  tion.  Such a tenuous cause of action based on *de minimis* recov-
5  ery should not defeat federal jurisdiction.  As the court in a
6  class action involving other over-the-counter drugs sold by good
7  faith Louisiana pharmacies stated, such claims are "improper at
8  best and fraudulent at worst."  *In re Diet Drugs*, 1998 WL 254976,
9  at 4 (E.D. Pa. 1998).  The court denied a motion to remand
10 because the plaintiff had fraudulently joined the pharmacies.
11 *Id.*  Similarly, the alleged cause of action against K&B would
12 accomplish minimal recovery, if any.

13     3.  No Cause of Action in Redhibition Exists Against
           Pharmacies for Sale of Medication

14     Louisiana law prohibits liability against a pharmacy or
15 drugstore that sells allegedly defective or dangerous medication.
16 *In re Rezulin Prod. Liab. Litig.*, 133 F. Supp.2d 272, 289
17 (S.D.N.Y. 2001) (describing law of Louisiana and similar rule
18 in several other states).  Pharmacists have no duty to warn of
19 potential side effects from prescription drugs nor a duty to
20 inspect the medication.  *See* *Gassen v. East Jefferson Gen. Hosp.*,
21 628 So.2d 256, 259 (La. 1993).  The duty is limited to properly
22 filling a prescription and warning of overdoses.  *See* *Guillory v.*
23 *Doctor X*, 679 So.2d 1004, 1010 (La. Ct. App. 1996).

24     Louisiana courts recently have confirmed that this limit on
25 liability for prescriptions applies to contract theories as well

ORDER
Page - 7 -

1   as tort causes of action. They have held that plaintiffs cannot

2   sue pharmacists for redhibition or breach of warranty. <u>See</u>

3   <u>McKinney v. Warner Lambert</u>, No. 01-1103 (E.D. La. May 15, 2001);

4   <u>Williams v. Warner-Lambert Co.</u>, No. 01-0690 (W.D. La. July 27,

5   2001). For example, the <u>Williams</u> court denied remand and stated

6   that plaintiff had no possibility of recovery, because the

7   pharmacy submitted an affidavit confirming that the pharmacy

8   had no knowledge of the prescription's potential side effects.

9   <u>Williams</u>, No. 01-0690 (W.D. La. July 27, 2001). Those decisions

10  are consistent with the uniform rule described above that a

11  pharmacy has no duty to warn.

12      The limitation on liability for pharmacies logically extends

13  to over-the-counter medications, for which pharmacies have even

14  less direct responsibility. For example, the court in <u>Strickland</u>

15  <u>v. Brown Morris Pharmacy</u>, 1996 WL 537736 (E.D. La. 1996), denied

16  remand in a suit against a pharmacy for the sale of Primatine

17  Mist, a non-prescription medication. The court cited La. Civ.

18  Code art. 2545, the redhibition statute regarding bad faith

19  sellers, and held that the plaintiff had no cause of action

20  against a pharmacy that sold the product in good faith. <u>See also</u>

21  <u>Sharkey v. Sterling Drug, Inc.</u>, 600 So.2d 701, 715 (La. Ct. App.

22  1992) (upholding dismissal of redhibition claim against good

23  faith pharmacist who sold nonprescription aspirin); <u>see also</u> <u>In</u>

24  <u>re Diet Drugs</u>, 1998 WL 254976 (E.D. Pa. 1998) (denying remand

25  motion and finding fraudulent joinder of Louisiana pharmacies

26  accused of breach of warranty for good faith sales of nonpre-

ORDER
Page - 8 -

1  scription diet drugs). Just as in these cases, K&B had no

2  knowledge of potential dangers in the nonprescription medications

3  it sold, and plaintiff cannot pursue a cause of action against

4  the pharmacy.

5       Plaintiff argues that the over-the-counter cases sounded

6  in tort or alleged knowledge by the pharmacists. However, as

7  explained above, Louisiana courts have applied the limitation on

8  liability to contract claims in the prescription drug context.

9  The reasoning applies with even greater force for nonprescription

10 medication sold by innocent pharmacists, because the pharmacist

11 does not even have a duty to measure a nonprescription drug or

12 warn of possible overdose. As a result, plaintiff's cause of

13 action against K&B has no reasonable probability of success

14 whether couched as tort or redhibition.[1]

15 B.   Negligence

16      Plaintiff argues remand is necessary because the complaint

17 states a claim for negligence against K&B. To the contrary, as

18 explained above, K&B's status as a pharmacy prevents plaintiff

19 from alleging a tort cause of action based on defective medica-

20 tion. Even if K&B were not a pharmacist, plaintiff's complaint

21

22 ────────────────

23 [1]Plaintiff also relies on Badon v. RJR Nabisco, Inc., 236
   F.3d 282 (5th Cir. 2000), in which the court granted remand in a
24 redhibition lawsuit that joined Louisiana pharmacies. Badon
   provides little guidance, however, because it involved the
25 distribution of cigarettes rather than medication - prescription
   or otherwise. The liability limitations for pharmacies selling
26 medications never became an issue. As described above, courts
   since Badon have continued to limit the liability of pharmacies.

ORDER
Page - 9 -

1  still would fail.  Any non-manufacturer seller of a product is

2  liable in tort "only if he knew or should have known that the

3  product sold was defective and failed to declare it."  Lebleu v.

4  Homelite Div. of Textron, Inc., 509 So.2d 563, 565 (La. Ct. App.

5  1987).  No cause of action can exist against K&B as a good faith

6  seller.

7       Plaintiff points to language in the complaint that alleges

8  "all" the defendants knew or should of known of the dangers

9  from PPA.  However, in the negligence section of the complaint,

10 plaintiff alleges only that the manufacturer defendants had

11 knowledge.  Plaintiff separately alleges that K&B was negligent

12 only because it "failed to exercise reasonable care."  Moreover,

13 K&B's responses to requests for admission refute plaintiff's

14 broad, unsupported assertion that K&B knew of dangers.  Plaintiff

15 has not alleged facts supporting its allegation that K&B knew or

16 should have known of the dangers and cannot bring a cause of

17 action in negligence against K&B.

18

19                    III.  CONCLUSION

20     The court DENIES the plaintiff's motion to remand the case

21 to the state courts of Louisiana.

22     DATED at Seattle, Washington this 26th day of February,

23 2002.

24

25                         BARBARA JACOBS ROTHSTEIN
                           UNITED STATES DISTRICT JUDGE
26

ORDER
Page - 10 -