

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

APR 1 5 2002

| | |
|---|---|
| FRANCISCO SANCHEZ § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. B-02-066 |
| AMERICAN HOME PRODUCTS § | |
| CORPORATION, ET. AL.; § | |

### NOVARTIS CONSUMER HEALTH, INC'S SUPPLEMENT TO NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION

NOW COMES, Novartis Consumer Health, Inc., one of the Defendants in the above-styled cause, and files this supplement to the notice of removal filed in this Court on April 5, 2002, and would respectfully show the Court as follows:

I.

As a supplement to the index of matters being filed, the following pleading is attached to this supplemental notice to be made a part of this Court's file:

1. Motion to Transfer Venue and Original Answer of Defendant Bristol-Myers Squibb Company, filed in the 197th District Court of Cameron County on April 3, 2002.

WHEREFORE, Novartis Consumer Health, Inc. prays that the above state court pleading be made a part of this Court's file.

1

Doc ID BARNT-24539
4952-0026

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
Brownsville, TX 78520
956-542-7441
956-541-2170 – Fax

By: *Mitchell Chaney* w/ permission *M Chaitoll*
Mitchell C. Chaney
State Bar No. 04107500
Federal I.D. 1918
Teri L. Danish
State Bar No. 05375320
Federal I.D. 12862

Jeff D. Otto
Tasha L. Barnes
THOMPSON, COE, COUSINS & IRONS, L.L.P.
701 Brazos, Suite 1500
Austin, TX 78701
512-708-8200
512-708-8777 – Fax

Michael D. Robbins
Andrew R. Harvin
DOYLE RESTREPO HARVIN &ROBBINS LLP
600 Travis, Suite 4700
Houston, TX 77002
713- 228-5100
713-228-6138 – Fax

*ATTORNEYS FOR DEFENDANT NOVARTIS CONSUMER HEALTH, INC.*

Randolph S. Sherman
Lori B. Leskin
Danielle E. Finck
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022

*Of Counsel*

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been delivered to the following counsel of record by facsimile, certified mail, return receipt requested, or by regular mail on this 15th day of April, 2002.

*By Regular Mail*

Brynley James   *Fax 210-270-7205*
Fulbright & Jaworski, L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205-3792

Brian P. Johnson   *Fax 713-222-2226*
Frank Doyle
Hanen, Johnson
& Spalding, LLP
910 Travis, Ste. 1700
Houston, TX 77002

J. Mark Jones *Fax 803-255-9037*
David E. Dukes
James F. Rogers
Kennan Building, Third Floor
1330 Lady Street
Columbia, SC 29201

Margaret Brenner *Fax 713-650-0027*
Hays, McConn, Rice & Pickering
400 Two Allen Center
1200 Smith Center
Houston, TX 77002

Alan Vickery   *Fax 469-227-8004*
Sedgwick, Detert, Moran & Arnold
1717 Main Street, Suite 5400
Dallas, TX 75201

Danielle Finck   *Fax 212-836-8689*
Lori Leskin
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3298

Tony Canales   *Fax 361-884-7023*
Canales & Simonson
2601 Morgan Avenue
P.O. Box 5624
Corpus Christi, TX 78465-5624

Crisanta Guerra Lozano   *Fax 956-542-0016*
Roerig, Oliviera & Fisher
555 W. Price Rd., Suite 9
Brownsville, TX 78520

Ken Ferguson   *Fax 512-474-1129*
Michael Klatt
Kelly Kimbrough
Clark, Thomas & Winters
P.O. Box 1148
Austin, TX 78767

Brent Kugler   *Fax 214-468-8803*
Daniel Sheehan & Associates, LLP
Chase Tower, 2200 Ross Avenue, Suite 3060
Dallas, Texas 75201

Doc ID BARNT-24539
4952-0026

Ana Lisa Garza   *Fax  986-487-8300*
Ramirez & Garza, L.L.P.
509 N. San Antonio Street
Rio Grande City, TX  78582

Keith R. Taunton   *Fax 713-993-2308, 2309*
Tucker, Taunton, Snyder & Slade
Eight Greenway Plaza, Suite 1200
Houston, TX  77046

D. Joseph Hurson   *Fax  206-223-7107*
Lane Powell Spears Lubersky, LLP
1420 Fifth Avenue
Suite 4100
Seattle, WA  10022-3298

James Williams
Miller & Martin
Suite 1000 Volunteer Bldg.
832 Georgia Avenue
Chattanooga, TN  37402-2289

Kenneth C. Baker   *Fax  281-481-1063*
The Baker Law Firm
12600 Featherwood, Suite 225
Houston, TX  77034

*By Certified Mail,*
*Return Receipt Requested*

Nelda Talamantes   *Fax  214-357-7252*
Ron C. Eddins
David C. Greenstone
C. Andrew Waters
Peter A. Kraus
Waters & Kraus, L.L.P.
3219 McKinney Avenue, Suite 3000
Dallas, TX  75204

Frank Costilla
Law Offices of Frank Costilla
5 E. Elizabeth Street
Brownsville, TX  78523

 

                                        *[signature]*
                                       Mitchell C. Chaney

Doc ID BARNT-24539
4952-0026

NO. 2002-02-733-C

| | | |
|---|---|---|
| FRANCISCO SANCHEZ, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | FILED __4:30__ O'CLOCK __P__ M<br>AURORA DE LA GARZA, DIST. CLERK |
| | § § | |
| AMERICAN HOME PRODUCTS CORPORATION; ADVOCARE INTERNATIONAL, LLC; BAYER CORPORATION; BLOCK DRUG COMPANY, INC.; BRISTOL-MYERS SQUIBB COMPANY; CHATTEM, INC.; GLAXOSMITHKLINE, PLC; NOVARTIS PHARMACEUTICALS CORPORATION; NOVARTIS CONSUMER HEALTH, INC.; SMITHKLINE BEECHAM CONSUMER HEALTHCARE, L.P.; SMITHKLINE BEECHAM CORPORATION; WHITEHALL-ROBINS HEALTHCARE; and CIRCLE K STORES, INC. d/b/a CIRCLE K (sued individually and as successor-in-interest to COASTAL MART, INC. and MAVERICK MARKET, INC.), | § § § § § § § § § § § § § § § § § § | APR 0 3 2002<br><br>DISTRICT COURT, CAMERON COUNTY TEXAS<br>BY_____DEPUTY<br><br><br>CAMERON COUNTY, TEXAS |
| Defendants. | § | 197th JUDICIAL DISTRICT |

## MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER OF DEFENDANT BRISTOL-MYERS SQUIBB COMPANY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BRISTOL-MYERS SQUIBB COMPANY, one of the Defendants in the above-styled and numbered cause (hereinafter "Defendant"), and files this its Motion to Transfer Venue and Original Answer, and states as follows:

Motion to Transfer Venue and Original Answer of Defendant
Bristol-Myers Squibb Company - Page 1

820111116/0196.105193

I.

## MOTION TO TRANSFER VENUE

Bristol-Myers Squibb Company moves the Court to transfer the cause to Dallas County because Cameron County is not a county of proper venue. Specifically, Bristol-Myers Squibb Company denies that (1) all or a part of the cause of action accrued in Cameron County, (2) that any properly joined natural person's residence at the time the cause of action accrued was Cameron County, (3) that any corporate defendant maintains its principal office in this state in Cameron County, and (4) that the county of Plaintiff's residence is a relevant venue consideration. The principal office of Bristol-Myers Squibb Company within the State of Texas is in Dallas County, Texas. Consequently, there is a county of proper venue under the general rule.

Further, Bristol-Myers Squibb Company requests that the Court transfer the cause to Dallas County for the convenience of the parties and witnesses and in the interest of justice.

WHEREFORE, Bristol-Myers Squibb Company requests that the Court transfer this cause to Dallas County.

II.

## ORIGINAL ANSWER

COMES NOW, BRISTOL-MYERS SQUIBB COMPANY, one of the Defendants in the above-styled and numbered cause (hereinafter "Defendant"), and, subject to and

without waiver of its Motion to Transfer Venue, files this its Original Answer and states as follows:

Pursuant to TEX. R. CIV. P. 92, Defendant denies each and every material allegation contained in Plaintiff's First Amended Original Petition filed herein and says that same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence as required by law.

### III.

### AFFIRMATIVE DEFENSES

Further answering, Defendant asserts the following affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's injuries, if any, were proximately caused by allergies, sensitivities, or idiosyncrasies peculiar to Plaintiff and not found in the general public, and unknown or unknowable to Defendant. Plaintiff's alleged injuries were not reasonably foreseeable to Defendant, therefore, the occurrences in question, if any, were unavoidable incidents insofar as that term is understood at law, as far as Defendant is concerned.

3. Further answering, Defendant says that the product in question was neither dangerous nor defective, and was of merchantable quality and was fit and safe for its intended use.

4. Plaintiff's injuries and damages, if any, were caused entirely or in part by acts, omissions, and/or negligence of a third party or parties for whose acts Defendant is in no way liable or responsible and over whom Defendant has no control.

5.  Defendant hereby asserts all rights arising pursuant to the proportionate responsibility and contribution statutes including offset due to Plaintiff's responsibility, contribution from other parties found responsible, and credit for any settlements made in this action.

6.  The methods, standards, and techniques utilized by this Defendant in formulating and manufacturing the product in question and in issuing warnings and instructions with respect to its use were proper and in conformity with the generally recognized, reasonably available, and reliable state of knowledge in the field at the time the product was manufactured.

7.  Plaintiff's claims are barred or reduced, in whole or in part, to the extent that at all times relevant to Plaintiff's allegations, Defendant was in compliance with all statutes, regulations and other laws in effect at the time of the conduct allegedly giving rise to plaintiffs' claims.

8.  The damages complained of by Plaintiff, if any, were proximately caused by the negligence and/or other fault of Plaintiff, and/or firms, persons, corporations or entities other than defendant, whose identities are currently unknown to Defendant, and Plaintiff's recovery is barred or reduced by the percentage of Plaintiff's own fault or the fault of others.

9.  Plaintiff's causes of action may be barred by the applicable statutes of limitation and/or repose.

<u>Motion to Transfer Venue and Original Answer of Defendant Bristol-Myers Squibb Company</u> - Page 4

10. Plaintiff's damages, if any, are the result in whole or in part of Plaintiff's failure to mitigate his damages.

11. Defendant denies that it made any express or implied warranties to Plaintiff. Alternatively, any such warranties were adequately disclaimed.

12. Further answering, Plaintiff failed to give written notice to Defendant in a timely or appropriate manner setting forth the alleged breach(es) of warranty.

13. The methods, standards and techniques of designing or manufacturing the product in question were prepared and applied in conformity with the generally recognized state of the art at the time that the product in question was designed, manufactured and distributed, and their benefits exceeded any associated risks.

14. Further answering, Defendant says that if Plaintiff was injured or damaged by a product manufactured or distributed by Defendant, which Defendant denies, Defendant nonetheless did not breach any duty to Plaintiff and is not liable for Plaintiff's claimed damages because the product, when manufactured and distributed, conformed to the then-current state of the art and the then-current state of medical, scientific and industrial knowledge, art and practice was such that Defendant did not, and could not, know that the product might pose a risk of harm in normal and foreseeable use.

15. All activities and conduct of this Defendant conformed to all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time.

16. The advertisements and labeling with respect to the subject product were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Texas Constitutions.

17. The conduct of this Defendant and all activities with respect to the subject product were fair and truthful based upon the state of knowledge existing at the relevant time alleged.

18. Plaintiff's claims are subject to the limitations set forth in the Restatement Second of Torts, Section 402A, comment k.

19. Plaintiff's claims are subject to the limitations in the Restatement Third of Torts.

20. Plaintiff's claims are precluded by actions and determinations of federal and state regulatory agencies, including without limitation, the Federal Food and Drug Administration.

21. Plaintiff's claims are barred or reduced, in whole or in part, by the doctrines of laches, equitable estoppel, and/or quasi estoppel, bad faith and unclean hands.

22. Plaintiff's claims are barred or reduced under the principles of assumption of the risk and/or informed consent.

23. Plaintiff's claims are barred by the principles of the learned intermediary doctrine.

24. Plaintiff's alleged injuries or damages, if any, are the result of unforeseeable misuse and/or abuse of the products in question.

25. Defendant denies any misrepresentation, fraud, reliance by Plaintiff and/or detriment allegedly resulting therefrom.

26. Further answering, Defendant alleges that any award of punitive damages against this Defendant would violate its right to due process of law under U.S. Const. amend. XIV, their right to due course of law under Tex. Const. art. I, § 19, their right to the equal protection of the laws under U.S. Const. amend. XIV and Tex. Const. art. I, § 3, its right to freedom from excessive fines and cruel and unusual punishment under Tex. Const. art. I, § 13, and its rights under the common law, statutes, rules of civil procedure and public policy of the State of Texas, because under Texas law the jury:

   (1) is not provided standards of sufficient clarity for determining the appropriateness, and appropriate size, of a punitive damage award;

   (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment (including the rule that punitive damages must be reasonably proportioned to actual damages);

   (3) is not expressly prohibited from awarding punitive damages, or determining the amount of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the national origin, residence, wealth and corporate status of the defendant;

   (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and

   (5) is not subject to particularized, detailed and objective trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes.

Additionally, said constitutional provisions, and the common law, statutes, rules of civil procedure and public policy of the State of Texas require:

    (a) that Defendant's liability for punitive damages and the amount of any such liability be determined by a standard of clear and convincing evidence;

    (b) that Defendant's liability for punitive damages and the amount of any such liability be tried only if and after Defendants' liability for compensatory damages has been found;

    (c) that evidence of Defendant's wealth not be admitted as bearing on whether or in what amount punitive damages should be assessed, or alternatively, that any such admission of evidence occur only if and after Defendant's liability for compensatory damages has been found;

    (d) that punitive damages be limited to a reasonable amount, bearing a reasonable proportion to the compensatory damages, if any, for which Defendant is found liable; and

    (e) that Defendant's liability for punitive damages be based solely on Defendants' conduct in connection with the specific occurrence made the subject of this lawsuit.

27. Further answering, Defendant affirmatively pleads that, in the event exemplary damages are awarded, such damages may not exceed the amount specified in TEXAS CIVIL & PRACTICE REMEDIES CODE § 41.008.

### IV.

Further answering, subject to further investigation and discovery, Defendant reserves the right to plead, allege and state any other defenses which may be appropriate.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that this cause be transferred to Dallas County and that, subject to its Motion to Transfer Venue, that Plaintiff take nothing, that they be allowed to go hence without delay and recover their costs and for such other and further relief to which they may be entitled, at law, or in equity, and for which they will ever pray.

Respectfully submitted,

By: _____
ALAN R. VICKERY
State Bar No. 20571850
DIANA WARNECKE
State Bar No. 00791577

SEDGWICK, DETERT, MORAN & ARNOLD
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 227-8200
(469) 227-8004 Telecopy

Jose E. Garcia
State Bar No. 07636780

GARCIA & VILLARREAL, L.L.P.
4401 North McColl Road
McAllen, Texas 78504
(956) 630-0081
(956) 630-3631 Telecopy

ATTORNEYS FOR DEFENDANT
BRISTOL-MYERS SQUIBB COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy fo the foregoing document has been forwarded to Plaintiff's counsel via certified mail, return receipt requested, on this the 27 day of March, 2002, in accordance with the Texas Rules of Civil Procedure.

_____
Alan R. Vickery