United States District Court
Southern District c. Texas
FILED

APR 2 5 2002

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| FRANCISCO SANCHEZ | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. B-02-066 |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION, ET. AL.; | § | |

**NOVARTIS CONSUMER HEALTH, INC'S
SECOND SUPPLEMENT TO NOTICE OF REMOVAL**

TO:   THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
TEXAS, BROWNSVILLE DIVISION

NOW COMES, Novartis Consumer Health, Inc., one of the Defendants in the above-styled

cause, and files this Second Supplement to Notice of Removal filed in this Court on April 5, 2002,

and would respectfully show the Court as follows:

I.

As a supplement to the index of matters being filed, the following pleading is attached to this

supplemental notice to be made a part of this Court's file:

1.  Defendant, GlaxoSmithKline PLC's Special Appearance and, Subject Thereto, Motion
    to Transfer Venue and, Subject Thereto, Original Answer filed in the 197th Judicial
    District Court of Cameron County, Texas on April 4, 2002;

2.  Defendant, SmithKline Beecham Corporation and SmithKline Beecham Consumer
    Healthcare, L.P.'s Motion to Transfer Venue and, Subject Thereto, Original Answer filed
    in the 197th Judicial District Court of Cameron County, Texas on April 4, 2002; and

3.  Defendant, Block Drug Company, Inc.'s Motion to Transfer Venue and, Subject Thereto,
    Original Answer filed in the 197th Judicial District Court of Cameron County, Texas on
    April 4, 2002.

1

WHEREFORE, Novartis Consumer Health, Inc. prays that the above state court pleading be made a part of this Court's file.

Respectfully submitted,

**RODRIGUEZ, COLVIN &**
**CHANEY, L.L.P.**
1201 E. Van Buren
Brownsville, TX 78520
956-542-7441 Telephone
956-541-2170 Facsimile

By: _Mitchell C. Chaney_

Mitchell C. Chaney
State Bar No. 04107500
Federal I.D. 1918
Teri L. Danish
State Bar No. 05375320
Federal I.D. 12862

Michael D. Robbins
Stephen H. Lee
**DOYLE RESTREPO HARVIN &**
**ROBBINS LLP**
600 Travis, Suite 4700
Houston, TX 77002
713- 228-5100 Telephone
713-228-6138 Facsimile

Richard L. Josephson
**BAKER BOTTS L.L.P.**
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
(713) 229-1460 Telephone
(713) 228-6138 Facsimile

Earl B. Austin
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6542 Telephone
(214) 661-6542 Facsimile

***ATTORNEYS FOR DEFENDANT
NOVARTIS CONSUMER HEALTH,
INC.***

Randolph S. Sherman
Lori B. Leskin
Danielle E. Finck
**KAYE SCHOLER, L.L.P.**
425 Park Avenue
New York, New York 10022

***Of Counsel***

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been delivered to the following counsel of record by facsimile, certified mail, return receipt requested, or by regular mail on this **23rd** day of April, 2002.

***By Regular Mail***

Brynley James
Fulbright & Jaworski, L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205-3792

Brian P. Johnson
Frank Doyle
Hanen, Johnson
& Spalding, LLP
910 Travis, Ste. 1700
Houston, TX 77002

J. Mark Jones
David E. Dukes
James F. Rogers
Kennan Building, Third Floor
1330 Lady Street
Columbia, SC 29201

Margaret Brenner
Hays, McConn, Rice & Pickering
400 Two Allen Center
1200 Smith Center
Houston, TX 77002

3

Alan Vickery
Sedgwick, Detert, Moran & Arnold
1717 Main Street, Suite 5400
Dallas, TX  75201

Tony Canales
Canales & Simonson
2601 Morgan Avenue
P.O. Box 5624
Corpus Christi, TX  78465-5624

Ken Ferguson
Michael Klatt
Kelly Kimbrough
Clark, Thomas & Winters
P.O. Box 1148
Austin, TX  78767

Ana Lisa Garza
Ramirez & Garza, L.L.P.
509 N. San Antonio Street
Rio Grande City, TX  78582

Keith R. Taunton
Tucker, Taunton, Snyder & Slade
Eight Greenway Plaza, Suite 1200
Houston, TX  77046

D. Joseph Hurson
Lane Powell Spears Lubersky, LLP
1420 Fifth Avenue
Suite 4100
Seattle, WA  10022-3298

Robert M. Schick
Vinson & Elkins, L.L.P.
2300 First City Tower
1001 Fannin Street
Houston, Texas  77002-6760

Danielle Finck
Lori Leskin
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022-3298

Crisanta Guerra Lozano
Roerig, Oliviera & Fisher
555 W. Price Rd., Suite 9
Brownsville, TX  78520

Brent Kugler
Daniel Sheehan & Associates, L.L.P.
Chase Tower, 2200 Ross Avenue, Suite 3060
Dallas, Texas 75201

James Williams
Miller & Martin
Suite 1000 Volunteer Bldg.
832 Georgia Avenue
Chattanooga, TN  37402-2289

Kenneth C. Baker
The Baker Law Firm
12600 Featherwood, Suite 225
Houston, TX  77034

Terry O. Tottenham
Lana K. Varney
Fulbright & Jaworski, L.L.P.
600 Congress Avenue., Suite 2400
Austin, Texas  78701

4

***By Certified Mail,***
***Return Receipt Requested***

Nelda Talamantes
Ron C. Eddins
David C. Greenstone
C. Andrew Waters
Peter A. Kraus
Waters & Kraus, L.L.P.
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

Frank Costilla
Law Offices of Frank Costilla
5 E. Elizabeth Street
Brownsville, TX 78523

Mitchell C. Chaney

NO. 2002-02-733-C

| | | |
|---|---|---|
| FRANCISCO SANCHEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION; | § | |
| ADVOCARE INTERNATIONAL, L.L.C.; | § | |
| BAYER CORPORATION; | § | |
| BLOCK DRUG COMPANY, INC. | § | |
| BRISTOL MYERS SQUIBB COMPANY; | § | |
| CHATTEM, INC.; | § | |
| GLAXOSMITHKLINE, PLC; | § | |
| NOVARTIS CONSUMER HEALTH, INC.; | § | |
| NOVARTIS PHARMACEUTICALS | § | |
| CORPORATION; | § | |
| SMITHKLINE BEECHAM CONSUMER | § | |
| HEALTHCARE, L.P.; | § | |
| SMITHKLINE BEECHAM CORPORATION; | § | |
| WHITEHALL-ROBINS HEALTHCARE; AND | § | |
| CIRCLE K STORES, INC. D/B/A CIRCLE K | § | |
| (sued individually and as successor in-interest | § | |
| to COASTAL MART, INC. and | § | |
| MAVERICK MARKET, INC.) | § | 197TH JUDICIAL DISTRICT |

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
APR - 4 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

## DEFENDANT, GLAXOSMITHKLINE PLC'S, SPECIAL APPEARANCE, AND SUBJECT THERETO MOTION TO TRANSFER VENUE, AND SUBJECT THERETO ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant GLAXOSMITHKLINE PLC and files this its Special Appearance to object to jurisdiction, and subject thereto its Motion to Transfer Venue, and subject thereto, its Original Answer to all claims being made against GlaxoSmithKline plc in this action by any party. In support thereof, Defendant would respectfully show the Court the following:

**I.**

### SPECIAL APPEARANCE

This Special Appearance is filed pursuant to Texas Rule of Civil Procedure 120a, prior to a motion to transfer or any other plea, pleading, or motion by GlaxoSmithKline plc, for the purpose of

1

04/18/02  11:53 FAX 7132222226    Fax Received @ DRHR: 04/19/2002 11:59AM   Remote ID: 7132222226 * Pg 3/33
                                    H.A.J&S L.L.P                                                    ☑003
APR.19.2002 4:38PM 7132 ROERIG OLIVEIRA FISHJ&S L.L.P                           NO.130   P.3/33

objecting to the jurisdiction of the Court over the person and property of GlaxoSmithKline plc. This Court does not have jurisdiction over this Defendant's person or property because it does not have the necessary minimum contacts with Texas. Specifically, as set forth in the Affidavit of Sandra C. Henderson attached hereto as Exhibit "A," to this Special Appearance, GlaxoSmithKline plc is not amenable to process issued by the courts of Texas because:

1) GlaxoSmithKline plc is a public limited company organized under the laws of England and Wales that maintains its principal place of business in England, where it is involved in the pharmaceutical industry.

2) SmithKline Beecham Corporation, d/b/a GlaxoSmithKline, is successor by merger to Glaxo Wellcome Inc. and is a wholly owned subsidiary of GlaxoSmithKline plc. On March 31, 2001 Glaxo Wellcome Inc. merged with and into SmithKline Beecham Corporation. SmithKline Beecham Corporation is the surviving entity and is incorporated under the laws of Pennsylvania and maintains a principal place of business at One Franklin Plaza, Philadelphia, Pennsylvania 19102. SmithKline Beecham Corporation has made or is in the process of making application to qualify to do business in all states in which either Glaxo Wellcome Inc. or SmithKline Beecham Corporation had been qualified to do business.

3) GlaxoSmithKline plc and SmithKline Beecham Corporation d/b/a GlaxoSmithKline are separate, adequately capitalized corporations.

4) GlaxoSmithKline plc does not maintain a place of business in Texas, and maintains no offices, post office boxes, or telephone listings in Texas.

5) GlaxoSmithKline plc does not engage and has not engaged in business in Texas nor is it licensed to do business in Texas.

6) GlaxoSmithKline plc is not required to maintain and does not maintain a registered agent for service of process in Texas.

7) GlaxoSmithKline plc has no agents or employees in Texas.

04/19/02  11:53 FAX 7132222226    Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 4/33
H.A. J&S L.L.P                                                              ☒004

APR.19.2002  4:39PM  7132 ROERIG OLIVEIRA FISH&S L.L.P                NO.130    P.4/33

8)    GlaxoSmithKline plc does not advertise or otherwise offer services and/or products to the residents of the State of Texas.

9)    GlaxoSmithKline plc did not design, manufacture, market, advertise, or sell in Texas the product in question.

10)   GlaxoSmithKline plc has not entered into a contract, in whole or in part, in Texas, and has not committed any tort, in whole or in part, within the State.

11)   GlaxoSmithKline plc has never availed itself to any benefits or protections of the laws of Texas.

12)   No state or federal court in Texas has ever found the exercise of personal jurisdiction over GlaxoSmithKline plc as appropriate on the basis of its relationship with GlaxoSmithKline.

**a.**

The Texas Long Arm Statute authorizes the exercise of jurisdiction over non-residents doing business in Texas. Tex. Civ. Prac. & Rem. Code Ann. §17.02 (Vernon's 1995). The Act lists particular acts which constitute doing business, and it also provides that "other acts" may satisfy the doing business requirement. *Id*. *See also Guardian Royal Exchange v. English China*, 815 S.W.2d 223, 226 (Tex. 1991). Because the statute reaches as far as the federal constitutional requirements of due process, the court is to consider whether the exercise of in personam jurisdiction over a non-resident defendant is consistent with the federal constitutional requirement of due process. *Id*. This due process analysis is separated into two parts: (1) whether the non-resident defendant has purposefully established "minimum contacts" with the forum state; and (2) if so, whether the exercise of jurisdiction comports with "fair play and substantial justice." *Id*.

The minimum contact analysis is divided into two categories: general and specific jurisdiction. "General jurisdiction may be asserted when the cause of action does not arise from or relate to the non-resident defendant's purposeful conduct within the forum state, but there are continuous and systematic contacts between the non-resident defendant and the forum state." *Id*. "When general jurisdiction is

3

asserted, the minimum contacts analysis is more demanding and requires a showing of substantial activities in the forum state." *Id.*

"When specific jurisdiction is asserted, the cause of action must arise out of or relate to the non-resident defendant's contact with the forum state in order to satisfy the minimum contact requirement." *Id.* at 227. The contact must have resulted from the non-resident defendant's personal contact with the State of Texas, and not out of the unilateral activity of the plaintiff or others. *Id.* The activities must have been "purposefully directed" to the forum and the litigation must result from the injuries that "arise out of or relate to those activities." *Id.* at 228.

**b.**

In light of the facts enumerated above, Defendant GlaxoSmithKline plc does not have the minimum contacts with Texas necessary to support the exercise of jurisdiction over its person and property. General jurisdiction over a non-resident defendant is only proper where the non-resident defendant has "substantial activities" in Texas and maintains continuing and systematic activities in the forum. *Guardian Royal Exchange v. English China*, 815 S.W.2d 223, 228 (Tex. 1991); *Schlobohm v. Shapiro*, 784 S.W.2d 355, 357 (Tex. 1990). General jurisdiction does not exist over Defendant GlaxoSmithKline plc because it lacks the continuous and systematic contacts with Texas that are required for the Court to have general jurisdiction over it. Plaintiffs' Petition does not allege that GlaxoSmithKline plc engages in substantial activities in this state, or any facts which support general jurisdiction over GlaxoSmithKline plc. Plaintiffs' Original Petition only alleges that GlaxoSmithKline plc does business in Texas and at all relevant times marketed, promoted, warranted and sold, its products containing phenyipropanolamine (hereinafter referred to as PPA) in this state. As set forth in the Affidavit of Sandra C. Henderson, attached as Exhibit "A," to this Special Appearance, GlaxoSmithKline plc does not maintain continuing and systematic activities in the State of Texas. GlaxoSmithKline plc does not have an office,  employees or agents, telephone listings, and does not conduct business in the

4

04/19/02 11:54 FAX 7132222226  Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 6/33
H.A. J&S L.L.P                   ☑008

APR.19.2002  4:40PM  ROERIG OLIVEIRA FISH
04/04/02 14:13 FAX 7132222226  H.A. J&S L.L.P          NO.130   P.6/33

State of Texas, nor has it ever. *Elektro-Mobile Technik GMBH*, 874 S.W.2d 324, 329 (Tex.App. - Webb 1994, writ denied).

Specific jurisdiction does not exist in this case as to Defendant, GlaxoSmithKline plc because it conducted no activity in Texas related to the Plaintiffs' claims and has taken no action purposefully directed toward Texas. *Joe Guerro Exxon Station v. Michelin Type Public Limited Company*, 32 S.W.3d 383, 388 (Tex. App.—San Antonio, 2000, no pet.). Plaintiffs' cause of action did not arise from or relate to GlaxoSmithKline plc's contact with Texas. In order for this Court to have specific jurisdiction over this Defendant, it must have committed some purposeful act in Texas that brought about the cause of action asserted against it. *Hotel Partners v. KPMG Peat Marwick*, 847 S.W.2d 630, 632 (Tex.App. - Dallas 1993, writ denied). Plaintiffs' Petition does not identify any act by GlaxoSmithKline plc that Plaintiff believes was committed in Texas, which is itself grounds on which to dismiss this lawsuit as to GlaxoSmithKline plc. *Siskin v. Villa Foundation for Education, Inc.*, 642 S.W.2d 434, 438 (Tex. 1982).

Specific jurisdiction over a defendant is determined by the relationship between that defendant, the forum, and the litigation. *Schlobohm*, 784 S.W.2d at 357. No relation here exists because GlaxoSmithKline plc is a public limited company organized under the laws of England and Wales that maintains its principal place of business in England. GlaxoSmithKline plc was not involved directly or indirectly with the transaction made the basis of Plaintiffs' claims. Plaintiffs' claims do not relate to any conduct by GlaxoSmithKline plc in Texas. Thus, GlaxoSmithKline plc did not direct activities to Texas and did not have fair warning that Plaintiff might invoke a Texas court's power over it. *3-D Electric Company, Inc. v. Barnett Construction*, 706 S.W.2d 135, 142 (Tex.App. - Dallas 1986, writ ref'd n.r.e.).

The second step of the analysis for determining whether a Texas court may exercise jurisdiction over a non-resident defendant is "whether the assertion of personal jurisdiction comports with fair play and substantial justice." The court is to consider (1) the burden upon the non-resident defendant and the existence of an alternative forum; (2) the interest of the forum state; (3) plaintiff's interest in securing

5

04/19/02  11:54 FAX 7132222226   Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 7/33
H.A.J&S L.L.P
APR.18.2002   4:40PM   ROERIG OLIVEIRA FISH                     NO.130   P.7/33
04/04/02  14:14 FAX 7132222226   RIGLER L.L.P                   ☑007

relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering fundamental substantive social policies. *Guardian Royal*, 815 S.W.2d at 232; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985); *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

Exercising jurisdiction over GlaxoSmithKline plc's person and property in this case would violate traditional notions of fair play and substantial justice. *Juarez v. United Parcel Service de Mexico S.A. de C.V.*, 933 S.W.2d 281, 284 (Tex. App.--Corpus Christi 1996, no writ). The exercise of such jurisdiction would (a) impose unfair burdens upon this Defendant by forcing it to defend itself in a foreign legal system, and (b) contravene the procedural and substantive policies of England and Wales as well as the federal government's interest in foreign relation policies. *Guardian Royal*, 815 S.W.2d at 229; *Juarez*, 933 S.W.2d at 284. It would be extremely burdensome and unfair for GlaxoSmithKline plc to litigate a claim in the State of Texas. GlaxoSmithKline plc is a public limited company organized under the laws of England and Wales that maintains its principal place of business in England. It does not do any business in the State of Texas, has no agents or employees in the State of Texas. Its officers, directors and employees are not located in Texas, and it would be extremely burdensome for GlaxoSmithKline plc to litigate a claim in the State of Texas. This is especially true when this Defendant has no direct contact with the State of Texas.

GlaxoSmithKline plc cannot be subjected to jurisdiction for any activities conducted in Texas by SmithKlineBeecham Corporation, d/b/a GlaxoSmithKline. GlaxoSmithKline plc is not the alter ego of SmithKlineBeecham Corporation, d/b/a GlaxoSmithKline. Instead, the corporations maintain separate and distinct identities and observe all corporate formalities. *Preussag Aktiengesellschaft v. Coleman*, 16 S.W.3d 110 (Tex. App.-Houston [1st Dist.] 2000, pet. pending); *Conner v. Conticarriers & Terminals, Inc.*, 944 S.W.2d 405, 418 (Tex. App.-Houston [14th Dist.] 1997, no writ). Moreover, Defendant GlaxoSmithKline plc has not exercised dominance or control over SmithKline Beecham Corporation, d/b/a GlaxoSmithKline, and so cannot be deemed to conduct business in Texas through the activities of

6

04/19/02  11:54 FAX 7132222226  Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 8/33
H.A.J&S  L.L.P
APR.18.2002  4:40PM  ROERIG OLIVEIRA FISH& L.L.P
04/04/02  18:14 FAX 7132222226  ROERIG OLIVEIRA FISH& L.L.P          NO.130    P.8/33
⌀008

SmithKline Beecham Corporation, d/b/a GlaxoSmithKline. *See Hargrave v. Fibreboard Corp.*, 710 F2d

1154, 1163 (5th Cir. 1983)

For these reasons, the exercise of jurisdiction over GlaxoSmithKline plc's person and property

would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as

well as the Texas Constitution and long-arm statute. *See* TEX. CIV. PRAC. & REM. CODE § 17.042

(2000). Accordingly, this Court should grant Defendant GlaxoSmithKline plc's special appearance.

## II.

## SUBJECT TO SPECIAL APPEARANCE, MOTION TO TRANSFER VENUE

Subject to its Special Appearance, Defendant, GlaxoSmithKline plc moves to transfer venue to

another county of proper venue for the reasons set forth below.

Defendant, GlaxoSmithKline plc is a foreign corporation. Under the applicable venue law, a suit

against a corporation, whether foreign or domestic, may properly be brought in either 1) the county of the

corporation's "principal office" in Texas or 2) in the county where "all or a substantial part of the events

or omissions giving rise to the claim occurred..." TEX. CIV. PRAC. & REM. CODE §15.002(a).

Defendant, GlaxoSmithKline plc:

(1)  specifically denies that Cameron County is, or was at the time that Plaintiffs' purported cause of action accrued, the county of this or any other defendants' principal office in Texas;

(2)  specifically denies that all or a substantial part of the events or omissions giving rise to Plaintiffs' purported claim occurred in Cameron County;

(3)  specifically denies that any individual defendant resided in Cameron County at the time Plaintiffs' purported cause of action accrued; and

(4)  specifically denies that venue is proper in Cameron County under either §15.002(a), or §15.005, of the Texas Civil Practice and Remedies Code.

Venue of Plaintiffs' claims is improper in Cameron County, and Defendant, GlaxoSmithKline plc

requests that venue be transferred to another county of proper venue.

04/19/02  11:55  FAX 7132222226    Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 9/33    H.A.J&S L.L.P    ☑008
APR.18.2002   4:41PM   ROERIG OLIVEIRA FISH L.L.P    NO.130   P.9/33
04/04/02  14:14  FAX 7132222226    R.A.S&S L.L.P

## III.

### SUBJECT TO SPECIAL APPEARANCE,
### AND SUBJECT TO MOTION TO TRANSFER VENUE,
### ORIGINAL ANSWER

Subject to its Special Appearance, subject to its Motion to Transfer Venue, pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant, GlaxoSmithKline plc generally denies all of Plaintiffs' allegations and will require strict proof thereof at the time of trial, pursuant to the laws and Constitution of the State of Texas.

**a.**

Defendant, GlaxoSmithKline plc further pleads comparative responsibility as set forth in Section 33.001, Tex. Civ. Prac & Rem. Code.

**b.**

Defendant, GlaxoSmithKline plc further pleads that if Plaintiff sustained the injuries and damages alleged, there was an intervening cause and/or causes leading to such alleged injuries, and damages, and any acts or omissions on the part of GlaxoSmithKline plc were not the proximate cause of Plaintiffs' alleged injuries.

**c.**

Defendant, GlaxoSmithKline plc further alleges that if Plaintiffs sustained the injuries and damages alleged, the same may have been caused, in whole or in part, by an operation of nature or an act of God not attributable to any negligence or lack of due care on the part of GlaxoSmithKline plc.

**d.**

If a tortfeasor settles with the Plaintiffs, Defendant GlaxoSmithKline plc reserves the right to make a written election of credit for settlements under Section 33.014 of the Texas Civil Practice and Remedies Code.

**e.**

Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 10/33
04/19/02  11:55 FAX 7132222226          H.A.J&S L.L.P                    ☑010
APR.18.2002 4:41PM 713 ROERIG OLIVEIRA FISH J&S L.L.P          NO.130   P.10/33

**e.**

Defendant invokes its legal right to a reduction of any dollar verdict which may be rendered in this cause by credit for payments made by other persons or entities or by percentage reductions to which Defendant would be entitled as a result of jury findings against other persons or entities. In this connection, Defendant reserves the right to submit issues against parties who may be present in this case or absent in the case at the time the matter is passed to the jury for fact determination.

**f.**

Defendant, GlaxoSmithKline plc invokes its legal rights under the Due Process Clause of the Fifth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment of the United States Constitution. This Defendant affirmatively pleads that the Plaintiffs' pleading of punitive and/or exemplary damages is violative of the Due Process Clauses of the Fifth and Fourteenth Amendments inasmuch as a punitive and/or exemplary damages award:

   (1)    can be assessed in an amount left to the discretion of the jury and judge;

   (2)    does not require a unanimous verdict by the jury;

   (3)    is based on a preponderance of the evidence standard and not on a "beyond a reasonable doubt" standard as should be required in assessing a punishment award;

   (4)    is not based upon a clearly defined statutory enactment setting forth a specific mens rea requirement and/or other prerequisites of a criminal fine and in effect allows the assessment of such awards even though there are no specific standards, limits or other statutory requirements set forth which define the mens rea and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process.

   Further, this Defendant who is subject to such an award does not have the right to refuse to testify against itself but must, in fact, take the stand and/or give deposition testimony or subject itself to the consequences of a default judgment.

   In essence, this Defendant is subjected to all the hazards and risks of what amounts to a fine, and in fact such awards often exceed normal criminal fines, but this Defendant receives none of the basic rights accorded to a criminal Defendant when being subjected to possible criminal penalties.

9

Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 11/33
04/19/02   11:55 FAX 7132222226           H.A.J&S L.L.P                          ☑011
APR.18.2002   4:41PM  ROERIG OLIVEIRA FISH
04/05/04  14:10 FAX 7132222226  H.A.J&S L.L.P                         NO.130    P.11/33

Further, if such be necessary, this Defendant invokes its legal right and affirmatively pleads that the assessment and award of punitive and/or exemplary damages is violative of the Eight Amendment of the United States Constitution as it is applied through the States through the Fourteenth Amendment of the United States Constitution in that such awards potentially constitute an excessive fine imposed without the protections of fundamental due process, and respectfully requests that this Court disallow the award of punitive and/or exemplary damages inasmuch as an award in this case would be violative of Defendant's United States Constitutional rights. Alternatively, this Defendant pleads that any punitive damages be limited pursuant to § 41.007 Tex, Civ. Prac. & Rem. Code.

g.

Finally, subject to its Special Appearance, and subject to its Motion to Transfer Venue, Defendant GlaxoSmithKline plc has never been served in accordance with the Hague Convention as required by law. The service attempted in this case does not comport with the Hague Convention, state law, or the due process and due course of law provisions of the federal and state constitutions. Defendant, GlaxoSmithKline plc expressly reserves the right to challenge service of process.

WHEREFORE, PREMISES CONSIDERED, Defendant, GlaxoSmithKline plc respectfully prays that its Special Appearance be set for hearing on notice to Plaintiffs and, upon such hearing, that its Special Appearance be granted and that Plaintiff's claims be dismissed as to this Defendant for want of jurisdiction. Subject to and without waiver of its Special Appearance, Defendant prays that upon hearing, its Motion to Transfer Venue be granted and the claims asserted against it be transferred to Harris County, or to another county of proper venue. Subject to and without waiver of its Special Appearance, and subject to its Motion to Transfer Venue, Defendant prays that Plaintiffs take nothing by reason of this suit, that Defendant GlaxoSmithKline plc be discharged with its costs expended in this matter, and for such other and further relief to which Defendant may be justly entitled.

04/19/02  11:55 FAX 7132222226          Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 12/33
                                        H.A.J&S L.L.P                                                    Ø012
APR.18.2002   4:42PM   ROERIG OLIVEIRA FISH
04/04/02  14:15 FAX 7132222226          H.A.J&S L.L.P                              NO.130    P.12/33

Respectfully submitted,

HANEN, JOHNSON & SPALDING, L.L.P.

By: _____
     Brian P. Johnson
     State Bar No. 10685700
     Fred A. Doyle                      319202
     State Bar No. 06091300
910 Travis, Suite 1700
Houston, Texas 77002
(713) 222-2323  Telephone
(713) 222-2226  Facsimile

ATTORNEYS FOR DEFENDANT, GLAXOSMITHKLINE
PLC

11

Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 13/33
04/19/02  11:56  FAX 7132222226         H.A.J&S L.L.P                    ☒013
APR.18.2002   4:42PM   ROERIG OLIVEIRA FISH
04/04/02  14:15  FAX 7132222226     H.A.J&S L.L.P                  NO.130   P.13/33

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon the following counsel of record in compliance with Rule 21a of the Texas Rules of Civil Procedure on this the 4th day of April, 2002.

David C. Greenstone
Nelda Talamantes
Peter A. Kraus
WATERS & KRAUS, L.L.P.
3219 McKinney Ave., Suite 3000
Dallas, TX 75304

Crisanta Guerra Lozano
ROERIG, OLIVEIRA & FISHER
555 W. Price Road, Suite 9
Brownsville, Texas 78520

David E. Dukes
J. Mark Jones
James F. Rogers
Nelson, Mullins Riley & Scarborough, L.L.P.
Keenan Building, Third Floor
1330 Lady Street
Post Office Box 11070 (29211)
Columbia, SC 29201

Brynley James, III
Joseph A. Bourbois
FULBRIGHT & JAWORSKI, L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205

Alan R. Vickery
Diana Warnecke
SEDGWICK, DETERT, MORAN & ARNOLD
1717 Main Street, Suite 5400
Dallas, TX 75201

Eduardo Roberto Rodriguez
Mitchell C. Chaney
Rodriguez, Colvin & Chaney, LLP
1201 E. Van Buren
Post Office Box 2155
Brownsville, Texas 78522-2155

Kenneth J. Ferguson
Michael R. Klatt
CLARK, THOMAS & WINTERS, P.C.
P. O. Box 1148
Austin, TX 78767

J. A. (Tony) Canales
CANALES & SIMONSON
2601 Morgan Avenue
P. O. Box 5624
Corpus Christi, Texas 78465-5624

John M. Phalen, Jr.
DANIEL SHEEHAN & ASSOCIATES
Chase Tower
2200 Ross Avenue, Suite 3069
Dallas, Texas 75201

Terry O. Tottenham
Lana K. Varney
FULBRIGHT & JAWORSKI, L.L.P.
600 Congress Ave., Suite 2400
Austin, TX 78701-3271

Margaret T. Brenner
John J. Smither
HAYS, McCONN, RICE & PICKERING
400 Two Allen Center
1200 Smith Street
Houston, TX 77002

Jeff D. Otto
Tasha L. Barnes
THOMPSON, COE, COUSINS & IRONS, L.L.P.
701 Brazos, Suite 1500
Austin, TX 78701

12

04/19/02  11:56 FAX 7132222226        H.A. J&S L.L.P
Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 14/33
APR.18.2002    4:42PM    ROERIG OLIVEIRA FISH                    ✆014
04/04/02  14:16 FAX 7132222226        FISH,J&S L.L.P        NO.130   P.14/33

Michael D. Robbins                      Randolph S. Sherman
Andrew R. Harvin                        Lori B. Leskin
DOYLE RESTREPO HARVIN & ROBBINS, LLP    Danielle E. Finck
600 Travis, Suite 4700                  KAYLE SCHOLER LLP
Houston, Texas 77002                    425 Park Avenue
                                        New York, NY 10022
Kenneth C. Baker
Mark D. VanCleave
THE BAKER LAW FIRM
12600 Featherwood, Suite 225
Houston, Texas 77034

Brian N. Johnson
Frank A. Doyle

13

Fax Received @ DRHR: 04/19/2002 11:59AM   Remote ID: 7132222226 * Pg 15/33
04/18/02  11:56  FAX 7132222226                H.A.J&S L.L.P                              ☒015
APR.18.2002   4:42PM   ROERIG OLIVEIRA FISH                                      NO.130   P.15/33
04/04/02  14:18  FAX 7132222226        H.A.J&S L.L.P

NO. 2002-02-733-C

| | | |
|---|---|---|
| FRANCISCO SANCHEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION; | § | |
| ADVOCARE INTERNATIONAL, L.L.C.; | § | |
| BAYER CORPORATION; | § | |
| BLOCK DRUG COMPANY, INC. | § | |
| BRISTOL MYERS SQUIBB COMPANY; | § | |
| CHATTEM, INC.; | § | |
| GLAXOSMITHKLINE, PLC; | § | |
| NOVARTIS CONSUMER HEALTH, INC.; | § | |
| NOVARTIS PHARMACEUTICALS | § | |
| CORPORATION; | § | |
| SMITHKLINE BEECHAM CONSUMER | § | |
| HEALTHCARE, L.P.; | § | |
| SMITHKLINE BEECHAM CORPORATION; | § | |
| WHITEHALL-ROBINS HEALTHCARE; AND | § | |
| CIRCLE K STORES, INC. D/B/A CIRCLE K | § | |
| (sued individually and as successor in-interest | § | |
| to COASTAL MART, INC. and | § | |
| MAVERICK MARKET, INC.) | § | 197TH JUDICIAL DISTRICT |

EXHIBIT "A"

Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 16/33
04/19/02  11:56 FAX 7132222226          H.A.J&S L.L.P                    ☑016
APR.19.2002   4:42PM ROERIG OLIVEIRA FISH&S L.L.P              NO.130    P.16/33

# AFFIDAVIT OF SANDRA C. HENDERSON

STATE OF NORTH CAROLINA    §
                           §
COUNTY OF DURHAM           §

BEFORE ME, the undersigned official, on this day appeared Sandra C. Henderson, known to me to be the person whose name is subscribed to the following instrument and having been by me duly sworn, upon her oath, deposes and states the following:

1) "My name is Sandra C. Henderson, I am over eighteen (18) years of age, I have never been convicted of a felony or crime of moral turpitude, and I am fully competent to make this affidavit. I am aware and cognizant of the facts set forth in this Affidavit and am able to swear, and I hereby do swear, that all of the matters contained in this Affidavit are true and correct.

2) I am employed in the Office of the Chairman of SmithKline Beecham Corporation, d/b/a GlaxoSmithKline (f/k/a Glaxo Wellcome Inc.) and am an Assistant Secretary of SmithKline Beecham Corporation.

3) GlaxoSmithKline plc is a public limited company organized under the laws of England and Wales that maintains its principal place of business in England, where it is involved in the pharmaceutical industry.

4) SmithKline Beecham Corporation, d/b/a GlaxoSmithKline, is successor by merger to Glaxo Wellcome Inc. and is a wholly owned subsidiary of GlaxoSmithKline plc. On March 31, 2001 Glaxo Wellcome Inc. merged with and into SmithKline Beecham Corporation. SmithKline Beecham Corporation is the surviving entity and is incorporated under the laws of Pennsylvania and maintains a principal place of business at One Franklin Plaza, Philadelphia, Pennsylvania

Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 17/33
04/19/02  11:56  FAX 7132222226        H.A.J&S L.L.P
APR.18.2002   4:43PM    ROERIG OLIVEIRA FISH                          ☑017
04/04/02  14:18  FAX 7132222226        H.A.J&S L.L.P        NO.130    P.17/33

19Y02.  SmithKline Beecham Corporation has made or is in the process of making application to qualify to do business in all states in which either Glaxo Wellcome Inc. or SmithKline Beecham Corporation had been qualified to do business.

5)  GlaxoSmithKline plc and SmithKline Beecham Corporation d/b/a GlaxoSmithKline are separate, adequately capitalized corporations.

6)  GlaxoSmithKline plc does not maintain a place of business in Texas, and maintains no offices, post office boxes, or telephone listings in Texas.

7)  GlaxoSmithKline plc does not engage and has not engaged in business in Texas nor is it licensed to do business in Texas.

8)  GlaxoSmithKline plc is not required to maintain and does not maintain a registered agent for service of process in Texas.

9)  GlaxoSmithKline plc has no agents or employees in Texas.

10)  GlaxoSmithKline plc does not advertise or otherwise offer services and/or products to the residents of the State of Texas.

11)  GlaxoSmithKline plc did not design, manufacture, market, advertise or sell in Texas the product in question.

12)  GlaxoSmithKline plc has not entered into a contract, in whole or in part, in Texas, and has not committed any tort, in whole or in part, within the State.

13)  GlaxoSmithKline plc has never availed itself to any benefits or protections of the laws of Texas.

14)  No state or federal court in Texas has ever found the exercise of personal jurisdiction over GlaxoSmithKline plc as appropriate on the basis of its relationship with GlaxoSmithKline.

Fax Received @ DRHR: 04/19/2002 11:59AM    Remote ID: 7132222226 * Pg 18/33
04/19/02  11:57 FAX 7132222226    H.A.J&S L.L.P                              ☒018
APR.18.2002   4:43PM   ROERIG OLIVEIRA FISH                        NO.130   P.18/33
  04/04/02  14:18 FAX 7132222226    H.A.J&S L.L.P

Further Affiant sayeth not."

*Sandra C. Henderson* (signature)
Sandra C. Henderson
Assistant Secretary
SmithKline Beecham Corporation

SUBSCRIBED AND SWORN to before me under oath by Sandra C. Henderson on this

16th day of _August_ , 2001.

*Melinda L. Harris* (signature)
Notary Public

My Commission Expires: 2-16-2005

(Notary seal: MELINDA L. HARRIS — NOTARY PUBLIC — WAKE COUNTY, N.C.)

04/19/02  11:57  Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 19/33
04/19/02  11:57 FAX 7132222226        H.A. J&S L.L.P
APR.19.2002   4:43PM   ROERIG OLIVEIRA FISH                                    ☑019
04/04/02  14:00 FAX 7132222226        H.A.J&S L.L.P                NO.130   P.19/33

NO. 2002-02-733-C

| | | |
|---|---|---|
| FRANCISCO SANCHEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION; | § | |
| ADVOCARE INTERNATIONAL, L.L.C.; | § | |
| BAYER CORPORATION; | § | |
| BLOCK DRUG COMPANY, INC. | § | |
| BRISTOL MYERS SQUIBB COMPANY; | § | |
| CHATTEM, INC.; | § | |
| GLAXOSMITHKLINE, PLC; | § | |
| NOVARTIS CONSUMER HEALTH, INC.; | § | |
| NOVARTIS PHARMACEUTICALS | § | |
| CORPORATION; | § | |
| SMITHKLINE BEECHAM CONSUMER | § | |
| HEALTHCARE, L.P.; | § | |
| SMITHKLINE BEECHAM CORPORATION; | § | |
| WHITEHALL-ROBINS HEALTHCARE; AND | § | |
| CIRCLE K STORES, INC. D/B/A CIRCLE K | § | |
| (sued individually and as successor in-interest | § | |
| to COASTAL MART, INC. and | § | |
| MAVERICK MARKET, INC.) | § | 197TH JUDICIAL DISTRICT |



### DEFENDANTS, SMITHKLINE BEECHAM CORPORATION AND SMITHKLINE BEECHAM CONSUMER HEALTHCARE, L.P.'S MOTION TO TRANSFER VENUE, AND SUBJECT THERETO ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants, SmithKline Beecham Corporation (hereinafter referred to as SKB Corp.) and SmithKline Beecham Consumer Healthcare, L.P. (hereinafter referred to as SKBC Healthcare, L.P.) and file this their Motion to Transfer Venue, and subject thereto, Original Answer to all claims being made against these Defendants in this action by any party. In support thereof, Defendants would respectfully show the Court the following:

- 1 -

Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 20/33
04/19/02  11:57 FAX 7132222226          H.A.J&S L.L.P                    Ø020
APR.18.200214  4:44PM 7132ROERIG OLIVEIRA FISH&S L.L.P        NO.130    P.20/33

## I.

## MOTION TO TRANSFER VENUE

Defendants, SKB Corp. and SKBC Healthcare, L.P. move to transfer venue to another county of proper venue for the reasons set forth below.

Under the applicable venue law, a suit against a corporation, whether foreign or domestic, may properly be brought in either 1) the county of the corporation's "principal office" in Texas or 2) in the county where "all or a substantial part of the events or omissions giving rise to the claim occurred..." TEX. CIV. PRAC. & REM. CODE §15.002(a). Defendants, SKB Corp. and SKBC Healthcare, L.P.:

(1)    specifically deny that Cameron County is, or was at the time that Plaintiffs' purported cause of action accrued, the county of this or any other defendants' principal office in Texas;

(2)    specifically deny that all or a substantial part of the events or omissions giving rise to Plaintiffs' purported claim occurred in Cameron County;

(3)    specifically deny that any individual defendant resided in Cameron County at the time Plaintiffs' purported cause of action accrued; and

(4)    specifically deny that venue is proper in Cameron County under §15.002(a) and 15.005 of the Texas Civil Practice and Remedies Code.

Venue of Plaintiff's claims is improper in Cameron County, and Defendants, SKB Corp. and SKBC Healthcare, L.P. request that venue be transferred to another county of proper venue.

## II.

## SUBJECT TO MOTION TO TRANSFER VENUE, ORIGINAL ANSWER

Subject to their Motion to Transfer Venue, pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants, SmithKline Beecham Corporation and SmithKlineBeecham

04/19/02  11:58  FAX 7132222226    Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 21/33
H.A.J&S L.L.P

APR.18.2002 0 4:44PM 3222 ROERIG OLIVEIRA FISHS L.L.P

@021

NO.130    P.21/33

Consumer Healthcare, L.P. generally deny all of Plaintiffs' allegations and will require strict proof thereof at the time of trial, pursuant to the laws and Constitution of the State of Texas.

### a.

Defendants, SmithKline Beecham Corporation and SmithKline Beecham Consumer Healthcare, L.P. further plead comparative responsibility as set forth in Section 33.001, Tex. Civ. Prac & Rem. Code.

### b.

Defendants, SmithKline Beecham Corporation and SmithKline Beecham Consumer Healthcare, L.P. further plead that if Plaintiff sustained the injuries and damages alleged, there was an intervening cause and/or causes leading to such alleged injuries, and damages, and any acts or omissions on the part of these Defendants were not the proximate cause of Plaintiffs' alleged injuries.

### c.

Defendants, SmithKline Beecham Corporation and SmithKline Beecham Consumer Healthcare, L.P. further allege that if Plaintiffs sustained the injuries and damages alleged, the same may have been caused, in whole or in part, by an operation of nature or an act of God not attributable to any negligence or lack of due care on the part of these Defendants,

### d.

If a tortfeasor settles with the Plaintiffs, Defendants, SmithKline Beecham Corporation and SmithKline Beecham Consumer Healthcare, L.P. reserve the right to make a written election of credit for settlements under Section 33.014 of the Texas Civil Practice and Remedies Code.

- 3

04/19/02  11:58 FAX 7132222226        Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 22/33
APR.19.2002    4:44PM    ROERIG OLIVEIRA FISH        H.A.J&S L.L.P
04/04/02  14:07 FAX 7132222226                H.A.J&S L.L.P                        NO.130    P.22/33

**e.**

Defendants, SmithKline Beecham Corporation and SmithKline Beecham Consumer Healthcare, L.P. invoke their legal right to a reduction of any dollar verdict which may be rendered in this cause by credit for payments made by other persons or entities or by percentage reductions to which these Defendants would be entitled as a result of jury findings against other persons or entities. In this connection, these Defendants reserve the right to submit issues against parties who may be present in this case or absent in the case at the time the matter is passed to the jury for fact determination.

**f.**

Defendants, SmithKline Beecham Corporation and SmithKline Beecham Consumer Healthcare, L.P. invoke their legal rights under the Due Process Clause of the Fifth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment of the United States Constitution. These Defendants affirmatively plead that the Plaintiffs' pleading of punitive and/or exemplary damages is violative of the Due Process Clauses of the Fifth and Fourteenth Amendments inasmuch as a punitive and/or exemplary damages award:

    (1)    can be assessed in an amount left to the discretion of the jury and judge;

    (2)    does not require a unanimous verdict by the jury;

    (3)    is based on a preponderance of the evidence standard and not on a "beyond a reasonable doubt" standard as should be required in assessing a punishment award;

    (4)    is not based upon a clearly defined statutory enactment setting forth a specific mens rea requirement and/or other prerequisites of a criminal fine and in effect allows the assessment of such awards even though there are no specific standards, limits or other statutory requirements set forth which define the mens rea and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process.

-4-

04/19/02  11:58 FAX 7132222226    Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 23/33
H.A.J&S L.L.P

APR.18.2002   4:45PM   ROERIG OLIVEIRA FISH
7132222226                    H.A.J&S L.L.P                    NO.130    P.23/33

Further, these Defendants who are subject to such an award do not have the right to refuse to testify against themselves but must, in fact, take the stand and/or give deposition testimony or subject themselves to the consequences of a default judgment.

In essence, these Defendants are subjected to all the hazards and risks of what amounts to a fine, and in fact such awards often exceed normal criminal fines, but these Defendants receive none of the basic rights accorded to a criminal Defendants when being subjected to possible criminal penalties.

Further, if such be necessary, these Defendants invoke their legal right and affirmatively plead that the assessment and award of punitive and/or exemplary damages is violative of the Eight Amendment of the United States Constitution as it is applied through the States through the Fourteenth Amendment of the United States Constitution in that such awards potentially constitute an excessive fine imposed without the protections of fundamental due process, and respectfully request that this Court disallow the award of punitive and/or exemplary damages inasmuch as an award in this case would be violative of these Defendants' United States Constitutional rights.   Alternatively, these Defendants plead that any punitive damages be limited pursuant to § 41.007 Tex. Civ. Prac. & Rem. Code.

g.

Finally, subject to its Motion to Transfer Venue, Defendant SmithKline Beecham Consumer Healthcare, L.P. has never been properly served as required by law.  The service attempted in this case does not comport with state law or the due process and due course of law provisions of the federal and state constitutions.  Defendant, SmithKline Beecham Consumer Healthcare, L.P. expressly reserves the right to challenge service of process.

WHEREFORE, PREMISES CONSIDERED, Defendants, SmithKline Beecham Corporation and SmithKline Beecham Consumer Healthcare, L.P. respectfully pray that upon hearing, their Motion to Transfer Venue be granted and the claims asserted against them be transferred to Harris County, or to another county of proper venue.  Subject to and without waiver of their Motion to Transfer Venue, Defendants pray that Plaintiffs take nothing by reason

- 5

04/19/02  11:58 FAX 7132222226    Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 24/33
                                                          H.A. J&S L.L.P
APR.18.2002   4:45PM   ROERIG OLIVEIRA FISH
04/04/02  14:07 FAX 7132222226    H.A.J&S L.L.P    NO.130   P.24/33

of this suit, that Defendants SmithKline Beecham Corporation and SmithKline Beecham

Consumer Healthcare, L.P. be discharged with their costs expended in this matter, and for such

other and further relief to which these Defendants may be justly entitled.

Respectfully submitted,

HANEN, JOHNSON & SPALDING, L.L.P.

By: _____
Brian P. Johnson
State Bar No. 10685700
Frank A. Doyle
State Bar No. 06091300
910 Travis, Suite 1700
Houston, Texas 77002
(713) 222-2323  Telephone
(713) 222-2226  Facsimile

ATTORNEYS FOR DEFENDANTS, SMITHKLINE
BEECHAM CORPORATION AND SMITHKLINE
BEECHAM CONSUMER HEALTHCARE, L.P.

- 6

04/19/02  11:59 FAX 7132222226    Fax Received @ DRHR: 04/19/2002 11:59AM    Remote ID: 7132222226 * Pg 25/33
H.A.J&S L.L.P

APR.18.2002   4:45PM    ROERIG OLIVEIRA FISH
04/04/02  14:08 FAX 7132222226    H.A.J&S L.L.P                                    NO.130   P.25/33
                                                                                  ☑025

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this foregoing instrument was served upon the following counsel of record in compliance with Rule 21a of the Texas Rules of Civil Procedure on this the 4th day of April, 2002.

David C. Greenstone
Nelda Talamantes
Peter A. Kraus
WATERS & KRAUS, L.L.P.
3219 McKinney Ave., Suite 3000
Dallas, TX 75204

Kenneth J. Ferguson
Michael R. Klatt
CLARK, THOMAS & WINTERS, P.C.
P. O. Box 1148
Austin, TX 78767

Crisena Chavez Lozano
ROERIG, OLIVEIRA & FISHER
555 W. Price Road, Suite 9
Brownsville, Texas 78520

J. A. (Tony) Canales
CANALES & SIMONSON
2601 Morgan Avenue
P. O. Box 5624
Corpus Christi, Texas 78465-5624

David E. Dukes
J. Mark Jones
James F. Rogers
Nelson, Mullins Riley & Scarborough, L.L.P.
Keenan Building, Third Floor
1330 Lady Street
Post Office Box 11070 (29211)
Columbia, SC 29201

John M. Phalen, Jr.
DANIEL SHEEHAN & ASSOCIATES
Chase Tower
2200 Ross Avenue, Suite 3060
Dallas, Texas 75201

Brynley James, III
Joseph A. Bourbois
FULBRIGHT & JAWORSKI, L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205

Terry O. Tottenham
Lana K. Varney
FULBRIGHT & JAWORSKI, L.L.P.
600 Congress Ave., Suite 2400
Austin, TX 78701-3271

Alan R. Vickery
Diana Warnecke
SEDGWICK, DETERT, MORAN & ARNOLD
1717 Main Street, Suite 5400
Dallas, TX 75201

Margaret T. Brenner
John J. Smither
HAYS, McCONN, RICE & PICKERING
400 Two Allen Center
1200 Smith Street
Houston, TX 77002

- 7 -

04/19/02  11:59 FAX 7132222226       H.A.J&S L.L.P
Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 26/33

APR.18.2002   4:45PM   ROERIG OLIVEIRA FISH L.L.P        NO.130   P.26/33
04/03/02  14:05 FAX 7132222226

Eduardo Roberto Rodriguez
Mitchell C. Chaney
Rodriguez, Colvin & Chaney, LLP
1201 E. Van Buren
Post Office Box 2155
Brownsville, Texas 78522-2155

Michael D. Robbins
Andrew R. Harvin
DOYLE RESTREPO HARVIN & ROBBINS, LLP
600 Travis, Suite 4700
Houston, Texas 77002

Kenneth C. Baker
Mark D. VanCleave
THE BAKER LAW FIRM
12600 Featherwood, Suite 225
Houston, Texas 77034

Jeff D. Otto
Tasha L. Barnes
THOMPSON, COE, COUSINS & IRONS, L.L.P.
701 Brazos, Suite 1500
Austin, TX 78701

Randolph S. Sherman
Lori B. Leskin
Danielle E. Finck
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022

Brian P. Johnson
Frank A. Doyle

04/19/02  11:59 FAX  7132222226    Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 27/33
H.A.J&S L.L.P
APR.18.2002    4:46PM    ROERIG OLIVEIRA FISH                                           ☒027
04/04/02  14:08 FAX 7132222226    H.A.J&S L.L.P                           NO.130    P.27/33

NO. 2002-02-733-C

| | | |
|---|---|---|
| FRANCISCO SANCHEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION; | § | |
| ADVOCARE INTERNATIONAL, L.L.C.; | § | |
| BAYER CORPORATION; | § | |
| BLOCK DRUG COMPANY, INC. | § | |
| BRISTOL MYERS SQUIBB COMPANY; | § | |
| CHATTEM, INC.; | § | |
| GLAXOSMITHKLINE, PLC; | § | |
| NOVARTIS CONSUMER HEALTH, INC.; | § | |
| NOVARTIS PHARMACEUTICALS | § | |
| CORPORATION; | § | |
| SMITHKLINE BEECHAM CONSUMER | § | |
| HEALTHCARE, L.P.; | § | |
| SMITHKLINE BEECHAM CORPORATION; | § | |
| WHITEHALL-ROBINS HEALTHCARE; AND | § | |
| CIRCLE K STORES, INC. D/B/A CIRCLE K. | § | |
| (sued individually and as successor in-interest | § | |
| to COASTAL MART, INC. and | § | |
| MAVERICK MARKET, INC.) | § | 197TH JUDICIAL DISTRICT |

FILED [illegible] O'CLOCK [illegible] M
AURORA DE LA GARZA DIST. CLERK
APR - 4 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
[signature] DEPUTY

### DEFENDANT, BLOCK DRUG COMPANY, INC.'S MOTION TO TRANSFER VENUE, AND SUBJECT THERETO ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Defendant, Block Drug Company, Inc.'s (hereinafter referred to as Block Drug) and files this its Motion to Transfer Venue, and subject thereto, Original Answer to all claims being made against this Defendant in this action by any party. In support thereof, Defendant would respectfully show the Court the following:

- 1 -

04/19/02  11:59 FAX 7132222226      Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 28/33
                                    H.A.J&S L.L.P
APR.18.2002    4:46PM    ROERIG OLIVEIRA FISH                                      ☑028
04/04/02  14:08 FAX 7132222226      H.A.J&S L.L.P                          NO.130    P.28/33

# I.

## MOTION TO TRANSFER VENUE

Defendant, Block Drug moves to transfer venue to another county of proper venue for the reasons set forth below.

Under the applicable venue law, a suit against a corporation, whether foreign or domestic, may properly be brought in either 1) the county of the corporation's "principal office" in Texas or 2) in the county where "all or a substantial part of the events or omissions giving rise to the claim occurred..." TEX. CIV. PRAC. & REM. CODE §15.002(a).  Defendant, Block Drug:

   (1)   specifically denies that Cameron County is, or was at the time that Plaintiff's purported cause of action accrued, the county of this or any other defendants' principal office in Texas;

   (2)   specifically denies that all or a substantial part of the events or omissions giving rise to Plaintiff's purported claim occurred in Cameron County;

   (3)   specifically denies that any individual defendant resided in Cameron County at the time Plaintiff's purported cause of action accrued; and

   (4)   specifically denies that venue is proper in Cameron County under §15.002(a) and 15.005 of the Texas Civil Practice and Remedies Code.

Venue of Plaintiff's claims is improper in Cameron County, and Defendant, Block Drug requests that venue be transferred to another county of proper venue.

# II.

## SUBJECT TO MOTION TO TRANSFER VENUE,
## ORIGINAL ANSWER

Subject to its Motion to Transfer Venue, pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant, Block Drug Company, Inc. generally denies all of Plaintiffs' allegations

Fax Received @ DRHR: 04/19/2002 11:59AM   Remote ID: 7132222226 * Pg 29/33
04/19/02  11:59 FAX 7132222226        H.A.J&S L.L.P                    ☑029
APR.18.2002 1.4:46PM 713 ROERIG OLIVEIRA FISH   &/R, J&S L.L.P         NO.130  P.29/33
                                                                       ☑016

and will require strict proof thereof at the time of trial, pursuant to the laws and Constitution of the State of Texas.

**a.**

Defendant, Block Drug Company, Inc. further pleads comparative responsibility as set forth in Section 33.001, Tex. Civ. Prac & Rem. Code.

**b.**

Defendant, Block Drug Company, Inc. further pleads that if Plaintiffs sustained the injuries and damages alleged, there was an intervening cause and/or causes leading to such alleged injuries, and damages, and any acts or omissions on the part of this Defendant was not the proximate cause of Plaintiffs' alleged injuries.

**c.**

Defendant, Block Drug Company, Inc. further alleges that if Plaintiffs sustained the injuries and damages alleged, the same may have been caused, in whole or in part, by an operation of nature or an act of God not attributable to any negligence or lack of due care on the part of this Defendant.

**d.**

If a tortfeasor settles with the Plaintiffs, Defendant, Block Drug Company, Inc. reserves the right to make a written election of credit for settlements under Section 33.014 of the Texas Civil Practice and Remedies Code.

**e.**

Defendant, Block Drug Company, Inc. invokes its legal right to a reduction of any dollar verdict, which may be rendered in this cause by credit for payments made by other persons or

04/19/02  12:00 FAX 7132222226     Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 30/33
APR.19.2002   4:47PM     H.A.J&S L.L.P                                              ☒030
04/04/02  14:09 FAX 7132222226   ROERIG OLIVEIRA FISH                        NO.130    P.30/33
                                       H.A.J&S L.L.P

entities or by percentage reductions to which this Defendant would be entitled as a result of jury findings against other persons or entities. In this connection, this Defendant reserves the right to submit issues against parties who may be present in this case or absent in the case at the time the matter is passed to the jury for fact determination.

## E.

Defendant, Block Drug Company, Inc. invokes its legal rights under the Due Process Clause of the Fifth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment of the United States Constitution. This Defendant affirmatively pleads that the Plaintiffs' pleading of punitive and/or exemplary damages is violative of the Due Process Clauses of the Fifth and Fourteenth Amendments inasmuch as a punitive and/or exemplary damages award:

(1) can be assessed in an amount left to the discretion of the jury and judge;

(2) does not require a unanimous verdict by the jury;

(3) is based on a preponderance of the evidence standard and not on a "beyond a reasonable doubt" standard as should be required in assessing a punishment award;

(4) is not based upon a clearly defined statutory enactment setting forth a specific mens rea requirement and/or other prerequisites of a criminal fine and in effect allows the assessment of such awards even though there are no specific standards, limits or other statutory requirements set forth which define the mens rea and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process.

Further, this Defendant who is subject to such an award does not have the right to refuse to testify against itself but must, in fact, take the stand and/or give deposition testimony or subject itself to the consequences of a default judgment.

In essence, this Defendant is subjected to all the hazards and risks of what amounts to a fine, and in fact such awards often exceed normal criminal fines, but this Defendant receives none of the basic rights accorded to a criminal Defendant when being subjected to possible criminal penalties.

- 4 -

Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 31/33
04/19/02  12:00 FAX 7132222226          H.A.J&S L.L.P                              @ 031
APR.19.2002  14:06  FAX  7132222226   ROERIG OLIVEIRA FISH   H.A.J&S L.L.P         NO.130    P.31/33

Further, if such be necessary, this Defendant invokes its legal right and affirmatively pleads that the assessment and award of punitive and/or exemplary damages is violative of the Eight Amendment of the United States Constitution as it is applied through the States through the Fourteenth Amendment of the United States Constitution in that such awards potentially constitute an excessive fine imposed without the protections of fundamental due process, and respectfully requests that this Court disallow the award of punitive and/or exemplary damages inasmuch as an award in this case would be violative of this Defendant's United States Constitutional rights. Alternatively, this Defendant pleads that any punitive damages be limited pursuant to § 41.007 Tex. Civ. Prac. & Rem. Code.

WHEREFORE, PREMISES CONSIDERED, Defendant, Block Drug Company, Inc. respectfully prays that upon hearing, its Motion to Transfer Venue be granted and the claims asserted against it be transferred to another county of proper venue. Subject to and without waiver of its Motion to Transfer Venue, Defendant prays that Plaintiffs take nothing by reason of this suit, that Defendant Block Drug Company, Inc. be discharged with its costs expended in this matter, and for such other and further relief to which this Defendant may be justly entitled.

Respectfully submitted,

HANEN, JOHNSON & SPALDING, L.L.P.

By: _____

Brian P. Johnson
State Bar No. 10685700
Frank A. Doyle
State Bar No. 06091300
910 Travis, Suite 1700
Houston, Texas 77002
(713) 222-2323  Telephone
(713) 222-2226  Facsimile

ATTORNEYS FOR DEFENDANT,
BLOCK DRUG COMPANY, INC.

- 5 -

Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 32/33
04/19/02  12:00 FAX 7132222226      H.A.J&S L.L.P                              032
APR.18.2002   4:47PM     ROERIG OLIVEIRA FISH                          NO.130    P.32/33
04/05/02 14:00 FAX 7132222226       H.A.J&S L.L.P                              018

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon the following counsel of record in compliance with Rule 21a of the Texas Rules of Civil Procedure on this the 4th day of April, 2002.

David C. Greenstone
Nelda Talamantes
Peter A. Kraus
WATERS & KRAUS, L.L.P.
3219 McKinney Ave., Suite 3000
Dallas, TX 75204

Crisanta Cuesta Lozano
ROERIG, OLIVEIRA & FISHER
555 W. Price Road, Suite 9
Brownsville, Texas 78520

David E. Dukes
J. Mark Jones
James F. Rogers
Nelson, Mullins Riley & Scarborough, L.L.P.
Keenan Building, Third Floor
1330 Lady Street
Post Office Box 11070 (29211)
Columbia, SC 29201

Brynley James, III
Joseph A. Bourbois
FULBRIGHT & JAWORSKI, L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205

Alan R. Vickery
Diana Warnecke
SEDGWICK, DETERT, MORAN & ARNOLD
1717 Main Street, Suite 5400
Dallas, TX 75201

Eduardo Roberto Rodriguez
Mitchell C. Chaney
Rodriguez, Colvin & Chaney, LLP
1201 E. Van Buren
Post Office Box 2155
Brownsville, Texas 78522-2155

Kenneth J. Ferguson
Michael R. Klatt
CLARK, THOMAS & WINTERS, P.C.
P. O. Box 1148
Austin, TX 78767

J. A. (Tony) Canales
CANALES & SIMONSON
2601 Morgan Avenue
P. O. Box 5624
Corpus Christi, Texas 78465-5624

John M. Phalen, Jr.
DANIEL SHEEHAN & ASSOCIATES
Chase Tower
2200 Ross Avenue, Suite 3060
Dallas, Texas 75201

Terry O. Tottenham
Leon K. Varney
FULBRIGHT & JAWORSKI, L.L.P.
600 Congress Ave., Suite 2400
Austin, TX 78701-3271

Margaret T. Brenner
John J. Smither
HAYS, McCONN, RICE & PICKERING
400 Two Allen Center
1200 Smith Street
Houston, TX 77002

Jeff D. Otto
Tasha L. Barnes
THOMPSON, COE, COUSINS & IRONS, L.L.P.
701 Brazos, Suite 1500
Austin, TX 78701

- 6 -

04/19/02  12:01 FAX 7132222226
APR.18.2002  4:48PM  ROERIC OLIVEIRA FISH
04/04/02  14:10 FAX 7132222226
Fax Received @ DRHR: 04/19/2002 11:59AM  Remote ID: 7132222226 * Pg 33/33
H.A.J&S L.L.P
E.A.J&S L.L.P
NO. 130
P.33/33
@033

Michael D. Robbins
Andrew R. Harvin
DOYLE RESTREPO HARVIN & ROBBINS, LLP
600 Travis, Suite 4700
Houston, Texas 77002

Kenneth C. Baker
Mark D. VanCleave
THE BAKER LAW FIRM
12600 Featherwood, Suite 225
Houston, Texas 77034

Randolph S. Sherman
Lori B. Leskin
Danielle E. Finck
KAYLE SCHOLER LLP
425 Park Avenue
NEW YORK, NY 10022

Brian P. Johnson
Frank A. Doyle

- 7 -