
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 17 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FRANCISCO SANCHEZ | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | |
| AMERICAN HOME PRODUCTS CORPORATION; | § | |
| ADVOCARE INTERNATIONAL, LLC; | § | |
| BAYER CORPORATION; | § | |
| BLOCK DRUG COMPANY, INC.; | § | |
| BRISTOL MYERS SQUIBB COMPANY; | § | CIVIL ACTION NO. B-02-066 |
| CHATTEM, INC.; | § | |
| GLAXOSMITHKLINE, PLC; | § | |
| NOVARTIS CONSUMER HEALTH, INC.; | § | |
| NOVARTIS PHARMACEUTICALS CORPORATION; | § | |
| SMITHKLINE BEECHAM CONSUMER HEALTHCARE, L.P.; | § | |
| SMITHKLINE BEECHAM CORPORATION; | § | |
| WHITEHALL-ROBINS HEALTHCARE; and | § | |
| CIRCLE K STORES, INC. d/b/a CIRCLE K (sued individually and as successor-in-interest to COASTAL MART, INC. and MAVERICK MARKET, INC.), | § | |
| | § | |
| *Defendants* | § | |

### PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY

Plaintiffs file this Notice of Supplemental Authority in support of their Response to Defendant's Motion to Stay and would respectfully show as follows:

Plaintiffs respectfully submit the ruling of the Honorable Judge Janis Graham Jack of the Southern District of Texas, denying defendants motion to stay and granting plaintiffs' motion for remand. See order in *Garcia, et al v. American Home Products Corporation*, ordered this May 13, 2002 attached as **exhibit A**).

In this similarly situated case, Judge Jack denied defendant's motion to stay noting that the Rules of Procedure of the Judicial Panel on Multidistrict Litigation provide that "pendency of a motion, order to

1

show cause, conditional transfer order or conditional remand order before the Panel ... does not affect or suspend orders and pretrial proceedings in the district court in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Judge Jack, thus, concluded that "even should a Conditional Transfer Order issue, this Court would retain jurisdiction over pretrial matters." Judge Jack then denied defendant's motion to stay and considered the merits of Plaintiff's Motion for Remand. Exhibit A at n. 2.

Respectfully submitted,

**WATERS & KRAUS, LLP**

*[signature]* with permission of Charles Siegel

Charles S. Siegel
State Bar No. 18341875
Federal I.D. 15736
Attorney-in-Charge
Kirk L. Pittard
State Bar No. 24010313
Federal Bar No. 27165
3219 McKinney Avenue
Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 871-2263 facsimile

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served via facsimile on May 16, 2002, on all counsel of record, listed on the attached counsel list.

*[signature]*
Kirk L. Pittard

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED
MAY 1 3 2002
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| ELVIRA GARCIA and EDWIGHE GARCIA | § § § § § § § § § § § § | |
| Plaintiffs, | | 49. |
| vs. | | CIVIL ACTION NO. C-02-146 |
| AMERICAN HOME PRODUCTS CORPORATION, ET. AL, | | |
| Defendants. | | |

## ORDER OF REMAND

On this day came on to be considered Plaintiffs Elvira Garcia and Edwighe Garcia's ("Plaintiffs") Motion to Remand the above-captioned cause of action. For reasons stated herein, the Court ORDERS that this action be REMANDED pursuant to 28 U.S.C. § 1447(c) to the 117th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause Number 2002-01157-B.

## I. JURISDICTION

Defendants Block Drug Company, Inc., SmithKline Beecham Consumer Healthcare, L.P., and SmithKline Beecham Corporation (the "Removing Defendants") removed this case from the 117th Judicial District Court of Nueces County, Texas on the basis of diversity jurisdiction under 28 U.S.C. § 1332, claiming that the only non-diverse Defendants are fraudulently joined.[1] Plaintiffs contest

---

[1] The "Removing Defendants claim that both Advocare International, L.L.C. ("Advocare") and Wal-Mart Stores, Inc. ("Wal-Mart) are fraudulently joined to defeat diversity. As is

1




the removal, asserting that (1) Wal-Mart is not a non-diverse Defendant, and thus remand is required due to the Removing Defendants' failure to obtain Wal-Mart's consent to the removal; and (2) neither Wal-Mart nor Advocare, the two parties claimed to be non-diverse by the Removing Defendants, are fraudulently joined. Thus, Plaintiffs contend, jurisdiction over this matter does not exist in this Federal Court. The Court FINDS that it does not have jurisdiction over this action.

## II. FACTS AND PROCEEDINGS

The above-styled cause of action was originally filed on or about March 4, 2002, in the 117th Judicial District Court in Nueces County, Texas, as Cause No. 2002-01157-B against American Home Products Corporation; Advocare International, L.L.C.; Bayer Corporation; Block Drug Company, Inc.; Bristol Myers Squibb Company; Chattem, Inc.; Glaxo SmithKline, PLC; Novartis Consumer Health, Inc.; Novartis Pharmaceuticals Corporation; SmithKline Beecham Corporation; SmithKline Beecham Consumer Healthcare, L.P.; SmithKline Beecham Corporation; Whitehall-Robins Heatlthcare; and Wal-Mart Stores, Inc., d/b/a Wal-Mart Store ("Wal-Mart"). Bristol

---

indicated, *infra*, the fraudulent joinder argument as it pertains to Wal-Mart is nonsensical, as the Removing Defendants are incorrect regarding Wal-Mart's citizenship. Wal-Mart, because it is a Delaware corporation with its principal place of business in Arkansas, is a <u>diverse</u> party. Thus, inclusion of Wal-Mart as a defendant does not destroy diversity. The Removing Defendants are simply incorrect in stating that Wal-Mart's principal place of business is Texas.

Myers Squibb Company, Bayer Corp., and Advocare International, Inc. were served with Plaintiffs' Petition on March 18, 2002. (Notice of Removal ¶ 25.) These Defendants were the first to be served in the above-captioned action (Id.) On April 9, 2002, the Removing Defendants removed the above-captioned cause of action to this Court. All Defendants, save Advocare and Wal-Mart, consented to removal. The Removing Defendants contend that the consent of Advocare and Wal-Mart, the only non-diverse defendants, is unnecessary, as these Defendants are fraudulently joined to defeat diversity.

On May 9, 2002, Plaintiffs filed a timely Motion to Remand. Plaintiffs explicitly argued that (1) Wal-Mart, as a non-diverse Defendant, was required to consent to the removal, and lack of such consent renders the removal fatally defective; and (2) neither Wal-Mart nor Advocare are fraudulently joined. The Court now considers Plaintiffs' Motion to Remand.[2]

---

[2]As an initial matter, the Court notes that the Removing Defendants have filed a Motion to Stay the above-captioned cause of action. On August 28, 2001, the Judicial Panel on Multidistrict Litigation ("JPMDL") consolidated 14 Phenylpropanolamine (PPA) products liability litigation for pretrial proceedings in the Honorable Judge Barbara Jacobs Rothstein's Court in the Western District of Washington ("PPA MDL Court"). The Removing Defendants have indicated that the JPMDL has been notified of the pendency of this action and that they anticipate the issuance of a conditional order of transfer this case to the PPA MDL court. The Rules of Procedure of the Judicial Panel on Multidistrict Litigation, at Rule 1.5, provide that the "pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel ... does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending

3

## III. DISCUSSION

It is well-settled that the removing party bears the burden of showing that the removal was proper. Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). This burden extends to demonstrating the jurisdictional basis for removal. Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995); Delgado v. Shell Oil Co., 890 F.Supp. 1324, 1341 (S.D. Tex. 1995); Albonetti v. GAF Corp. - Chem. Group, 520 F.Supp. 825, 827 (S.D. Tex. 1981). The question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed. See Pullman Co. v. Jenkins, 305 U.S. 534, 537-38, 59 S.Ct. 347, 348-49 (1939); Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993); Brown v. Southwestern Bell Tel. Co., 901 F.2d 1250, 1254 (5th Cir. 1990). The removal statutes are to be strictly construed against removal; doubts as to removability are resolved in favor of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868 (1941); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979); Walters v. Grow Group, Inc., 907 F.Supp. 1030, 1032 (S.D. Tex. 1995).

---

and does not in any way limit the pretrial jurisdiction of that court." Thus, even should a Conditional Transfer Order issue, this Court would retain jurisdiction over pretrial matters. See Faulk v. Owens-Corning Fiberglass, 48 F.Supp.2d 653 (E.D. Tex. 1999) (ruling on motion to remand in spite of existence of conditional transfer order). Thus, this Court DENIES the Motion to Stay and will consider Plaintiffs' Motion to Remand.

A defendant may remove a state-court action to federal court only if the action could have been originally filed in federal court. 28 U.S.C. § 1441(a); <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 391-392, 107 S.Ct. 2425, 2429 (1987). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Even had Plaintiffs not filed their Motion to Remand, this Court is required to raise the issue of subject matter jurisdiction <u>sua sponte</u> to determine whether or not jurisdiction may be properly conferred. See <u>F.D.I.C. v. Loyd</u>, 955 F.2d 316, 322 (5th Cir. 1992). A district court should constantly examine the controversies before it in order to determine the presence of subject matter jurisdiction and, if such jurisdiction is found lacking, the district court must remand to state court if appropriate, or otherwise dismiss. See <u>Coleman v. Alcolac, Inc.</u>, 888 F. Supp. 1388, 1394 (S.D. Tex. 1995).

A notice of removal must be filed "within thirty days after receipt by defendant, through service or otherwise, of a copy of the initial pleading...." 28 U.S.C. § 1446(a). The 30 day period starts to run when the defendant receives an initial pleading that affirmatively reveals on its face diversity or federal question jurisdiction. See <u>Leffall v. Dallas Indep. Sch. Dist.</u>, 28 F.3d 521, 525 (5th Cir. 1994); <u>Chapman v. Powermatic, Inc.</u>, 969 F.2d 160, 163 (5th Cir. 1992), <u>cert. denied</u>, 507 U.S. 967,

113 S. Ct. 1402 (1993). The statutory 30 day period to file a notice of removal is mandatory; the court cannot extend it nor may the parties extend by stipulation. Pace v. Chevron U.S.A., Inc., 1993 WL 262694, at * 1 (E.D. La. July 2, 1993); Albonetti v. GAF Corp. - Chem. Group, 520 F. Supp. 825, 827 (S.D. Tex. 1981). However, a plaintiff waives any objection to untimely removal by failing to file a motion to remand on this ground within 30 days of removal, since untimely removal is a procedural defect. See 28 U.S.C. § 1447(c); Barnes v. Westinghouse, 962 F.2d 513, 516 (5th Cir. 1992). In the Fifth Circuit, it is settled that in cases such as this one, with multiple defendants, all served defendants must join in the petition for removal no later than thirty (30) days from the day on which the first defendant was served. Getty Oil Corp. v. Insurance Co. of North Am., 841 F.2d 1254, 1262-63 (5th Cir. 1988). A joinder filed after expiration of the 30 day period for removal is not effective, even if the delay was caused by mistake. Doe v. Kerwood, 969 F.2d 165, 168 (5th Cir. 1992). Each defendant need not sign the original notice of removal, but there must be some timely written indication from each served defendant, or from some representative purporting to have authority to act on the defendant's behalf in this respect, that the defendant has actually consented to removal. Getty Oil, 841 F.2d at 1262 n. 11. Without this requirement there would be nothing in the record to bind the allegedly consenting defendant. Id.

Where all defendants do not sign the removal petition, the petition must set forth a reason for not including the defendants. Marshall v. Skydive Am. South, 903 F. Supp. 1067, 1070 (E.D. Tex. 1995). The Removing Defendants offered such a reason, claiming that the consent of Advocare and Wal-Mart was not necessary, arguing fraudulent joinder of these parties.

Plaintiffs, in the Motion to Remand, note that Wal-Mart, contrary to the Removing Defendants' assertions, is not a Texas Corporation. Therefore, an argument that Wal-Mart is fraudulently joined to defeat diversity is inherently inaccurate, as the joinder of Wal-Mart does not, in fact, defeat diversity.[3] Wal-Mart filed an Answer, thus appearing in the state court, on April 8, 2002.[4] This was the day _before_ the Removing Defendants removed the above-captioned cause of action. Wal-Mart, being a diverse Defendant,

---

[3] This is, of course, because the very doctrine of fraudulent joinder deals with the improper joinder of non-diverse defendants to defeat diversity. See, e.g., Burden v. General Dynamics Corp., 60 F.3d 213, 217 (5th Cir. 1995); Jernigan v. Ashland Oil Co., 989 F.2d 812, 815 (5th Cir. 1993); B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981). Furthermore, the Court notes that even if Wal-Mart _had been_ an entity capable of destroying diversity in the above-captioned cause of action, Plaintiffs clarified in the Motion to Remand that they purchased the harmful PPA products at Wal-Mart. (Pl.'s Mot. to Remand, Ex. A, Elvira Garcia Aff.) Thus, Defendants' sole allegation in support of their claim that Wal-Mart was fraudulently joined (a claim that Plaintiffs have shown no connection between the subject PPA products and any injuries) has been controverted by Plaintiffs.

[4] This Court need not determine if Wal-Mart was properly served, as Texas law provides: "[a]n answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him." TEX. R. CIV. P. 121.

7

was not fraudulently joined to defeat diversity. Thus, Wal-Mart's consent was required for removal. Because the Removing Defendants did not obtain such consent, removal was improper.

## IV. CONCLUSION

As indicated, infra, all doubts are resolved against removal. Because the Court determines that Removing Defendants failed to meet their burden of establishing this Court's jurisdiction, Plaintiffs' Motion to Remand is GRANTED, and the above-captioned cause of action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 117th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause Number 2002-01157-B.

SIGNED and ENTERED this 13th day of May, 2002.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE