*28*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 8 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FRANCISCO SANCHEZ | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION; | § | |
| ADVOCARE INTERNATIONAL, LLC; | § | |
| BAYER CORPORATION; | § | |
| BLOCK DRUG COMPANY, INC.; | § | |
| BRISTOL MYERS SQUIBB COMPANY; | § | CIVIL ACTION NO. B-02-066 |
| CHATTEM, INC.; | § | |
| GLAXOSMITHKLINE, PLC; | § | |
| NOVARTIS CONSUMER HEALTH, INC.; | § | |
| NOVARTIS PHARMACEUTICALS CORPORATION; | § | |
| SMITHKLINE BEECHAM CONSUMER | § | |
| HEALTHCARE, L.P.; | § | |
| SMITHKLINE BEECHAM CORPORATION; | § | |
| WHITEHALL-ROBINS HEALTHCARE; and | § | |
| CIRCLE K STORES, INC. d/b/a CIRCLE K | § | |
| (sued individually and as successor-in-interest to | § | |
| COASTAL MART, INC. and MAVERICK | § | |
| MARKET, INC.), | § | |
| | § | |
| *Defendants* | § | |

<u>PLAINTIFFS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY</u>

Plaintiffs file this Notice of Supplemental Authority in support of their Response to Defendant's

Motion to Stay and would respectfully show as follows:

Plaintiffs respectfully submit the ruling of the Honorable Judge Ivan L. R. Lemelle of the Eastern

District of Louisiana, denying defendants motion to stay and granting plaintiffs' motion for remand. See

order in *Mosley, et al. v. Bayer Corp. et al*, ordered January 18, 2002 attached as **exhibit A)**.

In this similarly situated case, Judge Lemelle denied defendant's motion to stay noting that

pursuant to Rule of Procedure 1.5 of the Judicial Panel on Multidistrict Litigation "this Court retains

jurisdiction to conduct all pretrial proceedings despite Defendant's pending motion to transfer." Judge

Lemmelle concluded that "for purposes of judicial economy, the jurisdictional issue should be resolved immediately for if federal jurisdiction does not exist, the case can be remanded before federal resources are further expended. Judicial economy, in this case, dictates a present ruling on the remand issue and motions to dismiss." (citation omitted). Judge Lemelle then denied defendant's motion to stay and considered the merits of Plaintiff's motion for remand. Exhibit A at A-1 through A-2 (order pp. 2-4).

Respectfully submitted,

WATERS & KRAUS, LLP

*with Permission of Charles Siegel*

Charles S. Siegel
State Bar No. 18341875
Federal I.D. 15736
Attorney-in-Charge
Kirk L. Pittard
State Bar No. 24010313
Federal Bar No. 27165
3219 McKinney Avenue
Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 871-2263 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served via facsimile on May 24, 2002, on all counsel of record, listed on the attached counsel list.

Kirk L. Pittard

# MOSLEY v. BAYER

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JUN 29 PM 2:56

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAWRENCE MOSLEY ET AL.        CIVIL ACTION

VERSUS                        NO. 01-3479

BAYER CORPORATION, ET AL.     SECTION "B"(4)

## ORDER AND REASONS

Below is Plaintiffs' Motion to Remand (Rec. Doc. No. 6), and
motions brought by various Defendants to dismiss, for more
definitive statement and for temporary stay (Rec. Doc. Nos. 5, 11,
& 16).

In February of 1995, Lawrence Mosley purchased over Alka-
Seltzer Plus and Dimetapp, both the counter medications, at a Rite
Aide, then K&B, store in New Orleans, Louisiana. Mosley alleged
that after taking the medication, he suffered a stroke, which
caused severe, permanent, and disabling injuries. Mosley and his
wife filed suit in Civil District Court for the Parish of Orleans
in 2001. Named as Defendants were Bayer Corporation, the
manufacturer, marketer and distributer of Alka-Seltzer Plus, Miles
Inc., the distributor of Alka-Seltzer Plus, American Home Products
Corporation and Whitehall-Robbins Health Care, manufacturers and
distributors of Dimetapp, and K&B Louisiana Corporation ("K&B/Rite-
Aid"), seller of both Alka-Seltzer Plus and Dimetapp. Plaintiffs
alleged Defendants knew or should have known that both Alka-Seltzer
Plus and Dimetapp contained Phenylpropanolamine ("PPA"), which
substantially increases the risk of stroke in users. Plaintiffs
alleged that Defendants failed to warn Mosley of the harmful
effects of PPA, which, according to Plaintiffs, caused Mosley's
stroke.

Defendants removed this matter to federal court on November
19, 2001 arguing that Defendant K&B/Rite Aid was fraudulently
joined. Plaintiffs timely filed a motion to remand. Defendants
then filed motions to dismiss for failure to state a claim, for
more definite statement, and to stay the proceedings pending a
final ruling of the Judicial Panel on Multidistrict litigation.

## MOTION TO STAY

Defendants urged this Court to stay all proceedings, including
Plaintiffs' Motion to Remand, in order to promote judicial
efficiency, consistency, and for the convenience of the parties and
witness. Defendants maintained that Plaintiffs' pending Motion to
Remand involves jurisdictional objections common to numerous other
PPA cases, and that there was a risk of inconsistent pretrial
rulings. The benefits of a temporary stay, contended Defendants,
minimizes and outweighs any potential prejudice to Plaintiffs.

Moreover, a temporary stay will prevent Defendants from incurring
the unnecessary expense of engaging in duplicative pretrial
proceedings. Relying on Rivers v. Walt Disney, 980 F. Supp. 1358,
1360 (C.D. Cal. 1997), Defendants maintained that judicial
efficiency dictates that this Court exercise its authority and stay
the action pending the Panel's decision on transfer. However,
Defendants ignore Rule 1.5 of the Rules for Multidistrict
Litigation.

Rule 1.5 expressly provides that

the pendency of a conditional transfer order
does not in any way 1) suspend orders and
pretrial proceeding in the district court in
which the action that is the subject of the
conditional transfer order is pending, or ii)
limit the pretrial jurisdiction of that court;
and . . . those courts wishing to address such
motions have adequate time in which to do so.

In re Asbestos Products Liability Litigation v. International Paper
Co., 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001). Thus, this Court
retains jurisdiction to conduct all pretrial proceedings despite
Defendants's pending motion to transfer. McGraw v. Schering-Plough

2

3



Corp., No. 01-2311, 2001 U.S. Dist. LEXIS 12205 at *7 (D. Kan. Aug. 6, 2001). Moreover, for purposes of judicial economy, the jurisdictional issue should be resolved immediately for if federal jurisdiction does not exist, the case can be remanded before federal resources are further expended. Id. Judicial economy, in this case, dictates a present ruling on the remand issue and motions to dismiss. Id.

## MOTION TO REMAND

The "party invoking the removal jurisdiction of the federal court bears a heavy burden." Sid Richardson Co. v. Interenergy Resources, LTD., 99 F.3d 746, 751 (5th Cir. 1996). To prevail on the argument that "non-diverse defendants were fraudulently joined in order to defeat diversity, the removing party must demonstrate 'that there was absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court.'" Id.

When "reviewing a claim of fraudulent joinder, the district court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff. If there is any possibility that the plaintiff has stated a cause of action against any non-diverse defendant, the federal court must conclude that joinder is proper, thereby defeating complete diversity, and the case must be remanded.

Id. (citing Burden v. General Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995). Moreover, in evaluating fraudulent joinder, the court does not "determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look[s] only for a possibility that the plaintiff might do so." Id. (citing Burden, 60 F.3d at 216).

Defendants argued that there was no reasonable basis under Louisiana law that Plaintiffs can recover against Kal/Rite Aid because Plaintiffs redhibitory defect claims have prescribed. See Sid Richardson Co., 99 F.3d at 753 (allowing the consideration of affirmative defenses when determining fraudulent joinder). If

> [D]efendants prevail on any . . . [affirmative] defenses, it necessarily follows that joinder was fraudulent, and the district court properly exercised its removal jurisdiction. On the other hand, if there is any possibility that . . . [Plaintiff] might survive the affirmative defenses, we must vacate for remand to state court.

Id.

Article 2534 of the Louisiana Civil Code provides that

> The action for redhibition against a seller who did not know of the existence of a defect in the thing sold prescribes in four years from the day delivery of such thing was made to the buyer or one year from the day the defect was discovered by the buyer, whichever occurs first. . . . The action for

redhibition against a seller who knew, or is presumed to have known, of the existence of a defect in the thing sold prescribes in one year from the day the defect was discovered by the buyer.

La. Civ. Code art. 2534 (West 1996 & Supp. 2001). According to Plaintiffs' petition for damages, the allegedly defective products were sold in 1995. Moreover, Plaintiffs alleged that Defendants knew or should have known of the harmful effects of PPA. Therefore, according to Plaintiffs, Defendants are bad faith sellers.[1] As a result, Plaintiffs redhibitory claims prescribed within one year of Plaintiffs' discovery of the defect. Plaintiffs' Petition for Damages failed to indicate when Plaintiff discovered the alleged redhibitory defect. This could have occurred within one year of the filing of this claim. Thus, there is a possibility that Plaintiffs could recover against Defendant Kal/Rite Aid and removal was improper. In so ruling, this Court is without jurisdiction to reach a determination on Defendants' other motions. Accordingly,

_____

[1]If defendants were good faith sellers, then Plaintiffs claims have prescribed. The year 1999 marked four years since the product was purchased by Mosley. If this event occurred before Plaintiffs discovered the defect then 1999 would be the year Plaintiffs claims prescribed and, thus the subsequent 2001 filing was untimely. If Plaintiffs discovered the defect before 1999, then Plaintiffs 2001 filing was again untimely.

5

4

6

IT IS ORDERED Defendants' Motion to Stay (Rec. Doc. No. 16) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Remand (Rec. Doc. No. 18) is GRANTED and this case is remanded to the Civil District Court for the Parish of Orleans, Section "H", Number 2001-17315.

IT IS FURTHER ORDERED that Defendants' motions to dismiss and for more definite statement are DISMISSED due to lack of jurisdiction to hear said motions.

New Orleans, Louisiana, this 18th day of January, 2002.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE