34

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 5 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FRANCISCO SANCHEZ | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION; | § | |
| ADVOCARE INTERNATIONAL, LLC; | § | |
| BAYER CORPORATION; | § | |
| BLOCK DRUG COMPANY, INC.; | § | |
| BRISTOL MYERS SQUIBB COMPANY; | § | CIVIL ACTION NO. B-02-066 |
| CHATTEM, INC.; | § | |
| GLAXOSMITHKLINE, PLC; | § | |
| NOVARTIS CONSUMER HEALTH, INC.; | § | |
| NOVARTIS PHARMACEUTICALS | § | |
| CORPORATION; | § | |
| SMITHKLINE BEECHAM CONSUMER | § | |
| HEALTHCARE, L.P.; | § | |
| SMITHKLINE BEECHAM CORPORATION; | § | |
| WHITEHALL-ROBINS HEALTHCARE; and | § | |
| CIRCLE K STORES, INC. d/b/a CIRCLE K | § | |
| (sued individually and as successor-in-interest to | § | |
| COASTAL MART, INC. and MAVERICK | § | |
| MARKET, INC.), | § | |
| | § | |
| *Defendants* | § | |

PLAINTIFFS' THIRD NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs file this Third Notice of Supplemental Authority in support of their motion for

remand and would respectfully show as follows:

Plaintiffs respectfully submit two rulings of the Honorable Judge George P. Kazen of the

Southern District of Texas, granting plaintiffs' motions for remand. See order in Morales, et al v.

American Home Prods. Corp., No. L-02-54 (S.D. Tex. July 8, 2002) attached as **Exhibit A,**

1

Lopez v. American Home Prods. Corp., No. L-02-53 (S.D. Tex. July 9, 2002) attached as **Exhibit B**.

In these similarly situated cases, Judge Kazen concluded that a conditional transfer order by the Judicial Panel on Multidistrict Litigation does not affect or suspend any pretrial jurisdiction of the court. Judge Kazen further concluded that the issue concerning whether a local defendant was fraudulently joined is controlled by the law of the Fifth Circuit Court of Appeals and ultimately Texas and that there is no reason to ask a federal court in Washington to make that decision. **Exhibit A** at p. 2; **Exhibit B** at 2.

Citing various paragraphs from the plaintiff's original petition and the plaintiff's affidavit attached to plaintiff's motion for remand, in *Morales*, Judge Kazen concluded that the plaintiff had alleged facts which could be attributed to the local retailer defendant. For example, Judge Kazen noted that the plaintiff had alleged that the plaintiff suffered permanent injuries through exposure to PPA in products marketed or sold by defendants; among the defendants were sellers of non-prescription, over-the-counter pharmaceutical products which contained PPA; plaintiff had purchased some of these drugs; and retailers of over-the-counter drugs had a duty to warn customers of known adverse and dangerous side effects of the products. Judge Kazen also noted that the plaintiff's petition contained detailed allegations as to why all defendants were liable under the theory of strict products liability and all defendants, including the retailer defendants, were liable under theories of negligence and breach of warranty. Judge Kazen then concluded that the plaintiff's affidavit, in which the plaintiff stated that the plaintiff had purchased a drug containing PPA at the local retailer defendant, merely clarified or amplified the claims alleged in the plaintiff's petition. **Exhibit A** at 3.

In *Lopez*, Judge Kazen noted that, insofar as the plaintiffs' allegations concern the local

2

retailer defendant, plaintiff alleged that plaintiff suffered personal injury through ingestion of a PPA product sold by defendants' the local retailer defendant was involved in the sale and distribution of PPA products not knowing that they were unsafe; and the defendants failed to warn plaintiffs of any dangers associated with the ingestion of PPA products.  Judge Kazen further noted that the pleadings follow with detailed allegations of strict products liability, negligence, breach of warranties, and civil conspiracy.  **Exhibit B** at 3.

In both *Morales* and *Lopez*, Judge Kazen held that with the clarification from the plaintiffs' affidavit, the plaintiffs' petitions stated valid  causes of action against the local retailer defendant because Texas law imposes a duty upon the seller of a product to warn buyers if the product poses a danger that may not be readily apparent.  **Exhibit A** at 3; **Exhibit B** at 3.  Judge Kazen rejected the defendants' assertions that a pharmacy/prescription drug defense concerning the duty to warn based on the learned intermediary doctrine should apply noting that there is no learned intermediary in the sale of over-the-counter drugs by a retailer.  **Exhibit A** 4; **Exhibit B** at 3-4.

Because the defendants did not demonstrate the absence of any possibility that the plaintiffs could prevail against the local retailer defendant, Judge Kazen remanded the cases concluding that the local retailer defendant had not been fraudulently joined and, thus, there was no federal diversity jurisdiction.  **Exhibit A** at 4;  **Exhibit B** at 4.

Respectfully submitted,

**WATERS & KRAUS, LLP**

_with Permission of Charles Siegel_

Charles S. Siegel
State Bar No. 18341875
Federal I.D. 15736
Kirk L. Pittard
State Bar No. 24010313
Federal Bar No. 27165
3219 McKinney Avenue, Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 871-2263 facsimile

**ATTORNEYS FOR PLAINTIFFS**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served via facsimile on July 24, 2002, on all counsel of record, listed on the attached counsel list.

Kirk L. Pittard

4

United States District Court
Southern District of Texas
FILED

JUL - 8 2002

Michael ........ Clerk
Laredo Division

THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

| | | |
|---|---|---|
| ROGELIO MORALES, et. al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. L-02-54 |
| | § | |
| AMERICAN HOME PRODUCTS CORP., | § | |
| et. al., | § | |
| Defendants. | § | |

### ORDER OF REMAND

For the reasons stated in a Memoradum of even date, this case was removed

improvidently and without jurisdiction and is therefore REMANDED to the 49th Judicial

District Court of Webb County, Texas.  Costs of removal are taxed to Defendant Bayer, but

each party shall bear its own attorneys' fees.

DONE at Laredo, Texas, this 8th day of July, 2002.

_George P. Kazen_

CHIEF UNITED STATES DISTRICT JUDGE



PLAINTIFF'S
EXHIBIT
A

United States District Court
Southern District of Texas
ENTERED

JUL - 5 2002

Michael N. Milby, Clerk
Laredo Division

KPS

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

## LAREDO DIVISION

| | | |
|---|---|---|
| ROGELIO MORALES, et. al. | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. L-02-54 |
| | § | |
| AMERICAN HOME PRODUCTS CORP., | § | |
| et. al. | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending are "Plaintiffs' Motion to Remand," filed May 10, 2002 [Docket No. 9], and "Defendant Bayer Corporation's Motion for Temporary Stay of Proceedings," filed April 17, 2002 [Docket No. 3].

Plaintiffs filed their Original Petition on March 4, 2002, in the 49th Judicial District Court of Webb County, Texas. The Petition alleges that Plaintiff Rogelio Morales ("Plaintiff Morales") suffered severe and debilitating permanent injuries as a consequence of his exposure to PPA through ingestion of products designed, formulated, marketed, manufactured, distributed and/or sold by defendants. Prior to removal, Plaintiffs had non-suited all of the Defendants except Bayer Corporation ("Bayer"), Wal-Mart Stores, Inc. ("Wal-Mart"), and Circle K Stores, Inc ("Circle K").

On April 8, 2002, defendant Bayer filed a removal notice which stated that it did not require the joinder of the two remaining defendants, Wal-Mart and Circle K. Bayer reasoned that Circle K, a Texas defendant whose presence would destroy diversity

19

jurisdiction, was fraudulently joined. Bayer also argued that it did not need Wal-Mart's joinder or consent because Wal-Mart had not been served by the time of removal.

Plaintiffs filed their remand motion on May 10, 2002. In this motion, Plaintiffs elaborated on their claims against the Defendants, including Circle K. Plaintiff Morales filed an affidavit stating that he had previously purchased Alka Seltzer Plus at various places, including a Circle K in Laredo, Texas.

On May 29, 2002, Bayer filed a response to Plaintiffs' remand motion. Among other things, Bayer contends that, in regards to claims against Circle K, Plaintiffs are bound by their original Petition, and that this Court may not consider any elaborations in the Plaintiffs' remand motion or its attached affidavit.

The parties debate at considerable length whether the Court should rule on the remand motion or instead defer to the MDL court. It is abundantly clear that a conditional transfer order by the MDL panel does not affect or suspend any pretrial proceedings in this Court. This Court has sometimes deferred to the MDL court when presented with an issue likely to be common among all other cases throughout the nation. Here, however, the key question is whether Defendant Circle K has been fraudulently joined. This issue is controlled by the law of the Fifth Circuit Court of Appeals and ultimately the laws of Texas, as applied to the pleadings in this case. There is no reason to ask a federal court in Washington to make that decision.

The party claiming fraudulent joinder bears the heavy burden of showing "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendants in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699

2

(1999). It is true that this Court must generally evaluate the viability of Plaintiffs'

allegations as of the time of removal. Nevertheless, the Court may consider Plaintiffs'

subsequent affidavit "to the extent that the factual allegations in (the) affidavit clarify or

amplify the claims actually alleged" in the petition. *Id. at 700.* As in *Griggs,* the instant

petition alleges conduct of the "defendants" but not Circle K specifically. Unlike, *Griggs,*

however, the allegations in the instant pleading do not describe conduct "that can in no

way be attributed to" Circle K. *Id. at 699.* For example, the pleading alleges that Plaintiffs

suffered permanent injuries through exposure to PPA in products marketed or sold by

Defendants, ¶ 2; that among the Defendants were sellers of non-prescription, over-the-

counter pharmaceutical products which contained PPA, ¶22; that Plaintiffs had purchased

some of these drugs, ¶24; and that retailers of over-the-counter drugs had a duty to warn

customers of known adverse and dangerous side effects of the products, ¶29. There are

then detailed allegations as to why "all defendants" are liable under the theory of strict

products liability. There are various other allegations of negligence and breach of

warranty as to all the Defendants, including retailers of the affected drugs. Against that

background, the Court concludes that the subsequent affidavit of Rogelio Morales, that he

has purchased Alka Selzer Plus at Circle K, must be construed as a mere clarification or

amplification of the claims actually alleged in the pleadings.

 With that clarification, the petition states a valid cause of action against Circle K.

Texas law imposes upon the seller of a product the duty to warn the buyer if the product

poses a danger that may not be readily apparent. *Jaimes v. Fiesta Mart, Inc.,* 21 S.W.3d

301 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). Defendant insists that Circle K

3

cannot be liable for a failure to warn because of the Texas rule that pharmacists have no duty to warn of potentially adverse reactions to prescription drugs. *Morgan v. Wal-Mart Stores, Inc.*, 30 S.W.3d 455 (Tex. App.--Austin 2000, pet. denied). Defendant argues that *Morgan* should apply with equal, if not greater, force to over-the-counter drugs, but cites no Texas decisions supporting that proposition. The *Morgan* court expressly stated that the reluctance to hold pharmacists liable for injuries caused by prescription drugs can be attributed to the application of the "learned intermediary" doctrine. *30 S.W.3d at 461.* The court concluded, after examining decisions across the country, that this doctrine should protect pharmacists because it is ultimately the physician who is in the best position *to* "relate the propensities of the drug to the physical idiosyncrasies of the patient." *Id. at 462.* (citations omitted). There is no "learned intermediary" here. It may be that Texas law will eventually relieve a seller such as Circle K from the duty to warn, but it cannot be said today that Plaintiffs have no possibility of prevailing against Circle K on a duty to warn. At this stage, the Court does not address whether Plaintiffs can ultimately prove that Alka Seltzer is really a dangerous product or whether it proximately caused any harm to these Plaintiffs. The Court only determines that the Defendant has not demonstrated the absence of any possibility that Plaintiffs can prevail.

For the foregoing reasons, the Court concludes that Circle K Stores, Inc. is not fraudulently joined, and that its presence in this case destroys federal diversity jurisdiction. There is no need to determine the status of Defendant Wal-Mart. Plaintiff's Motion to Remand is GRANTED and the case will be remanded to the 49th Judicial District Court of Webb County, Texas.

4

DONE at Laredo, Texas, this 8th day of July, 2002.


CHIEF UNITED STATES DISTRICT JUDGE

THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

| | | |
|---|---|---|
| JUAN R. LOPEZ, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. L-02-53 |
| | § | |
| AMERICAN HOME PRODUCTS CORP., | § | |
| ET AL., | § | |
| Defendants. | § | |

## ORDER OF REMAND

For the reasons stated in a Memoradum of even date, this case was removed

improvidently and without jurisdiction and is therefore REMANDED to the 111th Judicial

District Court of Webb County, Texas. Costs of removal are taxed to Defendants, but each

party shall bear its own attorneys' fees.

DONE at Laredo, Texas, this 9th day of July, 2002.

CHIEF UNITED STATES DISTRICT JUDGE



# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

### LAREDO DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 1   2002   KPS

Michael N. Milby, Clerk
Laredo Division

JUAN R. LOPEZ, ET AL.,           §
§
         Plaintiffs,             §
§
VS.                              §          CIVIL ACTION NO. 1-02-53
§
AMERICAN HOME PRODUCTS CORP.,    §
ET AL.,                          §
         Defendants.             §

### MEMORANDUM AND ORDER

Pending is Plaintiffs' Motion to Remand, filed May 6, 2002 [Docket No. 9].

Plaintiffs filed their Original Petition on February 4, 2002, in the 111th Judicial District

Court of Webb County, Texas.  The Petition alleges that Plaintiff Juan R. Lopez suffered

severe and debilitating permanent injuries as a consequence of his exposure to PPA

through ingestion of products designed, formulated, marketed, manufactured, distributed

and/or sold by defendants.

On April 5, 2002, all diverse defendants joined in a removal notice.  Plaintiffs'

petition names two Texas citizens as Defendants, Advocare International, LLC, and

H.E.B., Inc.  The removing defendants assert that the Texas defendants have been

fraudulently joined.  This memorandum will focus on the case against Defendant H.E.B.

With the remand motion, Plaintiff Juan R. Lopez submits an affidavit stating that

three days before he suffered a stroke, he ingested Alka Seltzer Plus which he had

purchased at an H.E.B. store in Laredo, Texas.

25

In opposition to the remand motion by several Defendants (Docket Nos. 17 & 18), they essentially contend Plaintiffs are bound by their original petition, and that this Court may not consider any elaborations in the Plaintiffs' remand motion or its attached affidavit. Defendants maintain that the petition is fatally defective because it never specifically alleges that Plaintiffs consumed any PPA products sold by H.E.B. and that in any event, H.E.B. could not be liable for selling a PPA product as a matter of law.

The parties first debate at considerable length whether the Court should rule on the remand motion or instead defer to the MDL court. It is abundantly clear that a condition of transfer order by the MDL panel does not affect or suspend any pretrial proceedings in this Court. This Court has sometimes deferred to the MDL court when presented with an issue likely to be common among all other cases throughout the nation. Here, however, the key question is whether Defendant H.E.B. has been fraudulently joined. This issue is controlled by the law of the Fifth Circuit Court of Appeals and ultimately the laws of Texas, as applied to the pleadings in this case. There is no reason to ask a federal court in Washington to make that decision.

The party claiming fraudulent joinder bears the heavy burden of showing "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendants in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 594, 699 (1999). While it is generally true that this Court must evaluate the viability of Plaintiffs' allegations as of the time of removal, the Court may consider a post-removal affidavit "to the extent that the factual allegations in (the) affidavit clarify or amplify the claims actually alleged" in the petition. *Id. at 700*. As in *Griggs*, the instant petition alleges conduct of the

2

"defendants" but not H.E.B. specifically. Unlike *Griggs*, however, the allegations in the instant pleading do not describe conduct "that can in no way be attributed to" H. E.B. *Id. at 699.* Plaintiffs' state court pleadings, insofar as they would pertain to H.E.B. allege that Plaintiff suffered personal injury through ingestion of a PPA product sold by Defendants. that H.E.B. was involved in the sale and distribution of PPA products, that Plaintiffs have purchased and ingested PPA products not knowing that they were unsafe, and that the Defendants failed to warn Plaintiffs of any dangers associated with the ingestion of PPA products. The pleadings then follow with detailed allegations of strict products liability, negligence, breach of warranties, and civil conspiracy. Against that background, the Court concludes that the subsequent affidavit of Juan R. Lopez, that he purchased and ingested Alka Selzer Plus at an H.E.B. store shortly before his strike, must be construed as a mere clarification or amplification of the claims actually alleged in the pleadings.

With that clarification, the petition states a valid cause of action against H E.B. Texas law imposes upon the seller of a product the duty to warn the buyer if the product poses a danger that may not be readily apparent. *Jaimes v. Fiesta Mart, Inc.,* 2 S.W.3d 301 (Tex. App.–Houston [1st Dist.] 1999, pet. denied). Defendants insist that H.E.B. cannot be liable for a failure to warn because of the Texas rule that pharmacists have no duty to warn of potentially adverse reactions to prescription drugs. *Morgan v. Wal-Mart Stores, Inc.,* 30 S.W.3d 455 (Tex. App.–Austin 2000, pet. denied). Defendants argue that *Morgan* should apply with equal, if not greater, force to over-the-counter drugs, but cite no Texas decisions supporting that proposition. The *Morgan* court expressly stated that the reluctance to hold pharmacists liable for injuries caused by prescription drugs can be

3

attributed to the application of the "learned intermediary" doctrine. *30 S.W.3d at 461*. The court concluded, after examining decisions across the country, that this doctrine should protect pharmacists because it is ultimately the physician who is in the best position to "relate the propensities of the drug to the physical idiosyncrasies of the patient." *Id. at 46*, (citations omitted). There is no "learned intermediary" here. It may be that Texas law will eventually relieve a seller such as H.E.B. from the duty to warn, but it cannot be said today that Plaintiffs have no possibility of prevailing against H.E.B. on a duty to warn. At this stage, the Court does not address whether Plaintiffs can ultimately prove that Alka Seltze is really a dangerous product or whether it proximately caused any harm to these Plaintiffs. The Court only determines that the Defendant has not demonstrated the absence of any possibility that Plaintiffs can prevail.

For the foregoing reasons, the Court concludes that H.E.B., Inc. is not fraudulently joined, and that its presence in this case destroys federal diversity jurisdiction. There is no need to determine the status of Defendant Advocare. Plaintiff's Motion to Remand is GRANTED and the case will be remanded to the 111th Judicial District Court of Webb County, Texas.

DONE at Laredo, Texas, this 9th day of July, 2002.

CHIEF UNITED STATES DISTRICT JUDGE

4