IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG 0 7 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| FRANCISCO SANCHEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. B-02-66 |
| | § | |
| AMERICAN HOME PRODUCTS, et al., | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on August ___7___, 2002, the Court **DENIED** Defendant Novartis Consumer Health Inc.'s Motion for Temporary Stay of Proceedings [Dkt. No. 4] and **GRANTED** Plaintiff's Motion to Remand [Dkt. No. 18].

This case arises out of permanent injuries resulting from a stroke suffered by Plaintiff in the hours following his ingestion of Alka Seltzer, a product containing phenylpropanolamine ("PPA") in January of 2001. The Alka Seltzer was bought in a store presently owned by Circle K Stores, Inc.

On February 20, 2002, Plaintiff filed suit in the 197th Judicial District Court of Cameron County, Texas, (Cause No. 2002-02-733-C), asserting 1) strict products liability; 2) negligence; 3) breach of implied warranty of merchantability; 4) breach of implied warranty of fitness for a particular purpose; 5) negligent representation; 6) breach of continuing duty to warn; and 7) civil conspiracy [Dkt. No. 18 Ex. B]. Defendant removed this case on April 5, 2002, arguing that this Court has subject matter jurisdiction over this case because two of the Defendants joined by Plaintiffs, namely Circle K Stores, Inc. ("Circle K") and Advocare International, Inc. ("Advocare"), were fraudulently joined for the purpose of defeating diversity jurisdiction [Dkt. No. 1]. Circle K and Advocare are Texas citizens and therefore non-diverse Defendants.

Defendants have asked for a stay pending resolution of the issue before the Judicial Panel on Multidistrict Litigation as to whether this case and similar cases should be transferred to the Western District of Washington [Dkt. No. 4]. The Court has examined Plaintiffs' (sic) Third Notice of Supplemental Authority [Dkt. No. 34] in which Plaintiff submits two rulings by Judge Kazen of this District which remanded cases

similar to this one to state court [Id. Exs. A & B]. Judge Kazen concluded that the issue whether a local defendant was fraudulently joined (which is what Defendant here alleges and cites as it reason for removing to this Court) is controlled by the law of the Fifth Circuit and it is therefore not necessary to refer that decision to a different court. [Id.] The Court agrees that "[t]here is no reason to ask as federal court in Washington to make that decision." [Dkt. No. 34 Ex. A at 2]. This Court is persuaded by Judge Kazen's reasoning[1] in those two cases and therefore Defendant's Motion for Stay is **DENIED**. The Court now proceeds to the merits of the Motion to Remand.

Plaintiff argues that the two Defendants in question were not fraudulently joined and that the Court therefore lacks subject matter jurisdiction and must remand the case under 28 U.S.C. § 1447(c),[2] as there is no diversity of citizenship.

A removing party bears a heavy burden in proving that Parties were fraudulently joined. Madison v. Vintage Petroleum Inc., 114 F.3d 514, 516 (5th Cir. 1997). The removing party must show that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendants in state court or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts. Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); Madison, 114 F.3d at 516. Defendants do not allege outright fraud in the pleading of jurisdictional facts; therefore they are required to show that Plaintiff would have no cause of action against those Defendants in state court. See B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 n. 8 (5th Cir. 1981).

Plaintiff has alleged that Defendant Circle K is a "retailer defendant" and that Defendant Advocare is a "PPA Defendant" which promoted, manufactured, distributed, marketed, promoted, warranted, and sold products containing PPA in Texas and other of the United States. Plaintiff alleged that all Defendants were designers,

---

[1]   For the reasons stated in Dkt. No. 34 Ex. A at 3, the Court also considers Plaintiff's affidavit [Dkt. No. 18 Ex. A] in which he states that he purchased the Alka Seltzer at a store which is presently a Circle K.

[2]   "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . ." 28 U.S.C. § 1446.

manufacturers, marketers, advertisers, distributors, merchants and sellers of PPA products, and that due to Defendants' promotion, marketing, advertisements and other representations, Plaintiff purchased the products containing PPA believing that the products were safe. Plaintiff further alleges that PPA products were not safe as designed, manufactured, marketed and distributed because of the failure to warn of the dangers associated with PPA, and that Plaintiff suffered debilitating permanent injuries as a result of the ingestion of the PPA products designed, formulated, marketed, manufactured, distributed and/or sold by Defendants. [See Dkt. No 18, Exs. A ("Plaintiff's Affidavit") & B ("Original Petition")].

[T]he Petition states a valid cause of action against Circle K. Texas law imposes upon the seller of a product the duty to warn the buyer if the product poses a danger that may not be readily apparent. Defendant insists that Circle K cannot be liable for a failure to warn of potentially adverse reactions to prescription drugs. Morgan v. Wal-Mart Stores, Inc., 30 S.W.3d 455 (Tex. App.-- Austin 2000 pet. denied). Defendant argues that Morgan should apply with equal, if not greater, force to over-the-counter drugs, but cites no Texas decisions supporting that proposition. . . . It may be that Texas law will eventually relieve a seller such as Circle K from the duty to warn, but it cannot be said today that Plaintiffs have no possibility of prevailing against Circle K on a duty to warn. . . . Defendant has not demonstrated the absence of any possibility that Plaintiffs can prevail. [Dkt. No. 34 Ex. A at 4] (some citations omitted).

Because Defendants have failed to meet their burden, the case is **REMANDED** to the 197th Judicial District Court of Cameron County, Texas. The Initial Pretrial Conference scheduled in this case is accordingly **CANCELLED**.

DONE this _____7th_____ day of August, 2002, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge